1

2

3    *E-Filed on:*   7/6/06

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

| | |
|---|---|
| 12  HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., 13  HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR 14  DEUTSCHLAND GmbH, 15                    Plaintiffs, 16          v. 17  RAMBUS INC., 18                    Defendant. | No. CV-00-20905 RMW ORDER GRANTING SUMMARY ADJUDICATION OF HYNIX'S ANTITRUST AND UNFAIR COMPETITION CLAIMS BASED ON "RDRAM DOMINANCE" AND "DDR SUPPRESSION" **[Re  Docket Nos. 1724, 1803, 1827, 1853]** |

19

20        Defendant Rambus Inc. ("Rambus") moves for summary judgment on the first and third

21  claims for relief in the Second Amended Complaint ("SAC") filed by plaintiffs Hynix

22  Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor U.K. Ltd., and

23  Hynix Semiconductor Deutschland GmbH ("Hynix")[1] to the extent such claims are premised upon

24  Rambus's purported efforts to make RDRAM the dominant memory device and to suppress DDR

25  SDRAM.   In the alternative, Rambus seeks summary adjudication of these issues.  Hynix opposes

26  _____

27        [1]      Hynix was formerly known as Hyundai Electronics Industries, Ltd.  References to
     Hynix in this order refers also to Hyundai Electronics Industries, Ltd.
28
     ORDER GRANTING SUMMARY ADJUDICATION OF HYNIX'S ANTITRUST AND UNFAIR COMPETITION CLAIMS
     BASED ON "RDRAM DOMINANCE" AND "DDR SUPPRESSION"
     C-00-20905 RMW
     SPT

the motion.  The court has reviewed the papers and arguments of counsel. For the reasons discussed below, the court treats Rambus's motion as one for summary adjudication and summarily adjudicates that the RDRAM never achieved sufficient market power in the alleged DRAM interface market to hold Rambus liable for monopolization or attempted monopolization because it allegedly sought dominance for the RDRAM technology and suppressed the DDR technology.  However, nothing in this order is intended to imply that evidence concerning Rambus's efforts to make RDRAM dominant is inadmissible on Hynix's claim that Rambus's intent was to acquire monopoly power in the alleged DRAM interface market by assertion of patent rights covering RDRAMs and DRAMs incorporating JEDEC standards.

## I.  BACKGROUND

The court will not set forth the factual background as the parties are familiar with it, and it is contained in other orders of the court.

Rambus states, and Hynix does not dispute, that the market share of the RDRAM never exceeded 10% of the DRAM market.  Rambus's Mot. Summ. J. at 5-6 (citing documents purportedly produced by Hynix).

## II.  ANALYSIS

Rambus seeks summary judgment or, in the alternative, summary adjudication of Hynix's first cause of action for monopolization and attempted monopolization under section 2 of the Sherman Act and its third cause of action for unfair competition under section 17200 of the California Business & Professions Code, "if and to the extent that Hynix intends to pursue monopolization or attempted monopolization claims based upon Rambus's purported efforts to make RDRAM the 'dominant' memory device and to 'suppress' DDR SDRAM."  Rambus's Mot. Summ. J. at 1.  Since Rambus only seeks to summarily resolve certain aspects of Hynix's claims, the court will treat the motion as one for partial summary judgment (summary adjudication) rather than summary judgment.

Rambus argues RDRAM never achieved market power in the alleged DRAM interface technology market sufficient to raise a triable issue of fact as to Rambus's liability for either

1    monopolization or attempted monopolization.  In opposition, Hynix argues that the relevant

2    determination of market power it asserts includes all of Rambus's patents (including those asserted

3    for SDRAM and DDR SDRAM) and Rambus's course of conduct associated with obtaining that

4    patent power.  Hynix appears to essentially argue the admissibility of Rambus's attempts to get

5    market dominance by RDRAM on its claim that Rambus unlawfully acquired market power for its

6    portfolio of patents (including those asserted against Hynix products incorporating JEDEC standards

7    for SDRAM and DDR SDRAM).  The court, however, reads Rambus's motion as expressly

8    excluding questions of admissibility of evidence on Hynix's monopolization claim based upon

9    Rambus's assertion of its portfolio of patents and Rambus's conduct related to that portfolio.

10       **A.    Legal Standard**

11       Summary judgment is granted where there is no genuine issue as to any material fact.  Fed.

12    R. Civ. P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In a motion for summary

13    judgment the court draws all reasonable inferences that may be taken from the underlying facts in

14    the light most favorable to the nonmovant.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

15    475 U.S. 574, 587 (1986).  Under Fed. R. Civ. P. 56(d) the court may "make an order specifying the

16    facts that appear without substantial controversy, including to which . . . relief is not in controversy."

17       **B.    Minimum Market Share**

18       Rambus argues that Hynix cannot base a monopolization or attempted monopolization claim

19    on "Rambus's efforts to achieve 'dominance' for the RDRAM device" because the RDRAM never

20    achieved market share rising to the level of a monopoly.  Rambus's Mot. Summ. J. at 4.  Hynix does

21    not appear to dispute that RDRAM's market share never achieved market power.

22       Section 2 of the Sherman Act states: "[e]very person who shall monopolize, or attempt to

23    monopolize, or combine or conspire with any person or persons, to monopolize trade shall be guilty"

24    of an antitrust violation. 15 U.S.C. § 2 (2004).  To establish a section 2 violation for attempted

25    monopolization, the plaintiff must show "specific intent to control prices or destroy competition,

26    predatory or anticompetitive conduct directed at accomplishing that purpose, dangerous probability

27    of achieving monopoly power, and causal antitrust injury." *McGlinchy v. Shell Chem. Co.*, 845 F.2d

28

1  802, 811 (9th Cir.1988).

2  In *Rebel Oil Co., Inc. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1438 (9th Cir. 1995), the Ninth

3  Circuit explained that in an allegation of *actual* monopolization, a market share below 50% is

4  presumably insufficient to establish market power.  For an *attempted* monopolization claim, a

5  market share of 30% is presumably insufficient.  *Id.*  Another way to demonstrate market power for

6  a section 2 claim is through direct evidence of the "injurious exercise of market power."  *Id.* at 1434.

7  Under this method, the plaintiff offers evidence of "restricted output and supracompetitive prices

8  that is direct proof of the injury to competition which a competitor with market power may inflict."

9  *Id.*  Thus, under both methods, a showing of market power is a threshold requirement.

10  Hynix offers nothing to rebut the presumption as applied to the market share of the RDRAM

11  alone.  The court agrees that, as a matter of law, the RDRAM in and of itself never achieved market

12  power sufficient to constitute a monopoly or an attempted monopoly within the meaning of the

13  Sherman Act.

### III.  ORDER

15  For the foregoing reasons, the court GRANTS summary adjudication with respect to

16  plaintiffs' first and third claims for relief as follows:

17  1.  As a matter of law, the RDRAM never achieved sufficient market power to hold

18  Rambus liable for monopolization or attempted monopolization because it allegedly

19  sought dominance for the RDRAM technology and suppressed the DDR technology.

20  2.  Nothing in this order is intended to preclude evidence concerning Rambus's attempts

21  to gain market power in the alleged DRAM technology market.

23  DATED:      7/6/2006                        *Ronald M Whyte*
                                              _____
24                                            RONALD M. WHYTE
                                              United States District Judge

1    **THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

2    **Counsel for plaintiff:**
     Daniel J. Furniss
3    Theodore G. Brown, III
     Jordan Trent Jones
4    Townsend & Townsend & Crew LLP
     379 Lytton Ave
5    Palo Alto, CA 94301

6    Patrick Lynch
     Kenneth R. O'Rourke
7    O'Melveny & Myers
     400 So Hope St Ste 1060
8    Los Angeles, CA 90071-2899

9    Kenneth L. Nissly
     Susan van Keulen
10   Geoffrey H. Yost
     Thelen Reid & Priest LLP
11   225 West Santa Clara Street, 12th Floor
     San Jose, CA 95113-1723

12
     **Counsel for defendant:**
13   Gregory Stone
     Kelly M. Klaus
14   Catherine Augustson
     Munger Tolles & Olson
15   355 So Grand Ave Ste 3500
     Los Angeles, CA 90071-1560

16
     Peter A. Detre
17   Carolyn Hoecker Luedtke
     Munger Tolles & Olson
18   560 Mission Street, 27th Floor
     San Francisco, CA 94105-2907

19
     Peter I Ostroff
20   Rollin A. Ransom
     Michelle B. Goodman
21   V. Bryan Medlock, Jr.
     Sidley Austin Brown & Wood
22   555 West Fifth Street, Suite 4000
     Los Angeles, CA 90013-1010

23
     Jeannine Yoo Sano
24   Pierre J. Hubert
     Dewey Ballantine
25   1950 University Avenue, Suite 500
     East Palo Alto, CA 94303

26
     **Date:      7/6/2006                                    SPT**
27                                                   **Chambers of Judge Whyte**

28
     ORDER GRANTING SUMMARY ADJUDICATION OF HYNIX'S ANTITRUST AND UNFAIR COMPETITION CLAIMS
     BASED ON "RDRAM DOMINANCE" AND "DDR SUPPRESSION"
     C-00-20905 RMW
     SPT                                          5