*E-Filed on:* 7/7/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER GRANTING RAMBUS'S MOTION FOR SUMMARY ADJUDICATION OF *NOERR-PENNINGTON* IMMUNITY AND CALIFORNIA CIVIL CODE SECTION 47(b) PRIVILEGE<br><br>**[Re Docket Nos. 1728, 1801, 1855]** |

Defendant Rambus Inc. ("Rambus") moves for summary adjudication that its actions of filing lawsuits to enforce its patents and prosecuting its infringement claims cannot support imposition of liability under the antitrust laws or California Business & Professions Code section 17200. Plaintiffs Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor U.K. Ltd., and Hynix Semiconductor Deutschland GmbH ("Hynix")[1] oppose the motion. The court has reviewed the papers and considered the arguments of counsel and hereby summarily adjudicates

---

[1] Hynix was formerly known as Hyundai Electronics Industries, Ltd. References to Hynix in this order refers also to Hyundai Electronics Industries, Ltd.

ORDER GRANTING RAMBUS'S MOTION FOR SUMMARY ADJUDICATION OF *NOERR-PENNINGTON* IMMUNITY AND CALIFORNIA CIVIL CODE SECTION 47(b) PRIVILEGE
C-00-20905 RMW
SPT

1  that Rambus's instigation and prosecution of its infringement claims are protected petitioning
2  activity under the *Noerr-Pennington* doctrine and, as to state claims, are absolutely privileged under
3  California Civil Code section 47(b). This order does not resolve evidentiary issues that concern
4  whether the filing of the lawsuits and communications associated therewith are admissible as
5  evidence supporting an overall scheme to monopolize.

## I. ANALYSIS

### A.   *Noerr-Pennington* Doctrine

Hynix concedes that Rambus's assertion of patent infringement claims does not, by itself, constitute unlawful conduct. Nevertheless, Hynix opposes the motion and argues that the *Noerr-Pennington* doctrine is not applicable. It appears to the court that the parties do not really disagree on the law applicable to the narrow motion made by Rambus.

The *Noerr-Pennington* doctrine is rooted in the First Amendment. *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 138 (1961). The doctrine provides that "those who petition government for redress are generally immune from antitrust liability." *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993). The Court explained the underlying principle: "the Sherman Act does not prohibit persons from associating together in an attempt . . . to take particular action with respect to a law that would produce a restraint or a monopoly." *Id.* An exception to the doctrine's application is justified "when petitioning activity, ostensibly directed toward influencing governmental action, is a mere sham to cover an attempt to interfere directly with the business relationships of a competitor." *Id.* (citations omitted). However, "[a]n objectively reasonable effort to litigate cannot be sham regardless of subjective intent." *Id.*

Hynix seeks to distinguish the instant case and avoid application of the *Noerr-Pennington* doctrine. Hynix argues that the line of cases applying the doctrine focus on situations where single or multiple lawsuits constituted the entirety of the antitrust claim rather than serving as only one integral part of a larger, external plan to threaten competition. Hynix cites *Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240 (9th Cir. 1982) in support of its argument. In

ORDER GRANTING RAMBUS'S MOTION FOR SUMMARY ADJUDICATION OF *NOERR-PENNINGTON* IMMUNITY AND
CALIFORNIA CIVIL CODE SECTION 47(b) PRIVILEGE
C-00-20905 RMW
SPT

2

*Clipper*, the Ninth Circuit held that an antitrust action against some trucking companies and a rate bureau for action they took before the ICC was not barred by the *Noerr-Pennington* doctrine. *Id.* at 1264-65. However, in *Clipper* the filings before the ICC were a sham, whereas in the instant case the lawsuits were neither baseless nor in bad faith. Therefore, the holding of *Clipper* does not directly support Hynix. Nevertheless, *dicta* in *Clipper* does: "If Clipper can prove that the defendants engaged in activities which violated the antitrust laws, those violations do not become immune simply because the defendants used legal means—protests before the ICC—as a means to enforce the violations." *Clipper*, 690 F.2d at 1265.

The Tenth Circuit decision in *Kobe, Inc. v. Dempsey Pump Co.* explained:

> We have no doubt that [if] there was nothing more than the bringing of the infringement action, resulting damages could not be recovered, but that is not the case. The facts as hereinbefore detailed are sufficient to support a finding that although Kobe believed some of its patents were infringed, the real purpose of the infringement action and the incidental activities of Kobe's representatives was to further the existing monopoly and to eliminate Dempsey as a competitor. The infringement action and the related activities, of course, in themselves were not unlawful, and standing alone would not be sufficient to sustain a claim for damages which they may have caused, but when considered with the entire monopolistic scheme which preceded them we think, as the trial court did, that they may be considered as having been done to give effect to the unlawful scheme.

198 F.2d 416, 425 (10th Cir. 1952); *see Rex Chainbelt, Inc. v. Harco Prods., Inc*., 512 F.2d 993, 1004 (9th Cir. 1975); *Handgards, Inc. v. Ethicon*, 601 F.2d 986, 996 (9th Cir. 1979); *but see Abbott Labs. v. Teva Pharms. USA, Inc.*, 2006 WL 1460077, *16 (D. Del. 2006).

However, Rambus has expressly stated that it is not seeking by its motion a determination of whether its filing and prosecution of lawsuits may be offered in evidence by Hynix in support of its claim of an unlawful antitrust course of conduct by Rambus. Rambus only seeks a summary adjudication that the *Noerr-Pennington* doctrine immunizes it from federal antitrust and state Business & Professions code section 17200 liability if and to the extent any such liability is sought based solely on Rambus's litigation related activities. Therefore, the determination of any evidentiary question related to Rambus's litigation related activities and damages to Hynix flowing therefrom is premature. This order is limited to an adjudication that Rambus's use of litigation, or threats of litigation, to enforce its patents is protected petitioning activity.

ORDER GRANTING RAMBUS'S MOTION FOR SUMMARY ADJUDICATION OF *NOERR-PENNINGTON* IMMUNITY AND CALIFORNIA CIVIL CODE SECTION 47(b) PRIVILEGE
C-00-20905 RMW
SPT

**B.     California Privilege**

California Civil Code section 47(b) provides that the filing of a lawsuit is privileged activity and serves to protect free access to the courts.[2] *See Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990). The privilege applies "without regard to malice or evil motives." *Brown v. Kennard*, 94 Cal. App. 4th 40, 45 (2001). Hynix contends that California Civil Code section 47(b) does not apply because Rambus's suits were part of a course of conduct that enabled Rambus to enforce its patents, thereby causing Hynix's alleged injuries. Thus, Hynix argues the "the gravamen of the complaint was not a communication but a course of conduct" and therefore section 47(b) does not apply. *See Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1132 n.12 (1990). As noted above, Hynix acknowledges that neither Rambus's filing nor prosecution of infringement claims was in bad faith or unlawful. To the extent that Hynix is contending that Rambus's lawsuits and communications related thereto are violations of state unfair competition law, California Civil Code section 47(b) bars such claims. However, this does not mean that evidence of such activity cannot be introduced as evidence of an overall course of anti-competitive conduct.

## II. ORDER

For the foregoing reasons, the court summarily adjudicates that Rambus's instigation and prosecution of its infringement claims constitute protected petitioning activities under the *Noerr-Pennington* doctrine and, as to state claims, are absolutely privileged under California Civil Code section 47(b). This order does not resolve evidentiary issues that concern whether the filing of the lawsuits and communications associated therewith are admissible as evidence supporting an overall

---

[2]     California Civil Code section 47(b) provides in relevant part: "A privileged publication or broadcast is one made [i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law." (2005).

ORDER GRANTING RAMBUS'S MOTION FOR SUMMARY ADJUDICATION OF *NOERR-PENNINGTON* IMMUNITY AND CALIFORNIA CIVIL CODE SECTION 47(b) PRIVILEGE
C-00-20905 RMW
SPT

1  scheme to monopolize.  The court also makes no ruling at this time as to whether any damages can
2  be recovered for litigation related activities if Hynix were to show some anti-competitive course of
3  conduct by Rambus.

5  DATED:       7/7/2006                              *Ronald M Whyte*
                                                       RONALD M. WHYTE
6                                                      United States District Judge

28 ORDER GRANTING RAMBUS'S MOTION FOR SUMMARY ADJUDICATION OF *NOERR-PENNINGTON* IMMUNITY AND
CALIFORNIA CIVIL CODE SECTION 47(b) PRIVILEGE
C-00-20905 RMW
SPT

5

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Counsel for plaintiff:**
Daniel J. Furniss
Theodore G. Brown, III
Jordan Trent Jones
Townsend & Townsend & Crew LLP
379 Lytton Ave
Palo Alto, CA 94301

Patrick Lynch
Kenneth R. O'Rourke
O'Melveny & Myers
400 So Hope St Ste 1060
Los Angeles, CA 90071-2899

Kenneth L. Nissly
Susan van Keulen
Geoffrey H. Yost
Thelen Reid & Priest LLP
225 West Santa Clara Street, 12th Floor
San Jose, CA 95113-1723

**Counsel for defendant:**
Gregory Stone
Kelly M. Klaus
Catherine Augustson
Munger Tolles & Olson
355 So Grand Ave Ste 3500
Los Angeles, CA 90071-1560

Peter A. Detre
Carolyn Hoecker Luedtke
Munger Tolles & Olson
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907

Peter I Ostroff
Rollin A. Ransom
Michelle B. Goodman
V. Bryan Medlock, Jr.
Sidley Austin Brown & Wood
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010

Jeannine Yoo Sano
Pierre J. Hubert
Dewey Ballantine
1950 University Avenue, Suite 500
East Palo Alto, CA 94303

Date:     7/7/2006                              **SPT**
                                                **Chambers of Judge Whyte**

ORDER GRANTING RAMBUS'S MOTION FOR SUMMARY ADJUDICATION OF *NOERR-PENNINGTON* IMMUNITY AND CALIFORNIA CIVIL CODE SECTION 47(b) PRIVILEGE
C-00-20905 RMW
SPT