1

2

3

*E-filed:* __8/30/06__

4

5

6

7

8

9

10

11

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12

13

14

15

16

17

18

HYNIX SEMICONDUCTOR INC., HYNIX
SEMICONDUCTOR AMERICA INC.,
HYNIX SEMICONDUCTOR U.K. LTD., and
HYNIX SEMICONDUCTOR
DEUTSCHLAND GmbH,

          Plaintiffs,

      v.

RAMBUS INC.,

          Defendant.

No. CV-00-20905 RMW

ORDER REGARDING PREJUDGMENT
INTEREST

**[Re Docket No. 2059]**

19

20

21

22

23

24

25

26

      Rambus seeks a determination of the amount of prejudgment interest to which it is entitled.
The parties do not dispute that prejudgment interest may be awarded for the period of infringement
prior to judgment.  The parties, however, disagree on the rate to be used and propose three
alternative methods of determining the interest rate.  Rambus proposes using its weighted average
cost of capital ("WACC") or, in the alternative, the interest rate it charges its licensees for late or
default royalty payments.  Hynix proposes to use an interest rate equal to the five-year constant
maturity Treasury yield.[1]  The parties also dispute whether prejudgment interest should be awarded

27

28

---

     [1]      Hynix refers to this rate as the five-year Treasury bill but the term used by the Federal
Reserve is the "five-year constant maturity Treasury yield."

ORDER REGARDING PREJUDGMENT INTEREST—C-00-20905 RMW
SPT

1  for the period during which the present suit was stayed pending Rambus's appeal in its suit against

2  Infineon Technologies AG and for the time during which additional proceedings related to Rambus's

3  late discovery of back-up tapes took place.  The court has considered the parties' submissions and

4  arguments and hereby awards prejudgment interest at a rate equal to the five-year constant maturity

5  Treasury yield (as published by the Federal Reserve), calculated yearly beginning June 23, 2000 and

6  compounded quarterly.  Interest is to run uninterrupted from June 23, 2000.

## I. ANALYSIS

### A.        Prejudgment Interest Rate

9        35 U.S.C. § 284 provides that damages for infringement should be awarded "together with

10  interest and costs as fixed by the court."  *See also Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648,

11  655 (1983).  Prejudgment interest is meant to be compensatory and not punitive.  *Oiness v.*

12  *Walgreens Co.*, 88 F.3d 1025, 1003 (Fed. Cir. 1996).  The purpose of prejudgment interest is to put

13  the patent owner "in as good a position as he would have been in had the infringer entered into a

14  reasonable royalty agreement."  *Gen. Motors*, 461 U.S. at 655.  To do so, prejudgment interest seeks

15  to compensate the patentee for the forgone use of the money between the time of infringement and

16  the date of the judgment.  *Id.*  The rate of prejudgment interest is "left largely to the discretion of the

17  district court."  *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986).

18  In *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991), the Federal Circuit

19  upheld the district court's selection of the prime rate, noting that "[i]n any event, it is not necessary

20  that a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment

21  interest at that rate" because the court "is afforded wide latitude in the selection of interest rates."

22  There, the district court selected the prime rate in part because the patentee's "poor financial

23  condition during the pendency of the litigation required it to finance its operations with monies

24  borrowed at rates above the prime rate."  *Id.*

25        After considering each of the proposed alternative measures of the appropriate interest rate,

26  the court finds that a rate equal to the five-year constant maturity Treasury yield provides the least

27  speculative measure of compensating Rambus with a safe return on its forgone use of the royalty

28  payments.  First, Rambus's WACC measure is too speculative.  WACC represents Rambus's costs of

United States District Court
For the Northern District of California

securing financing through issuance of debt and equity.[2]  Although each time Hynix failed to pay Rambus royalties, Rambus theoretically could have gone to the capital markets and obtained the same amount of money, there is no evidence that Rambus needed to seek or actually did seek funds from the capital markets during the infringement period.  It appears that Rambus held excess cash and investments in marketable securities throughout the infringement period sufficient to finance its operations without going to the capital markets for funding.  *See* Roy Weinstein Decl. Concerning Prejudgment Interest ("Weinstein Decl."), Ex. 3 (citing source as Rambus's Forms 10-K and 10-Q).  Rambus offers no evidence that a WACC rate is appropriate on the basis that it did or would have undertaken the investment risks (i.e. of borrowing through debt or equity financing) that might justify use of the WACC rate.  Therefore, using WACC to measure Rambus's lost return on the use of the royalties owed by Hynix would be speculative.  Second, the interest that may be charged to licensees for untimely payment or nonpayment necessarily includes a punitive aspect to deter late payment or nonpayment and, thus, does not represent a measure of "compensating" the patentee for lost use of money.[3]  Although the five-year constant maturity Treasury yield results in a lower total interest than the interest rate for late payments in Rambus's license agreements (and perhaps might create an incentive to infringe and litigate), this does not justify awarding prejudgment interest above that which compensates for the forgone use of the money.  As noted above, an award of prejudgment interest is meant to be compensatory not punitive.

In comparison, the five-year constant maturity Treasury yield reflects the least speculative proposed measure to compensate Rambus for its forgone use of the royalty payments without punishing Hynix.[4]  A risk-free rate is appropriate because it would compensate Rambus for the time value of money while recognizing that during the time it was deprived of the royalties it was also

---

[2]    Teece's calculation of WACC yielded quarterly rates ranging from 7.43% to 19.27% (and 4.33% for the stub period of June 23 to June 30, 2000).  David J. Teece Decl. Supp. Rambus's Post-Trial Br. Concerning Prejudgment Interest ("Teece Decl."), Ex. E.

[3]    Applying a one-year T-bill + 5% approach would yield a range from 6.09% to 11.08% for the infringement period.  Teece Decl., Ex. F.

[4]    The five-year constant maturity Treasury yield for the infringement period ranges from 2.63% to 6.18%.  Weinstein Decl., Ex. 4 at 1 (listing the rates as of the last day of each quarter).

relieved of the risk associated with investment of that money. According to Weinstein's declaration, throughout the infringement period Rambus invested its excess cash in government securities and high-grade corporate notes and bonds that yield returns slightly less than the proposed five-year constant maturity Treasury yield.[5]  *See* Weinstein Decl., Ex. 3. The Federal Circuit has upheld district court awards of prejudgment interest in patent infringement cases at T-bill rates. *See, e.g., Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997) (upholding award of prejudgment interest at the T-bill rate where "there was no evidence that [the patentee] borrowed money at a higher rate, what that rate was, or that there was a causal connection between any borrowing and the loss of the use of the money awarded"); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 829 (Fed. Cir. 1989) (upholding award of prejudgment interest Treasury yield rather than prime rate).  Thus, the five-year constant maturity Treasury yield provides a fair measure of Rambus's forgone use of the royalty payments it would have received in the normal course of a license agreement with Hynix.[6]

**B.    Time Period for Prejudgment Interest**

**1.    Withholding of prejudgment interest**

Section 284 of Title 35 leaves the court with some discretion in awarding prejudgment interest. *Gen. Motors*, 461 U.S. at 656-57. It may be appropriate in certain circumstances for the district court, in its discretion, to limit, withhold, or deny prejudgment interest "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." *Id.* However, "withholding of prejudgment interest based on delay is the exception, not the rule." *Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988). Absent prejudice to the other party, delay by the patentee does not warrant denial of prejudgment interest. *Id.; see also Allen Archery, Inc. v. Browning Mfg. Co.*, 898 F.2d 787, 792 (Fed. Cir. 1990) (finding that the district court abused its discretion in denying prejudgment interest during a stay pending a separate action for the same

[5]    In particular, Rambus has made no showing that during the infringement period, it had borrowed money at a higher rate or that there was otherwise any causal connection between any borrowing and the loss of the use of the money awarded as a result of Hynix's infringement.

[6]    This interest rate also exceeds the post-judgment interest rate called for under 28 U.S.C. § 1961.

United States District Court

For the Northern District of California

patent because the stay furthered the possible and actual conservation of judicial and attorney resources and was not otherwise "undue nor unjustified"); *see also Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988) ("There must be justification bearing a relationship to the award.").  Nevertheless, it is within the discretion of the district court to determine whether the circumstances warrant limiting or denying the award of prejudgment interest.  *See, e.g., Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1546 (Fed. Cir. 1991) (court's decision to withhold prejudgment interest during the stay pending one party's appeal of a separate action regarding the same patent was not abuse of discretion because the decision "is fully in keeping with" *General Motors*).

    The court finds no basis for withholding prejudgment interest.  The stay pending Rambus's appeal of its suit against Infineon had the potential of conserving judicial resources given the overlapping issues of law.  The continuance of trial dates was to permit Hynix the time it requested to complete additional discovery and hold additional proceedings related to the back-up tapes.  An award of prejudgment interest seeks to compensate the patentee for loss use of funds; thus, the fact that some delay should be attributed to Rambus does not itself justify withholding prejudgment interest while Hynix had use of such funds.  There is no showing that the delays prejudiced Hynix or that the delays were undue.  *See Lummus*, 862 F.2d at 275 (noting that absent any showing of prejudice, delay by patent holder in filing the action is insufficient grounds for limiting prejudgment interest); *Gen. Motors*, 461 U.S. at 657 (upholding decision to award costs because although the litigation spanned a number of years, the party's efforts were to fully litigate its claims and not to cause unnecessary delay).

### 2.    Period after December 31, 2005

    Finally, the parties also dispute how interest should be computed for the period between January 1, 2006 and any final judgment.  Hynix contends that the present round of briefings is not the proper forum to address this matter while Rambus has extrapolated the jury's award of damages and contends that prejudgment interest should be computed through the date of final judgment. Because this issue has not been fully briefed by the parties, the court declines to address it at this time, although the court at this point does not see a reason that the prejudgment interest should be

*United States District Court*
For the Northern District of California

1    calculated differently after December 31, 2005.

2                                     **III.  ORDER**

3          For the foregoing reasons, the court:

4    1.        Sets the prejudgment interest rate based on the five-year constant maturity Treasury

5              yield for the period June 23, 2000 through December 31, 2005 beginning with the

6              rate in effect on June 23, 2000 and adjusted annually thereafter;

7    2.        Requires quarterly compounding of prejudgment interest; and

8    3.        Denies Hynix's request to withhold prejudgment interest for any part of the

9              infringement period.

10

11   DATED:    ___8/30/06_____                    *Ronald M Whyte*
                                                      _____
12                                                    RONALD M. WHYTE
                                                      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

1   **THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

2   **Counsel for plaintiffs:**
    Daniel J. Furniss
3   Theodore G. Brown, III
    Jordan Trent Jones
4   Townsend & Townsend & Crew LLP
    379 Lytton Ave
5   Palo Alto, CA 94301

6   Patrick Lynch
    Kenneth R. O'Rourke
7   O'Melveny & Myers
    400 So Hope St Ste 1060
8   Los Angeles, CA 90071-2899

9   Kenneth L. Nissly
    Susan van Keulen
10  Geoffrey H. Yost
    Thelen Reid & Priest LLP
11  225 West Santa Clara Street, 12th Floor
    San Jose, CA 95113-1723
12
    **Counsel for defendant:**
13  Gregory Stone
    Kelly M. Klaus
14  Catherine Augustson
    Munger Tolles & Olson
15  355 So Grand Ave., Ste 3500
    Los Angeles, CA 90071-1560
16
    Peter A. Detre
17  Carolyn Hoecker Luedtke
    Munger Tolles & Olson
18  560 Mission Street, 27th Floor
    San Francisco, CA 94105-2907
19
    Peter I. Ostroff
20  Rollin A. Ransom
    Michelle B. Goodman
21  V. Bryan Medlock, Jr.
    Sidley Austin Brown & Wood
22  555 West Fifth Street, Suite 4000
    Los Angeles, CA 90013-1010
23
    Jeannine Yoo Sano
24  Pierre J. Hubert
    Dewey Ballantine
25  1950 University Avenue, Suite 500
    East Palo Alto, CA 94303
26

27  **Dated:**      **8/30/06**                                     **SPT**
                                                          **Chambers of Judge Whyte**
28

ORDER REGARDING PREJUDGMENT INTEREST—C-00-20905 RMW
SPT                                             7

**United States District Court**
For the Northern District of California