IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>            Plaintiffs,<br><br>    v.<br><br>RAMBUS INC.,<br><br>            Defendant. | No. CV-00-20905 RMW<br><br>ORDER ON RAMBUS'S MOTION *IN LIMINE* NO. 7 TO PRECLUDE HYNIX FROM CALLING NONDISCLOSED WITNESSES<br><br>**Re Docket No. 2283** |

Rambus moves *in limine* for an order precluding Hynix from calling at Phase III of the trial witnesses whose names were not timely listed as witnesses. The nondisclosed witnesses that Rambus identifies are H.J. Oh, Abid Ahmad, Charles Donohoe, Richard Heye, Young Park and J.H. Ahn. The court has reviewed the parties' submissions and considered the arguments of counsel. The court orders that none of the witnesses named can be called in Hynix's case-in-chief. The witnesses may be called in rebuttal if a showing is made outside the presence of the jury that the witnesses are true "rebuttal" witnesses. The court makes no ruling as to other nondisclosed witnesses, if any, that Hynix intends to call, except to order that no such witness be called without prior court authorization.

# I. ANALYSIS

## A. Ahmad, Donohoe, Heye, and Oh

Rambus argues that Hynix has indicated it intends to call Ahmad to testify "regarding Camino chipsets," Donohoe to testify regarding "Rambus's license practices and attempts to capture the JEDEC standard," Heye to testify regarding the "lock-in resultant from investments in JEDEC SDRAM standards," and Oh to testify of "Hynix's understanding of Rambus." Rambus contends that none of these individuals was disclosed in Hynix's initial disclosures or supplements thereto. As a result, Rambus argues, none has been deposed by Rambus.

### 1. Ahmad Not To Be Called

The motion is moot as to Ahmad because he is no longer available for trial.

### 2. Donohoe Only To Be Called in Rebuttal

Hynix argues that Donohoe will be used only as rebuttal witness and that Hynix was substantially justified in not disclosing his name because it could not have anticipated Rambus's arguments. Donohoe was apparently Karp's superior at Samsung and would be called to rebut any testimony by Karp of his understanding regarding Rambus's technology while he was employed at Samsung. Hynix also suggests that the nondisclosure of Donohoe is harmless in any event because Donohoe gave depositions "in cases in which Rambus is a party," namely, the *Micron* litigation in 2001 and the spoliation phase of this action. Since Hynix only intends to call Donohoe as a rebuttal witness, the disclosure issue is moot.

### 3. Heye Cannot Be Called in Hynix's Case-in-Chief

Hynix intends to call Heye in its case-in-chief and argues that the nondisclosure of Heye as a witness is harmless mainly because Heye and the subject of his testimony (industry lock-in to the established JEDEC DRAM standard) are well-known to Rambus as "lock-in" was an issue in both *Micron* and the FTC proceedings. Rambus apparently deposed Heye in the FTC proceeding including about lock-in issues and the difficulties involved in adopting alternatives to JEDEC-standard DRAMs. Thus, Hynix argues that Heye's testimony would not be a surprise to Rambus given Rambus's in-depth knowledge of Heye. Although Rambus may have a fairly good understanding of what Heye would say, Hynix has no legitimate excuse for not disclosing him

earlier, particularly since the subject matter of his proposed testimony is significant. Rambus had a right to rely on Hynix's witness disclosures and should not have to prepare for and address evidence on a critical subject from an undisclosed witness. Therefore, Hynix may not call Heye in its case-in-chief. Heye may, however, qualify as a rebuttal witness on some subjects. This can be judged after Rambus completes its case-in-chief.

### 4. Oh Is Only a Rebuttal Witness

Hynix intends to call Oh as a witness only because Rambus has marked at least one of Oh's emails as a potential trial exhibit. Thus, Hynix seeks to call Oh only to rebut any effort by Rambus to "mischaracterize or misconstrue" any Oh email introduced at trial.

### B. Park Not To Be Called

Park is no longer available so the motion as to him is moot.

### C. Ahn Is Only a Rebuttal Witness

Hynix seeks to use Ahn as a witness only in rebuttal as a "percipient witness that can respond to specific cost issues raised by Geilhufe," Rambus's expert. Therefore, the motion as to him appears moot. Hynix does note that Ahn's name was included in the list of 550 JEDEC attendees attached to Hynix's initial disclosures. That is not the type of disclosure that satisfies Fed. R. Civ. P. 26. However, he will be allowed to testify in rebuttal only if he is a true "rebuttal" witness.

### D. Definition of Rebuttal Witness

A "rebuttal" witness is one who offers evidence only to counter new facts presented in the defendant's case-in-chief. A party may not use rebuttal as an attempt to introduce evidence that it should have introduced in its case-in-chief. A rebuttal witness contradicts or attempts to contradict evidence offered by the adverse party. *See* BLACK'S LAW DICTIONARY (8th ed. 2004).

## II. ORDER

None of the identified, nondisclosed witnesses may be called in Hynix's case-in-chief. The nondisclosed witness may be called in rebuttal if a showing is made outside the presence of the jury that the witness is truly only a "rebuttal" witness. Neither party may call any other undisclosed witness without prior court permission.

DATED:     9/5/06

_Ronald M Whyte_
RONALD M. WHYTE
United States District Judge

**Counsel for Hynix:**

Allen Ruby
125 South Market Street, Suite 1001
San Jose, California 95113-2285

Patrick Lynch
O'Melveny & Myers
400 So Hope St Ste 1060
Los Angeles, CA 90071-2899

Kenneth L. Nissly
Susan van Keulen
Geoffrey H. Yost
Thelen Reid & Priest LLP
225 West Santa Clara Street, 12th Floor
San Jose, CA 95113-1723

**Counsel for defendant:**

Gregory Stone
Kelly M. Klaus
Steven M. Perry
Munger Tolles & Olson
355 So Grand Ave Ste 3500
Los Angeles, CA 90071-1560

Peter A. Detre
Carolyn Hoecker Luedtke
Munger Tolles & Olson
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907

Peter I Ostroff
Rollin A. Ransom
Michelle B. Goodman
V. Bryan Medlock, Jr.
Sidley Austin Brown & Wood
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010

Jeannine Yoo Sano
Pierre J. Hubert
Dewey Ballantine
1950 University Avenue, Suite 500
East Palo Alto, CA 94303

**Date:**      **9/5/06**                              **SPT**
                                                  **Chambers of Judge Whyte**

ORDER ON RAMBUS INC.'S MOTION *IN LIMINE* NO. 7 TO PRECLUDE HYNIX FROM CALLING NONDISCLOSED WITNESSES
C-00-20905 RMW                              5