1  *[Attorney List on Signature Page]*

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 SAN JOSE DIVISION

| | |
|---|---|
| 11  HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br>v.<br>RAMBUS, INC.,<br>Defendant. | Case No.   CV 00-20905 RMW<br><br>**HYNIX, MICRON AND NANYA'S NOTICE OF MOTION AND MOTION TO BIFURCATE THE CONDUCT TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 13, 2007<br>Time: 2 p.m.<br>Dept.: 4th Floor, Courtroom 6<br>Hon. Ronald M. Whyte |
| RAMBUS INC.,<br>Plaintiff,<br>v.<br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>INOTERA MEMORIES, INC.<br>Defendants. | Case No.:  C05 00334 RMW |

| | |
|---|---|
| RAMBUS INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>　　　　　Defendants. | Case No. C 05-02298 RMW |
| RAMBUS INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.,<br><br>　　　　　Defendants. | Case No. C 06-00244 RMW |

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION .................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 3

I. INTRODUCTION............................................................................................................ 3

II. BACKGROUND.............................................................................................................. 3

III. ARGUMENT ................................................................................................................... 5

    A. Legal Standard..................................................................................................... 5

    B. Bifurcation of the Conduct Trial is Warranted.................................................... 6

        1. The Liability and Fraud Damages Issues Are Wholly Separable from the Antitrust Damages Issues ........................................................ 6

        2. Separating Proof of Attorneys' Fees from Proof of Liability and Fraud Damages will Avoid Prejudice ............................................. 9

        3. Bifurcation Will Streamline the Liability Portion of the Conduct Trial and Reduce the Potential for Jury Confusion ................................... 10

    C. Bifurcation Would Be Consistent With The Seventh Amendment........................ 10

IV. CONCLUSION .............................................................................................................. 12

-i-

**HYNIX, MICRON AND NANYA'S NOTICE OF MOTION AND MOTION TO BIFURCATE THE CONDUCT TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
**Case Nos. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, and 06-00244 RMW**

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Arnold v. United Artists Theatre Circuit, Inc.*,
    158 F.R.D. 439 (N.D. Cal. 1994) .................................................................................... 11

*Arthur Young & Co. v. United States District Court*,
    549 F.2d 686 (9th Cir. 1977) ..................................................................................... 10,11

*Bates v. United Parcel Service*,
    204 F.R.D. 440 (N.D. Cal. 2001) ............................................................................ 6, 7, 8, 10

*Close v. Calmar Steamship Corp.*,
    44 F.R.D. 398 (E.D. Pa. 1968) .................................................................................... 7, 8, 9

*De Anda v. City of Long Beach*,
    7 F.3d 1418 (9th Cir. 1993) ............................................................................................... 6

*Drennan v. Maryland Casualty Co.*,
    366 F. Supp. 2d 1002 (D.Nev. 2005) ................................................................................ 9

*Gasoline Products v. Champlin Refinery Co.*,
    283 U.S. 494 (1931) ........................................................................................................ 11

*In re Innotron Diagnostics*,
    800 F.2d 1077 (Fed. Cir. 1986) ....................................................................................... 10

*Jinro America Inc. v. Secure Investments, Inc.*,
    266 F.3d 993 (9th Cir. 2001) ............................................................................................. 5

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2nd Cir. 1990) ....................................................................................... 6, 9

*M2 Software, Inc. v. Madacy Entertainment*,
    421 F.3d 1073 (9th Cir. 2005) ..................................................................................... 5, 10

*MCI Communications Corp. v. American Telephone & Telegraph Co.*,
    708 F.2d 1081 (7th Cir. 1983) .......................................................................................... 5

*Martin v. Bell Helicopter Co.*,
    85 F.R.D. 654 (D. Colo. 1980) .......................................................................................... 6

*Muhammad v. City and County of San Francisco*,
    2007 WL. 1521543 (N.D. Cal. 2007) ................................................................................ 9

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith Inc.*,
    587 F. Supp. 1112 (D.Del. 1984) .................................................................................... 12

*In re Paoli R.R. Yard PCB Litigation,*
   113 F.3d 444 (3d Cir. 1997) .......................................................................................................... 11

*Response of Carolina, Inc. v. Leasco Response, Inc.,*
   537 F.2d 1307 (5th Cir. 1976) ........................................................................................................ 6

*Saxion v. Titan-C-Manufacturing, Inc.,*
   86 F.3d 553 (6th Cir. 1996) ............................................................................................................ 5

*Spectra-Physics Lasers, Inc. v. Uniphase Corporation,*
   144 F.R.D. 99 (N.D. Cal. 1992) ..................................................................................................... 6

*United Air Lines, Inc. v. Wiener,*
   286 F.2d 302 (9th Cir. 1961) ........................................................................................................ 11

*Zivkovic v. S. Cal. Edison Co.,*
   302 F.3d 1080 (9th Cir. 2002) ........................................................................................................ 5

**STATE CASES**

*Reynolds v. Sup. Ct. (Siders),*
   177 Cal. App. 3d 1021 (1977) ........................................................................................................ 9

**FEDERAL RULES**

Federal Rule of Civil Procedure 42(b) ................................................................................... *passim*

United Stated District Court, Northern District of California, Civil Local Rule 11-4(a)(1) ........... 9

**STATE STATUTES**

Cal. Prof. Conduct, Rule 5-210 .......................................................................................................... 9

**OTHER**

81 Am.Jur.2d, Witnesses § 220 .......................................................................................................... 9

9 Wright & Miller, Federal Practice and Procedure
   § 2389 ............................................................................................................................................. 6
   § 2390 ............................................................................................................................................. 6
   § 2391 ........................................................................................................................................... 11

-iii-

**HYNIX, MICRON AND NANYA'S NOTICE OF MOTION AND MOTION TO BIFURCATE THE
CONDUCT TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case Nos. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, and 06-00244 RMW**

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 2:00 p.m. on December 13, 2007, or as soon thereafter as the matter may be heard by the Honorable Ronald M. Whyte, plaintiffs and counterdefendants Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor U.K. LTD., and Hynix Semiconductor Deutschland GmbH (collectively, "Hynix"), defendants Micron Technology, Inc., and Micron Semiconductor Products (collectively, "Micron"), and defendants Nanya Technology Corporation, and Nanya Technology Corporation U.S.A. (collectively "Nanya"), will bring a motion, pursuant to Federal Rule of Civil Procedure 42(b) and the Court's Order Granting in Part and Denying in Part Rambus's Motion to Strike Jury Demands dated November 4, 2007, for an order bifurcating the January 22, 2008 conduct trial into a liability and fraud damages phase (the "liability phase") followed immediately by an antitrust damages and punitive damages ("damages phase"), with both phases conducted before the same jury.

Hynix, Micron and Nanya (collectively, "the Manufacturers") make this motion on the following grounds:

First, the Manufacturers' proof of antitrust damages during the conduct trial will be entirely confined to proof of the attorneys' fees the Manufacturers have incurred in defense of the patent infringement lawsuits plaintiff and counterdefendant Rambus Inc. ("Rambus") has brought against the Manufacturers in the United States and Europe. The issues of attorneys' fees and punitive damages are wholly separable from the liability and fraud damages issues in the conduct trial. The lack of any overlap between the evidence to be presented in the two phases counsels in favor of bifurcation under Federal Rule of Civil Procedure 42(b).

Second, Rambus intends to call the Manufacturers' counsel to testify on the attorneys' fees issue. Postponing the testimony of the Manufacturers' counsel until the damages phase will eliminate any risk of prejudice the testimony may have on the Manufacturers in the liability phase.

Third, bifurcation will streamline the liability phase, relegating the presentation of evidence about attorneys' fees to the damages phase and only if liability is found.

1    Finally, the Manufacturers' request to have a bifurcated trial with the same jury, rather than
2 two different juries hearing the two phases, is consistent with the Seventh Amendment.
3    The motion will be based on this notice, this motion, and the memorandum of points and
4 authorities that follows, the Declaration of Geoffrey H. Yost in Support of Motion to Bifurcate the
5 Conduct Trial filed herewith ("Yost Decl."), any additional evidence or argument that the
6 Manufacturers may submit in support of this motion at or before the hearing of this matter, and
7 upon the documents in the Court's file.

-2-

**HYNIX, MICRON AND NANYA'S NOTICE OF MOTION AND MOTION TO BIFURCATE THE
CONDUCT TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case Nos. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, and 06-00244 RMW**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Manufacturers will prove antitrust damages at the conduct trial by showing the amount of attorneys' fees they have incurred defending themselves against Rambus's patent infringement lawsuits filed in the United States and Europe. Since the proof of attorneys' fees is entirely severable from proof of Rambus's liability and of the Manufacturers' fraud damages, the conduct trial is a perfect candidate for bifurcation. Indeed, none of the witnesses and exhibits necessary to prove attorneys' fees will be used in the liability phase. The first phase would be limited to trial of liability issues under the antitrust, fraud and other causes of action and defenses, and proof of unquantifiable fraud damages. The second phase would be dedicated to determining the amount of attorneys' fees the Manufacturers are entitled to recover, as well as the appropriate amount of punitive damages.

In an effort to challenge the Manufacturers' antitrust damages case, Rambus apparently intends to call lawyers from the firms representing the Manufacturers to be cross-examined about the Manufacturers' legal fees and efforts to defend Rambus's patent lawsuits. Bifurcation would lessen the obvious risk of prejudice to the Manufacturers arising from trial counsel taking the witness stand. Instead, any testimony from counsel would be confined to the damages phase, eliminating entirely the risk of prejudice in the liability phase.

In addition to avoiding prejudice, bifurcation will also streamline proof of liability, eliminating the need for the Manufacturers to present any evidence on attorneys' fees or Rambus's net worth until after the liability phase and then only in the event the jury finds liability.

Finally, the Manufacturers' request that the Court order the conduct trial bifurcated but heard by a single jury is entirely consistent with the Seventh Amendment. Therefore, this motion should be granted.

## II. BACKGROUND

The Manufacturers intend to prove their antitrust damages by establishing the amount of fees and expenses they have incurred defending against Rambus's patent claims – costs that the Manufacturers would not have incurred but for Rambus's anticompetitive conduct. These legal

1  fees are recoverable as damages in an antitrust action.  *See* November 4, 2007 Order Granting in

2  Part and Denying in Part Rambus' Motion to Strike Jury Demands, at 5.

3        The Manufacturers' antitrust damages evidence will prove (1) the amount of attorneys'

4  fees incurred defending Rambus's patent suits, (2) that the Manufacturers paid the fees, and (3) the

5  fees were fair and reasonable and reflect the work actually performed.  The Manufacturers will

6  present testimony from expert witnesses (*see*, *e.g.*, Yost Decl., Exhibits C and D) and client

7  representatives to establish the evidentiary foundation for the legal bills and the fact that they were

8  paid.

9        During an August 29, 2007 telephonic hearing, however, Rambus asserted that it intends to

10 call the Manufacturers' counsel to testify at the conduct trial.  Rambus contends that "the only way

11 to adequately cross-examine [on the issue of the Manufacturers' antitrust damages] is to cross-

12 examine someone who can testify to why certain work was done….The only way for [Rambus] to

13 get to those issues is ask someone responsible for the billing of those matters why it is that they

14 billed their clients for this amount." Transcript of August 29, 2007 Telephonic Hearing before

15 Judge Whyte at 25:18-26:4 (Yost Decl. at Exhibit A).

16       During the same hearing, the Court expressed its views on calling trial counsel to testify as

17 a witness at trial.  Specifically, the Court noted:

> I really do not like the idea of trial counsel being called as witnesses…but it seems to me that the solution would be to perhaps sever the determination of the amount of fees and try that issue separately if the manufacturers prevailed and the jury found they were entitled to attorneys' fees, but not try the amount… Somebody else from the same firm as trial counsel [as a testifying witness] doesn't cause me concern as much but still causes me some concern.  And the idea of separating out the amount of the attorneys' fees, assuming that those are recoverable damages, merits, I think, further thought, and it might even merit, if we have to, keeping the same jury and just trying it immediately after a liability determination if we need to.  I'm just very troubled by the idea of trial counsel being witnesses in the case.  I think it presents some very –I don't want to say ethical – but very troubling issues as to the fairness to the parties.

*Id*. at 27:18-28:1 and 30:9-23 (Yost Decl. at Exhibit A).

      On August 31, 2007, Rambus filed its Witness DisclosurePursuant to the Court's

August 30, 2007 Order, and included on its list of conduct trial witnesses Hynix's counsel

Theodore Brown of the law firm Townsend and Townsend and Crew, LLP, Jared Bobrow of Weil

-4-

1 Gotshal & Manges for Micron, and Kai Tseng of Orrick Herrington & Sutcliffe for Nanya. *See*
2 Rambus Inc.'s Witness Disclosure Pursuant to the Court's August 30, 2007 Order, 2:20 (Yost
3 Decl. at <u>Exhibit</u> <u>B</u>).  The Townsend, Weil and Orrick firms, of course, are trial counsel of record
4 and represent the Manufacturers in this action. Indeed, the Joint Case Management Order bars the
5 calling of trial counsel to the witness stand during the conduct trial without the Court's
6 permission.  *See* August 30, 2007 Joint Case Management Order, ¶ 11.

7       Given that the proof of the Manufacturers' attorneys' fees damages is easily severable
8 from the liability and fraud damages issues, bifurcation is appropriate in this case.  It is a natural
9 solution that would eliminate the potential for prejudice arising from the prospect of trial counsel
10 testifying during the liability phase.  As such, the Manufacturers take up the Court's suggestion of
11 bifurcating the conduct trial.  The issue of the amount of the Manufacturers' attorneys' fees should
12 be tried expeditiously along with punitive damages in a separate damages phase to the same jury
13 immediately following the liability phase.

14 **III.     ARGUMENT**
15     **A.     Legal Standard**
16 Federal Rule of Civil Procedure 42(b) ("Rule 42(b)") provides, in pertinent part:

17 > The court, in furtherance of convenience or to avoid prejudice, or when separate
> trials will be conducive to expedition and economy, may order a separate trial …
18 > of any separate issue … always preserving inviolate the right of trial by jury as
> declared by the Seventh Amendment to the Constitution or as given by a statute of
19 > the United States.

20 Fed. R. Civ. P. 42(b).   Only one of these three criteria — convenience, to avoid prejudice, or
21 expedition and economy — need be met to justify bifurcation.  *Saxion v. Titan-C-Manufacturing,*
22 *Inc.*, 86 F.3d 553, 556 (6th Cir. 1996);  *MCI Communications Corp. v. American Telephone &*
23 *Telegraph Co.,* 708 F.2d 1081, 1177 (7th Cir. 1983).

24       Under Rule 42(b), "the district court has broad discretion to bifurcate a trial," *Jinro*
25 *America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998 (9th Cir. 2001), and the court's
26 decision is reviewed only "for an abuse of discretion." *M2 Software, Inc. v. Madacy*
27 *Entertainment*, 421 F.3d 1073, 1088 (9th Cir. 2005); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d
28 1080, 1088 (9th Cir. 2002).    When exercising its discretion, a court may consider such factors as

-5-

"avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion." *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001). "While economy and convenience may properly be considered in the decision to bifurcate, neither is the ultimate objective." *Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D. Colo. 1980). "Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2nd Cir. 1990).

More specifically, "[i]t is clear that Rule 42(b) gives courts the authority to separate trials into liability and damages phases." *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993); *see also Bates v. United Parcel Serv.,* 204 F.R.D. 440, 448 (N.D. Cal. 2001); 9 Wright & Miller, Federal Practice and Procedure §§ 2389 and 2390 ("A separate trial may be ordered in various types of antitrust cases …on the liability or damages issue….The separation of issues of liability from those relating to damages is an obvious use for Rule 42(b)."). The separate trials of "liability" and "damage" in an antitrust case "must be grounded upon a clear understanding between the court and counsel of the issue or issues involved in each phase and what proof will be required to pass from one phase to the next." *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1324 (5th Cir. 1976). The moving party has the burden to prove that bifurcation is warranted. *Spectra-Physics Lasers, Inc. v. Uniphase Corporation*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

### B. Bifurcation of the Conduct Trial is Warranted

In this action, all three criteria for bifurcation are met: it would (1) be convenient, since the issues of liability and fraud damages on one hand, and punitive and antitrust damages on the other hand, are entirely separable, (2) avoid potential prejudice of forcing counsel to testify at the liability trial, and (3) be economical since antitrust and punitive damages would only be tried if Rambus were found liable for its conduct.

#### 1. The Liability and Fraud Damages Issues Are Wholly Separable from the Antitrust Damages Issues

One of the primary factors considered in determining whether bifurcation of liability and damages is appropriate under Rule 42(b) is whether the issues of liability and damages are

-6-

separable in the case. *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001). The fact that the liability and damages phases would "require the parties to present different types of evidence" counsels in favor of bifurcation. *Id.* at 449.

For example, in *Bates v. United Parcel Service*, the court found that defendants' liability for plaintiffs' discrimination claims were "based on a pattern or practice of discrimination [and] … relate to the policies and practices UPS has employed during the period in question and whether those polices and practices comply with the ADA and California laws." *Bates v. United Parcel Service*, *supra*, 204 F.R.D. at 449. The "appropriate level of damages, by contrast, depend[ed] on individualized questions, such as each [plaintiff] class members' employment history, the particular communication barriers faced by each class member, and the accommodations UPS has provided to each class member." *Id*. The court in *Bates* concluded that since evidence "certainly necessary to evaluate damages" was "not required to determine liability to the [plaintiff] class or subclass," the issues of liability and damages were "separable in this case, a finding that weighs in favor of bifurcation." *Id*.

Similarly, in *Close v. Calmar Steamship Corp.*, the court held that a distinction between the proof required for liability and damages, where damages required the determination of attorneys' fees, counseled in favor of bifurcation. *Close v. Calmar Steamship Corp.*, 44 F.R.D. 398, 410-11 (E.D. Pa. 1968). In *Close*, plaintiff longshoremen brought various personal injury claims against ship owners. *Id*. at 400. Defendant ship owners in turn sued the employers of the plaintiffs for indemnification. *Id*. at 401. Defendant ship owners then moved to consolidate their indemnification claims with the underlying personal injury claims, and the employers also moved to consolidate but only so long as all factual issues, including defendant ship owners' indemnification damages, were submitted to the jury. *Id*. The defendant ship owners opposed the employers motion to submit indemnification damages to the jury, alleging "difficulty and possible impropriety involved in proving the reasonable value of their counsel fees [to the jury] which they contend are a recoverable item of damages in the indemnity cause of action." *Id*. at 410. The court in held:

> [T]he appropriate remedy is to sever determination of this one issue [of attorneys' fees] from the rest of the case pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. This conclusion is supported by the fact that the issue of attorneys' fees does not involve the same evidence as is involved in the rest of the action, and thus the issue is easily severable.

*Id.* at 410-11.

This case is analogous to both *Bates* and *Close*. The evidence the Manufacturers intend to introduce to prove their antitrust attorneys' fees damages is entirely different from the proof they intend to offer to show in the liability phase.

For the first phase, Manufacturers intend to introduce evidence that will show Rambus's anticompetitive behavior and deceptive conduct at JEDEC and after, including the fact that but for Rambus's anticompetitive conduct, Rambus would not have been able to file its patent infringement lawsuits against the Manufacturers. The amount and reasonableness of the Manufacturers' attorneys' fees are not at all relevant to the existence and success of Rambus's scheme.

For the second phase, the Manufacturers intend to introduce evidence on the amount and reasonableness of the attorneys' fees they incurred in defending the patent litigation, and evidence bearing on an appropriate amount of punitive damages. The witnesses will include patent litigation and attorney ethics experts, each of whom would testify solely as to the Manufacturers' legal fees. None will testify on liability or fraud damages issues. The exhibits the Manufacturers intend to use in the damages phase, such as attorney fee invoices, will not be used in the liability phase.

Therefore, as in *Bates*, there is a clear dividing line between the evidence required to show liability and the evidence required to show punitive and antitrust damages. *See Bates v. United Parcel Service*, *supra*, 204 F.R.D. at 449; *see also Close v. Calmar Steamship Corp.*, *supra*, 44 F.R.D. at 410-11. This division counsels in favor of bifurcation. *See id.* Moreover, like in *Close*, separating the attorneys' fees issue from liability is not only appropriate, but it also resolves the "difficulty and possible impropriety" involved in proving the reasonable value of attorneys' fees before the jury decides liability. *See Close v. Calmar Steamship Corp.*, 44 F.R.D. at 410-11.

### 2. Separating Proof of Attorneys' Fees from Proof of Liability and Fraud Damages will Avoid Prejudice

Another important factor for consideration on a motion for bifurcation is whether bifurcation will "avoid prejudice" to the parties and maintain a fair and impartial trial. Fed. R. Civ. Proc. 42(b); *see also Muhammad v. City and County of San Francisco*, 2007 WL 1521543, *1 (N.D. Cal. 2007); *Johnson v. Celotex Corp.*, *supra*, 899 F.2d at 1285. In the case at hand, not only will bifurcation result in a more fair and impartial trial, it is necessary to avoid prejudice.

Rambus has signaled repeatedly its intent to call trial counsel in its defense during the conduct trial, despite the Court's specific order that "[n]o trial counsel is to be deposed or called as a witness absent further order of the court." August 30, 2007 Joint Case Management Order, ¶ 11. Any appearance on the witness stand in the liability phase by a lawyer for a party permits Rambus to argue to the jury the credibility of counsel, a red herring issue clearly intended to divert attention from liability. *See* 81 Am.Jur.2d, Witnesses § 220 ("Because the roles of an advocate and a witness are inconsistent inasmuch as the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively, an advocate who becomes a witness is in the unseemly and ineffective position of arguing his or her own credibility."). The appearance of impropriety and the resulting potential for prejudice are of enough concern to the courts and the Bar that the California Rules of Professional Conduct, which govern all attorneys practicing before this Court,[1] address these concerns by forbidding trial counsel to testify before the jury except in very limited instances.[2]

Bifurcation would eliminate the risk of prejudice to the Manufacturers of having their counsel testify during the liability phase of the conduct trial. *See, e.g., Drennan v. Maryland Cas.*

---

[1] Civil Local Rule 11-4(a) of the Local Rules of the Northern District of California provides that "Every member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11 must: (1) Be familiar and comply with the standards of professional conduct required of members of the State Bar of California." Civil L.R. 11-4(a)(1).

[2] The California Rules of Professional Conduct forbid an attorney from acting as trial counsel before a jury which will hear testimony from that same attorney unless "(A) The testimony relates to an uncontested matter; or (B) The testimony relates to the nature and value of legal services rendered in the case; or (C) The [testifying attorney] has informed, written consent of the client." Cal. Prof. Conduct, Rule 5-210. Moreover, an attorney who may be called as a witness by *an opposing party* may represent his or her client in a jury trial, provided the client gives informed, written consent. *Id.*; *see also Reynolds v. Sup. Ct. (Siders)*, 177 Cal.App.3d 1021, 1026 (1977).

-9-

*Co.*, 366 F.Supp.2d 1002, 1008 (D.Nev. 2005) (bifurcation is appropriate to reduce the possibility of undue prejudice by allowing the jury to hear certain evidence that need only to be considered in one of the two bifurcated trials).  Separating liability from antitrust damages would also prevent the prejudice that may result from giving Rambus the opportunity to challenge counsel on the witness stand during the liability phase while permitting Rambus to call these witnesses during the antitrust damages phase upon a good faith showing to the Court.

### 3. Bifurcation Will Streamline the Liability Portion of the Conduct Trial and Reduce the Potential for Jury Confusion

Courts have also found bifurcation under Rule 42(b) appropriate if it promotes judicial economy and lessens the risk of jury confusion.  *See M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1088 (9th Cir. 2005); *see also Bates v. United Parcel Service*, *supra*, 204 F.R.D. at 448.

In the instant case, bifurcation would streamline the conduct trial by eliminating the need for presenting any evidence on the amount and reasonableness of the Manufacturers' attorneys' fees during the liability phase of trial.  Similarly, there would be no need to show Rambus's net worth, for example, for the purpose of setting appropriate punitive damages.  Only if Rambus is found liable on one or more of the Manufacturers' claims would the jury need to consider the distinct set of exhibits and testimony relevant to the Manufacturers' antitrust and punitive damages.  A jury hearing evidence of the amount the parties spent defending Rambus's patent claims would at the very least be distracted, if not completely confused.  Bifurcation under Rule 42(b) is therefore warranted.  Splitting the conduct trial into a liability phase and a damages phase would be expeditious, economical, avoid the danger of unnecessary jury confusion, and be more convenient to the parties, counsel and the Court.

### C. Bifurcation Would Be Consistent With The Seventh Amendment

There is no Seventh Amendment problem with the separate trial of bifurcated issues to a single jury so long as the bifurcated issues are "distinct and separable."  *In re Innotron Diagnostics,* 800 F.2d 1077, 1086 (Fed. Cir. 1986) (citations and quotations omitted); *see also Arthur Young & Co. v. United States District Court,* 549 F.2d 686, 693 (9th Cir. 1977)

(bifurcation is appropriate where the separated issues are not "(s)o interwoven . . . that the (one) cannot be submitted to the jury independently of the (other) without confusion and uncertainty which would amount to a denial of a fair trial.") (citing *Gasoline Products v. Champlin Refinery Co.*, 283 U.S. 494 (1931)); 9 Wright & Miller, Federal Practice and Procedure § 2391 ("It has been held, on sound ground, that the Seventh Amendment is not violated by the separate submission of the issues to a single jury.").

As the Ninth Circuit has noted:

> The right to a unitary jury trial is not an absolute one… Furthermore, aside from any issue of trial by separate juries, there is no Seventh Amendment requirement that all evidence be presented to the trier of fact at one hearing…All of vital significance in trial by jury is that issues of fact be submitted for determination with such instructions and guidance by the court as will afford opportunity for that consideration by the jury which was secured by the rules governing trials at common law.  Beyond this, the Seventh Amendment does not exact the retention of old forms of procedure…As long as the form of trial adopted by the trial court "will afford opportunity for the consideration by the jury" provided at common law, there is no violation of the rights to a jury trial.

*Arthur Young & Co. v. United States District Court, supra*, 549 F.2d at 692-93 (citing *Gasoline Products v. Champlin Refinery Co.*, 283 U.S. 494 (1931); *United Air Lines, Inc. v. Wiener*, 286 F.2d 302 (9th Cir. 1961)).  Indeed having the same jury for both bifurcated issues "is probably the preferred practice, even though [the jury] may hear the issues at different times."  9 Wright & Miller, Federal Practice and Procedure § 2391.  The Manufacturers move the Court to bifurcate the conduct trial into two phases to be heard by the *same* jury.  As explained in Section B.1., the liability and damages issues to tried in the conduct trial are entirely distinct and separable.

Even if the Manufacturers were asking the Court for *different* juries to hear the who phases, bifurcation would still be constitutionally sound.  *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 460 (N.D. Cal. 1994) ("It is constitutionally permissible for separate juries to hear the two phases of a bifurcated trial"); *Arthur Young & Co. v. U.S. District Court*, *supra*, 549 F.2d at 693.  So long as the second jury is not deciding the same essential issues as the first jury in a bifurcated trial, there is no Seventh Amendment problem.  *In re Paoli R.R. Yard PCB Litigation*, 113 F.3d 444, 452 fn.5 (3d Cir. 1997) ("The Seventh Amendment requires that, when a court bifurcates a case, it must 'divide issues between separate trials in such a way that the same issue is

not reexamined by different juries.'"). Moreover, even if there were overlapping evidence, this would not destroy the constitutionality of bifurcation. The instructions to the damages jury must only avoid supplanting the liability jury's determination of the liability issues. *Paine, Webber, Jackson & Curtis, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith Inc.*, 587 F. Supp. 1112, 1116-17 (D.Del. 1984). Given the distinction between the two phases here, there is no such risk.

As such, whether one or two juries hear this case, there is no constitutional barrier to the requested bifurcation, and therefore this motion should be granted.

## IV.    CONCLUSION

For the foregoing reasons, the Manufacturers respectfully request that the Court grant this motion to bifurcate the conduct trial, and order that it be separated into a first phase determining liability and fraud damages issues, followed by an antitrust damages and punitive damages phase during which (a) the amount of the Manufacturers' attorneys' fees in defending Rambus's patent infringement suits and (b) the appropriate amount of punitive damages are determined. The Manufacturers further request that this Court order both phases be heard by the same jury.

DATED: November 7, 2007        By        /s/
                                          Kenneth L. Nissly
                                          Susan van Keulen
                                          Geoffrey H. Yost
                                          THELEN REID BROWN RAYSMAN & STEINER LLP

                                          Theodore Brown, III
                                          Jordan Trent Jones
                                          TOWNSEND and TOWNSEND CREW LLP

                                          Allen Ruby
                                          RUBY & SCHOFIELD

                                          Attorneys for
                                          HYNIX SEMICONDUCTOR, INC., HYNIX SEMICONDUCTOR AMERICA, INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND, GmbH

DATED: November 7, 2007        By        /s/
                                          Harold A. Barza
                                          William Price
                                          Robert Becher
                                          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

-12-

|   |   |   |
|---|---|---|
| 1 | | 865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017–2543 |
| 2 | | |
| 3 | | Jared Bobrow<br>John D. Beynon<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores, CA  94065 |
| 4 | | |
| 5 | | Attorneys for<br>MICRON TECHNOLOGY, INC., and<br>MICRON SEMICONDUCTOR PRODUCTS, INC. |
| 6 | | |
| 7 | | |
|   | DATED:  November 7, 2007 | By      /s/<br>Robert E. Freitas |
| 8 | | Craig R. Kaufman |
| 9 | | Jan Ellard<br>ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 10 | | Menlo Park, CA  94025 |
| 11 | | Attorneys for<br>NANYA TECHNOLOGY CORPORATION and |
| 12 | | NANYA TECHNOLOGY CORPORATION U.S.A. |

-13-

**HYNIX, MICRON AND NANYA'S NOTICE OF MOTION AND MOTION TO BIFURCATE THE
CONDUCT TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case Nos. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, and 06-00244 RMW**