**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-FILED on     11/15/07**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HYNIX SEMICONDUCTOR INC., HYNIX
SEMICONDUCTOR AMERICA INC.,
HYNIX SEMICONDUCTOR U.K. LTD., and
HYNIX SEMICONDUCTOR
DEUTSCHLAND GmbH,

        Plaintiffs,

        v.

RAMBUS INC.,

        Defendant.

No. CV-00-20905 RMW

ORDER DENYING MANUFACTURERS'
MOTIONS TO STRIKE RAMBUS'
COUNTERCLAIMS; GRANTING IN PART
AND DENYING IN PART SAMSUNG AND
HYNIX'S MOTIONS TO STRIKE
AFFIRMATIVE DEFENSES

RAMBUS INC.,

        Plaintiff,

        v.

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG SEMICONDUCTOR, INC.,
SAMSUNG AUSTIN SEMICONDUCTOR,
L.P.,

        Defendants.

No. C-05-02298 RMW

**[Re Docket No. 180]**

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RAMBUS INC.,

        Plaintiff,

        v.

HYNIX SEMICONDUCTOR INC., HYNIX
SEMICONDUCTOR AMERICA INC.,
HYNIX SEMICONDUCTOR
MANUFACTURING AMERICA INC.,

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG SEMICONDUCTOR, INC.,
SAMSUNG AUSTIN SEMICONDUCTOR,
L.P.,

NANYA TECHNOLOGY CORPORATION,
NANYA TECHNOLOGY CORPORATION
U.S.A.,

        Defendants.

No. C-05-00334 RMW

**[Re Docket Nos. 290, 296, 298, 375]**

RAMBUS INC.,

        Plaintiff,

        v.

MICRON TECHNOLOGY, INC., and
MICRON SEMICONDUCTOR PRODUCTS,
INC.

        Defendants.

No. C-06-00244 RMW

**[Re Docket No. 116]**

Defendants Manufacturers[1] separately move to strike patent infringement counterclaims alleged by Rambus in its replies to the Manufacturers' counterclaims. Rambus opposes the motions. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court DENIES Samsung, Micron, and Nanya's motions to strike

---

[1]     For the purposes of this order, "Manufacturers" comprise "Hynix," "Samsung," "Nanya," and "Micron." In turn, "Hynix" means Hynix Semiconductor Inc., Hynix Semiconductor America Inc., and Hynix Semiconductor Manufacturing America Inc.; "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P.; "Nanya" means Nanya Technology Corporation and Nanya Technology Corporation U.S.A.; and "Micron" means Micron Technology, Inc., and Micron Semiconductor Products, Inc.

United States District Court
For the Northern District of California

1  Rambus' counterclaims in reply and Rambus' supplemental infringement contentions.  The court

2  GRANTS IN PART and DENIES IN PART Samsung's and Hynix's motions to strike as follows:

3      1.    Hynix's motion to strike Rambus' affirmative defense of unclean hands is
        GRANTED.

4      2.    Samsung and Hynix's motions to strike Rambus' affirmative defense of no loss is
        GRANTED.

5      3.    Hynix's motion to strike Rambus' affirmative defense of prior action pending is
        GRANTED.

6      4.    Hynix's motion to strike Rambus' affirmative defense of no standing under Section
        17200 is GRANTED.

7      5.    In all other respects, the motions to strike affirmative defenses are DENIED.

## I. BACKGROUND

On April 24, 2007, the court entered a joint case management order ("CMO") consolidating proceedings in the above cases.  At the time of the order, the Manufacturers had filed answers asserting a number of counterclaims in response to Rambus' complaints for patent infringement. The case management order severed the allegations in the various pleadings into two phases: the "January 22 Trial" and the "05-06 Patent Trials."  As presently scheduled, the January 22 Trial will try a number of the Manufacturers' counterclaims regarding Rambus' conduct.  Second, the 05-06 Patent Trials will try Rambus' patent infringement claims against the various Manufacturers.  *See* CMO ¶ 1.  These patent infringement claims generally accuse a variety of SDRAM technologies, specifically "DDR2 (Double Data Rate 2), GDDR2 (Graphics Double Data Rate 2), and/or GDDR3 (Graphics Double Data Rate 3) memory components; DDR2 memory modules; and/or DDR2, GDDR2, and/or GDDR3 memory controllers."  The order did not stay discovery in the 05-06 Patent Trials, CMO ¶ 1(e); instead, Appendix C set a timeline for claim construction, and Appendix D(1) listed the Manufacturers' claims and defenses that would be tried in the 05-06 Patent Trials.

To help sort the issues, the order required that:

Ten (10) court days after Rambus files its replies to the current counterclaims, Rambus and the Manufacturers shall file with the court, as to each defense asserted therein, a statement identifying the phase of the proceedings in which that defense shall be tried.

*See* CMO ¶ 1(d).  Furthermore, the order set guidelines for amending pleadings as follows:

No further amendments to the pleadings or this order shall be allowed in any of the Rambus NDCal Cases, except where a pleading or amendment to an existing

United States District Court
For the Northern District of California

1
2
3

> pleading may be filed as of right or unless a party obtains permission to modify this order upon a showing of good cause. *See* Fed. R. Civ. P. 16(b). To the extent new claims or defenses are asserted in a pleading permitted by this section, the parties shall promptly file with the court, as to each such claim or defense, a statement identifying the phase of the proceedings in which such claim or defense shall be tried.

4   *See* CMO ¶ 7.

5        On July 9, 2007, Rambus filed the replies to the Manufacturers' counterclaims contemplated

6   by paragraph 1(d) of the CMO.  These replies asserted a number of affirmative defenses to the

7   Manufacturers' counterclaims, some of which are scheduled to be tried on January 22.  Rambus'

8   replies also added counterclaims, expanding the list of allegedly infringing products and allegedly

9   infringed patents to include claims against DDR3 and GDDR4 SDRAM, as well as to add claims

10  against Nanya's SDRAM and DDR SDRAM.  Samsung, Micron and Nanya now separately move to

11  strike Rambus' counterclaims of patent infringement. Hynix and Samsung separately move to strike

12  various affirmative defenses from Rambus' replies.

13  **II.  ANALYSIS**

14      **A.    Motion to Strike**

15       Rule 12(f) permits a court to strike "any insufficient defense or any redundant, immaterial,

16  impertinent, or scandalous matter."  Nevertheless, "because striking a portion of a pleading is a

17  drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic,

18  numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by

19  the federal courts and are infrequently granted."  Wright & Miller, Federal Practice and Procedure:

20  Civil 3d § 1380.  This court's case law amply demonstrates this disfavor, repeatedly admonishing

21  litigants that motions to strike are "generally not granted unless it is clear that the matter to be

22  stricken could have no possible bearing on the subject matter of the litigation."  *LeDuc v. Kentucky*

23  *Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992); *see also Rosales v. Citibank, Federal*

24  *Sav. Bank,* 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

25       Rambus argues that because the Manufacturers have failed to show that the counterclaims

26  have "no possible bearing" on the litigation, the motions to strike should be denied.  Rambus

27  overlooks the word "generally" in its argument.  The decisions of this court in complex patent cases

28

1   demonstrate a more nuanced application of the motion to strike and an appreciation for its role in

2   enforcing the policies of "fair notice" encoded in Rule 8 and Rule 9.  Rambus cites *Raychem Corp.*

3   *v. PSI Telecommunications, Inc.*, 1995 WL 108193 (N.D. Cal. 1995) to demonstrate the disfavor

4   courts hold for motions to strike.  The defendant in *Raychem* asserted a number of affirmative

5   defenses to patent infringement, including inequitable conduct, patent misuse, laches, and unclean

6   hands.  *Id.* at *2-*5.  The court granted the plaintiff's motion to strike three of the four defenses

7   because the defendant failed to plead any facts supporting them, thus failing to provide the plaintiff

8   with proper notice.  Contrary to the tone of Rambus' citation from the discussion of the legal

9   standard, *Raychem* demonstrates how the motion to strike should be granted to enforce the

10   requirement that pleadings provide fair notice to the opposing party.

11        This court's jurisprudence has reinforced this point.  In *Advanced Cardiovascular Systems,*

12   *Inc. v. Scimed Systems, Inc.*, 1996 WL 467277 (N.D. Cal. 1996), the court struck both invalidity and

13   patent misuse defenses.  Noting that "the key to determining the sufficiency of pleading an

14   affirmative defense is whether it gives plaintiff fair notice of the defense," the court struck a "general

15   reference to a series of statutory provisions" because they did not provide the plaintiff with fair

16   notice of the defendant's invalidity contentions.  *Id.* at *3 (quoting *Wyshak v. City National Bank*,

17   607 F.2d 824, 827 (9th Cir. 1979)).  The court also struck estoppel and laches defenses because the

18   defendant did not allege any facts to meet their respective legal standards.  Similarly, the court in

19   *Sun Microsystems, Inc. v. Dataram Corp.*, 1997 WL 50272, at *4 (N.D. Cal. 1997), struck an

20   implied license defense because "the legal conclusion that Sun customers have a license to use

21   Dataram SIMMs is inadequate to provide 'fair notice' of the defense."  The court required the

22   defendant to "assert some factual allegations that demonstrate the existence of a license."  *Id.*

23        Tellingly, this court's most recent published synthesis of this law makes no mention of the

24   "disfavor" or "no possible bearing" language found in orders on motions to strike in other contexts.

25   *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048-49 (N.D. Cal. 2004).  Instead,

26   Judge Ware granted the plaintiff's motion to strike because the defendant failed to provide fair notice

27   of the defense and "the grounds upon which it rests."  *Id.* at 1049.  The court emphasized that Rule 8

28

ORDER DENYING MANUFACTURERS' MOTIONS TO STRIKE RAMBUS' COUNTERCLAIMS; GRANTING IN PART AND
DENYING IN PART SAMSUNG AND HYNIX'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES
Nos. C-05-02298 RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244 RMW
TSF                                          5

United States District Court

For the Northern District of California

1   covers both complaints and answers, and that both must satisfy the "fair notice" touchstone of

2   modern civil procedure. *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)

3   (reciting "fair notice" standard and adding that "factual allegations must be enough to raise a right to

4   relief above the speculative level"). Since then, this court, and others, have continued to enforce the

5   requirement that pleadings assert sufficient factual allegations to provide fair notice by striking and

6   dismissing pleadings when they do not meet that standard. *See PB Farradyne, Inc. v. Peterson,*

7   2006 WL 132182, *3-*4 (N.D. Cal. 2006); *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*,

8   233 F.R.D. 615, 618-19 (D. Kan. 2006). In short, a motion to strike is an appropriate tool for

9   ensuring that parties receive fair notice, and should be granted where a pleading fails to recite

10   factual allegations that deliver such notice. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.*,

11   883 F.2d 1286, 1294-95 (7th Cir. 1989) (noting that a motion to strike will "expedite, not delay"

12   when used against "bare bones conclusory allegations"). Some have suggested that a showing of

13   "prejudice" is required before a motion to strike should be granted. *See Sample v. Gotham Football*

14   *Club, Inc.*, 59 F.R.D. 160, 169 (S.D.N.Y. 1973). To the extent that "prejudice" to the movant is

15   required for a motion to strike, being forced to litigate without fair notice of the claims and defenses

16   arrayed against you constitutes "prejudice."

17        **B.      Counterclaims in Reply**

18        The Manufacturers[2] contend that Rambus violated the CMO when it filed its Counterclaims

19   in Reply. As a preliminary matter, Rambus did not violate the CMO merely by filing its replies.

20   Paragraph 1(d) of the CMO clearly allowed Rambus to file replies to the Manufacturers'

21   counterclaims. The Manufacturers argue, however, that Paragraph 7 of the CMO prohibits Rambus

22   from filing counterclaims with its replies. Paragraph 7 prohibits the parties from amending their

23   pleadings except upon a showing of good cause or where the pleading or amendment is allowed "as

24   of right." If Rambus' counterclaims may properly be filed in a reply, then they are taken "as of

25   right" and do not violate Paragraph 7. If Rambus' counterclaims may not be pled in a reply, then the

26   _____

27   [2]        For the purposes of this section (II-B), "Manufacturers" refers only to Samsung, Nanya, and
28   Micron. Hynix has not filed a motion to strike Rambus' Counterclaims in Reply.

ORDER DENYING MANUFACTURERS' MOTIONS TO STRIKE RAMBUS' COUNTERCLAIMS; GRANTING IN PART AND
DENYING IN PART SAMSUNG AND HYNIX'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES
Nos. C-05-02298 RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244 RMW
TSF                                              6

**United States District Court**
For the Northern District of California

Manufacturers correctly point out that Rambus has violated Paragraph 7. Accordingly, the propriety of Rambus' Counterclaims in Reply depends on whether Rambus' claims may properly be asserted in reply to a counterclaim.[3]

Rambus argues that its replies may contain any counterclaims it desires, whether they are permissive or compulsory. The Ninth Circuit permits only compulsory counterclaims in reply; permissive counterclaims in reply are not. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1525 (9th Cir.1985) (in part superseded by statute); *see also Electroglas, Inc. v. Dynatex Corp.*, 473 F.Supp. 1167, 1171 (N.D. Cal. 1979); Wright & Miller, Federal Practice and Procedure: Civil 3d § 1188 (arguing that courts should not allow permissive counterclaims in reply, but that parties should seek leave to amend their complaint instead). In *Davis & Cox*, the Ninth Circuit affirmed the district court's order dismissing the plaintiff's counterclaims in reply because the counterclaims in reply did not arise from the same transaction or occurrence as the counterclaim. *Id.* Rambus supports its arguments with cases from other jurisdictions, *see, e.g., Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, 2007 WL 1218701, at *2-*3 (E.D. Mich. 2007), but this court is bound by the Ninth Circuit's holding in *Davis & Cox*.[4] Accordingly, Rambus' Counterclaims in Reply are only proper if they are compulsory.

A counterclaim is "compulsory" if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). Whether a counterclaim for patent infringement is compulsory in response to a declaratory judgment action for patent non-infringement is an issue unique to patent law, and therefore requires this court to follow Federal Circuit law in deciding whether Rambus' Counterclaims in Reply are compulsory. *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 802 (Fed. Cir. 1999). At this point, it is well-settled

---

[3]   Paragraph 7 also permitted pleadings or amendments if a party obtained permission upon a showing of good cause. No one disputes that Rambus did not ask the court for permission prior to filing its counterclaims and attempting to expand the scope of this case.

[4]   The parties do not raise the issue, but whether counterclaims in reply are permitted in a patent case may actually be a question of Federal Circuit law. In the event that it is, the court believes the Federal Circuit would agree with the Ninth Circuit and Wright & Miller that only compulsory counterclaims are permitted in a reply.

United States District Court
For the Northern District of California

1   Federal Circuit law that a claim for a declaratory judgment that a product does not infringe makes a

2   counterclaim that the product infringes the patent compulsory.  *Id.*; *see also Polymer Indus.*

3   *Products Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 939 (Fed. Cir. 2003) ("*PIPCO*").

4          Beyond that proposition, the law ceases to be well-settled.  Both *Vivid Technologies* and

5   *PIPCO* involved the narrow factual circumstances of explicit declaratory judgment actions

6   specifying the allegedly non-infringing technology or product.  *See Vivid Techs.*, 200 F.3d at 800

7   (requesting declaration that plaintiff did not infringe "[any] patent owned by American Science &

8   Engineering, Inc. covering x-ray backscatter technology"); *PIPCO*, 347 F.3d at 935 (discussing "a

9   counterclaim for declaratory judgment that the Skim-2 bladders did not infringe the 331 patent").

10  The holdings of these cases do not answer whether a declaratory judgment action for non-

11  infringement that does not list a specific product or process makes a counterclaim for patent

12  infringement compulsory.

13         Two district courts have issued decisions grappling with this issue.  In *Kim v. Sara Lee*

14  *Bakery Group, Inc.*, 412 F. Supp. 2d 929 (N.D. Ill. 2006), the court dismissed claims for patent

15  infringement in a second action because the claims were deemed, under Rule 13(a), compulsory

16  counterclaims that should have been brought in a prior action.  The first action began when Dr. Kim

17  alleged that two specific Sara Lee products infringed Dr. Kim's patent.  *Id.* at 930.  Sara Lee filed a

18  counterclaim seeking a declaratory judgment that it "has not infringed, and does not infringe, U.S.

19  Patent No. RE 36,355."  *Id.*  Dr. Kim later amended the complaint to allege additional infringing

20  products, and Sara Lee again "maintained its global request for a declaratory judgment that Sara Lee

21  did not and does not infringe upon the '355 Patent."  *Id.* at 932-33.  While aware of additional

22  potentially infringing Sara Lee products, Dr. Kim did not bring additional infringement allegations

23  until Dr. Kim tried to admit the products into evidence, but was barred.  *Id.* at 933-34.  Dr. Kim

24  therefore brought a second action alleging that the additional Sara Lee products infringed the patent,

25  but the district court dismissed the claims as barred.  *Id.* at 936-37.  The court explained that "Sara

26  Lee broadly counterclaimed for a declaratory judgment of noninfringement regarding the '355

27  Patent."  *Id.* at 936.  Because Dr. Kim "did not in turn assert or claim in response that any other Sara

28

United States District Court
For the Northern District of California

1    Lee brands or products infringed of [sic] the '355 Patent," the claims were dismissed as barred under

2    Rule 13(a).

3            The district court in *The Coca-Cola Co. v. Pepsi-Cola Co.*, 500 F. Supp. 2d 1364 (N.D. Ga.

4    2007) took a different approach and held that Rule 13(a) did not bar claims that a defendant's

5    technology infringed a patent where the defendant had previously litigated a declaratory judgment

6    counterclaim that it "does not infringe any valid claim." *Id.* at 1375.  In the first action, Coca-Cola

7    sued Pepsi alleging that two Pepsi technologies infringed a Coca-Cola patent. Pepsi counterclaimed

8    that it "does not infringe any valid claim of the '493 Patent." *Id.*  In the second action, Coca-Cola

9    sued Pepsi alleging that a third Pepsi technology infringed the '493 Patent.  Pepsi argued that Coca-

10   Cola was barred because the non-product-specific noninfringement claim required Coca-Cola to

11   "allege all known, but previously unasserted, claims of infringement."  *Id.* at 1374.  The court

12   disagreed with Pepsi because "if the party seeking a declaration of non-infringement does not

13   affirmatively state which products it is requesting the court to declare as non-infringing, then it does

14   not follow that a counterclaim concerning any number of previously unmentioned products raises

15   the *same* issues of law and fact and requires the *same* evidence as those products which are already

16   at issues in the litigation."  *Id.* at 1376 (emphasis in original).  The district court also noted that

17   having Rule 13(a) turn on "whether a party possessed an indefinite level of 'awareness' of other

18   potentially infringing products used by the opposing party – as opposed to a more definite rule that

19   turns on whether the parties placed a specific product at issue in the prior litigation vis-a-vis their

20   allegations or conduct during the litigation" would lead to a series of unfortunate results, including

21   "fishing expeditions," Rule 11 violations, and vastly broader lawsuits.  Accordingly, the court

22   concluded that "the relevant inquiry is whether a specific product was 'tried by express or implied

23   consent of the parties.'" *Id.* at 1377 (quoting Fed. R. Civ. P. 15(b)).

24           This court agrees that a *general* declaratory claim that a party does not infringe a patent does

25   not necessarily give rise to a compulsory counterclaim for patent infringement.  Where a party

26   alleges that it generally does not infringe, a counterclaim that a specific technology infringes is only

27   compulsory if the parties expressly or impliedly consented to try the question of whether the specific

28

technology does not infringe.  This rule accords with the principles the Federal Circuit adopted in *Vivid Technologies* for determining whether a claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  200 F.3d at 801.  There, the Federal Circuit identified four tests for considering whether a counterclaim is so related to a claim that fairness and efficiency render it compulsory: (1) whether the legal and factual issues are largely the same; (2) whether *res judicata* would bar bringing the counterclaim after the current suit; (3) whether substantially the same evidence supports or refutes both the claim and counterclaim; or (4) whether there is a logical relation between the claim and counterclaim.  *Id.* at 802.  Any one of the tests can, but does not necessarily, render a claim compulsory.  *Id.*  Requiring the parties to put a technology into issue before finding that an infringement counterclaim is compulsory ensures that these tests are satisfied.  Once a specific technology is identified, the legal and factual issues between the declaratory judgment noninfringement claim and the infringement counterclaim are identical and rely on the same evidence.

This rule also comports with Rule 1's command to encourage the just, speedy, and inexpensive determination of every action.  It prevents patent holders from feeling compelled to expand the scope of litigation whenever faced with a general noninfringement counterclaim.  It also ensures that the parties have notice of the scope of the litigation by requiring technologies to be expressly brought into issue by the pleadings, which in turn discourages a "shifting sands" approach to complex patent litigation.  *Cf. Integrated Circuit Systems, Inc. v. Realtek Semiconductor Co., Ltd.*, 308 F. Supp. 2d 1106 (N.D. Cal. 2004).  Having established that the CMO only authorized Rambus to file compulsory counterclaims in its replies and the applicable law for determining when an infringement counterclaim is compulsory, the court's attention turns to the Manufacturers' contentions at the hearing.

At the hearing on October 26, 2007, Rambus argued that it brought its counterclaims in reply because it believed the Manufacturers' counterclaims sought relief on all memory technologies, not just the ones originally put at issue by Rambus.  Oct. 26, 2007 Hearing Tr. at 7:13-15.  This is not clearly reflected in the Manufacturers' pleadings, which request general declarations of

United States District Court
For the Northern District of California

noninfringement and unenforceability.  However, when directly asked about the scope of their

desired relief in this case, Micron, Nanya, and Samsung all admitted that they sought an injunction

against Rambus enforcing its patents against all of their memory products.  Micron stated that, "On

the question of remedy and whether or not we're seeking a remedy broad enough to say that Rambus

has monopolized this market and attempted to monopolize it and does the relief extend to DDR3, the

answer to that question is, yes, we are seeking that relief."  *Id.* at 23:13-18.  When asked whether

Nanya's desired injunction would extend to DDR3, Nanya responded, "It [sic] theory it could, you

honor, and that would be a question of proof in the discretion of the court.  The evidence

establishing the overall scheme in violation of section 2 could include ongoing conduct and ongoing

impact."  *Id.* at 28:12-17.  When the court posed the same question to Samsung, Samsung replied

that "we agree with what the Manufacturers have stated previously, that we are seeking an injunction

here.  And to the extent that would include the standards that have been incorporated into the DDR3

standards, then we would be similarly situated."  *Id.* at 30:1-6.

In light of this clarification of the scope of relief sought by the Manufacturers, the court finds

that Rambus' counterclaims in reply are compulsory.  The counterclaims in reply share a logical

relation with the Manufacturers' counterclaims.  The Manufacturers have expanded the scope of

products at issue in this case and impliedly agreed to try the question of whether or not additional

generations of SDRAM technology infringe Rambus' patents.  The Manufacturers' counterclaims

and Rambus' counterclaims in reply share factual issues and the Manufacturers' counterclaims raise

preclusion concerns for Rambus' infringement counterclaims in reply.  Accordingly, the

counterclaims in reply were compulsory under *Vivid Technologies* and brought "as of right."

Rambus did not violate the case management order or the Patent Local Rules in asserting its

additional infringement claims.  The motions to strike the counterclaims in reply are denied.

**C.      Affirmative Defenses**

Samsung and Hynix separately move to strike various affirmative defenses from Rambus'

replies filed on July 9, 2007.  Hynix also moves to strike affirmative defenses that Rambus asserted

in a third round of pleading.  On July 30, 2007, Hynix asserted additional counterclaims against

Rambus in its reply to Rambus' July 9 reply.  This led Rambus to file a response to Hynix's reply on August 20, 2007, which asserted yet further affirmative defenses.  The motions to strike attack Rambus' affirmative defenses on a number of grounds, each of which is taken up below.

### 1.     Lack of Fair Notice

Samsung moves to strike Rambus' First, Second, Fourth through Eighth, Eleventh, Thirteenth and Fourteenth Affirmative Defenses for failing to provide sufficient factual allegations to put Samsung on notice of the substance of the defenses.  The pleadings are reproduced below:

#### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Cause of Action)

1. The Counterclaims, in whole or in part, fail to state facts sufficient to constitute a cause of action against Rambus.

#### SECOND AFFIRMATIVE DEFENSE

#### (Unclean Hands)

2. Rambus is informed and believes and thereon alleges that the Counterclaims are barred, in whole or in part, by reason of the unclean hands of Samsung including but not limited to, spoliation of evidence.

#### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

4. Rambus is informed and believes and thereon alleges that by virtue of the knowledge, statements, and conduct of Samsung, as well as its respective agents, employees, or representatives, Samsung has waived any right to bring this action.

#### FIFTH AFFIRMATIVE DEFENSE

#### (Estoppel)

5. Rambus is informed and believes and thereon alleges that Samsung, by virtue of its respective acts, omissions, conduct, statements, and/or representations, is estopped, in whole or in part, from bringing this action and asserting the relief requested in the Counterclaims

#### SIXTH AFFIRMATIVE DEFENSE

#### (No Loss)

6. Rambus is informed and believes and thereon alleges that Samsung has sustained no loss or damages as a result of the conduct of Rambus.

#### SEVENTH AFFIRMATIVE DEFENSE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

**(Failure to Mitigate)**

7. Rambus is informed and believes and thereon alleges that the Counterclaims are barred, in whole or in part, because Samsung failed to mitigate its damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

8. Rambus is informed and believes and thereon alleges that the Counterclaims are barred, in whole or in part, because the damages, if any, were caused by third parties for whom Rambus bears no responsibility.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Ratification)

11. The purported causes of action of Samsung are barred, in whole or in part, as Samsung has ratified and approved the purported actions of which it now complains.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13. Samsung, by its acts and conduct, and/or the acts and conduct of its predecessors, agents, or assigns, is barred, in whole or in part, from asserting claims against Rambus by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

14. Samsung's acts, conduct and/or statements, and/or the acts, conduct and statements of its predecessors, agents or assigns constituted consent to the alleged acts and/or conduct of Rambus set forth in the Counterclaims.

Likewise, Hynix moves to strike Rambus' Second (unclean hands), Fourth (waiver), Fifth (estoppel), Seventh (failure to mitigate), Ninth (Hynix's conduct), Eleventh (ratification), and Thirteenth (laches) Affirmative Defenses from Rambus' July 9 reply because they do not provide sufficient notice.  Hynix also moves to strike the same defenses, as well as Rambus' Seventh Affirmative Defense (conduct of third parties),[5] from Rambus' August 20 reply. The pleadings in the replies filed against Hynix are identical to those alleged against Samsung down to the numbering, except the word "Hynix" has replaced the word "Samsung."  The only affirmative defense Hynix

---

[5]     Hynix argues that Rambus asserted a Conduct of Third Parties affirmative defense for the first time in its August 20 reply. In fact, Rambus alleged the defense in its July 9 reply as well, where it was pled as the Eighth Affirmative Defense.

**United States District Court**
For the Northern District of California

1  challenges on notice grounds that Samsung does not is "Hynix's Conduct," reproduced below.

2  ## NINTH AFFIRMATIVE DEFENSE

3  ### (Hynix's Conduct)

4  9. Rambus is informed and believes and thereon alleges that the Counterclaims are
barred, in whole or in part, because the damages, if any, were caused by Hynix's
5  conduct, for which Rambus bears no responsibility.

6  In opposing Samsung's motion to strike, Rambus does not appear to contest that these

7  pleadings fail to provide notice on their face.  Instead, Rambus argues that Samsung was provided

8  fair notice of the substance of the defenses by Rambus' July 31, 2007 Joint Case Management

9  Conference Statement, where Rambus filed a "further definition" of each of its defenses.  In its

10 opposition to Hynix's motion to strike, Rambus first suggests that "no recitation of details is

11 required," but wisely backs away from this statement to suggest that Hynix is also fully informed of

12 the basis for Rambus' defenses by its Joint Case Management Conference Statement ("JCMCS").

13 On their face, many of Rambus' affirmative defenses appear inadequately alleged.  As this

14 court explained in *Qarbon.com*, an affirmative defense may not simply reference a doctrine. 315 F.

15 Supp. 2d at 1049.  At a minimum, a pleading must set out the elements of the affirmative defense

16 and some factual allegations that meet those elements.  *Id.*  Rambus neither lays out the elements of

17 many of the above defenses, nor alleges any facts that meet them.  On the basis of the pleadings

18 alone, most should be stricken.

19 Rambus argues that "there is no need to amend affirmative defenses where the purposes of

20 'notice pleading' have been met," and suggests that its disclosures in the JCMCS satisfy its

21 obligation to provide fair notice of its defenses.  In light of these disclosures, Rambus argues that

22 Hynix's motion to strike is "a counterproductive resort to mere formalities."  Rambus' failure to

23 comply with "mere formalities" troubled the court with respect to its infringement contentions, and

24 its failure to comply with "mere formalities" concerns the court here.  Nevertheless, the court agrees

25 that no good will come from striking and amending pleadings with less than three months until trial

26 unless a party lacks fair notice.

27 *Failure to state a cause of action.*  Rambus has properly pled the defense of failure to state a

28

ORDER DENYING MANUFACTURERS' MOTIONS TO STRIKE RAMBUS' COUNTERCLAIMS; GRANTING IN PART AND
DENYING IN PART SAMSUNG AND HYNIX'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES
Nos. C-05-02298 RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244 RMW
TSF                                                    14

United States District Court
For the Northern District of California

1   cause of action, whether or not it is technically an affirmative defense. *See*, *e.g.*, *Hernandez v.*

2   *Balakian*, 2007 WL 1649911 at *2 (E.D. Cal. 2007). Accordingly, Samsung's motion to strike this

3   defense is denied.

4          *Unclean hands.* Rambus alleges that the basis for its unclean hands defense is "including but

5   not limited to, spoliation of evidence." The reply alleges no facts relating to what evidence may

6   have been spoliated, or when. Unlike Rambus' other affirmative defenses, the unclean hands

7   defense is omitted from the Joint Case Management Conference Statement.

8          Rambus argues that Samsung nevertheless has notice of the substance of the defense because

9   an August 24, 2007 motion to compel stated that "the defense of unclean hands result[s] from

10   Samsung's complete and total spoliation of e-mail[.]" Rambus also suggests that this disclosure

11   "fully informed" Samsung of the basis for Rambus' unclean hands defense. Having limited its

12   defense to Samsung's alleged spoliation of e-mail, the court agrees that, three weeks after it filed its

13   meritorious motion to strike, Samsung received notice of the basis for the unclean hands defense.

14   Because Samsung now has fair notice and little efficiency would result from forcing Rambus to

15   amend its reply, Samsung's motion to strike this defense is denied.

16          With respect to Hynix, Rambus argues that "Hynix is fully informed as to Rambus's factual

17   basis for each affirmative defense. . . . Attachment 5 to the July 31, 2007 JCMCS contains a 'further

18   definition' of each affirmative defense that goes beyond the required factual specificity." As

19   discussed, the Joint Case Management Conference Statement omitted Rambus' second affirmative

20   defense. *See* Dougherty Decl., Ex. A at 1-2. At this point, Hynix still has no more notice about the

21   substance of Rambus' unclean hands defense than that it is "including but not limited to, spoliation

22   of evidence." This is not sufficient to provide fair notice to Hynix. Accordingly, the court grants

23   Hynix's motion to strike Rambus' second affirmative defense from Rambus' replies.[6]

24          *Waiver.* Rambus relies on its disclosure of its waiver defense in the JCMCS to provide fair

25   notice to Samsung and Hynix. In light of this further disclosure outlining the scope of Rambus'

26

27   _____

     [6] This defense may have been dropped per stipulation.

28

ORDER DENYING MANUFACTURERS' MOTIONS TO STRIKE RAMBUS' COUNTERCLAIMS; GRANTING IN PART AND
DENYING IN PART SAMSUNG AND HYNIX'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES
Nos. C-05-02298 RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244 RMW
TSF                                                    15

1  defense, the court sees no benefit in striking Rambus' pleading now that Hynix and Samsung have

2  notice.  Accordingly, the court denies their motions to strike Rambus' fourth affirmative defense.

3    *Estoppel*.  Rambus' JCMCS disclosure apprises Hynix and Samsung that the gist of Rambus'

4  estoppel defense is that the Manufacturers were aware of Rambus' patents and chose to use Rambus'

5  technology without paying royalties.  Having now specified the "respective acts, omissions, conduct,

6  statements, and/or representations" that form the basis of its defense, Rambus has belatedly given

7  fair notice to Hynix and Samsung of the scope of the defense.  Seeing no benefit in striking the

8  pleading, the court denies the motions to strike Rambus' fifth affirmative defense.

9    *No loss.*  Samsung and Hynix move to strike this affirmative defense.  Rambus concedes that

10  it should be stricken.  Accordingly, the court grants the motions to strike Rambus's sixth affirmative

11  defense of no loss.

12    *Failure to mitigate*.  Rambus' reply failed to provide anything more than the conclusory

13  allegation that Hynix and Samsung "failed to mitigate [their] damages."  This sort of bare bones

14  pleading fails to provide fair notice.  Rambus' JCMCS further provides that its defense is based on

15  "the Manufacturers did not adopt an alternative, non-infringing technology."  Having specified how

16  Samsung and Hynix allegedly failed to mitigate, Samsung and Hynix now have fair notice.

17  Therefore, seeing no benefit in striking the pleading, the court denies the motions to strike Rambus'

18  seventh affirmative defense.

19    *Conduct of third parties*.  Samsung and Hynix move to strike Rambus' defense of conduct of

20  third parties.  Rambus supplements its original pleading ("because the damages, if any, were caused

21  by third parties for whom Rambus bears no responsibility") by alleging in its JCMCS that "other

22  members or participants at JEDEC with knowledge of the existence and scope of Rambus's patents

23  and patent applications were responsible."  Hynix argues that this allegation does not provide

24  enough notice because Rambus does not identify who was responsible.  The court agrees that even

25  this allegations remains skimpy, but believes that "other members or participants at JEDEC" is a

26  narrow enough class to give Samsung and Hynix fair notice of the substance of Rambus' defense.

27  Accordingly, the court denies the motions to strike Rambus' eighth affirmative defense.

28

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1    *Hynix's conduct.*  Only Hynix moves to strike Rambus' affirmative defense stemming from

2    the opposing party's conduct.  Rambus' JCMCS alleges that each Manufacturer knew about its

3    patents, knew they infringed, and made the business decision to continue infringing, as opposed to

4    developing other technology.  Having provided some factual grounding for its otherwise conclusory

5    allegation, Rambus has now given notice to Hynix of the basis of its defense.  Accordingly, the court

6    denies Hynix's motion to strike Rambus' ninth affirmative defense.

7    *Ratification.*  Both Samsung and Hynix move to Rambus' ratification defense.  Rambus'

8    JCMCS similarly explains that its defense stems from the Manufacturers' knowledge of the patents,

9    their alleged infringement, and adoption of the technology.  Rambus also explains that its ratification

10   defense is based on the 2001 amendment to the Rambus/Samsung license.  This further specification

11   adequately apprises Samsung and Hynix of the scope of Rambus' defense; therefore, the court sees

12   no benefit in striking the allegation and denies their motions to strike Rambus' eleventh affirmative

13   defense.

14   *Laches.*  Both Samsung and Hynix move to strike Rambus' conclusory laches defense.

15   Rambus has since explained in its JCMCS that its laches defense arises because Samsung and Hynix

16   allegedly knew about Rambus' patents, but delayed in taking any action while at JEDEC or during

17   licensing negotiations.  As Samsung and Hynix have now received fair notice of the basis for

18   Rambus' defense, the court sees no benefit in striking Rambus' conclusory allegation in each reply.

19   Accordingly, the court denies the motions to strike Rambus' thirteenth affirmative defenses of

20   laches.

21   *Consent.*  Only Samsung moves to strike Rambus' defense of consent.  Rambus' reply does

22   not specify any factual basis for what Samsung did to consent; however, its JCMCS alleges that

23   Samsung's consent stems from its decision to adopt Rambus technologies and enter into the 2001

24   license agreement with Rambus.  Now that Samsung knows the factual basis for Rambus' defense,

25   there is no benefit in striking the allegation from Rambus' reply.  Accordingly, the court denies the

26   motion to strike Rambus' fourteenth affirmative defense of consent.

27   This denial of Samsung's and Hynix's motions to strike should not be construed as passing

28

ORDER DENYING MANUFACTURERS' MOTIONS TO STRIKE RAMBUS' COUNTERCLAIMS; GRANTING IN PART AND
DENYING IN PART SAMSUNG AND HYNIX'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES
Nos. C-05-02298 RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244 RMW
TSF                                             17

United States District Court
For the Northern District of California

judgment on the viability of those defenses.  Further, Rambus will not be permitted to expand the

scope of those asserted defenses beyond the factual notice provided in the JCMCS, absent leave of

court upon good cause shown.

### 2.    Unrecognized Defenses

Samsung moves to strike Rambus' third (issue preclusion) and seventeenth (other action

pending) affirmative defenses because they are "unrecognized defenses."  However, preclusion is an

affirmative defense and must be pled as such.  *See* Fed. R. Civ. P. 8(c) ("*res judicata*"); *Rivet v.*

*Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998). With respect to "prior action pending,"

Samsung does not supply any legal authority for the position that "prior action pending" is "not [an]

affirmative defense[] at all."  On the other hand, Rambus provides no legal authority for the

proposition that it is.  The two cases Rambus cites involve defendants who plead "prior action

pending" as an affirmative defense, but in neither decision does the court determine whether it is

properly asserted as an affirmative defense.  As such, they do not support Rambus' argument that

"Federal courts treat prior action pending as an affirmative defense."  The court's own research

uncovered scant mention of the doctrine, and that what  authority there is, is equivocal. *Compare*

*Daugherty v. Popick* 89 F.R.D. 642, 643 (S.D.N.Y. 1981), *with In re D.H. Overmyer Telecasting*

*Co., Inc.*, 23 B.R. 823, 931 (Bkrtcy. N.D. Ohio 1982).  Nevertheless, California case law suggests

that prior action pending is an affirmative defense that must be pled.  *See Brown v. Campbell*, 110

Cal. 644, 649 (1896) ("If the defense of a pending suit, or the estoppel of a former judgment, is not

pleaded when such defense is available to the defendant, he cannot, after an adverse judgment, avail

himself of this defense, which he neglected to plead when he had an opportunity to do so, any more

than he could avail himself of any other defense which he had omitted to plead.").  Accordingly,

Samsung's motion to strike Rambus' two "unrecognized" defenses is denied.

Hynix similarly challenges these defenses, arguing that neither is proper on the merits.  As

discussed, issue preclusion is properly asserted as an affirmative defense.  With respect to "prior

action pending," Rambus concedes the defense should be stricken.  Accordingly, the court denies

1   Hynix's motion to strike Rambus' issue preclusion defense and grants Hynix's motion to strike

2   Rambus' "prior action pending" defense.

3              **3.      Improper Defenses**

4        Hynix expends many pages arguing that various affirmative defenses pled by Rambus are not

5   valid defenses to a monopolization claim or a fraud claim.  Rambus correctly points out that all of

6   the defenses are potentially viable against at least one of Hynix's claims, for example, section 17200

7   unfair competition or fraud.  Notice pleading, however, does not require a defendant to identify

8   which affirmative defenses pertain to which of the plaintiff's claims.  *See, e.g.*, *FTC v. Rawlins &*

9   *Rivera, Inc.*, 2007 WL 1730091, at *4 (M.D. Fla. 2007).  Instead, it only requires a short, plain

10  statement of the claimed defense and the factual allegations that support it.  Accordingly, the court

11  denies Hynix's motion to strike Rambus' waiver, estoppel, Hynix's conduct, ratification, and laches

12  claims.

13             **4.      Collateral Estoppel**

14       Finally, Hynix argues that Rambus' twelfth (statute of limitations), fifteenth (no standing),

15  sixteenth (*Noerr-Pennington*), and nineteenth (California litigation privilege) affirmative defenses

16  should be stricken because the court has allegedly already decided these issues.

17       As a preliminary matter, Rambus concedes that its fifteenth affirmative defense of no

18  standing under California Business and Professions Code Section 17200 is an inappropriate

19  affirmative defense.  Accordingly, it has dropped the allegations and the court grants Hynix's motion

20  to strike the defense from Rambus' reply.

21       Rambus opposes the motion to strike the remaining three defenses.  The court agrees.  No

22  prior court order has held that a statute of limitations defense fails as to all of Hynix's claims.  *Cf.*

23  *Rawlins & Rivera*, 2007 WL 1730091, at *4.  Accordingly, it would be improper to strike the

24  defense as to all of Hynix's claims.  Nor does the court understand why Rambus' *Noerr-Pennington*

25  and litigation privilege defenses must be stricken based on the court's prior ruling regarding those

26  matters in Rambus' favor.  Seeing no benefit to ordering those defenses stricken, the court denies

27  Hynix's motions to strike the *Noerr-Pennington* and litigation privilege defenses.

28

**United States District Court**
For the Northern District of California

### 5.    Alternative Relief

In the alternative, Samsung requested that Rambus be ordered to file a more definite statement under Rule 12(e).  Hynix requested additional discovery regarding Rambus' affirmative defenses.  Given the late hour in this phase of the litigation, the court sees no benefit in requiring a more definite statement where Samsung is already on notice, nor any benefit in reopening discovery with barely two months to trial.  Accordingly, both requests are denied.

### III. ORDER

For the foregoing reasons, the court DENIES Samsung, Micron, and Nanya's motions to strike Rambus' counterclaims in reply and Rambus' supplemental infringement contentions.  The court GRANTS IN PART and DENIES IN PART Samsung's and Hynix's motions to strike as follows:

1.    Hynix's motion to strike Rambus' affirmative defense of unclean hands is GRANTED.
2.    Samsung and Hynix's motions to strike Rambus' affirmative defense of no loss is GRANTED.
3.    Hynix's motion to strike Rambus' affirmative defense of prior action pending is GRANTED.
4.    Hynix's motion to strike Rambus' affirmative defense of no standing under Section 17200 is GRANTED.
5.    In all other respects, the motions to strike affirmative defenses are DENIED.

DATED:    _____11/15/07_____

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Brian K. Erickson | berickson@dbllp.com |
| David C. Vondle | dvondle@akingump.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Burton Alexander Gross | burton.gross@mto.com |
| Steven McCall Perry | steven.perry@mto.com |
| Jeannine Y. Sano | sanoj@howrey.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| John D Beynon | john.beynon@weil.com |
| Jared Bobrow | jared.bobrow@weil.com |
| Leeron Kalay | leeron.kalay@weil.com |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Kenneth L. Nissly | kennissly@thelenreid.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |
| Patrick Lynch | plynch@omm.com |
| Jason Sheffield Angell | jangell@orrick.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Mark Shean | mshean@orrick.com |
| Kai Tseng | hlee@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**          11/15/07                                                            TSF
                                                                   **Chambers of Judge Whyte**

ORDER DENYING MANUFACTURERS' MOTIONS TO STRIKE RAMBUS' COUNTERCLAIMS; GRANTING IN PART AND DENYING IN PART SAMSUNG AND HYNIX'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES
Nos. C-05-02298 RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244 RMW
TSF                                                  21

**United States District Court**
For the Northern District of California