**E-filed: February 2, 2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S RENEWED MOTION TO STRIKE JURY DEMANDS WITH RESPECT TO THE FRAUD CLAIMS<br><br>**[Re Docket No. 2945]** |

| | |
|---|---|
| RAMBUS INC., | No. C-05-00334 RMW |
| Plaintiff, | |
| v. | **[Re Docket No. 966]** |
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., | |
| NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | |
| Defendants. | |
| RAMBUS INC., | No. C-06-00244 RMW |
| Plaintiff, | |
| v. | **[Re Docket No. 594]** |
| MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC. | |
| Defendants. | |

## I. THE RENEWED MOTION TO STRIKE

The court previously denied without prejudice Rambus's motion to strike the jury demands of Hynix, Micron and Nanya ("the Manufacturers") on their fraud claims. *See Hynix Semiconductor Inc. v. Rambus. Inc.*, 2007 WL 3284069 (N.D. Cal. Nov. 4, 2007) at *16. The court stated that it would entertain a renewed motion to strike the jury demands if, after the close of discovery, the Manufacturers failed to produce evidence of their claimed actual, but unquantifiable, damages. The court suggested that it would follow the procedure set forth in the Sixth Circuit case of *Hildebrand v. Board of Trustees of Mich. St. Univ.*, 607 F.2d 705 (6th Cir. 1979):

If it becomes clear prior to trial that no genuine issue exists as to any material facts,

ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S RENEWED MOTION TO STRIKE JURY DEMANDS REGARDING THE FRAUD CLAIMS—C-00-20905; C-05-00334; C-06-00244 RMW
2

> a district court can grant summary judgment as to some or all issues. This standard can operate to eliminate meritless damages requests and thus moot a jury demand. Under this standard, the district court is free to examine all of the record and not just the pleadings. If a demand for damages is so insubstantial that it cannot meet the standard contained in Rule 56, then it should not be allowed to convert equitable issues into legal ones.

*Id.* at 10.

With trial about to start, Rambus now renews its motion to strike the jury demands of the Manufacturers' with respect to their fraud claims because they have not produced evidence of actual damages on those claims. For the reasons set forth below, the court denies Rambus's motion with respect to the fraud claims of Hynix and Micron and grants the motion with respect to Nanya's claim. However, the court elects to try the fraud issue as to Nanya with an advisory jury. *See* Fed. R. Civ. P. 39(c).

## II. ANALYSIS

In the prior *Hynix* order, the court explained that the Manufacturers could not claim their attorneys' fees as compensatory damages for a fraud claim. The "American rule" requires each party to bear its own legal fees. *See* Cal. Civ. Code § 1021. The California Supreme Court closely guards this principle, and is loathe to expand the contexts in which a party can recover its attorneys' fees unless authorized by a statute. *Gray v. Don Miller & Associates, Inc.*, 35 Cal. 3d 498, 507 (1984) (reversing attorneys' fees award in fraud case); *see also Prentice v. N. Am. Title Guar. Corp.*, 59 Cal. 3d 618, 620 (1963) ("This section undoubtedly prohibits the allowance of attorney fees against a defendant in an ordinary two-party lawsuit.").

The Manufacturers claim, however, that they have a right to a jury because they suffererd actual but unquantifiable damages. Fraud requires proof of injury. *See* Cal. Civ. Code § 1709; *Furia v. Helm*, 111 Cal. App. 4th 945, 956 (2003). Nominal damages can be awarded where a plaintiff has proven actual damage has occurred (and therefore has satisfied fraud's damages element), but the plaintiff cannot prove the amount of the actual damage. *See, e.g., Oates v. Glover*, 154 So. 786, 787 (Ala. 1934); *McLaughlin v. National Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1163 (1994); *Sterling Drug v. Benatar*, 99 Cal. App. 2d 393, 400 (1950). Rambus maintains that the Manufacturers have not shown in opposition to Rambus's renewed motion that they have

suffered any such "actual but unquantifiable" damage.

The court finds Hynix's showing marginal but sufficient to support its jury demand. O.C. Kwon, Hynix's senior vice-president, testified that significant management time and efforts was expended as a result of Rambus's conduct which could have otherwise been used for more productive opportunities. This time was spent by the CEO and the "patent team." Kwon Depo. at 79:16-20. Kwon also implied that management had to respond to investors' concerns. *Id.* at 83:14-84:20.

The Restatement Second of Torts § 914, comment c provides that "a successful party in an action of tort is not entitled to compensation for loss of time, attorney fees or other expenses in the conduct of the litigation." This rule bars recovery for time spent "in the conduct of litigation," but not for time spent dealing with the consequences of an alleged fraud. Indeed, the exclusion of recovery for time spent on litigation implies that one can recover for time spent dealing with other consequences of a tortious act. California law recognizes this distinction, and permits one to recover compensation for time and effort expended in reliance on a defendant's misrepresentation. *Cf. Black v. Tobin*, 45 Cal. App. 3d 214, 219-220 (1975) ("it cannot be seriously contended that appellants would have devoted time and energy to prepare for the sale if they had known that the announcement of a public sale was spurious."). Here, Kwon's testimony suggests that some time was spent dealing with Rambus's alleged conduct and not just spent addressing the lawsuits. The sufficiency of Kwon's testimony in supporting a damage claim must be evaluated in light of the principle that "[m]aintenance of the jury, as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959). Given this strong preference for trying cases to juries, the court finds that Kwon's testimony could support a finding of "actual but unquantifiable" damages, and hence a right to jury.

Micron has offered some evidence that it spent money looking into the possibility of alternatives to the allegedly infringing technologies. Lee Depo. at 81:17-82:17; 120:13-23. The inference is that, at least to some extent, this time and effort was to avoid Rambus's patents and not

1  just an effort to enhance performance of products.  Similar to Hynix, Micron has sufficiently
2  demonstrated that it is entitled to a jury on its fraud claim.
3  　　　　On the other hand, Nanya offered only attorney argument in opposition to Rambus's renewed
4  motion.  The court's prior order, as well as the Sixth Circuit's opinion in *Hildebrand*, are clear in
5  requiring a party to set forth admissible evidence in response to a challenge to their right to a jury.
6  *Hynix*, 2007 WL 3284069, at *16.  Attorney argument is not admissible evidence.  As Nanya's only
7  evidence of claimed damages are attorneys' fees, which are not recoverable in a fraud action,
8  Nanya's jury request is stricken.

### III. ADVISORY JURY

10  　　　　The court has the power to try any issue with an advisory jury.  Fed. R. Civ. P. 39(c).  The
11  court exercises its discretion to do so on Nanya's fraud claim for several reasons.  First, many of the
12  facts underlying the fraud claim will be decided by the jury in deciding the antitrust claims.  Even if
13  the Manufacturers are not entitled to a jury, the court will be required to decide the merits of the
14  fraud claim in accordance with the jury's factual findings.  *See Beacon Theatres*, 359 U.S. 500
15  (1959); *Shum v. Intel Corp.*, __ F.3d __, 2007 2404718 (Fed. Cir. 2007).  Second, it could be
16  confusing to the jury if Hynix and Micron present fraud claims but Nanya does not.  Third,
17  evaluation of a fraud claim involves judgments of credibility for which a jury is particularly suited.
18  Finally, the law is not entirely clear as to the extent of a showing of damages that must be made to
19  support a jury demand.  With an advisory jury, Nanya will be able to point to the jury's verdict if it is
20  more favorable than the court's and perhaps be able to receive the benefit of it should the court's
21  decision that Nanya is not entitled to a jury turn out later to have been wrong.  *See Alexander v.*
22  *Gerhardt Enterprises, Inc.*, 40 F.3d 187, 192 (7th Cir. 1994) (approving of the use of an advisory
23  jury to minimize the cost of litigation in cases of uncertainty as to jury entitlement).
24  //
25  //
26  //
27  //

ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S RENEWED MOTION TO STRIKE JURY DEMANDS
REGARDING THE FRAUD CLAIMS—C-00-20905; C-05-00334; C-06-00244 RMW
5

## IV.  ORDER

Rambus's Renewed Motion to Strike the Jury Demands with Respect to the Fraud Claims is denied as to the jury demands of Hynix and Micron and granted as to the demand of Nanya. However, the court elects to try the fraud issue as to Nanya with an advisory jury as authorized by Fed. R. Civ. P. 39(c).

DATED:   2/2/2008

RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S RENEWED MOTION TO STRIKE JURY DEMANDS
REGARDING THE FRAUD CLAIMS—C-00-20905; C-05-00334; C-06-00244 RMW
6

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Burton Alexander Gross | burton.gross@mto.com, |
| Steven McCall Perry | steven.perry@mto.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| John D Beynon | john.beynon@weil.com |
| Jared Bobrow | jared.bobrow@weil.com |
| Leeron Kalay | leeron.kalay@weil.com |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Kenneth L. Nissly | knnissly@thelenreid.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |
| Patrick Lynch | plynch@omm.com |
| Jason Sheffield Angell | jangell@orrick.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Mark Shean | mshean@orrick.com |
| Kai Tseng | hlee@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 2/2/2008                             TSF
                                        **Chambers of Judge Whyte**

ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S RENEWED MOTION TO STRIKE JURY DEMANDS REGARDING THE FRAUD CLAIMS—C-00-20905; C-05-00334; C-06-00244 RMW

7