**E-filed: 2/2/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER DENYING RAMBUS'S MOTION *IN LIMINE* TO BAR MANUFACTURERS FROM USING EXHIBITS C & O<br><br>**[Re Docket No. 3060]** |

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| RAMBUS INC., | | No. C-05-00334 RMW |
| | Plaintiff, | **[Re Docket No. 1088]** |
| v. | | |
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | | |
| | Defendants. | |
| RAMBUS INC., | | No. C-06-00244 RMW |
| | Plaintiff, | **[Re Docket No. 713]** |
| v. | | |
| MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC. | | |
| | Defendants. | |

This order addresses Rambus's recent motion *in limine* to prevent the Manufacturers from putting into evidence two allegedly privileged documents. The court has reviewed the papers and considered the arguments of counsel. For the following reasons, the court denies the motion.

**I. BACKGROUND**

Earlier in this and parallel litigation, Rambus was ordered to produce allegedly privileged

ORDER DENYING RAMBUS'S MOTION IN LIMINE TO BAR MANUFACTURERS FROM USING EXHIBITS C & O
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                                            2

documents pursuant to a series of piercing orders.[1]  For example, on January 31, 2005, this court ordered Rambus to produce allegedly privileged documents relating to Rambus's document retention and production under the "crime/fraud" exception.  The court described that decision regarding whether Hynix had established "reasonable cause to believe" that Rambus had spoliated documents a "close one."  At the conclusion of a bench trial on Hynix's unclean hands defense related to alleged spoliation, the court concluded that "Rambus did not engage in unlawful spoliation of evidence."  Findings of Fact and Conclusions of Law on Unclean Hands Defense, Docket No. 1577, C-00-20905, at 25 (N.D. Cal. Jan. 5, 2006).  Since the court found that Rambus did not spoliate evidence, the "crime/fraud" exception can no longer be said to justify the production of privileged documents.

On September 10, 2007, the court ordered Rambus to produce all materials that Rambus had previously been ordered to produce to give all of the parties access to the full scope of the discovery taken in these cases.  *See* Docket No. 399, C-05-334, ¶¶ 1, 2 (N.D. Cal. Sept. 12, 2007).  The order acknowledged that "[b]y producing these materials in response to this Order, Rambus is not waiving any protection to which it is otherwise entitled under the attorney-client privilege or work product doctrine, and nothing in this Order shall preclude Rambus from challenging the admissibility of any documents or testimony at trial on any basis, including without limitation on the basis of the attorney-client privilege and/or work-product protection."  *Id.* ¶ 4.

On January 4, 2008, the Manufacturers disclosed their trial exhibit list, which contains thirteen documents produced pursuant to the piercing orders.  Rambus filed objections to the use of these documents on January 16, 2008, and filed this motion *in limine* on January 22.  Rambus and the Manufacturers filed additional briefing with regard to two documents, "Exhibit C" and "Exhibit O," and this order resolves Rambus's motion with respect to those two documents only.

## II. ANALYSIS

### A. "Reasonable Efforts"

---

[1] In *Hynix Semiconductor, Inc. v. Rambus, Inc.*, C-00-20905 (N.D. Cal. filed Aug. 29, 2000), the piercing orders were entered on February 26, 2004, January 31, 2005, February 28, 2005, August 26, 2005, October 3, 2005, October 19, 2005, and October 20, 2005. In *Micron Technology, Inc. v. Rambus Inc.*, C-00-792 (D. Del. Aug. 28, 2000), the piercing orders were entered on May 16, 2001, February 10, 2006, and June 15, 2006.

The circumstances surrounding a disclosure of allegedly privileged documents determine whether the disclosure waived the attorney-client or work products privileges. *United States v. de la Jara*, 973 F.2d 746, 749-50 (9th Cir. 1992). In general, a disclosure compelled by a court order like the piercing orders in this case does not waive the attorney-client and work product privileges. EDNA SELAN EPSTEIN, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK-PRODUCT DOCTRINE 412 (5th ed. 2007); PAUL R. RICE, ATTORNEY-CLIENT PRIVILEGE IN THE UNITED STATES § 9:26, 9-78 (2d ed. 2007 rev.); *cf. Transamerica Computer Co., Inc. v. Int'l Bus. Machines Corp.*, 572 F.2d 646, 651 (9th Cir. 1978) (discussing general acceptance of the principle that waiver cannot result from compelled production). The caveat to this general principle is that the party claiming privilege must take efforts "reasonably designed" to protect the privilege. *de la Jara*, 973 F.2d at 950.

Rambus has strenuously objected every time it has been ordered to produce allegedly privileged documents. Furthermore, this court's most recent production order expressly recognized that Rambus could reassert any claim of privilege in the form of an evidentiary objection at trial. The court imagines such assurances prevented Rambus from further complicating these proceedings by appealing the court's production order. It would be perverse now for the court to hold that reliance on the court's order was not "reasonably designed" to protect the asserted privileges. While a "strenuous or Herculean efforts" rule may have required Rambus to file a peremptory motion *in limine* in those instances, the law only requires "reasonable efforts." *de la Jara*, 973 F.2d at 950. Requiring more than what Rambus did to avoid production would suggest that Rambus should have expanded and intensified this already over-litigated dispute despite everyone's knowledge that Rambus objects to production of the documents. The Ninth Circuit's rule in *de la Jara* requires reasonable efforts, and those were taken in this court.

The Manufacturers point out that the two documents that Rambus now wants excluded from evidence were utilized in public proceedings in the District of Delaware and the Eastern District of Virginia and remain available to the public in Virginia. As in this court, Rambus vigorously objected to production of the documents during discovery. In Virginia, Rambus even applied to the Federal Circuit for a writ of mandate when ordered to produce the documents. When the documents

were used at trial, Rambus again objected to their use.  Rambus also moved the courts to use various methods to at least prevent the public from seeing the documents.  Without belaboring the point and recounting each instance where Rambus objected to the documents' use and disclosure, the court finds that Rambus took reasonable steps to lodge objections and preserve the documents' alleged privileged status.

### B. Applicability of the Attorney-Client Privilege

Of course, even if Rambus made all reasonable efforts to protect alleged privileges in the documents, it still must show that the privileges actually apply.  Rambus claims that both Exhibit C and Exhibit O are protected by the attorney-client privilege.  It is Rambus's burden to demonstrate that the attorney-client privilege applies.  *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002).  The Manufacturers argue that Rambus has failed to show that the two documents are in fact privileged.

#### 1. Exhibit C – "Strategy Update 10/98"

"Exhibit C" is a copy of a Powerpoint presentation entitled "Strategy Update 10/98" made by Joel Karp, Rambus's Vice President of Intellectual Property.  *See* Karp Decl., ¶ 3.  Mr. Karp is not an attorney, though he states that the document "reflects legal advice I received from Mr. Steinberg related to patent prosecution and infringement analysis." *Id.* ¶ 5.[2]  Mr. Karp presented the strategy update to Rambus's "Board of Directors and/or to the Rambus executive staff on or around October 1998." *Id.* ¶ 4.

The fact that Mr. Karp, and not Mr. Steinberg, conveyed Mr. Steinberg's legal advice to Rambus's directors would not necessarily be fatal to the attorney-client privilege.  *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) (adopted report of J. Brazil).  The issue is whether Mr. Karp was conveying Mr. Steinberg's legal advice, which would be privileged, or Mr. Karp's business analysis, which would not.  *Id.*

Mr. Karp's declaration does not reveal which portions of the presentation supposedly "reflect" Mr. Steinberg's legal advice, and Rambus's briefing does not shed light on this question.

---

[2] Neil Steinberg was Rambus's outside counsel when Mr. Karp prepared Exhibit C. *Id.*

ORDER DENYING RAMBUS'S MOTION IN LIMINE TO BAR MANUFACTURERS FROM USING EXHIBITS C & O
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                                       5

The court cannot distinguish what portion, if any, of the presentation reflects Mr. Steinberg's legal advice, as opposed to Mr. Karp's business strategy. Indeed, some of the most relevant portions of the document are explicitly prefaced as Mr. Karp's opinions – for example, "What is compelling business reason? I can't think of any." and "[In my humble opinion], risks of damaging establishment of dominant standard outweigh potential return." Furthermore, the content appears not to be "legal advice," but instead a discussion of a business plan and strategy that Mr. Karp was recommending which may have taken into account advice from Mr. Steinberg as to Rambus's legal positions. However, the document does not reveal any confidential communications between Mr. Karp and Mr. Sterinberg. As discussed, it is Rambus's burden to demonstrate that the attorney-client privilege applies. A vague declaration that states only that the document "reflects" an attorney's advice is insufficient to demonstrate that the document should be found privileged.

### 2.    Exhibit O – "Intellectual Property Update, November 23, 1999"

"Exhibit O" is a Powerpoint presentation entitled "Intellectual Property Update, November 23, 1999." Karp Decl. ¶ 6. Mr. Karp "prepared the slides . . . together with Rambus's attorney Neil Steinberg." *Id.* ¶ 8.[3] Mr. Karp then presented the slides to "Rambus employees at Chaminade in or around November 23, 1999." *Id.* ¶ 7. The Chaminade retreat was a company-wide meeting at which Mr. Karp presented Exhibit O. *See* Vega Decl., Ex. 2 at 562:17-563:4. The slides discuss how many patents have issued to Rambus, announce the name for Rambus's patent enforcement campaign, and generally inform the employees about Rambus's intent to enforce its patents.

The attorney-client privilege only protects legal advice provided to a client. *See ChevronTexaco*, 241 F. Supp. 2d at 1069; *see generally* EPSTEIN, at 134-155 (discussing how the attorney-client privilege applies to corporations as clients). An employee of a corporation can be a "client," for example, where an employee is questioned by an attorney conducting an internal investigation. *Upjohn Co. v. United States*, 449 U.S. 383 (1981). In *Upjohn*, the Supreme Court

---

[3] The Karp Declaration's paragraphs are erroneously numbered 1, 2, 3, 4, 5, 6, 4, 5. Such an error is understandable given the short time available for preparing the declaration. The court's citation to paragraph "8" refers to the second paragraph 5. Likewise, paragraph "7" is the second paragraph 4.

ORDER DENYING RAMBUS'S MOTION IN LIMINE TO BAR MANUFACTURERS FROM USING EXHIBITS C & O
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                     6

rejected limiting the definition of "client" to merely the corporation's "control group," instead focusing on the subject matter of the attorney's communication with the employee. *Id.* at 394-95; Epstein, at 142-45. In a sense, whether an employee is a "client" collapses into whether the communication between the attorney and the employee constitutes the giving or receiving of legal advice.

Rambus argues that the slide presentation reflects the legal advice given to Mr. Karp by Mr. Steinberg, and then conveyed to the entire company. The court cannot agree that the slides represent "legal advice," nor can the employees who heard the presentation be called "clients" within the meaning of the attorney-client privilege. To the contrary, the slides are more akin to a press release – albeit, shared with Rambus's employees only – informing them of the company's business plans. Rambus had no legal need to "advise" its rank-and-file employees about when it planned to begin enforcing its patents. In that sense, the communication here is quite unlike the sensitive (and personalized) internal investigation conducted by in-house counsel in *Upjohn*. Perhaps the most relevant piece of evidence in the document to the upcoming trial – that Rambus named the initiation of its patent enforcement campaign "Lexington – the Shot Heard Around the World" – cannot credibly be referred to as "legal advice." It is a marketing slogan designed to inspire Rambus's employees at an uncertain time in Rambus's existence. While the presentation was obviously confidential, it is not privileged.

As discussed, the two documents clearly contain confidential Rambus business information. That is not, however, a basis for excluding them from evidence. Rambus's motion under Rule 403 is rooted in these documents being protected by the attorney-client privilege. Even were the court to hold that the documents were erroneously ordered produced in discovery, Rambus has not demonstrated that the two Powerpoint presentations are privileged. Accordingly, Rambus has not demonstrated that admitting the documents into evidence would cause substantial unfair prejudice.

//

//

//

ORDER DENYING RAMBUS'S MOTION IN LIMINE TO BAR MANUFACTURERS FROM USING EXHIBITS C & O
C-00-20905; C-05-00334; C-06-00244 RMW
TSF 7

### III. ORDER

For the foregoing reasons, the court denies Rambus's motion *in limine* to exclude Exhibits C and O.

DATED:   2/2/2008

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

ORDER DENYING RAMBUS'S MOTION IN LIMINE TO BAR MANUFACTURERS FROM USING EXHIBITS C & O
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                                             8

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Burton Alexander Gross | burton.gross@mto.com, |
| Steven McCall Perry | steven.perry@mto.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| John D Beynon | john.beynon@weil.com |
| Jared Bobrow | jared.bobrow@weil.com |
| Leeron Kalay | leeron.kalay@weil.com |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Kenneth L. Nissly | kennissly@thelenreid.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |
| Patrick Lynch | plynch@omm.com |
| Jason Sheffield Angell | jangell@orrick.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Mark Shean | mshean@orrick.com |
| Kai Tseng | hlee@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    2/2/2008                                     TSF
                                                           **Chambers of Judge Whyte**