**E-filed: 2/2/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>    Plaintiffs,<br><br>    v.<br><br>RAMBUS INC.,<br><br>    Defendant. | No. CV-00-20905 RMW<br><br>ORDER REGARDING RAMBUS'S OBJECTION TO THE MANUFACTURERS' DESIGNATION OF RICHARD CRISP'S DEPOSITION TESTIMONY<br><br>**[Re Docket No. 3129]** |

| | |
|---|---|
| RAMBUS INC., | No. C-05-00334 RMW |
| Plaintiff, | **[Re Docket No. 1155]** |
| v. | |
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., | |
| NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | |
| Defendants. | |
| RAMBUS INC., | No. C-06-00244 RMW |
| Plaintiff, | **[Re Docket No. 773]** |
| v. | |
| MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC. | |
| Defendants. | |

Opening statements in these three consolidated cases is set for the afternoon of February 4, 2008. The Manufacturers[1] hope to prove that Rambus, among other things, monopolized or attempted to monopolize six technology markets. The technology markets cover various technologies essential for making DRAMs.

This order addresses Rambus's recent objection to the Manufacturers' quoting portions of

---

[1] For purposes of this order, the court collectively refers to the Hynix, Micron, and Nanya entities as "the Manufacturers."

ORDER REGARDING RAMBUS'S OBJECTION TO THE MANUFACTURERS' DESIGNATION OF RICHARD CRISP'S DEPOSITION TESTIMONY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF     2

1 prior deposition testimony of a former Rambus employee, Richard Crisp, in their opening statement.
2 The court has reviewed the papers and considered the arguments of counsel. For the following
3 reasons, the court sustains the objection tot he quoting of Mr. Crisp's prior testimony in the
4 Manufacturers' opening statement.

## I. TIMELINESS

The Manufacturers first argue that Rambus's motion is untimely, noting that the deadline for motions *in limine* was December 6, 2007. The Manufacturers argue that "[i]t is incredible that Rambus would think that Manufacturers would not introduce evidence that Crisp lied under oath. It has waited until now to file this motion simply to harass Manufacturers as they prepare their opening statement." Opp'n at 2.

Putting aside Rambus's subjective motivations, the court's most recent order on trial procedures expressly contemplates such an objection. *See*, *e.g.,* Order Regarding Trial Procedures, C-00-20905, Docket No. 3106, at ¶ H (N.D. Cal. Jan. 30, 2008). The order states:

> Trial Exhibits, quotations from depositions or other demonstrative exhibits to be used in opening statements are to be exchanged no later than 5:00 p.m. on Friday, February 1. Objections, if any, to the use of such items will be heard Monday, February 4, 2008 at 11:00 a.m. with notice to the court of a need for such hearing given by 8:00 a.m. on the 4th.

*Id.* To the extent Rambus's filing addresses the Manufacturers' intention to use portions of Richard Crisp's deposition testimony in their opening statement, the objection is timely.

## II. IMPEACHMENT AND "MANAGING AGENT" STATUS

The Manufacturers submit two arguments regarding the admissibility of Crisp's deposition testimony. First, they argue that the deposition testimony may be used to impeach Crisp pursuant to Federal Rule of Civil Procedure 32(a)(2). Second, they argue that Crisp's purportedly false deposition testimony may be used for any purpose pursuant to Rule 32(a)(3) because Crisp was a "managing agent" of Rambus.

Until Crisp testifies, his deposition transcript is inadmissible hearsay. Only after he testifies may his prior testimony be used for impeachment evidence. An opening statement is limited to presenting a guide to the evidence that the parties reasonably believe will be admitted into evidence.

ORDER REGARDING RAMBUS'S OBJECTION TO THE MANUFACTURERS' DESIGNATION OF RICHARD CRISP'S
DEPOSITION TESTIMONY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                                                 3

Quoting prior testimony, except that of a party, for impeachment purposes is inappropriate in an opening statement because the prior testimony may never become admissible. This, of course, does not preclude the Manufacturers from stating in their opening statement that the evidence will show that Mr. Crisp was involved in Rambus's strategy to file divisional patent applications.

The Manufacturers second argument is that Mr. Crisp was a "managing agent" within the meaning of Rule 32(a)(3), and that his testimony is therefore admissible "for any purpose." Courts have interpreted "managing agent" flexibly, emphasizing "what the employee actually did, rather than what title or position she held." *Young & Associates Public Relations, L.L.C. v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 523-24 (D. Utah 2003). The point in time for determining whether a deponent falls within the "managing agent" exception is the time of the deposition. Fed. R. Civ. P. 32(a)(3).

The deposition testimony the Manufacturers wish to use comes from a deposition taken on November 8, 2000. The parties agree that Crisp retired from his position as Director of Technology Business and Development at Rambus in June of 2000, although Rambus continued to pay him as a consultant. He had no authority, however, to act on behalf of Rambus. His consulting role was limited to handling his transition and replacement.

The Manufacturers' interpretation of "managing agent" to include Richard Crisp would broaden the limits placed on the category of people whose depositions may be used under Rule 32(a)(3). But "managing agent" must be interpreted in light of the person's duties, and in comparison to the other people listed in Rule 32(a)(3): "officers," "directors," and "Rule 30(b)(6) and 31(a)(4) designees." These other people all have the capability to bind the corporation with their actions, indeed, a 30(b)(6) or 31(a)(4) designee literally speaks for the corporation.[2] While the

---

[2] The Ninth Circuit's dictum in *Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058, 1118 (9th Cir. 2002) bolsters this reasoning. There, the court remarked "Rule 32(a), for example, clearly favors live testimony over deposition evidence by limiting the use of depositions to three situations: when an adverse party is the deponent; for impeachment purposes; or when the deponent is not available to testify at trial." *Id.* The Ninth Circuit collapsed Rule 32(a)(3)'s categories into "an adverse party," i.e., those who speak for the corporation.

ORDER REGARDING RAMBUS'S OBJECTION TO THE MANUFACTURERS' DESIGNATION OF RICHARD CRISP'S DEPOSITION TESTIMONY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF     4

category of "managing agent" is flexible, it must be interpreted in its context. A "managing agent" must have some authority to act on behalf of the corporation or answer for it. At the time of his deposition, Richard Crisp lacked any authority to act on Rambus's behalf, and accordingly, cannot be considered a "managing agent."

The Manufacturers cite to two district court cases that broadly interpreted "managing agent." *See Independent Productions Corp. v. Loew's, Inc.*, 24 F.R.D. 19, 24-25 (S.D.N.Y. 1959); *Calgene, Inc. v. Enzo Biochem, Inc.*, 1993 WL 645999, at *8-*9 (E.D. Cal. 1993). Neither case is binding on this court, and both appear to over-extend the coverage of Rule 32(a)(3)..

Because the court does not consider Richard Crisp a "managing agent" of Rambus at the time of his deposition, his testimony is not admissible "for any purpose." He will be called as a live witness in this case, and Rule 32(a) favors live witness testimony over prior deposition transcripts. Since Crisp was not a managing agent and will be available at trial, his prior testimony is *only* admissible for impeachment. The possibility that Mr. Crisp will testify inconsistently with prior testimony is insufficient to justify reading that prior testimony to the jury in an opening statement.

### III. ORDER

For the foregoing reasons, Rambus's objection to the Manufacturers' intended quoting of Mr. Crisp's prior testimony is sustained. However, nothing in this order precludes the Manufacturers from stating that the evidence will show hat Mr. Crisp was involved in Rambus's strategy to file divisional patent applications or using prior testimony to impeach Mr. Crisp's testimony in this trial, if appropriate.

DATED: 2/2/2008

RONALD M. WHYTE
United States District Judge

ORDER REGARDING RAMBUS'S OBJECTION TO THE MANUFACTURERS' DESIGNATION OF RICHARD CRISP'S DEPOSITION TESTIMONY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF            5