1 | *[Attorney List on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; HYNIX SEMICONDUCTOR U.K. LTD.; and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>             Plaintiffs,<br><br>     vs.<br><br>RAMBUS INC.,<br><br>             Defendant. | CASE NO. C 00-20905 RMW<br><br>**MANUFACTURERS' OPPOSITION TO RAMBUS'S MOTION AND TRIAL BRIEF TO EXCLUDE ARGUMENTS AND EVIDENCE THAT RAMBUS ENGAGED IN LITIGATION MISCONDUCT IN OTHER CASES**<br><br>**PUBLIC VERSION**<br><br>Date:   January 29, 2008<br>Time:   2:00 P.M.<br>Place:  Courtroom 6, 4th Floor<br><br>Hon. Ronald M. Whyte |
| RAMBUS INC.,<br><br>             Plaintiff,<br><br>     vs.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>             Defendants. | CASE NO. C 05-00334 RMW |
| RAMBUS INC.,<br><br>             Plaintiff,<br><br>     vs.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.,<br><br>             Defendants. | CASE NO. C 06-00244 RMW |

**Preliminary Statement**

Manufacturers intend to read to the jury Richard Crisp's false statements made under oath, both as direct testimony and, as necessary, as impeachment. Rambus is attempting to preclude this evidence by making the frivolous argument that because such evidence also constitutes litigation misconduct, and because spoliation and litigation misconduct claims will not be adjudicated in this phase, that Crisp's false statements under oath have no probative value. Of course they do. Crisp was a key architect and perpetrator of Rambus's scheme to defraud JEDEC. He will be a principal witness in the case and his trustworthiness and credibility are at issue. As the Court noted on January 29, 2008, if these false statements are used "in the cross-examination of Richard Crisp, what's wrong with that?" Crisp's false statements show that Rambus was trying to conceal that Crisp took information he learned at JEDEC and used it to secretly amend Rambus's patent claims. This evidence is admissible under the Court's prior rulings.

Each of Rambus's arguments is weaker than the next. Neither the Case Management Order, the litigation privilege, the *Noerr-Pennington Doctrine* nor Federal Rule of Evidence 403, immunize lying under oath. Such authority does not preclude Manufacturers from impeaching Crisp with his prior false statements under oath pursuant to FRCP 32(a)(2). Moreover, the deposition designations of Richard Crisp at issue can be used for any purpose pursuant to FRCP 32(a)(3) because Crisp was a managing agent of Rambus at the time of his deposition in November 2000. Because Manufacturers intend to use this material in their opening statement, Manufacturers would appreciate receiving a ruling at the Court's earliest convenience.

**Argument**

**I.   RAMBUS'S MOTION IS UNTIMELY**

Rambus has filed an untimely motion in limine to exclude a certain category of evidence. The deadline for filing motions in limine was December 6, 2007. Rambus's assertion that it has recently obtained new information that somehow excuses its late filing is without merit and in fact, is belied by Rambus's own motion. Rambus argues that Micron used examples of Crisp's false statements, made under oath, at the Delaware trial in November 2007. Therefore, Rambus had notice of this evidence at least as of November 2007. Richard Crisp has appeared

prominently on each of Manufacturers' submitted witness lists.  It is incredible that Rambus would think that Manufacturers would not introduce evidence that Crisp lied under oath.  It has waited until now to file this motion simply to harass Manufacturers as they prepare their opening statement.

## II.   EVIDENCE OF RICHARD CRISP'S FALSE STATEMENTS UNDER OATH IS ADMISSIBLE

### A.   Crisp's False Statements May Be Used For Impeachment Pursuant to FRCP 32(a)(2)

Federal Rule of Civil Procedure 32(a)(2) states that "any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness."  Manufacturers intend to use Crisp's deposition to contract the testimony Crisp will inevitably give at trial.  Crisp was integrally involved in Rambus's strategy to file divisional patent applications.  *See* Declaration of Aaron Craig filed concurrently herewith ("Craig Decl."), Exh. A (MF-3019) ("Richard has claims for cases we have filed plus claims for divisionals"), Craig Decl., Exh. B (MF-3081) (Crisp writing that: "If it is possible to salvage and get anything that helps us get a claim to shoot SyncLink in the head, we should do it and file whatever divisional is necessary").  Yet at his deposition on November 8, 2000, Crisp testified as follows:

> Q.   Were you involved in any discussions at any time relating to the prosecution strategy of the Rambus portfolio?  And what I mean by that is whether to file continuation applications or divisional applications and how to go about doing that?
> A.   No I wasn't.
> Q.   Never, ever?
> A.   Never, ever.
> Q.   Do you know who was involved in those strategy decisions?
> A.   I don't know precisely, no.

Craig Decl. Exh. C (Crisp 11/8/2000 *Infineon* Dep. at 60:6-16).  This testimony was knowingly false.  It also suggests that Crisp is an untrustworthy witness, and Rambus attempted in November 2000 to cover up Crisp's substantial involvement in filing continuation and divisional applications.

There is no case law supporting Rambus's claim that the litigation privilege, *Noerr-Pennington* or any other rule, case or statute precludes the use of false testimony under oath to

impeach a witness. If there were such a rule, witnesses could never be impeached with their previous false statements under oath, and FRCP 32(a)(2) would be meaningless.

### B. Crip's False Statements May Be Used For Any Purpose Pursuant to FRCP 32(a)(3)

Rambus's motion should also be denied because at the time of his deposition, Crisp was a managing agent of Rambus, and as such, his deposition is admissible for any purpose pursuant to FRCP 32(a)(3) ("An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent").

Rule 26(d)(2) of the Federal Rules of Civil Procedure, under which the deposition of a corporation through a 'managing agent' may be used by an adverse party for any purpose, has not been given a wooden construction by the courts. *Petition of Manor Inv. Co.*, 43 F.R.D. 299, 300 (S.D.N.Y. 1967) (citing *Independent Prods. Corp. v. Loew's, Inc.*, 24 F.R.D. 19 (S.D.N.Y. 1959); *Newark Ins. Co. v. Sartain*, 20 F.R.D. 583 (N.D.Cal. 1957); *Bernstein v. N. V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij*, 15 F.R.D. 37 (S.D.N.Y. 1953). A managing agent is not determined by the title of office, or even the lack of title, but the functions the employee performs in furthering the companies' activities and interests. *Petition of Manor Inv. Co.*, 43 F.R.D. at 300-01. If the employee has general powers to exercise his judgment and discretion in dealing with corporate matters, he may be deemed a 'managing agent.' *Id*. In each instance a realistic appraisal of his activities determines the true nature of his relationship to the corporation. *Id* As Rambus's Director of Technology Business and Development, Crisp was able to excercise independent judgment and discretion in representing Rambus at JEDEC, in directing Rambus's patent prosecution strategy, and many other matters. He was a managing agent of Rambus.

Rambus principally argues that Crisp was not a managing agent because his status at Rambus changed in June 2000, from Director of Technology Business and Development to "Consultant." Yet even a former employee can considered a managing agent if he stands ready to

serve his former employer, and identifies his interests more with his former employer than with the adversary. *Independent Productions Corp. v. Loew's, Inc.*, 24 F.R.D. 19, 25-26 (SDNY 1959). In *Calgene, Inc. v. Enzo Biochem*, 1993 U.S. Dist. LEXIS 20217 (E.D. Cal. 1993), a consultant and advisor was held to be a managing agent due to his close ties with the party, notwithstanding the fact that he was not a full time employee of the company. *Id.* at *23-*28.

Crisp was a managing agent of Rambus in November 2000. Although Crisp's title changed, he continued to be paid by Rambus in the amount of                    . Craig Decl., Exh. C (Crisp 11/8/00 *Infineon* Dep. at 14:9-24). Crisp received his salary even if he did no work for Rambus. Craig Decl., Exh. G (Crisp 5/2/2001 Dep. at 43:16-18). Rambus's consulting compensation was                    . Craig Decl., Exh. D (Crisp 4/24/2001 Dep. at 209:25-210:1-3). At the time of his deposition, Crisp testified that he owned         shares of Rambus stock, valued at         , from his employment at Rambus, and had options valued at an additional                    . Craig Decl., Exh. C (Crisp 11/8/2000 *Infineon* Dep. at 20, 28-29). Moreover, Rambus paid all legal fees associated with defending Rambus's deposition, and Crisp was paid for his time in deposition. Craig Decl., Exh. E (Crisp 5/27/2003 FTC Tr. at 2911:16-2913:15). Due to Crisp's demonstrated loyalty to Rambus and his large financial stake in Rambus's litigation success, Crisp was a managing agent of Rambus at the time of his *Infineon* deposition. Manufacturers should be permitted to use his false statements under oath for any purpose pursuant to FRCP 32(a)(3).

C. **Rambus's Arguments About the Case Management Order, Litigation Privilege and Noerr-Pennington Are Without Merit**

Rambus claims that the Case Management Order, the California Litigation Privilege and *Noerr-Pennington* preclude Manufacturers from introducing any evidence of making false statements under oath. The portions of the Case Management Order to which Rambus refer

simply set forth the Court's plan to divide the *adjudication* of claims and defenses into different phases. The Court held that spoliation issues shall be adjudicated in a subsequent phase. Paragraph 1(b)(3) of the April 24, 2007 CMO says nothing about precluding evidence or argument in this trial if such evidence or argument goes to the credibility of central witnesses in the antitrust and fraud claims. Evidence and argument relating to Richard Crisp's previous false statements under oath straddles both phases. On the one hand, it is compelling evidence of litigation misconduct. But it also pertains to the credibility of Crisp, and further shows that Rambus attempted in November 2000 to conceal that while at JEDEC, Crisp was integrally involved in Rambus's patent prosecution efforts. Rambus was trying to keep the truth about its scheme from coming to light. The fact that the Court ordered that spoliation and litigation misconduct issues be adjudicated separately from antitrust and fraud does not preclude some evidence from being relevant to, and introduced in, both phases.

Rambus also argues that the California litigation privilege and *Noerr-Pennington* compel the Court to exclude evidence of Crisp's prior false statements under oath, because such statements allegedly cannot support liability. This is not the law. First, it is well settled that the California litigation privilege does not apply to federal causes of action, such as monopolization claims under the Sherman Act. *See Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006).

Moreover, Rambus drastically overstates the effect of the litigation privilege and *Noerr-Pennington*. The key logical error Rambus makes is confusing predicating a finding of liability with admission of evidence. The litigation privilege and *Noerr-Pennington* preclude basing liability *exclusively* and *solely* on litigation activities and litigation misconduct. The litigation privilege and *Noerr-Pennington* do not prohibit Manufacturers from introducing evidence of Crisp's false statements made in litigation in support of their claims about Rambus's overall

scheme.[1] In fact, the Court has already found that Rambus's litigation activities relate to Rambus's overall course of conduct and may properly be considered in this case. *See* Craig Decl., Exh. F (Order Granting in Part and Denying in Part Rambus's Motion to Strike Jury Demand dated November 4, 2007 at 6-21). Manufacturers do not dispute that they cannot predicate a finding of liability solely on Rambus's litigation activities. However, the jury may properly conclude from Crisp's lies that Rambus knew its pre-litigation conduct was wrongful. Moreover, Manufacturers are also entitled to use Crisp's false statements to impeach his credibility, and for any other purpose due to Crisp's status as a managing agent of Rambus at the time of his deposition.

Finally, Rambus argues that Federal Rule of Evidence 403 precludes Manufacturers from introducing evidence of Crisp's lying under oath. Rambus's argument is essentially that it will take Rambus a long time to try to explain to that Richard Crisp did not, in fact, lie under oath, or that his false statements were somehow excusable. This is not the type of unfair prejudice that Rule 403 can properly be used to exclude. *See Green v. Ford Motor Co.*, 2001 WL 1530254 (D. W.Va. 2001) (denying motion to exclude previous lies under oath pursuant to Rule 403). There is no unfair prejudice to the jury learning that Crisp previously lied under oath, and it is probative both as to Crisp's truthfulness and as to Rambus's scheme to defraud and monopolize, and concealment of that scheme.

## Conclusion

For the reasons set forth herein, Manufacturers request the Court deny Rambus's motion and issue an Order permitting Manufacturers to play the designated deposition transcripts of Richard Crisp for any purpose.

---

[1] For example, Rambus's new case of *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1182 (9th Cir. 1985) says only that where an antitrust case is based solely on litigation misconduct (in that case, subornation of perjury and witness intimidation,) *Noerr Pennington* precludes plaintiff
(footnote continued)

Dated: February 1, 2008     Respectfully submitted,

By /s/ *Harold Barza*
    Harold A. Barza
    William C. Price
    Robert J. Becher
    Aaron Craig
    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543

    Jared Bobrow
    John D. Beynon
    WEIL, GOTSHAL & MANGES LLP
    Redwood Shores, CA  94065

    Attorneys for
    MICRON TECHNOLOGY, INC., and
    MICRON SEMICONDUCTOR PRODUCTS, INC.

By /s/ *Robert E. Freitas*
    Robert E. Freitas
    Craig R. Kaufman
    Jan Ellard
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    Menlo Park, CA  94025

    Attorneys for
    NANYA TECHNOLOGY CORPORATION and
    NANYA TECHNOLOGY CORPORATION U.S.A.

from recovery.  This is irrelevant to the question of whether misconduct in litigation, such as lying under oath, is admissible to support Manufacturers' claims.

By /s/ *Kenneth L. Nissly*
Kenneth L. Nissly
Susan van Keulen
Geoffrey H. Yost
THELEN REID BROWN RAYSMAN & STEINER LLP

Theodore G. Brown, III
Jordan Trent Jones
TOWNSEND and TOWNSEND and CREW LLP

Allen Ruby
RUBY & SCHOFIELD

Attorneys for
HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH

**Filer Attestation**: Pursuant to N.D. Cal. General Order 45, § X.B., I attest under penalty of perjury that the concurrence of the above signatories or their agents has been obtained in the filing of the documents.

/s/ *Aaron Craig*

Aaron Craig

20480/2375770.120480/23
75770.1

-8-           Case Nos. 00-20905; 05-334; 06-244 RMW

OPPOSITION TO RAMBUS'S MOTION TO EXCLUDE EVIDENCE OF LITIGATION MISCONDUCT