E-filed: 2/3/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>**RULINGS ON RAMBUS'S MOTIONS *IN LIMINE* [CONDUCT PHASE]**<br><br>**[Re Docket Nos. 2822, 2823, 2827, 2828, 2829, 2830, 2834, 2836, 2839, 2851, 2853, 2854, 2865, 2867, 3055]** |

RULINGS ON RAMBUS'S MOTIONS *IN LIMINE* [CONDUCT PHASE]
C-00-20905; C-05-00334; C-06-00244 RMW

| | |
|---|---|
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., <br><br> NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., <br><br> Defendants. | No. C-05-00334 RMW <br><br> **[Re Docket Nos. 802, 803, 804, 805, 809, 810, 814, 818, 823, 833, 835, 841, 854, 858, 1083]** |
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC. <br><br> Defendants. | No. C-06-00244 RMW <br><br> **[Re Docket Nos. 434, 435, 436, 437, 441, 443, 446, 449, 453, 463, 467, 471, 495, 498, 707]** |

The court hereby issues its rulings on the *in limine* motions submitted by Rambus.

**1.      Motion *in limine* no. 1 to exclude evidence or argument regarding patent validity**

The motion is granted to the extent that it seeks to preclude the Manufacturers from arguing the subject Rambus patents are invalid. However, this ruling does not prevent the testimony of McAlexander or Allan that Rambus's disclosures to JEDEC would not have put a reasonable memory technology engineer on notice that Rambus would seek patent rights covering features then under discussion at JEDEC. As pointed out by the FTC in *FTC Rambus* at 62: "The ability, after the fact, to determine from a written description that at the time of filing an applicant 'was in possession'

RULINGS ON RAMBUS'S MOTIONS *IN LIMINE* [CONDUCT PHASE]
C-00-20905; C-05-00334; C-06-00244 RMW

2

of a particular invention 'now claimed' is not the same thing as the ability to predict, prior to publication, the potential scope of future claims." Nor does this ruling preclude Allan from testifying that at the time of JEDEC's adoption of the standards in question "programmable latency," programmable bust length," "dual edge clocking" and "programmable write latency" were well known techniques. However, he cannot challenge or suggest that Rambus's claimed inventions covering SDRAM and DDR SDRAM were not new and novel at the time of Rambus's original April 18, 1990 application and an instruction making clear that Rambus's claimed inventions were not anticipated may be necessary.

**2.  Motion *in limine* no. 2 to exclude evidence regarding drafting of claims to cover competitors' products**

The motion is denied. *Kingsdown Medical Consultants Ltd. v. Hollister, Inc.*, 863 F.2d 867 (Fed. Cir. 1988) makes clear that there is nothing improper in filing claims to cover a competitor's product.

> It should be made clear at the outset of the present discussion that there is nothing improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market; nor is it in any manner improper to amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the prosecution of a patent application. Any such amendment or insertion must comply with all statutes and regulations, of course, but, if it does, its genesis in the marketplace is simply irrelevant and cannot of itself evidence deceitful intent.

*Id.* at 874. However, that principle does not make the fact that Rambus prosecuted claims to cover competitors' products inadmissible. The evidence is necessary to explain a step in the Manufacturers' antitrust theory — Rambus's prosecution efforts were merely a step in a scheme "to hold-up the DRAM industry in a patent trap." *Kingsdown* does not consider how the applicant obtained information concerning the competitor's product, nor did it consider the effect of using information in ways allegedly inconsistent with the understandings of other participants in a cooperative standard-setting environment. Rambus may well be entitled to an instruction that there is nothing in itself improper in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market so long as that information is not obtained in violation of a legal duty. However, the evidence Rambus wants to exclude is necessary to explain

the factual context from which the Manufacturers' antitrust claim arises.

**3. Motion *in limine* no. 3 to exclude evidence that Rambus's patent litigation was objectively baseless**

The motion is moot. The Manufacturers' opposition states that they do not intend to present a "sham litigation" case in the conduct trial.

**4. Motion *in limine no.* 4 to exclude evidence and argument of attorney's fees or litigation costs incurred by Nanya and Micron for work related to affirmative claims**

Ruling on the motion is deferred until the attorneys's fees phase, if any. The court wants to hear argument on the motion.

**5. Motion *in limine* no. 5 to exclude evidence of document retention and destruction of evidence**

Resolved by stipulation. The agreed-upon resolution was:

> [N]o party shall raise any allegations about the document retention policies or the destruction of documents by any party or about any party's alleged or adjudicated spoliation of evidence. If, however, a witness testifies about a document that has not been produced, a party may seek leave of the Court to pursue questioning of the witness about what happened to the document or documents. In addition, if a witness testifies that a party has not engaged in the destruction of documents or spoliation of evidence, then a party may seek leave of the Court to pursue questioning of the witness about that assertion. However, before pursuing any line of questioning related to the destruction of documents or spoliation, a party must make an offer of proof explaining the specific line of questioning the party intends to pursue.

**6. Motion *in limine* no. 6 preclude evidence of Neil Steinberg's "dual employment"**

The motion is moot to the extent that the Manufacturers do not intend to make Steinberg's simultaneous representation of Rambus and Samsung or other allegations of misconduct by Steinberg an affirmative part of the conduct trial. The court, however, defers any issue as to the scope of cross-examination if Steinberg testifies.

**7. Motion *in limine* no. 7 exclude evidence that Joel Karp stole documents from Samsung**

The Manufacturers state that they will not introduce evidence or arguments that Joel Karp kept any documents improperly. Accordingly, the motion is granted. No party shall make any

argument or offer any evidence that Joel Karp wrongfully retained documents. This order does not preclude the Manufacturers from cross-examining Karp regarding the contents of relevant Samsung documents.

### 8. Motion *in limine* no. 8 to exclude evidence and questioning regarding improper issuance of stock options

No party shall ask any questions related to alleged stock option backdating or stock option granting. Examination regarding bias stemming from stock option holdings is proper, however. The parties may ask about a witness' aggregate holdings of stock options, i.e., the value and number of options.

### 9. Motion *in limine* no. 9 to exclude prior district court comments.

The motion is granted. The prior district court comments are inadmissible hearsay. The comments are also substantially more prejudicial than they are probative as to any expert's foundation.

### 10. Motion *in limine* no. 10 to exclude derogatory characterizations of patents and patent holders

Resolved by stipulation. The agreed-upon resolution was:

> [N]o party will use the term "patent troll" during the January '08 Trial. It is further ordered that the term "submarine patent" may only be used (1) to the extent it was discussed in connection with any JEDEC meeting or policy; (2) during closing argument, unless, after the presentation of evidence at trial, the Court grants a request by Rambus seeking preclusion of the use of the term; and (3) during the prosecution laches part of the trial before the Court.

### 11. Motion *in limine* no. 11 to exclude expert opinions not previously disclosed in an expert report

The court agrees with the basic premise of this motion. However, whether criticism of a rebuttal report is properly within the scope of an expert's original report must be determined on a case by case basis. Therefore, the court defers making any specific ruling.

### 12. Motion *in limine* no. 12 to exclude deposition testimony from opening statements

The court grants Rambus's motion with respect to segments of videotaped deposition testimony. Neither side shall use any videotaped deposition testimony in its opening statement. The

remainder of the motion is denied. *See also Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 190990 (N.D. Cal. Jan. 21, 2008).

### 13. Motion *in limine* no. 13 to exclude evidence of Rambus's patent prosecution prior to September 1994

The court denies the motion. Evidence regarding Rambus's patent prosecution prior to September 1994 is relevant to the prosecution laches defenses. The scope of the JEDEC disclosure duty arising from the members' understandings is being hotly contested in this case. If the duty were to extend to "beliefs, hopes, and intentions," Rambus's prosecution activity prior to September 1994 could also be relevant.

### 14. Motion *in limine* no. 14 to exclude evidence that disclosure would have led to a boycott

The motion appears moot since it does not appear that any witness will testify that had Rambus disclosed its intellectual property, JEDEC members would have "boycotted" the Rambus technologies.

### 15. Motion *in limine* no. 15 to exclude the testimony of Farhad Tabrizi regarding the "Other DRAM" clause

The motion for a blanket exclusion of Tabrizi's testimony regarding the "Other DRAM" clause of the license agreement is denied without prejudice to Rambus making objection to individual questions asked to Tabrizi on the basis that he lacks personal knowledge, the evidence is cumulative, or that the testimony is not admissible for some other reason.

### 16. Motion *in limine* to preclude questions concerning jury consultants (unnumbered)

The law appears to permit cross-examination regarding how a witness prepared for his or her testimony. *See In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 668 (3d Cir. 2003) ("Nonetheless, we believe Wood may be asked whether his anticipated testimony was practiced or rehearsed. But this inquiry should be circumscribed. As with all discovery matters, we leave much to the sound discretion of the District Court."); *see also Geders v. United States*, 425 U.S. 80, 89-90

(1976) ("A prosecutor may cross-examine a defendant as to the extent of any 'coaching' during a recess, subject, of course, to the control of the court."). The cases also suggest that this examination should be closely monitored by the trial court to prevent unfair prejudice, delay, confusion, and inquiry into privileged communications. Given the context-specific nature of such an inquiry, the court cannot necessarily grant Rambus's motion seeking to exclude all questioning regarding jury consultants at this time. However, the court requires that any party desiring to ask about jury consultants to raise the issue with the court before inquiry on the subject so the questioning can be closely monitored.

DATED: 2/3/2008

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Burton Alexander Gross | burton.gross@mto.com, |
| Steven McCall Perry | steven.perry@mto.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| John D Beynon | john.beynon@weil.com |
| Jared Bobrow | jared.bobrow@weil.com |
| Leeron Kalay | leeron.kalay@weil.com |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Kenneth L. Nissly | kennissly@thelenreid.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |
| Patrick Lynch | plynch@omm.com |
| Jason Sheffield Angell | jangell@orrick.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Mark Shean | mshean@orrick.com |
| Kai Tseng | hlee@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 2/3/2008

TSF
**Chambers of Judge Whyte**