IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER ON RAMBUS'S SUPPLEMENTAL TRIAL MOTION TO PRECLUDE QUESTIONS CONCERNING JURY CONSULTANTS<br><br>**[Re Docket No. 3055]** |

| | |
|---|---|
| RAMBUS INC., | No. C-05-00334 RMW |
| Plaintiff, | **[Re Docket No. 1083]** |
| v. | |
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., | |
| NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | |
| Defendants. | |
| RAMBUS INC., | No. C-06-00244 RMW |
| Plaintiff, | **[Re Docket No. 707]** |
| v. | |
| MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC. | |
| Defendants. | |

Trial in these three consolidated cases began on January 29, 2008. The Manufacturers[1] hope to prove that Rambus monopolized or attempted to monopolize six technology markets by enforcing patents covering products containing features complying with standards adopted by JEDEC, a standard setting organization. The technology markets cover various technologies essential for making DRAMs. The Manufacturers have also alleged that Rambus committed fraud based on its

---

[1] For purposes of this order, the court collectively refers to the Hynix, Micron, and Nanya entities as "the Manufacturers."

actions and statements while JEDEC was developing standards for commodity memory chips.

This order addresses Rambus's trial motion to preclude questions concerning jury consultants. The motion seeks to prevent counsel from asking a witness about any meeting with jury consultants, specifically regarding their meetings with jury consultants to help them prepare to testify at trial. The court has reviewed the papers and considered the arguments of counsel. For the following reasons, the court will allow only very circumscribed inquiry on the involvement of jury consultants.

## I. ANALYSIS

There is sparse case law on whether a court should permit cross-examination regarding how a witness prepared for his or her testimony. Federal Rule of Evidence ("FRE") 611(b) allows for limited cross-examination:

> Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

The text of rule 611(b) suggests that cross-examination, as of right, has some subject matter limitations. While cross-examination is limited to matters related to the direct examination, cross-examination is also allowed regarding any matter affecting a witness' credibility. FRE 611(b); *see also United States v. Park*, 525 F.2d 1279, 1283-84 (5th Cir. 1976). "The range of evidence that may be elicited for the purpose of discrediting a witness is very liberal." *United States v. Palmer*, 536 F.2d 1278, 1282 (9th Cir. 1976). Among the items included in the "very liberal" definition of credibility are the witness' "capacity to remember, to observe, and to recount, and for the purpose of testing his sincerity, truthfulness and motives." *Id.*; *United States v. Pfeiffer*, 539 F.2d 668, 672 (8th Cir. 1976) (urging that "the court should allow counsel great latitude, particularly when cross-examination is directed at the credibility of key adversary witnesses"); *cf. Geders v. United States*, 425 U.S. 80, 89-90 (1976) (disapproving of a ban on attorney-client counseling during a trial recess and suggesting that cross-examination could reveal any "improper coaching").

With these principles in mind, inquiry regarding a witness' preparation at the hands of a jury

consultant is permissible cross-examination and relevant, absent privilege or FRE 403 concerns of undue prejudice. Knowledge that a jury consultant, for example, served as an acting coach, picked the witness' clothing, rehearsed the witness's testimony, taught the witness to sit up straight, or otherwise aided a witness in appearing more credible could affect the weight the jury gives to the witness' testimony.

Rambus argues that the probative value of such evidence is featherlight and substantially outweighed by unfair prejudice, and that such cross-examination should therefore be barred under Rule 403. Rambus suggests two sources of unfair prejudice. The first is that the jury will draw improper conclusions because of a negative connotation about jury consultants propagated by the media and movies like *Runaway Jury* or because referencing jury consultants suggests one side's size or resources. The Manufacturers do not intend to cross-examine a witness regarding jury selection. Indeed, few witnesses other than possibly a client representative may have had contact with a jury selection consultant. Accordingly, any prejudice from the possibility that a juror has seen a movie such as *Runaway Jury*, which dealt with jury selection and jury misconduct, is too speculative to justify precluding cross-examination regarding preparation. Rambus's argument regarding impermissible references to a law firm's size or resources is also not persuasive. While referencing the size of a party's law firm is not permissible because it has no relevance, *see In re WorldCom, Inc. Securities Litigation*, 2005 WL 375314, *4 (S.D.N.Y. Feb. 17, 2005), asking questions about a witness' preparation is relevant and outweighs the prejudice of an inference that one side has more resources than the other. The argument falls flat here because the jurors need only look at the rows upon rows of counsel and trial assistants, shelves of binders, and the admissible evidence regarding market size to know that both sides in this dispute have plenty of money and are willing to spend it.

Rambus's better argument is that cross-examination regarding how a witness prepared to testify treads on the attorney-client privilege and work-product protection, citing *In re Cendant Corp. Securities Litigation*, 343 F.3d 658 (3d Cir. 2003) (Scirica, C.J.). In *Cendant*, the issue arose when counsel for Ernst & Young objected to a line of questioning in deposition regarding whether

ORDER ON RAMBUS'S SUPPLEMENTAL TRIAL MOTION TO PRECLUDE QUESTIONS CONCERNING JURY CONSULTANTS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF 4

his client had met with Dr. Phillip C. McGraw, an expert in trial strategy and deposition preparation. 343 F.3d at 660.[2] The discovery master in the case ruled that the deponent could be asked whether he met with Dr. McGraw, when they met, for how long, who was present and why they met. *Id.* The discovery master did not permit the parties to ask what Dr. McGraw told the deponent, whether they practiced his testimony, and whether the deponent received any documents or notes because these questions would violate the work-product doctrine. *Id.* The district court reversed this order. However, the Third Circuit reversed the district court and noted that the discovery master's ruling was "essentially correct." *Id.* at 668.

The Third Circuit first reasoned that the work-product protection extends beyond tangible documents to intangible conversations as well. *Id.* at 662-63. The court explained that the work-product protection also extends to non-attorneys who assist in preparation of litigation and that the litigation consultant's advice to a witness is an "opinion" that is protected under the work-product doctrine. *Id.* at 665-66. Finally, the court concluded that the "frank and open discussions" between Dr. McGraw, counsel, and the witness went "to the core of the work product doctrine" and could only be discovered under extraordinary circumstances. *Id.* at 667. In its directions regarding remand, the Third Circuit noted, "[w]e believe [the witness] may be asked whether his anticipated testimony was practiced or rehearsed. But this inquiry should be circumscribed." *Id.* at 668. The court left the definition of such boundaries to the district court. *Id.* The *Cendant* case is the only authority that either the parties or court have been able to find related to the issues raised by the Manufacturers desire to cross-examine Rambus's witnesses on how they prepared their testimony.[3] The court agrees with Chief Judge Scirica's persuasive opinion, and adopts its reasoning as the foundation for framing what will be permitted at trial.

---

[2] Dr. McGraw is apparently "Dr. Phil," the now well-known celebrity psychologist.

[3] In a somewhat analogous context, the Southern District of New York held that documents and communications between a grand jury target, her lawyers, and a public relations firm were protected by the work-product doctrine because they were prepared in anticipation of litigation. *See In re Grand Jury Subpoenas Dated March 24, 2003 Directed to (A) Grand Jury Witness Firm and (B) Grand Jury Witness*, 265 F. Supp. 2d 321, 332-34 (S.D.N.Y. 2003) (Kaplan, J.).

ORDER ON RAMBUS'S SUPPLEMENTAL TRIAL MOTION TO PRECLUDE QUESTIONS CONCERNING JURY CONSULTANTS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF 5

One of the first issues regarding the scope of the Manufacturers' cross-examination is whether the witness is part of Rambus, i.e., a "client" within the meaning of the attorney-client privilege. *In re Cendant Corp. Sec. Litig.*, 343 F.3d at 668 (Garth, J., concurring).[4] If the witness is a "client," the substance of any communication between the jury consultant, the client, and the attorney is probably privileged. *See id.* This issue's difficulty stems from the fact that many of Rambus's witnesses were not employees during trial preparation, but rather former employees who are now paid consultants. While a variety of opinions exist going different directions, *see* 1 EDNA SELAN EPSTEIN, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK-PRODUCT DOCTRINE 168-175 (5th ed. 2007), the court doubts that such consultants are "clients" for the attorney-client privilege because they are no longer agents of the corporation. However, the question of whether an attorney-client privilege continued to exist would have to be examined, if the determination were critical, on a case by case basis.[5] Indeed, some witnesses may have retained their own attorneys, despite being "consultants" of Rambus. *See, e.g.,* Samsung's Motion to Compel Compliance with Samsung's Amended Subpoena *Duces Tecum* to Joel Karp, Docket No. 1076, C-05-334, at 7 (N.D. Cal. Jan. 18, 2008) (suggesting that Mr. Karp has retained separate counsel, Mike Lucey of Gordon & Rees).

However, even if the witnesses are now only consultants with no attorney-client relationship with Rambus, their preparation to testify may still be protected by the work-product doctrine. While

---

[4] In an article cited favorably by the *Cendant* opinion, the authors distinguished the extent to which an opposing party can conduct discovery of the preparation of a client and an expert witness. Stanley D. Davis & Thomas D. Beisecker, *Discovering Trial Consultant Work Product: A New Way to Borrow an Adversary's Wits?*, 17 AM. J. TRIAL ADVOC. 581, 626-31 (1994). The authors argued that while a jury consultant's advice to a client should be beyond discovery due to the attorney-client privilege, a jury consultant's advice to an expert witness could be discovered to prevent a "perversion of the trial process." *Id.* at 630. In striking this balance, the authors suggest that "courts should not be concerned with routine witness preparation; indeed, to do so would do violence to the principle that each side to a lawsuit must be given some 'discovery free' zone in which to prepare the case and would thus be inconsistent with the adversary system." *Id.* Only upon a preliminary showing of some impropriety would the authors permit discovery into the expert's preparation. *Id.* Obviously, this case differs because the Manufacturers are seeking only to ask questions at trial, not conduct discovery of any jury consultant's notes or video sessions. Nonetheless, the authors' concern regarding the values inherent in the adversarial system are informative.

[5] The court makes no findings at this time as to whether any specific witness, whether a former employee of Rambus or of one of the Manufacturers, had an attorney-client relationship with his former employer at the time he engaged in trial preparation.

the Manufacturers argued at the hearing on this motion that any communication with a non-client waives the work-product protection, that is not the law. *See generally* 2 EPSTEIN, at 1038-46. The work-product protection continues to adhere where the non-client shares a financial or legal interest, for example, as parties to a joint defense agreement. In this context, the court believes that Rambus's witnesses share a sufficient interest with Rambus to preserve the work-product privilege.

The *Cendant* court believed that asking a witness whether they rehearsed their testimony would be proper and not infringe on protected work-product. This court agrees. The next issue is how to appropriately "circumscribe" the inquiry beyond this point. At the hearing, counsel for the Manufacturers submitted that the following questions should all be "fair game":

> The court: So the questions would be, if you were asking the questions?
> Mr. Allan: They would be, did you meet with – who did you meet with to prepare for your testimony? What does that person do? I think it's fair to ask, did you meet with a jury consultant or some kind of – what does that person do? What is their occupation? How many meetings were there? How long did they last? Was any advice given? Was your testimony rehearsed? I think that's another fair question. And was any advice given on presentational aspects of your testimony, not substantive aspects, but presentational aspects? Your poise? Your demeanor? Your voice? Your inflection? Whether to make eye contact with the jurors? Those sorts of questions I think are fair game.

Tr. 796:13-797:6 (Feb. 6, 2008).

Questions going to how the consultant told the witness to improve his or her testimony seem to intrude on the values underlying the work-product doctrine and the adversarial system. That an attorney or jury consultant thinks a particular witness fidgets or sweats too much intrudes on their mental impressions regarding the litigation. On the other hand, the adversarial system exists to further truth-finding, and coaching a witness to act credible does not seem to further the goal of arriving at the truth. Without reaching the issue of the exact boundary of the work-product doctrine (does it cover an attorney's reminder to a witness to apply antiperspirant before cross-examination?), it is clear that the proposed line of questioning will create a sideshow and distract the jurors from the factual issues in this case raising FRE 403 concerns.

Accordingly, the parties may ask a witness whether he or she met with a jury consultant, the

purpose of any such meeting, who was present, the duration of the meeting and whether the witness practiced or rehearsed his or her testimony. The court will not permit questioning beyond those limited points because inquiring into work-product protected materials creates unfair prejudice and doing so will lead to both confusion and delay. Either of these reasons justify precluding some of the proposed questioning under Rule 403.

## II. ORDER

For the foregoing reasons, the court grants in part and denies in part Rambus's motion. The parties may only cross-examine a witness as outlined above. Specifically, the parties may ask a witness whether he or she met with a jury consultant, the purpose of any such meeting, who was present, the duration of the meeting and whether the witness practiced or rehearsed his or her testimony. However, questions about counsel's or the consultant's views on important facts of the case, trial themes or strategy, strengths or weaknesses of the witness, or advice to the witness as to how to improve his or her appearance or credibility are forbidden.

DATED: 2/10/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

| **Counsel for Nanya entities, C-05-00334** | | **Counsel for Samsung entities, C-05-00334 and C-05-02298** | |
|---|---|---|---|
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Glenn Michael Levy | glevy@orrick.com | David J. Healey | david.healey@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | | |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| **Counsel for intervenor, Texas Instruments, Inc., C-05-00334** | |
|---|---|
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 2/10/08

TSF
**Chambers of Judge Whyte**

ORDER ON RAMBUS'S SUPPLEMENTAL TRIAL MOTION TO PRECLUDE QUESTIONS CONCERNING JURY CONSULTANTS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF          10