Gregory P. Stone (State Bar No. 078329)
Steven M. Perry (State Bar No. 106154)
Sean Eskovitz (State Bar No. 241877)
David C. Yang (State Bar No. 246132)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: *gregory.stone@mto.com;
steven.perry@mto.com; sean.eskovitz@mto.com;
david.yang@mto.com*

Peter A. Detre (State Bar No. 182619)
Carolyn Hoecker Luedtke (State Bar No. 207976)
Jennifer L. Polse (State Bar No. 219202)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: *peter.detre@mto.com;
carolyn.luedtke@mto.com; jen.polse@mto.com*

Rollin A. Ransom (State Bar No. 196126)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: *rransom@sidley.com*

Pierre J. Hubert (Pro Hac Vice)
Craig N. Tolliver (Pro Hac Vice)
McKOOL SMITH PC
300 West 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
Email: *phubert@mckoolsmith.com;
ctolliver@mckoolsmith.com*

Attorneys for RAMBUS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RAMBUS INC.,<br><br>    Defendant. | CASE NO.: CV 00-20905 RMW<br><br>**RAMBUS INC.'S TRIAL BRIEF PRECLUDING TESTIMONY FROM JOE MACRI ON CERTAIN MATTERS**<br><br>Judge:      Hon. Ronald M. Whyte<br>Courtroom: 1<br>Trial Date: January 29, 2008 |

| | |
|---|---|
| RAMBUS INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HYNIX SEMICONDUCTOR INC., et al.,<br><br>　　　　　Defendants. | CASE NO.:  C 05-00334 RMW |
| RAMBUS INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICRON TECHNOLOGY INC. and<br>MICRON SEMICONDUCTOR<br>PRODUCTS, INC.,<br><br>　　　　　Defendants. | CASE NO.:  C-06-00244 RMW |

I. **INTRODUCTION**

The Manufacturers have disclosed Joe Macri to testify on Wednesday, February 20, 2008. Rambus moves to preclude the Manufacturers from questioning Mr. Macri on topics that (i) are beyond the scope of his prior testimony where the new topic was not previously disclosed in the September 5, 2007 witness disclosures, or (ii) would elicit improper lay opinion testimony on the "industry" or lock-in in violation of Federal Rule of Evidence 701. The problems with Mr. Macri's disclosed testimony are similar to those decided by this Court with respect to Andreas Bechtolsheim. For the same reasons adopted in that order, Mr. Macri's testimony also needs to be limited.

II. **ARGUMENT**

A. **The Court Should Preclude The Manufacturers From Eliciting Testimony Beyond the Scope of Mr. Macri's Prior Testimony.**

On September 5, 2007, the Manufacturers disclosed Joe Macri as a trial witness and stated that he would be expected to testify regarding the subject matter of hearing testimony at the FTC as well as testimony "regarding JEDEC, including the development and standardization of DDR2, DDR3, GDDR3, GDDR4, and GDDR5." Declaration of David C. Yang in Support of Trial Brief Precluding Certain Testimony from Joe Macri ("Yang Decl."), Ex. A (September 5, 2007 Disclosure at C(4)). They also disclosed that he would testify "regarding the resultant industry lock-in from adoption of the foregoing standards." *Id.*

In the Manufacturers' witness disclosures attached to the parties' Joint Pretrial Conference Statement, filed on January 14, 2008, the Manufacturers belatedly expanded their disclosures for the anticipated scope of Mr. Macri's trial testimony. Specifically, the Manufacturers now disclose that he is expected to testify

> regarding the matters that have been the subject of his deposition, hearing and/or trial testimony as well as the subjects identified in Manufacturers' Joint Witness Disclosure Pursuant to the Court's August 30, 2007 Order, including, *inter alia*: JEDEC's practices and policies, including the development and standardization of DDR2, DDR3, GDDR3, GDDR4, and GDDR5; lock in; effect of Rambus's behavior on DRAM industry; importance of open standards; importance of JEDEC to the industry; the evolutionary nature of technology developments at JEDEC; backwards compatibility between SDR SDRAM, DDR SDRAM, DDR2

- 1 -

RAMBUS INC.'S TRIAL BRIEF PRECLUDING
CERTAIN TESTIMONY FROM JOE MACRI
CV 00-20905 RMW; C 05-334 RMW; C-06-244 RMW

SDRAM, and DDR3 SDRAM.

Of the topics disclosed by the Manufacturers that were not in the September 5, 2007 disclosures, Mr. Macri did not testify previously on the following:

- Lock in *apart from* "the resultant industry lock-in from adoption of the foregoing standards";
- Importance of open standards;
- Effect of Rambus's behavior on the DRAM industry;
- Importance of JEDEC to the industry; and
- Policies and practices at JEDEC *before 1997*.

More specifically, to the extent that the Manufacturers' January 14 disclosure of "lock in" is broader than its earlier disclosure of "the resultant industry lock-in from adoption of the [DDR2, DDR3, GDDR3, GDDR4, and GDDR5] standards," it is beyond the scope of Mr. Macri's prior testimony.  Based on the Manufacturers' further disclosure today of trial exhibit 3330 and demonstratives MD272 and MD273[1] for Mr. Macri, it appears that the Manufacturers may wish to elicit detailed additional testimony related to ATI's lock in with respect to DDR2, which would be beyond the scope of any prior testimony and was not disclosed in the September 5 witness disclosure.  Mr. Macri did not previously testify to ATI's lock in relating to DDR2 with respect to any specific products he personally worked on.  Rambus relied upon the representations by the Manufacturers in their September 5 witness disclosure in choosing not to take the deposition of Mr. Macri on ATI's lock in relating to DDR2.  Any such testimony should not be allowed.

With respect to the "importance of open standards," the Court's ruling on Rambus's trial brief to preclude the testimony of Andreas Bechtolsheim suggested that "the importance of open standards" *to the industry* was not a proper matter for lay opinion but that Mr. Bechtolsheim could testify to the importance of open standards to *his own* decision-making.  Mr. Macri did not previously testify that he was responsible for selecting the type of memory used in the products of his employer(s).  The Manufacturers therefore cannot present any testimony based on Mr. Macri's personal experience about selecting products based on "open standards."

Similarly, Mr. Macri did not previously testify as to the "effect of Rambus's

---

[1] MD272 and MD273 are attached to the Yang Declaration as exhibit B.

1    behavior on the DRAM industry" and the "importance of JEDEC to the industry."

2    For the topic "the policies and practices of JEDEC," Mr. Macri cannot be
3    permitted to testify about "the policies and practices of JEDEC" prior to 1997 because he has
4    offered no prior testimony about that matter.  In fact, he likely has no personal knowledge of that
5    topic since he has testified that the first time he participated in a JEDEC meetings was "the fall of
6    '97."  Yang Decl., Ex. C (FTC trial testimony) at 4581:24-4582:2.

7    **B.    Mr. Macri Should Be Barred From Offering Lay Opinion Testimony.**

8    **1.    Mr. Macri Should Not Testify About "The Industry."**

9    Any testimony Mr. Macri could give regarding the view of or impact of certain
10   events on "the industry" generally (*e.g.*, the importance of JEDEC "to the industry;" the effects of
11   Rambus's behavior "on the DRAM industry," the importance of open standards to the industry,
12   and the "resultant industry lock-in from adoption of the [DDR2, DDR3, GDDR3, GDDR4, and
13   GDDR5] standards") would be beyond his personal experience and would constitute improper lay
14   opinion in violation of Fed. R. Evid. 701.  The Court recognized this problem when it precluded
15   this industry-based testimony from Mr. Bechtolsheim.

16   **2.    Mr. Macri Should Not Testify About Lock In.**

17   In addition to "industry lock in," the Manufacturers should be precluded from
18   questioning Mr. Macri about lock in of ATI or any other company.  As an initial matter, as
19   explained above, ATI's lock in is beyond the scope of his prior testimony.  Furthermore, any
20   testimony Mr. Macri might offer about ATI's lock in would be improper under Rule 701 for the
21   additional reason that it would clearly be "based on scientific, technical, or other specialized
22   knowledge."  *See* Fed. R. Evid. 701; *see also Fresnius Medical Care Holdings, Inc. v. Baxter Int'l*
23   *Inc.*, No. C 03-1431 SBA, 2006 WL 1330002, *3 (N.D. Cal. May 16, 2006) ("Lay opinion
24   testimony is 'not to provide specialized explanations or interpretations that an untrained layman
25   could not make if perceiving the same acts or events.'" (*quoting U.S. v. Conn*, 297 F.3d 548, 554
26   (7th Cir. 2002)).

27
28

### 3. Mr. Macri Should Not Testify About "The Evolutionary Nature of Technology Developments At JEDEC."

Similarly, any testimony by Mr. Macri about "the evolutionary nature of technology developments at JEDEC" is impermissible under Rule 701. Whether a technology development should be characterized as "evolutionary" or "revolutionary" (or perhaps something in between) is properly expert opinion as it is hardly a determination that an untrained layman could make "if perceiving the same acts or events." *See Fresnius*, 2006 WL 1330002, at *3. The Manufacturers did not disclose Mr. Macri as a Rule 702 expert on this topic, and so should be barred from eliciting his opinion regarding it.

## III. CONCLUSION

Rambus respectfully asks the Court to preclude Mr. Macri from testifying beyond the scope of his prior testimony on topics that were not part of the September 5, 2007 witness disclosures. Moreover, Rambus respectfully requests that the Court bar any improper lay opinion testimony about what the industry thought about open standards, "the effect of Rambus's behavior on the DRAM industry," the "importance of JEDEC to the DRAM industry," and "industry lock-in" for DDR2, DDR3, GDDR3, GDDR4, and GDDR5. Similarly, Rambus asks this Court to bar any improper lay opinion on his view of lock in and the "the evolutionary nature of technology developments at JEDEC."

DATED: February 15, 2008

MUNGER, TOLLES & OLSON LLP
SIDLEY AUSTIN LLP
McKOOL SMITH P.C.

By: */s/ David C. Yang*
DAVID C. YANG

Attorneys for RAMBUS INC.