**E-filed: 2/19/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER REGARDING JOSEPH McALEXANDER<br><br>**[Re Docket No. 3215]** |

| | |
|---|---|
| RAMBUS INC., | No. C-05-00334 RMW |
| Plaintiff, | **[Re Docket No. 1249]** |
| v. | |
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | |
| Defendants. | |
| RAMBUS INC., | No. C-06-00244 RMW |
| Plaintiff, | **[Re Docket No. 860]** |
| v. | |
| MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC. | |
| Defendants. | |

This order addresses whether Joseph McAlexander may testify regarding two specific exhibits. The court has reviewed the briefs filed and grants the motion in part. The Manufacturers may not examine him in connection with the "admission" from the *Infineon* litigation, but may use, based upon their representation, versions of JEDEC standard 21-C.

**I. THE TWO-DAY RULE**

Rambus's trial brief first argues that the Manufacturers cannot call Joseph McAlexander on Tuesday, February 19 because he was improperly disclosed. This matter has been resolved, but merits comment to avoid future misunderstanding. The proceedings on Thursday, February 14,

ORDER REGARDING JOSEPH McALEXANDER
C-00-20905; C-05-00334; C-06-00244 RMW
TSF    2

ended while Rambus was conducting its cross-examination of Lester Vincent. Following the proceedings, the court inquired as to who would testify after Mr. Vincent on the next day of testimony (Tuesday, February 19). The Manufacturers stated that:

> Mr. Ruby: We'll have ready for Tuesday, as I understand it, Mr. Oh, Dr. Oh, Graham Allan, Mr. Krashinsky, and we have the video if we run out of time.
> The court: Okay.
> Mr. Ruby: Okay.

Tr. 1725:16-20. Apparently by email on Saturday afternoon (February 16), the Manufacturers indicated that after Mr. Vincent's testimony finished, they would call Dr. Oh, play the video of Mr. Yoo, and then call Joseph McAlexander.

The court's order explaining trial procedures stated that, "Exhibits to be used in connection with the examination of a witness must be identified with the witness 2 business days prior to calling the witness." *E.g.,* Docket No. 1137, C-05-00334, at ¶ D (N.D. Cal. Jan. 30, 2008). The order's intent is that a party must inform the other side two business days before they intend to call a witness. If the Manufacturers wished to call Mr. McAlexander on Tuesday, they should have identified him on Thursday, February 14, the date on which they expressly did not identify him.

The Manufacturers respond that Rambus's argument is "baseless" because "[t]he Manufacturers identified Mr. McAlexander and disclosed the materials to be used in connection with the examination of Mr. McAlexander *six business days* prior to February 18. Rambus has had the materials for over ten calendar days." Opp'n at 1 (emphasis in original). Basically, the Manufacturers interpret the rule as requiring disclosure *at least* two business days before they intend to call a witness.

The Manufacturers misunderstand the text and purpose of the disclosure order. First, the rule does not include the words "at least" – it states that witnesses must be disclosed two business days before the party intends to call them. The purpose of the two-business day rule is to enable the other side to prepare its cross-examination and any objections to exhibits or demonstratives in a reasonable manner. While providing more time allows the other side more time to prepare, the argument fails when extended to its conclusion. Under the Manufacturers' "at least two business

ORDER REGARDING JOSEPH McALEXANDER
C-00-20905; C-05-00334; C-06-00244 RMW
TSF 3

days" rule, the Manufacturers could disclose all of their witnesses and accompanying exhibits, call them in any order they desire, and leave Rambus scrambling to effectively cross-examine witnesses as the order in which they are called keeps shifting.

Indeed, this appears to be happening and this problem is not limited to Mr. McAlexander. At present, the Manufacturers appear to have disclosed over 11 hours of direct testimony. *See* Tr. 1726:18-1727:23 (argument of Mr. Stone). Under the version of the rule the Manufacturers now advocate, they could put on any of those witnesses whenever they please because they have been disclosed for more than two business days. This puts Rambus at a disadvantage and also prejudices the court's ability to resolve trial motions in a reasonable manner. For example, trial motions regarding the testimony of William Davidow, Terry Lee, and Graham Allan have all been briefed, but no one knows when the Manufacturers will call these witnesses. The two-day rule described herein must be followed by both sides in the future.

## II. SPECIFIC EXHIBITS

Rambus also objects to the use of two types of exhibits with Mr. McAlexander: prior statements in litigation and various copies of JEDEC standards.

### A. The "Undisputed Facts" From The *Infineon* Litigation

The Manufacturers intend to ask Mr. McAlexander to opine whether a reasonable memory engineer would have been on notice that Rambus was seeking patents covering aspects of the JEDEC SDRAM standard. In forming that opinion, Mr. McAlexander relied on three statements Rambus made to JEDEC: its disclosure of the '703 patent in 1993, its letter regarding patent issues relating to SyncLink in 1995, and its resignation letter in 1996. The Manufacturers hope to bolster the perceived reliability of Mr. McAlexander's opinion by demonstrating that he considered the entire "universe" of statements Rambus made to JEDEC. Rambus argues that the evidence in this trial has revealed other communications, notably an instance where Richard Crisp refused to comment regarding patent rights.

Nonetheless, the Manufacturers hope to introduce as evidence a statement regarding "undisputed facts" from the *Infineon* litigation. Infineon submitted that after Richard Crisp

ORDER REGARDING JOSEPH McALEXANDER
C-00-20905; C-05-00334; C-06-00244 RMW
TSF 4

disclosed the '703 patent, Rambus "made no other disclosures of patents or pending patents" while at JEDEC. Rambus disputed the statement, explaining that: "The '703 patent disclosure, Rambus' September 1995 letter, and its June 1996 letter were the only communications to JEDEC that commented on Rambus' patents or patent applications."

The probative value of Rambus's statement is minimal. At best, it bolsters McAlexander's selection of data on which he is rendering his opinion, though the jury has already heard about Mr. Crisp's refusal to comment (and will no doubt here more). On the other hand, explaining the statement requires explaining the *Infineon* litigation, which the court has already ordered kept out of evidence absent good cause. Because admitting the exhibit into evidence in connection with Mr. McAlexander's testimony is substantially more prejudicial than probative, the court excludes it pursuant to Rule 403.[1] This issue may be revisited if Rambus emphasizes and faults Mr. McAlexander because he failed to consider other evidence.

### B. Various Copies of the JEDEC 21-C Standard

The Manufacturers also plan to elicit testimony from Mr. McAlexander regarding the viability of alternative technologies. In doing so, they hope to use various releases of the JEDEC 21-C standards to illustrate what technological features are in the standard. Rambus objects, arguing that Mr. McAlexander's report does not disclose the exhibits or shed light on how he intends to use them. The court's understanding of the oral argument on this motion is that the standards will only be used for illustrative purposes, and not to support testimony beyond the bounds of Mr. McAlexander's expert report. *Compare* Tr. 1755:21-22 (Mr. Bobrow: "So it's a very, very limited use that we intend to make.") *with* Tr. 1754:16-19 (Mr. Eskovitz: "You know, if it's simply a matter of showing that the JEDEC standards, the JEDEC standard for SDRAM or DDR include a particular

---

[1] The court declines to decide whether the statement is an "admission" under FRE 801(d)(2) and therefore not hearsay. The Ninth Circuit has stated that "a statement made by an attorney is *generally* admissible against the client." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (emphasis added). In *Totten*, the Ninth Circuit was considering the admissibility of an unsigned declaration of the party submitted by the attorney. *Id.* On the other hand, the First Circuit has explained that, "unlike, say, factual allegations in trial court pleadings, statements contained in briefs submitted by a party's attorney in one case cannot routinely be used in another case as evidentiary admissions of the party." *Martel v. Stafford*, 992 F.2d 1244, 1248 (1st Cir. 1993). Without deciding whether the statement here involves an admission, FRE 403 concerns substantially outweigh the probative value..

ORDER REGARDING JOSEPH McALEXANDER
C-00-20905; C-05-00334; C-06-00244 RMW
TSF 5

feature, I don't think that's a concern of ours[.]"). Provided the exhibits remain confined to their limited uses, the court denies Rambus's motion to exclude them. In the event that Rambus feels that the Manufacturers are using the exhibits in a way not supported by Mr. McAlexander's report, it may renew the objection.

### III. ORDER

For the foregoing reasons, the court grants the motion in part. The Manufacturers may not examine Mr. McAlexander in connection with the "admission" from the *Infineon* litigation. Based upon the representation of intended use, the Manufacturers may offer the various releases of JEDEC 21-C.

DATED: 2/19/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

| **Counsel for Nanya entities, C-05-00334** | | **Counsel for Samsung entities, C-05-00334 and C-05-02298** | |
| --- | --- | --- | --- |
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Glenn Michael Levy | glevy@orrick.com | David J. Healey | david.healey@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | | |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| **Counsel for intervenor, Texas Instruments, Inc., C-05-00334** | |
| --- | --- |
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 2/19/08

TSF
**Chambers of Judge Whyte**

ORDER REGARDING JOSEPH McALEXANDER
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                                                 8