**E-filed:** 2/19/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER REGARDING JOE MACRI AND ILAN KRASHINSKY<br><br>**[Re Docket Nos. 3212, 3213]** |

| | |
|---|---|
| RAMBUS INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>　　　　　Defendants. | No. C-05-00334 RMW<br><br>**[Re Docket Nos. 1246, 1247]** |
| RAMBUS INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.<br><br>　　　　　Defendants. | No. C-06-00244 RMW<br><br>**[Re Docket Nos. 857, 858]** |

This order addresses the scope of the testimony of two "industry" witnesses, Joe Macri and Ilan Krashinsky. The court has reviewed the briefs filed and the court partially grants the motion. Certain aspects of Mr. Krashinsky's intended testimony appear to be improper lay opinions. With respect to the disclosure of Mr. Macri and Mr. Krashinsky's subject areas of testimony and whether Mr. Macri's testimony includes improper lay opinion, the court defers ruling and will decide the

issues at trial consistent with this opinion.[1]

## I. THE INITIAL DISCLOSURE OF TRIAL WITNESSES

With trial scheduled four months out, the court ordered the parties to disclose their trial witnesses. *See* Docket No. 332, C-05-00334-RMW, ¶ 5 (N.D. Cal. Aug. 30, 2007). The order also required the parties to disclose the subject matter of any witness' testimony to the extent it went beyond their prior testimony in the various Rambus litigation matters. *Id.*[2] As required by the order, the Manufacturers disclosed their list of trial witnesses on September 5, 2007. Docket No. 361, C-05-00334-RMW (N.D. Cal. Sept. 5, 2007). With respect to Joe Macri and Ilan Krashinsky, the Manufacturers stated that:

> If no supplemental description is provided, the Manufacturers intend to limit the scope of testimony to prior testimony given by the witness.
> . . .
> 4.  Joe Macri (ATI) - In additional to the subject-matter of hearing testimony at the FTC, expected to provide testimony regarding JEDEC, including the development and standardization of DDR2, DDR3, GDDR3, GDDR4 and GDDR5. Also expected to provide testimony regarding the resultant industry lock-in from adoption of the foregoing standards.
> . . .
> 11.  Ilan Krashinsky (Hewlett Packard)

*Id.* at 4-5.

The disclosure clearly limits Mr. Krashinsky's testimony in this case to the subject of his prior testimony. Mr. Macri's testimony is not so limited. The Manufacturers stated that they seek to introduce testimony from Mr. Macri beyond the scope of his prior testimony with regard to JEDEC and lock-in. Rambus elected not to depose Mr. Macri or Mr. Krashinsky. With respect to Mr. Macri,

---

[1] Oral argument on the motions indicated that the disagreement as to scope is as great as one would conclude from a review of the briefs. Nevertheless, the court has tried to cover the issues briefed.

[2] The exact wording of the order is as follows: "For each witness that any party intends to call who has not previously testified at trial, in the FTC proceedings or at deposition in a matter involving Rambus, the party intending to call that witness must serve on each other party by September 5, 2007, or 24 hours before the witness testifies, whichever occurs first, a summary of the witness's expected testimony sufficient to inform all parties of the factual issues on which the witness may testify. If the witness has previously testified, a summary of expected testimony is required only if the witness is going to testify on a new subject or concerning events occurring since he or she previously testified." Docket No. 332, C-05-00334-RMW, ¶ 5 (N.D. Cal. Aug. 30, 2007)

Rambus chose not to depose him despite knowing that the Manufacturers would seek to elicit testimony on new subject matter.

### A. Joe Macri

Based on the September disclosure, Rambus now moves to preclude Mr. Macri from testifying regarding: "lock in *apart from* 'the resultant industry lock-in from the adoption of the foregoing standards;' importance of open standards; effect of Rambus's behavior on the DRAM industry; importance of JEDEC to the industry; and policies and practices at JEDEC *before 1997*." Macri Br. at 2 (emphasis in original). Specifically, Rambus seeks to preclude Macri from providing detailed testimony regarding ATI's lock-in with respect to DDR2 because the Manufacturers did not disclose that subject of testimony. The court disagrees. The witness disclosures must be read with a modicum of flexibility given the difficulty of projecting the exact nature of a witness' testimony. With this in mind, ATI's lock-in with respect to the DDR2 standard is fairly contemplated within "the resultant industry lock-in from adoption of the foregoing standards."

Rambus argues that Mr. Macri cannot testify regarding the "importance of open standards" because he has not previously testified that he had any involvement in selecting memory products for his employers, and therefore cannot have a personal understanding regarding the "importance of open standards." While Rambus correctly points out that Mr. Macri cannot speak for "the industry" regarding open standards, Rambus goes too far in suggesting that one can only form a personal understanding of their importance by selecting memory products. Mr. Macri has been extensively involved with JEDEC, and he previously testified before the FTC regarding JEDEC's desire to create open standards.

The Manufacturers disclosed that Mr. Macri would testify "regarding JEDEC," then expressly detailed a few specific areas of JEDEC's work. Rambus's argument that the Manufacturers failed to disclose that Mr. Macri would testify regarding "the importance of JEDEC to the industry" or "the policies and practices of JEDEC" is baseless in light of this broad disclosure. Rambus's qualification of "before 1997" with respect to JEDEC policies seeks to limit Mr. Macri's testimony not because it was improperly disclosed, but because Mr. Macri arguably lacks foundation to testify

regarding JEDEC policies before he first attended JEDEC in 1997. This issue is moot since the Manufacturers represented that they will not seek to offer testimony from Mr. Macri concerning JEDEC policies before 2000.

Finally, Rambus suggests that any testimony regarding "the effect of Rambus's behavior on the DRAM industry" was not properly disclosed in September or the subject of prior testimony. The Manufacturers do not address this point in their opposition. The September disclosure does not fairly contemplate testimony regarding the effects of Rambus's behavior. To the extent Mr. Macri would testify beyond his prior testimony, the disclosure states that he would testify about JEDEC and about how the industry becomes locked-in to the standards JEDEC promulgates. Therefore, questions on the "effects of Rambus's behavior" would appear improper.

### B. Ilan Krashinsky

With respect to Mr. Krashinsky, Rambus argues that he did not testify in the FTC proceedings regarding: "Lock-in and switching costs for DRAM manufacturers; effect of Rambus's behavior on the DRAM industry; importance of open standards; importance of JEDEC to the industry; and policies and practices of JEDEC." The Manufacturers' opposition provided excerpts of Mr. Krashinsky's FTC testimony regarding his work at HP, his involvement at JEDEC on HP's behalf, and his role in designing to HP servers that used JEDEC memory products. Most of the general topics Rambus complains of are discussed in Mr. Krashinksy's testimony. For example, lock-in and switching costs are discussed in Mr. Krashinsky's testimony regarding the HP servers and why HP did not lobby JEDEC to remove infringing features from the DRAM specifications. Obviously, Mr. Krashinsky's prior testimony does not include a general discussion of lock-in effects or switching costs, or specific discussions beyond certain HP server products. As with Mr. Bechtolsheim's testimony earlier in this trial, if an objection is made to a question or answer because it exceeds the scope of Mr. Krashinsky's prior testimony, the Manufacturers should be prepared to point to where the subject matter appeared in his prior testimony. Also, as with Mr. Macri and Mr. Bechtolsheim, lay opinions will only be allowed if not based upon scientific, technical, or other specialized knowledge. *See* Section II below.

Mr. Krashinsky's prior testimony makes no mention of "open standards" or their importance. The two portions cited by the Manufacturers as discussing those subjects do not mention the phrase "open standards." Instead, they discuss how HP would be locked in to using a standard (any standard) and how long it takes JEDEC to develop new standards. At no point does Mr. Krashinsky discuss whether (or why) HP prefers working with open standards rather than proprietary standards. If the Manufacturers hope to question Mr. Krashinsky along these lines, they must be prepared to point out where Mr. Krashinsky previously testified on this subject matter to respond to the inevitable objection.

## II. THE LIMITS OF LAY OPINION TESTIMONY

### A. The Contours of Rule 701

Federal Rule of Evidence ("FRE") 701 imposes three limitations on the admissibility of lay opinion testimony, namely that:

> [T]he witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
>
> (a) rationally based on the perception of the witness,
>
> (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The first two requirements comprise the traditional threshold for lay opinion testimony. The third element, (c), was added in 2000 to prevent litigants from skirting the *Daubert* standard or the expert disclosure guidelines by introducing expert opinion testimony as lay opinion testimony. *See* FRE 701, adv. committee note (2000); 4 WEINSTEIN'S FEDERAL EVIDENCE § 701.03[4][b], at 701-30 (2d ed. 2007). Accordingly, the text of Rule 701 contemplates a strict separation between lay and expert testimony that did not exist before 2000.

An illustration of the prior solicitude toward lay opinion testimony is demonstrated in *Union Pacific Resources Co. v. Chesapeake Energy Corp.*, where the court found no reversible error in allowing eight witnesses with industry experience to give lay opinions as to whether a written description enabled a claim. 236 F.3d 684, 692-93 (Fed. Cir. 2001) (applying the Fifth Circuit's

interpretation of FRE 701 prior to the 2000 amendments). One district court has already disavowed the reasoning in *Union Pacific Resources* as conflicting with the amended text of Rule 701. *Freedom Wireless, Inc. v. Boston Communications Group, Inc.*, 369 F. Supp. 2d 155, 157-58 (D. Mass. 2005). That court then applied the amended rule to bar lay opinion testimony regarding a patent's obviousness because the opinion was based on the witness' specialized knowledge of telecommunications. *Id.* at 157.[3] The Seventh Circuit has also held that the amended text of Rule 701 implies a strict separation between lay opinion testimony and expert opinion testimony. *United States v. Conn*, 297 F.3d 548, 553-54 (7th Cir. 2002).

While the text of Rule 701 appears unflinching in separating lay opinions from expert opinions, the advisory committee note regarding the amendment blinks. The advisory committee note first states that, "[t]he amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules." However, the note goes on to suggest that the amended rule preserves certain prior practices, for example, permitting business owners to opine on expected profits or the value of property:

> For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.

---

[3] Other district courts have also interpreted Rule 701 as barring lay opinion testimony on various issues arising in patent litigation. *Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2006 WL 1330002, *3 (N.D. Cal. 2006) (Armstrong, J.) (permitting a witness to explain a device's function but forbidding a lay witness from comparing a device to a patent claim); *Laser Design Int'l, LLC v. BJ Crystal, Inc.*, 2007 WL 735763, *2 (N.D. Cal. 2007) (White, J.) (striking a declaration opining regarding the nature of laser damage while not striking a declaration explaining how the device worked); *Insight Technology, Inc. v. SureFire, LLC*, 2007 WL 3244092, *1-*2 (D.N.H. 2007) (striking opinions regarding animations of prior art).

FRE 702, adv. committee note (2000). The note suggests that such testimony is admitted because the witness has "particularized knowledge" regarding the business. This seems irreconcilable with the fact that the witness must have "specialized experience" to be able to offer an opinion based on that particularized knowledge.

Nonetheless, the Manufacturers are able to cite to a variety of cases that support to some degree this "particularized knowledge" exception described in the advisory committee note. Three of the cases were decided after the 2000 amendment to Rule 701. The earliest is *Medforms, Inc. v. Healthcare Management Solutions, Inc.*, 290 F.3d 98 (2d Cir. 2002). The Second Circuit there held that a computer programmer could testify regarding the meaning of various terms in a copyright registration because he had personal knowledge of their meaning. 290 F.3d at 110-11. The Second Circuit reasoned that, "[the programmer's] testimony was based on his everyday experience as a computer programmer and specifically on his work on [two computer programs]. Therefore, the testimony did not have to satisfy the requirements for expert testimony under Fed.R.Evid. 702, and the admission of the testimony was not an abuse of discretion." *Id.* at 111.

The second case cited by the Manufacturers is *United States v. Polishan*, 336 F.3d 234 (3d Cir. 2003). This opinion does not correctly quote Rule 701, *see id.* at 242, and hence does not address the 2000 amendment's addition of the third element. Accordingly, it is not persuasive regarding the proper scope of lay opinion testimony.

The final case cited by the Manufacturers is *United States v. Muñoz-Franco*, 487 F.3d 25 (1st Cir. 2007). The First Circuit's opinion correctly quotes the language from the amended Rule 701, then relies on *Medforms* and *Polishan* for their reasoning to conclude that, "Here, [a witness's] testimony was based on knowledge of [a bank's] banking practices that he acquired during his employment there, and thus the opinions he expressed were properly within the scope of Federal Rule of Evidence 701." 487 F.3d at 35.[4]

---

[4] The Ninth Circuit has not addressed the paragraph of the advisory committee note endorsing lay opinion testimony based on particularized knowledge. It has, however, favorably relied on a related paragraph of the note about identifying drugs. *See United States v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006).

ORDER REGARDING JOE MACRI AND ILAN KRASHINSKY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF 8

The court finds these cases persuasive only in the limited context described in the advisory committee note regarding testimony about one's business, and it does not believe they can be read to support a broader "particularized knowledge" exception to the expert disclosure rules. As a general matter, "[l]ay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *Conn*, 297 F.3d at 554 (quoting *United States v. Peoples*, 250 F.3d 630, 641 (8th Cir.2001)). The *Conn* case explains the court's general understanding of Rule 701(c). Nonetheless, the rules of evidence have long permitted a person to testify to opinions about their own businesses based on their personal knowledge of their business, as illustrated in the *Medforms* and *Muñoz-Franco* cases discussed above and in the advisory committee note, and the court does not believe that the revised Rule 701 was meant to work a sea change with respect to that form of personal testimony.

### B. The Proffered Testimony of Macri and Krashinsky

Rambus's trial motions request the court to bar impermissible lay opinion testimony. The Manufacturers intend to offer lay opinion testimony from Mr. Krashinsky regarding the extent of industry lock-in resulting from the JEDEC DRAM standards and to the potential switching costs industry would incur if forced to use different DRAM technologies. In relying on the cases discussed above, the Manufacturers essentially concede that Mr. Krashinsky's personal knowledge regarding these topics is "specialized" or "technical." *See* Krashinsky Opp'n at 2:28:18-3:8. The Manufacturers emphasize Mr. Krashinsky's vast experience in circuit design and suggest that this experience "more than provides" the necessary foundation for his testimony. That the Manufacturers offer Mr. Krashinsky's qualifications as an engineer as the foundation for his testimony regarding these matters is ample evidence that his opinion testimony is improperly disclosed expert testimony, not a permissible lay opinion. Nevertheless, the court recognizes an exception to the literal language of FRE 701 with respect to testimony by Mr. Krashinsky regarding the types of changes HP would have to make if required to switch technologies. To the extent such opinion testimony is based on Mr. Krashinsky's personal, particularized knowledge, it is admissible.

The intended testimony of Joe Macri discussed in the Manufacturers' opposition to the motion regarding him does not appear to be opinion testimony, but instead Mr. Macri's percipient observations regarding votes at JEDEC, requests from JEDEC members, and descriptions of what ATI did and why they did it. To the extent the Manufacturers intend to elicit opinion testimony on industry lock-in, that testimony is prohibited, just as Mr. Krashinsky's.

### III. EXHIBITS

Exhibits offered through Mr. Macri or Mr. Krashinsky to which Rambus has indicated it may object based upon lack of authentication or hearsay will require proper authentication and a hearsay exception or a non-hearsay purpose.

### IV. ORDER

For the foregoing reasons, the court partially grants the motion. Certain aspects of Mr. Krashinksy's intended testimony appear to be improper lay opinions. With respect to the disclosure of Mr. Macri and Mr. Krashinsky's subject areas of testimony and whether Mr. Macri's testimony includes improper lay opinion, the court defers ruling and will decide the issues at trial consistent with this opinion.

DATED: 2/19/08

RONALD M. WHYTE
United States District Judge

ORDER REGARDING JOE MACRI AND ILAN KRASHINSKY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                           10

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

ORDER REGARDING JOE MACRI AND ILAN KRASHINSKY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF  11

| **Counsel for Nanya entities, C-05-00334** | | **Counsel for Samsung entities, C-05-00334 and C-05-02298** | |
| --- | --- | --- | --- |
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Glenn Michael Levy | glevy@orrick.com | David J. Healey | david.healey@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | | |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| **Counsel for intervenor, Texas Instruments, Inc., C-05-00334** | |
| --- | --- |
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 2/19/08

TSF
**Chambers of Judge Whyte**

ORDER REGARDING JOE MACRI AND ILAN KRASHINSKY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF 12