**E-filed:** 2/20/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>RAMBUS INC.,<br><br>　　　　Defendant. | No. CV-00-20905 RMW<br><br>ORDER REGARDING TESTIMONY OF BRIAN SHIRLEY<br><br>**[Re Docket No. 3248]** |

**United States District Court**
For the Northern District of California

| | |
|---|---|
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>Defendants. | No. C-05-00334 RMW<br><br>**[Re Docket No 1287]** |
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.<br><br>Defendants. | No. C-06-00244 RMW<br><br>**[Re Docket No. 896]** |

Rambus seeks to preclude Brian Shirley, a Micron representative, from testifying on two subjects: (1) "industry lock-in"; and (2) a quantification of the alleged switching costs Micron would incur were it to design around Rambus's alleged "feature set." Micron does not intend to have Mr. Shirley testify as to "industry lock-in" or to switching costs as of today. Therefore, the only outstanding dispute is whether Mr. Shirley can testify to his numerical estimate of Micron's switching costs in 2000. The court has read the parties' briefs and heard their oral argument, and for the following reasons, partially grants Rambus's motion.

Micron designated Mr. Shirley its 30(b)(6) witness regarding its contention that it was

ORDER REGARDING TESTIMONY OF BRIAN SHIRLEY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                                       2

locked-in to DDR, DDR2, DDR3 and DDR4 standards or any standards subsequent thereto. In his 30(b)(6) deposition, Mr. Shirley's testimony was very general: "I don't remember the exact dollar figure. I remember that it was in the multiple hundreds of millions of dollars at minimum and from our analysis was prohibitive enough that we came to the conclusion that we were locked into this feature set." Hamilton Decl., Ex. G at 134:14-19. The dollar figure estimate that was based upon the collective input of a group of Micron employees provided at a single meeting "sometime in the early 2000s" that probably occurred in Idaho. Hamilton Decl., Ex. F at 131:3-11.

Micron advances two evidentiary bases for Mr. Shirley's quantification of Micron's estimated switching costs. First, Micron argues that Mr. Shirley's estimate is permissible as a lay opinion. The court disagrees. There is an inadequate foundation for the "hundreds of millions" figure, even as a lay opinion. While serving as Micron's representative, Mr. Shirley could not testify to any analytical details and conceded that the "analysis" was the result of a group discussion. The situation here is unlike that in cases where the court has allowed lay opinions based upon a witness' own experience and percipient knowledge of their business. *See, e.g., United States v. Muñoz-Franco*, 487 F.3d 25 (1st Cir. 2007) (lay opinion testimony allowed under FRE 701 where based on knowledge of a bank's banking practices that the witness acquired during his employment at the bank). Here, Mr. Shirley's estimate is not based upon his own knowledge and experience with Micron's business, but rather on the collective effort of a single group discussion at an undocumented meeting. This cannot satisfy Rule 701(a)'s requirement that a lay opinion be "rationally based on the perception of the witness."[1]

Even if Mr. Shirley's dollar estimate lacks any foundation or reasonable basis such that it cannot be considered for its truth, he could recount the figure to explain Micron's state of mind in the early 2000s when it allegedly chose not to try to switch away from using Rambus's technologies. While this use of his proffered testimony has some probative value, its relative probative value is

---

[1] On the other hand, Mr. Shirley's deposition testimony demonstrates that he has the personal knowledge and familiarity with Micron's business to discuss what factors affect the cost of switching technologies, *see* Hamilton Decl., Ex. F at 131:23-133:7, and testimony regarding such cost categories involved in switching designs appears to be properly within his percipient knowledge.

ORDER REGARDING TESTIMONY OF BRIAN SHIRLEY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                    3

minimal in light of Mr. Shirley's more grounded testimony regarding the types of costs involved in switching technologies. In this context, the baseless "hundreds of millions of dollars" figure becomes substantially more prejudicial than probative because of its potential for misleading the jury. Accordingly, this use of the dollar figure evidence is improper under Rule 403.

The court will therefore allow Mr. Shirley to testify about the different types of work and expenses that go into changing features in a memory product along the lines of his deposition testimony, *see* Hamilton Decl., Ex. F at 131:23-133:7. He can also testify that the group who discussed the matter concluded that these costs involved with switching away from using Rambus's technologies would have been prohibitive. This testimony can be offered to show Micron's state of mind and why it did not undertake a switch. However, he cannot give an estimate of the dollar amount of switching costs as there is no adequate foundation for Mr. Shirley's lay opinion of the figure and any reference to the figure in explaining Micron's state of mind is substantially more prejudicial than probative.

DATED: 2/20/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

| **Counsel for Nanya entities, C-05-00334** | | **Counsel for Samsung entities, C-05-00334 and C-05-02298** | |
| --- | --- | --- | --- |
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Glenn Michael Levy | glevy@orrick.com | David J. Healey | david.healey@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | | |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| **Counsel for intervenor, Texas Instruments, Inc., C-05-00334** | |
| --- | --- |
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 2/20/08

TSF
**Chambers of Judge Whyte**

ORDER REGARDING TESTIMONY OF BRIAN SHIRLEY
C-00-20905; C-05-00334; C-06-00244 RMW
TSF  6