**E-filed:** 2/26/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER REGARDING TWO PENDING TRIAL MOTIONS<br><br>**[Re Docket Nos. 3278, 3306]** |

| | |
|---|---|
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>Defendants. | No. C-05-00334 RMW<br><br>**[Re Docket Nos. 1321, 1345]** |
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.<br><br>Defendants. | No. C-06-00244 RMW<br><br>**[Re Docket Nos. 928, 949]** |

This order addresses two outstanding trial motions requiring prompt resolution. The court has read the briefs filed by the parties and considered the arguments at both sidebar and in separate additional hearings.

### I. FEBRUARY 2000 JEDEC BOARD OF DIRECTORS MINUTES

Rambus seeks to admit into evidence Trial Exhibit 6531, which Rambus argues is a set of JEDEC board of directors minutes from February 2000. The Manufacturers oppose the request, arguing first that Rambus has not authenticated the minutes and second that the minutes are hearsay without an applicable exception. The court disagrees as described below, and admits the document

into evidence.

### A. Authenticity

Federal Rule of Evidence ("FRE") 901 requires the proponent of a document to make a showing sufficient to support a finding that the document is what the proponent claims it is before the document may be admitted. This is merely a *prima facie* showing, and the showing does not need to be made by admissible evidence. *See* FRE 104(a). Indeed, it can be made by as little as a showing that the documents were found in a party's possession. *E.g.*, *Burgess v. Premier Corp.*, 727 F.2d 826, 835 (9th Cir. 1984). To be clear, if there is a dispute between which version of a document is authentic, that dispute is for the jury to decide with its verdict, not the court with its evidentiary rulings. *See United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000).

Rambus has easily exceeded this threshold. The document in question was produced from JEDEC's files. Under *Burgess*, that alone suffices. The minutes appear similar in format to other copies of JEDEC minutes, of which the court has now seen a number. *See* FRE 901(b)(4). Rambus has also provided pages of deposition testimony about the document from JEDEC's secretary and EIA's general counsel which suggest that JEDEC only made changes to the minutes (thus creating doubts about this set of minutes' authenticity) when the substance of the minutes came to light in related litigation. Rambus has also provided evidence in the form of a copy of the minutes with the secretary's proofreading corrections, where the corrections indicate typographical, but non-substantive, changes to the portion of the minutes at issue. Finally, Rambus has presented a selection of contemporaneous documents that vouch for the correctness of the disputed statement. This body of evidence, taken in its entirety, is more than sufficient to support a finding that the document in question is, in fact, a copy of the JEDEC board of directors minutes from February 2000. It also suggests that alterations to the minutes may have occurred only after the minutes came up in litigation. *See* Perry Decl., Ex. C at 43:2-44:23 (deposition testimony of John Kelly describing Desi Rhoden's reaction to being confronted with the minutes).

### B. Records of Regularly Conducted Activities

The Manufacturers next argue that the minutes are offered for the truth of the matter

ORDER REGARDING TWO PENDING TRIAL MOTIONS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF 3

asserted, namely, their discussion of JEDEC's policy toward patent disclosure. The Manufacturers argue that an insufficient foundation exists to support the application of the business records exception. *See* FRE 803(6). Rule 803(6) requires testimony from a "qualified witness" that a document be (1) made at or near the time of the events described in the minutes; (2) by a person with knowledge; (3) kept in the course of regular business; (4) and made in the course of regular business. *See id.* The court has discretion to exclude a business record if circumstances indicate a "lack of trustworthiness." *Id.* A "qualified witness" can be any person familiar with an organization's record keeping. *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990).

Rambus examined Ilan Krashinsky about this particular document at trial. Mr. Krashinsky, a JEDEC representative (though not a board member) testified that he recognized them as JEDEC board of director minutes. Tr. 2242:25-2245:2. He recognized the minutes as corresponding to a meeting that took place in February 2000. *Id.* at 2245:3-5. While Mr. Krashinsky had not received this particular set of minutes, *id.* at 2246:4-7, he said he did regularly receive JEDEC minutes in similar form and appearance. *Id.* at 2246:13-2247:8. Further, other witnesses previously have testified as to the way JEDEC minutes were prepared showing that JEDEC minutes meet the requirements of Rule 803(6).

"Because of the general trustworthiness of regularly kept records and the need for such evidence in many cases, the business records exception has been construed generously in favor of admissibility." *Conoco Inc. v. Department of Energy*, 99 F.3d 387, 391 (Fed. Cir. 1996) (Bryson, J.). In light of the policy values underlying the business records exception, the court finds that a sufficient foundation exists in the trial record as it has developed to find that Exhibit 6531 is a record of regularly conducted activities within the meaning of Rule 803(6).

Accordingly, Exhibit 6531 is admitted into evidence.

## II. THE INFINEON LICENSE AND AMENDED LICENSES

Rambus seeks to introduce evidence of royalty rates contained in licenses it negotiated in 2000 to suggest that it did not breach JEDEC's policies because it offered reasonable and nondiscriminatory licensing terms. The Manufacturers seek to introduce into evidence three further

licenses: two amended agreements with Elpida and Samsung that changed the royalty rate following developments in the Infineon litigation and the license with Infineon that arose from the settlement of the *Infineon* litigation. Rambus seeks to exclude these further license agreements.

First, these additional licenses have little, if any, relevance to what a reasonable and non-discriminatory royalty rate would have been assuming Rambus's patents are valid, infringed and enforceable. The Infineon license was negotiated following a district judge's announcement that he intended to dismiss Rambus's patent claims on the basis of spoliation of evidence. The resulting royalty rate has no probative value on what a reasonable and non-discriminatory license rate was for Rambus's technology. Similarly, the amended agreements with Elpida and Samsung were caused by the district judge's now-reversed claim construction and the jury's now-reversed fraud verdict in the *Infineon* litigation.

Second, even if these licenses had some probative value, FRE 403 concerns far outweigh it. The evidence of what happened in *Infineon* would be unduly prejudicial to Rambus because this court found that Rambus did not spoliate evidence, while the Federal Circuit reversed the claim construction and jury verdict that gave rise to the license amendments. These conflicting outcomes would also be confusing to the jury, and both sides would have to spend an inordinate amount of time placing the *Infineon* litigation in context to attempt to dispel such confusion.

The Manufacturers argue that the evidence of the Infineon royalty rate is relevant in part to rebut Rambus's argument that the Manufacturers have not paid anything to Rambus because they want to use Rambus's technology for free. The Manufacturers submit that in light of Rambus's comments about their failure to pay, they ought to be able to explain that given the rates in the Infineon license, they would still be at a substantial competitive disadvantage if they accepted what Rambus claims were reasonable and non-discriminatory royalty rates. This argument would have some appeal if the Infineon license had been negotiated earlier. However, it was not negotiated until March of 2005. Therefore, it seems doubtful that concern about being placed at a competitive disadvantage *vis-a-vis* Infineon explains why the Manufacturers have failed to negotiate a license, given that they knew of Rambus's patent claims for years prior to the *Infineon* settlement. More

United States District Court
For the Northern District of California

fundamentally, rebutting Rambus's argument regarding the Manufacturers' purported desire to use Rambus's technology for free is minimally relevant (it may go to causation). In light of the substantial Rule 403 concerns discussed above, the licenses cannot come in.

Accordingly, the court grants Rambus's motion to exclude evidence of Rambus's settlement agreement with Infineon and evidence of renegotiation of Rambus's other license agreements in light of the *Infineon* litigation.

DATED: 2/26/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

ORDER REGARDING TWO PENDING TRIAL MOTIONS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF  7

| **Counsel for Nanya entities, C-05-00334** | | **Counsel for Samsung entities, C-05-00334 and C-05-02298** | |
| --- | --- | --- | --- |
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Glenn Michael Levy | glevy@orrick.com | David J. Healey | david.healey@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | | |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| **Counsel for intervenor, Texas Instruments, Inc., C-05-00334** | |
| --- | --- |
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 2/26/08          TSF
                            **Chambers of Judge Whyte**

ORDER REGARDING TWO PENDING TRIAL MOTIONS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                    8