IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER DENYING THE MANUFACTURERS' TRIAL MOTION REGARDING PRIOR TESTIMONY DESIGNATIONS<br><br>**[Re Docket No. 3340]** |

| | |
|---|---|
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>Defendants. | No. C-05-00334 RMW<br><br>**[Re Docket No. 1381]** |
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.<br><br>Defendants. | No. C-06-00244 RMW<br><br>**[Re Docket No. 988]** |

The Manufacturers[1] have rested their case-in-chief in these three consolidated cases in which they are seeking to prove that Rambus monopolized or attempted to monopolize six technology markets by enforcing patents covering products containing features complying with standards adopted by JEDEC, a standard setting organization. The technology markets cover various technologies essential for making DRAMs. The Manufacturers have also alleged that Rambus committed fraud based on its actions and statements while JEDEC was developing standards for

---

[1] For purposes of this order, the court collectively refers to the Hynix, Micron, and Nanya entities as "the Manufacturers."

commodity memory chips.

Rambus has begun to present its defense. After its first witness finishes his testimony, Rambus seeks to play or read portions of the deposition testimony of a number of third party witnesses beyond the court's subpoena power, namely Willibald Meyer, Kevin Kilbuck, and Howard Kalter. The Manufacturers object, arguing that such prior testimony is inadmissible hearsay. The court has reviewed the papers and considered the arguments of counsel. For the following reasons, the court denies the Manufacturers' motion that all the testimony is inadmissible hearsay.

## I. CASE MANAGEMENT BACKGROUND

On April 4, 2007, the court held a case management conference regarding consolidating discovery and trial in the Rambus matters before this court.[2] The hearing began at two o'clock and ran for an hour and a half, at which point the court took a recess to allow the parties to meet and confer for about an hour. The process produced a case management schedule, but it did not produce agreement regarding discovery. The parties "really only talked about depositions" and could not

---

[2] The litigation has not been confined to this court, or to these specific DRAM manufacturers. When the court consolidated these cases, the court defined a list of eleven "Rambus Related Actions" from across the country. The eleven actions defined as "Rambus Related Actions" in the Joint Case Management Order are:
1. Rambus Inc. v. Hynix Semiconductor Inc., et al.; Samsung Electronics Co., et al.; and Nanya Technology Corporation, et al., Case No. C 05-00334 RMW in the District Court for the Northern District of California;
2. Rambus Inc. v. Samsung Electronics Co., et al., Case No. C 05-02298 RMW in the District Court for the Northern District of California;
3. Rambus Inc. v. Micron Technology, Inc., et al., Case No. C 05-00244 RMW in the District Court for the Northern District of California;
4. Hynix Semiconductor Inc., et al. v. Rambus Inc., Case No. C 00-20905 RMW in the District Court for the Northern District of California;
5. Rambus Inc. v. Infineon Technologies AG, et al., Case No. 3:00CV524 in the District Court for the Eastern District of Virginia;
6. Micron Technology, Inc. v. Rambus Inc., Case No. 00-792-JJF in the District Court for the District of Delaware;
7. Samsung Electronics Co. Ltd. et al v. Rambus Inc., Court of Chancery of the State of Delaware, Case No. 1454-N;
8. Samsung Electronics Co. Ltd. et al v. Rambus Inc. Case No. 3:05-cv-00406-REP in the District Court for the Eastern District of Virginia;
9. Alberta Telecommunications Research Centre v. Rambus Inc., U.S. District Court for the Northern District of California, Case No. C-06-02595;
10. Rambus Inc. v. Micron Technology, Inc., et al., Case No. 04-431105 in the Superior Court of the State of California; and
11. In the Matter of Rambus Inc., Docket No. 9302 before the Federal Trade Commission.

*See* Joint Case Management Order, C-00-20905-RMW, Docket No. 2555, at Attachment E (N.D. Cal. Apr. 24, 2007) (hereinafter "JCMO"). An identical joint case management order was entered in C-05-00334 and C-06-00244.

ORDER DENYING THE MANUFACTURERS' TRIAL MOTION REGARDING PRIOR TESTIMONY DESIGNATIONS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF 3

reach agreement about limits on deposition discovery. Tr. 74:2-7 (Apr. 4, 2007). The parties therefore proposed to submit competing proposals regarding discovery management. *Id.* 74:11-75:1; 76:21-77:2.

The court received the parties' competing proposals, including proposals regarding discovery protocols, with each side's comments on the other side's proposals. *E.g.,* [PROPOSED] Joint Case Management Order, C-00-20905-RMW, Docket No. 2550, at 9-19 (N.D. Cal. Apr. 19, 2007) (hereinafter "Proposed JCMO"). The court adopted some of each side's suggestions and issued the case management order five days later. Two provisions of the court's case management order were based on two of Rambus's proposals regarding the cross-use of discovery materials:

> (2) All depositions or other sworn testimony in the Rambus Related Actions may be used by any party in the Rambus NDCal Cases as if taken in each of the Rambus NDCal Cases. A party shall be allowed to take a further deposition with respect to new issues with which it is concerned. A party shall not repeat prior lines of questioning of a deponent.
>
> (3) To facilitate the provisions of Paragraph (b)(2), each Party is ordered to produce by May 8, 2007 transcripts and deposition exhibits for all non-privileged prior depositions or other sworn testimony of its current or former officers or employees as well as all depositions of its experts in the Rambus Related Cases. For testimony from witnesses not affiliated with any party to the Rambus NDCal Cases (i.e., third parties), the parties shall meet and confer to promptly agree upon a process for disseminating transcripts of such third-party testimony to parties not in possession of those transcripts.

*Compare id.* at 10 *with* JCMO, ¶¶ 5(b)(2)-(3).[3] Paragraph (2), the focus of the current controversy, requires the parties to treat all prior testimony "as if taken" in the cases before this court. The court adopted this "cross-use provision" to minimize the expense and unnecessary repetition of depositions.

Rambus's statement in support of its proposal did not specifically refer to the cross-use provision, but it did mention it. Rambus's statement expressed concern that if depositions being taken in cases before other courts were not counted against the discovery limits in this case, the limits would be meaningless because the deposition transcripts would be useable in this case. Specifically, Rambus said:

---

[3] The difference between Rambus's proposal and the court's order is that the court imposed a production deadline of May 8, 2007.

ORDER DENYING THE MANUFACTURERS' TRIAL MOTION REGARDING PRIOR TESTIMONY DESIGNATIONS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                   4

> *Third*, the parties disagree regarding whether depositions taken in San Francisco Superior Court, the District of Delaware, or the Chancery Court in Delaware on issues found in the 05-06 Cases should count against the deposition time allocated for the 05-06 Cases. Rambus urges the Court to find that this "Other Rambus Cases" deposition time be counted against the Manufacturers' 125 hour limit. Without such a provision, the discovery limits set here could be rendered meaningless if the Manufacturers choose to proceed with discovery of Rambus witnesses in one of the Other Rambus Cases on claims or defenses pending in the 05-06 Cases, **following which the transcript will be useable in the 05-06 Cases pursuant to the provisions herein.**

Proposed JCMO, at 15-16 (italics in original, bold added).

The Manufacturers' proposal regarding depositions did not include the "cross-use" provision contained in Rambus's proposal. *See id.* at 16-17. The proposal did include a number of the same limits on deposition discovery proposed by Rambus, including recommending that "No witness previously deposed by Rambus *or* any Manufacturer may be examined on matters already covered in the prior deposition(s)." *Id.* at 17 (emphasis added); *compare with* JCMO at ¶ 5(b)(2). The Manufacturers' proposal also required the parties to share all third-party deposition transcripts and trial testimony within 10 days. *Id.*, *compare with* JCMO ¶ 5(b)(3).

In their comments on Rambus's proposal regarding how depositions being taken in other cases would be treated, the Manufacturers voiced no objection to a cross-use provision, despite the provision being set off from other text in Rambus's proposal and being referenced in Rambus's comments on deducting deposition time used in related actions. The Manufacturers did object to the deduction proposal, noting, "Additionally, under Rambus's proposal, depositions taken in completely different cases, in which some Manufacturers are not even parties and which are *not* coordinated with the NDCal Rambus Cases, would count against the Manufacturers' deposition time in this case." *Id.* at 19 (emphasis in original). While the Manufacturers objected to how depositions in related litigation would be accounted for, they did not raise an objection to the use of those depositions in this case. They also included in their proposal that a witness could not be examined on a matter already covered.

## II. THE USE OF PRIOR TESTIMONY AT TRIAL

Rambus has disclosed its intent to play or read portions of the depositions of Willibald Meyer, Kevin Kilbuck, and Howard Kalter. The Manufacturers object, and move for an order

ORDER DENYING THE MANUFACTURERS' TRIAL MOTION REGARDING PRIOR TESTIMONY DESIGNATIONS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                     5

barring Rambus from using such testimony at trial because it is inadmissible hearsay under Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804(b)(1).

### A. The Legal Effect of the Joint Case Management Order

The Manufacturers acknowledge the terms of the Joint Case Management Order, but argue that the provision stating that "[a]ll depositions or other sworn testimony in the Rambus Related Actions may be used by any party in the Rambus NDCal Cases as if taken in each of the Rambus NDCal Cases" is "for discovery purposes only." However, treating all prior depositions as if taken in the current cases for "discovery purposes only" does not make sense. The provision, under the heading "Cross-Use of Discovery," is plainly intended to permit the parties to make joint use of prior testimony at trial to reduce expenses in this sprawling litigation by obviating the need to depose various witnesses again. Indeed, both parties proposed, and the court ordered, that no witness be reexamined on prior lines of questioning. This bar on reexamination would be unworkable (and mischievous) if a witness could not be reexamined on a particular subject because previously deposed in a related action on that subject but then the testimony could not be used at trial. Tellingly, the Manufacturers do not explain what conceivable purpose would be served by limiting paragraph 5(b)(2) to "discovery purposes only."[4] The plain text of the case management order is clear — "All depositions or other sworn testimony in the Rambus Related Actions may be used by any party in the Rambus NDCal Cases as if taken in each of the Rambus NDCal Cases."

Given the plain meaning of the case management order, the Manufacturers next argue that the court's case management order cannot trump the Federal Rules of Evidence, and that because none of the Manufacturers were present for the testimony of Mr. Meyer (only Micron was present for Kilbuck and Halter's), the testimony is inadmissible hearsay. *See* FRE 804(b)(1). Before addressing this issue, the court notes that relying on testimony from prior proceedings as a method of reducing discovery costs and delay is expressly contemplated and endorsed. *See* FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION FOURTH § 11.455 (4th ed. 2004) ("Parties in related cases may also stipulate to the use of depositions taken in one particular case."). The Manual

---

[4] *See* Tr. 3922:24-3923:5; 3925:22-3927:12.

for Complex Litigation urges that in dealing with new parties, courts should "institut[e] procedures to facilitate the use of depositions against similarly situated parties later added to the litigation" and that "discovery that has already been competently conducted need not be reopened for later-added parties, absent a showing of specific need." *See id.* § 22.84.

As detailed above, the court held a lengthy case management conference and received competing case management proposals (which included each side's objections and comments on the other side's proposals). The Manufacturers voiced no objection to the use of prior testimony in these actions. Since the court entered the case management order almost eleven months ago, the Manufacturers have raised no objection regarding the language in the case management order permitting the use of depositions from the Related Rambus Actions in these cases. Rambus, presumably relying on the plain text of the case management order, did not renotice the depositions of Messrs. Meyer, Kilbuck, and Halter and elected to rely on their transcripts to present its case. Only now, at the beginning of Rambus's case, do the Manufacturers object to the use of prior testimony as though it were taken in these cases.[5]

In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), the trial court's scheduling order imposed a deadline for joining additional parties. *Id.* at 606-07. The Ninth Circuit held that once the deadline has passed, the plaintiff could only join an additional defendant by showing "good cause" to modify the scheduling order, and that "the focus of the ["good cause"] inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* at 610 (internal citation omitted).[6] In applying the "good cause" inquiry

---

[5] The Manufacturers' presumably became aware of Rambus's intent to use the prior testimony no later than when the parties exchanged designations on January 4, 2008. *See* Docket No. 565, C-06-00244-RMW, at 2 (N.D. Cal. Dec. 19, 2007). In reviewing the record, the court has noticed that the Manufacturers did lodge an "overriding objection" to Rambus's use of this prior testimony when filing their objections and counterdesignations regarding Rambus's deposition designations. *See, e.g.,* Docket No. 692, C-06-00244-RMW, at 2 (N.D. Cal. Jan. 15, 2008). The Manufacturers did not apprise the court of this fermenting issue at any of the pretrial conferences held on January 17, 2008, January 22, 2008, January 29, 2008, or at any point in the trial before now.

[6] While emphasizing that whether "good cause" exists to modify the terms of a case management order turns on the diligence of the party requesting modification, the Ninth Circuit noted that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Johnson*, 975 F.2d at 610. Needless to say, preventing Rambus from presenting the bulk of its case now that the Manufacturers have rested constitutes extreme prejudice. One of Rambus's arguments is that third party JEDEC members had notice of the scope of Rambus's patent claims.

described, the court rejected the argument that Rule 15's liberal provisions for amending a pleading should apply. *Johnson*, 975 F.2d at 607-08. To be clear, "[o]nce the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." *Id.* In this case, the court filed a Rule 16 case management order to deal with the myriad complexities of this litigation, and in so doing, issued an order under Rule 16 that may conflict with Rule 32 and FRE 804(b)(1). Nonetheless, once a Rule 16 scheduling order is in place, it "shall control the subsequent course of the action" unless modified for good cause. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002). While an alleged violation of another provision of the federal rules might warrant relief from the case management order, the *sine qua non* of relief from prejudice caused by a case management order is diligence. *Johnson*, 975 F.2d at 610.

Further authority allowing a case management order to govern in place of a federal rule exists specific to the use of deposition testimony under Rule 804(b)(1). *Manley v. AmBase Corp.*, 337 F.3d 237, 248 (2d Cir. 2003). In *Manley*, the witness had been deposed twice: once in discovery, and once again *de bene esse*. *Id.* at 246-47. The court affirmed the district court's ruling forbidding a party from using the earlier, discovery deposition testimony (which was theoretically admissible under Rule 804(b)(1)) because of the court had ordered the parties to use only testimony developed at the later deposition *de bene esse*. *Id.* at 248.

Against the backdrop of the Manufacturers' silence and Rambus's presumed reliance described above (and the general concerns discussed below), the court believes that the Manufacturers have failed to be diligent in seeking relief from the case management order, failed to show good cause to modify the court's scheduling order and have waived any objections to the cross-use provision.

Finally, at a hearing during the trial proceedings, the Manufacturers suggested that their lack

---

This evidence is vital to Rambus's defense in two ways: (1) those third parties' failure to disclose this information tends to negate the broad disclosure duty urged by the Manufacturers, and (2) tends to negate that JEDEC as an organization was defrauded by Rambus's conduct. Rambus has indicated its desire to introduce prior testimony of employees from Toshiba (Kilbuck), Siemens/Infineon/Qimonda (Meyer), IBM (Kalter) and various Samsung employees. This substantial prejudice to Rambus is an independent ground for finding a lack of good cause to modify the court's case management order.

ORDER DENYING THE MANUFACTURERS' TRIAL MOTION REGARDING PRIOR TESTIMONY DESIGNATIONS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                        8

of a prior objection was due to an oversight.

> The court: Why then, didn't you, at the time that it was discussed at the case management conference say, hey, wait a minute, we can't agree to have these depositions be utilized in this case because we can't take a further deposition [of the foreign witnesses]?
>
> Mr. Nissly  I don't think anybody looked – honestly, I don't think anybody looked down the road that far to perceive that Rambus would pick up these depositions from another case where we hadn't had a chance to participate and say, well, now that these people are in a position where you can't get to them again to take their further depositions, now we get to use that.

Tr. at 3925:8-20 (Mar. 3, 2008). On this point, the court is not sympathetic. In complex litigation, a case management order is the case's constitution; it is the single most important document governing the conduct of the parties. *Cf.* FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION FOURTH § 11.212 (4th ed. 2004) ("Scheduling orders are a critical element of case management."). Failing to review the case management order's plain text, consider the order's implications, or raise a timely objection ensures later chaos. To be sure, had the Manufacturers voiced their concerns at any point during discovery, or apprised the court of their concern before trial began, the issue could have been addressed. At this point, however, the court considers any objection to the provision of the order treating some depositions as though they were taken in this case waived and the Manufacturers have not shown good cause for relief.[7]

### B.   Substantial Compliance with FRE 804(b)(1)

In the circumstances of this case, the use of the former testimony is in substantial compliance with Federal Rule of Evidence 804(b)(1). That section allows the use of former trial or deposition testimony of an unavailable witness if a "predecessor in interest" of the party against whom the testimony is offered had a similar opportunity and motive to develop the testimony. Here, the

---

[7] The court has the utmost faith in Mr. Nissly's personal representation that he did not notice the implication of the cross-use provision. Nonetheless, in effectively managing cases, a court must be mindful of the potential for opportunism. When faced with a provision in a case management order that raises evidentiary issues, a litigant could wait until trial to voice a concern that a provision in the order that the parties have relied upon violates principles of evidence law. If the objection were successful, this tactic would hamstring the opposing party's ability to put on its case or indefinitely delay trial (possibly forcing a retrial) while discovery was reopened. Indeed, if such a tactic were successful, it would incentivize *not* disclosing weaknesses in a case management order in the hope of gaining an advantage at trial.

Courts receive the behavior they encourage. In the interest of encouraging prompt disclosure of case management concerns and the efficient use of resources and discouraging the gamesmanship described above, a court must hew to its case management order to ensure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

witnesses are unavailable. The question then is whether Infineon and Micron and the FTC can be considered "predecessors in interest" with similar motives and opportunities to develop the testimony as the Manufacturers' motives in the current consolidated cases. The modern test does not require privity between the current party and the party who participated in the prior proceeding. "A previous party having like motive to develop the testimony about the same material facts is a predecessor in interest to the present party [citations omitted]—'privity is not the gravamen of (Rule 804(b)(1)) analysis.'" Jones, Rosen, Wegner & Jones, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS & EVIDENCE ¶ 8:3061(The Rutter Group 2007).[8] Instead of a formalistic privity-based test of whether a party is a "predecessor in interest," the test is "inherently factual" and depends on the similarity of issues and context of questioning. *Id.* ¶ 8:3067.

With respect to Mr. Kalter and Mr. Kilbuck, the issues and motives were identical. Rambus, Micron, and the FTC were deposing third-party witnesses regarding Rambus's conduct at JEDEC. Since the witnesses were under the control of none of the parties, each side had a motive to fully develop his testimony in the deposition.

With respect to Mr. Meyer, the issues remained identical – Infineon was seeking testimony regarding Rambus's conduct at JEDEC. At trial, Infineon had every incentive to examine him thoroughly. His depositions raise a closer issue. Because Mr. Meyer was under Infineon's control (as an employee), Infineon had a reduced motive to thoroughly cross-examine him in deposition because it could presumably compel him to testify at trial as well as question him outside the deposition context. Nonetheless, a party's failure to cross-examine in a discovery deposition is "a strategic choice and does not preclude his adversary's use of the deposition at a subsequent proceeding." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1506 (11th Cir. 1985) (Tjoflat, J.). While Infineon was likely less vigorous in cross-examining Mr. Meyer in his discovery depositions, that does not bar the transcripts' use at trial.

Further, the court gave the Manufacturers the opportunity to further question the witnesses if

---

[8] The Ninth Circuit has not decided this issue. *See Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982) ("We too believe that the two lawsuits needs not involve identical issues and parties, though we reserve for another day deciding whether the presence of an adversary with the same motive to cross-examine is sufficient.").

ORDER DENYING THE MANUFACTURERS' TRIAL MOTION REGARDING PRIOR TESTIMONY DESIGNATIONS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                      10

they felt that there were new issues with which they were concerned. *See* JCMO, ¶ 5(b)(2) ("A party shall be allowed to take a further deposition with respect to new issues with which it is concerned."). Therefore, not only were the Manufacturers' interests protected by Infineon, Micron and the FTC, the Manufacturers were given the opportunity to do further questioning themselves. The court finds that the purposes behind the requirements of Rule 804(b)(1) were met and the Manufacturers' hearsay objection to use of the witnesses' former testimony is overruled.

### III. ORDER

Accordingly, the court denies the Manufacturers' motion to exclude prior testimony from the Rambus Related Actions because the Manufacturers have failed to show good cause to modify the court's case management order, which provided that "[a]ll depositions or other sworn testimony in the Rambus Related Actions may be used by any party in the Rambus NDCal Cases as if taken in each of the Rambus NDCal Cases." Obviously, Rambus must still demonstrate that any prior testimony it seeks to introduce is relevant and satisfy that court that such evidence is not substantially more prejudicial than probative.

DATED: 3/9/2008

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

| **Counsel for Nanya entities, C-05-00334** | | **Counsel for Samsung entities, C-05-00334 and C-05-02298** | |
| --- | --- | --- | --- |
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Glenn Michael Levy | glevy@orrick.com | David J. Healey | david.healey@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | | |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| **Counsel for intervenor, Texas Instruments, Inc., C-05-00334** | |
| --- | --- |
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 3/10/08

TSF
**Chambers of Judge Whyte**

ORDER DENYING THE MANUFACTURERS' TRIAL MOTION REGARDING PRIOR TESTIMONY DESIGNATIONS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF  13