**E-filed:** **3/16/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>    Plaintiffs,<br><br>    v.<br><br>RAMBUS INC.,<br><br>    Defendant. | No. CV-00-20905 RMW<br><br>ORDER REGARDING POST-*HITACHI* LITIGATION CONDUCT |

ORDER REGARDING POST-*HITACHI* LITIGATION CONDUCT
C-00-20905; C-05-00334; C-06-00244 RMW
TSF

United States District Court
For the Northern District of California

| | |
|---|---|
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., <br><br> NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., <br><br> Defendants. | No. C-05-00334 RMW |
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC. <br><br> Defendants. | No. C-06-00244 RMW |

The parties have passionately argued whether post-*Hitachi* litigation conduct of the Manufacturers is relevant to any issue in the case as now being heard by the jury. The Manufacturers seek to preclude such evidence and argument. They argue that the evidence is irrelevant and that Rambus's attempt to portray the Manufacturers as big companies banding together to force Rambus out of business is highly prejudicial even if it has a modicum of relevance. Rambus, on the other hand, argues that evidence that the companies banded together to drive Rambus out of business is relevant to show that the Manufacturers did not incur attorneys' fees to defend against patent infringement claims brought by Rambus as part of a monopolization scheme

1 but rather to drive Rambus, an unwanted competitor, out of business. Although the Manufacturers
2 complain about some evidence that has been admitted concerning Farhad Tabrizi's initial reactions
3 and communications with his boss, Sang Park, about fighting Rambus to "the death of the Rambus
4 company" and the cancellation of a scheduled meeting between Mr. Park and Mr. Tate, the focus of
5 their motion is to preclude any evidence of the Manufacturers' litigation conduct through Rambus's
6 further examination of Mr. Tabrizi, Mr. Appleton, Mr. Chung or otherwise. They also want an
7 instruction advising the jury that joint litigation strategy efforts by defendants are proper to rebut
8 Rambus's suggestions otherwise.

9 Rambus asserts that the evidence is relevant to causation and credibility. Rambus's causation
10 argument seems to be that the Manufacturers incurred attorneys' fees primarily to drive Rambus out
11 of business and not because Rambus was trying to capture the technology markets by asserting its
12 patents' claims on certain JEDEC complaint products.[1]

13 The court finds Rambus's reasons for offering evidence concerning the post-*Hitachi* litigation
14 tactics of Micron and Hynix unpersuasive and its argument to the jury potentially misleading and
15 prejudicial. Evidence that Hynix and Micron stopped negotiating with Rambus despite Rambus's
16 willingness to negotiate with them even after the institution of the *Hitachi* lawsuit is clearly relevant
17 to show that Rambus, at least according to Rambus, was willing to negotiate a reasonable and non-
18 discriminatory license with each of the Manufacturers. However, the argument that the primary
19 cause of the Manufacturers' attorneys' fees was the Manufacturers' desire to force Rambus out of
20 business for reasons unrelated to Rambus's claims of patent infringement is not supported by the
21 evidence proffered and seems nonsensical in the context of this case. The Manufacturers may have
22 wanted to drive Rambus out of business because of its assertion of infringement claims against
23 JEDEC compliant products, but such a motivation does not constitute a superseding cause or defeat
24 the causation element of the Manufacturers' antitrust claim if all other elements of an antitrust claim

---

[1] Rambus also mentions, but has not stressed, an argument that the evidence rebuts the Manufacturers' "lock-in" claim. The theory apparently is that at least Hynix and Micron were not "locked-in" to the JEDEC standard technology and could have licensed Rambus's technology on a reasonable and non-discriminatory basis or change their designs but for the alleged promise between Hynix and Micron to not take a license from Rambus.

ORDER REGARDING POST-*HITACHI* LITIGATION CONDUCT
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                                      3

have been established.  The way that the Manufacturers litigated may well affect the reasonableness of any fees incurred, but that issue is for later resolution if the Manufacturers win their antitrust claims.  In this phase, the Manufacturers only need to show that some damage (attorneys' fees) were incurred by them as a result of Rambus's alleged antitrust violation.

<u>The scope of Mr. Appleton's testimony</u>.  The court will allow Mr. Appleton to explain his correspondence with Mr. Tate regarding a meeting, his reasons for not going forward with the meeting as proffered by Mr. Price, and that Micron had no intent of entering into a license with Rambus.  Rambus can cross-examine to show that Rambus remained willing to negotiate and would have liked to enter into a license.  However, whether Micron entered into any joint defense agreements or developed a joint litigation strategy with Hynix or other manufacturers seems irrelevant.  Even if cross-examination on any joint defense agreement or litigation coordination efforts has some marginal relevance regarding bias, the probative value is substantially outweighed by the risk of substantial prejudice and confusion of the issues.

There is no need for Mr. Appleton to testify about the foreign patent litigation as Dr. Gilbert used a United States geographic market, the foreign patent litigation raises a number of issues that would have to be explained, and the lawsuits were instituted after Micron filed suit and thus do not shed much additional light on Micron's intent in not taking a license and its alleged need to institute litigation.

The court believes that Hynix wishes to call D.S. Chung to provide similar testimony regarding Hynix's license negotiations with Rambus.  As with Mr. Appleton, Mr. Chung may testify why Hynix chose to break off negotiations with Rambus.  The same limits on cross-examination applicable to Mr. Appleton apply to Mr. Chung.

<u>Argument regarding the Manufacturers' litigation conduct</u>.  Rambus's opening and transition statements suggest that one of Rambus's themes is that the large, conniving Manufacturers actually instigated the litigation to put an up-start innovator out of business.  The court believes that any potential prejudice from statements made to date may be eliminated by taking judicial notice of the United States lawsuits between the parties and the claims therein.  The court will also provide an

ORDER REGARDING POST-*HITACHI* LITIGATION CONDUCT
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                                                        4

1  instruction explaining the nature of a declaratory relief action.  Further, if deemed necessary, the
2  court can give a closing instruction that whether the Manufacturers engaged in joint litigation
3  strategy is not relevant to the issue of whether Rambus engaged in conduct that violates the antitrust
4  laws.

DATED:   3/16/2008

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

| **Counsel for Rambus Inc., all actions** | | **Counsel for Hynix entities, C-00-20905 and C-05-00334** | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

| Counsel for Nanya entities, C-05-00334 | | Counsel for Samsung entities, C-05-00334 and C-05-02298 | |
|---|---|---|---|
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Glenn Michael Levy | glevy@orrick.com | David J. Healey | david.healey@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | | |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| Counsel for intervenor, Texas Instruments, Inc., C-05-00334 | |
|---|---|
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:**   3/16/08                                                TSF
                                                                    **Chambers of Judge Whyte**

ORDER REGARDING POST-*HITACHI* LITIGATION CONDUCT
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                                                7