1   Gregory P. Stone (State Bar No. 078329)
    Steven M. Perry (State Bar No. 106154)
2   Sean Eskovitz (State Bar No. 241877)
    MUNGER, TOLLES & OLSON LLP
3   355 South Grand Avenue, 35th Floor
    Los Angeles, California 90071-1560
4   Telephone: (213) 683-9100;
    Facsimile: (213) 687-3702
5   Email: *gregory.stone@mto.com;*
    *steven.perry@mto.com; sean.eskovitz@mto.com*
6
    Peter A. Detre (State Bar No. 182619)
7   Carolyn Hoecker Luedtke (State Bar No. 207976)
    MUNGER, TOLLES & OLSON LLP
8   560 Mission Street, 27th Floor
    San Francisco, California 94105
9   Telephone: (415) 512-4000;
    Facsimile: (415) 512-4077
10  Email: *peter.detre@mto.com;*
    *carolyn.luedtke@mto.com*
11

    Rollin A. Ransom (State Bar No. 196126)
    SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
    Los Angeles, California 90013-1010
    Telephone: (213) 896-6000;
    Facsimile: (213) 896-6600
    Email: *rransom@sidley.com*

    Pierre J. Hubert (Pro Hac Vice)
    Craig N. Tolliver (Pro Hac Vice)
    McKOOL SMITH PC
    300 West 6th Street, Suite 1700
    Austin, TX 78701
    Telephone: (512) 692-8700;
    Facsimile: (512) 692-8744
    E-mail: *phubert@mckoolsmith.com;*
    *ctolliver@mckoolsmith.com*

12  Attorneys for RAMBUS INC.

13              UNITED STATES DISTRICT COURT

14     FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

15

16  HYNIX SEMICONDUCTOR INC., et al.,        CASE NO. CV 00-20905 RMW

17                   Plaintiffs,             **RAMBUS INC.'S OBJECTIONS TO THE
                                             MANUFACTURERS' REVISED PROPOSED
18          v.                               JURY INSTRUCTIONS (POST EVIDENCE)**

19  RAMBUS INC.,                             Trial Date:    January 29, 2008
                                             Time:          1:30 p.m.
20                   Defendant.              Location:      Courtroom 6
                                             Judge:         Hon. Ronald M. Whyte
21

22  RAMBUS INC.,                             CASE NO. C 05-00334 RMW

23                   Plaintiff,

24          v.

25  HYNIX SEMICONDUCTOR INC., et al.,

26                   Defendants.

27

28

4695746.1

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1    RAMBUS INC.,

2               Plaintiff,

3        vs.

4    MICRON TECHNOLOGY INC. and
     MICRON SEMICONDUCTOR

5    PRODUCTS, INC.,

6             Defendants.

CASE NO. C-06-00244 RMW

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-2-

1    Rambus Inc. ("Rambus") submits the following objections to the Manufacturers' revised

2    proposed post-evidence jury instructions.  By submitting these objections, Rambus does not

3    waive its argument that the Manufacturers have no right to a jury on any of their claims or

4    Rambus's objection to the use of a jury.  Rambus's objections and (where applicable) its request

5    that the Court issue alternative instructions proposed by Rambus are without waiver of Rambus's

6    previously asserted objections to the validity of the Manufacturers' claims and/or defenses.

7    Rambus reserves the right to amend or supplement its objections to the Manufacturers' proposed

8    instructions.

9

10   DATED:   March 21, 2008                MUNGER, TOLLES & OLSON LLP

11                                          SIDLEY AUSTIN LLP

12                                          McKOOL SMITH PC

13

14                                          By:_____*/s/ Steven M. Perry*_____
                                                          Steven M. Perry

15                                          Attorneys for RAMBUS INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 1**

The first paragraph of the proposed instruction is misleading and prejudicial in that it summarizes plaintiffs' claims without also summarizing Rambus's contentions.

The first paragraph of the proposed instruction is unnecessary because the Court and counsel will already have summarized both plaintiffs' and defendants' contentions.

The second paragraph of the proposed instruction does not correctly state the purpose of the Sherman Act as described by the United States Supreme Court and the ABA Section of Antitrust Law. *See Northern Pacific Ry. v. United States*, 356 U.S. 1, 4 (1958) ("The Sherman Act was designed to be a comprehensive charter of economic liberty aimed at preserving free and unfettered competition as the rule of trade. It rests on the premise that the unrestrained interaction of competitive forces will yield the best allocation of our economic resources, the lowest prices, the highest quality and the greatest material progress, while at the same time providing an environment conductive to the preservation of our democratic political and social institutions."); ABA Section of Antitrust Law, Model Jury Instructions in Civil Antitrust Cases, 2005 Edition (2005) (hereinafter "ABA Model Instructions"), at A-2 ("The purpose of the Sherman Act is to preserve free and unfettered competition in the marketplace.  The Sherman Act rests on the central premise that competition produces the best allocation of our economic resources, the lowest prices, the highest quality, and the greatest material progress.")

Rambus requests that, if the Court gives an instruction with respect to the purpose of the Sherman Act, it give ABA Model Instruction "Sherman Act - General" Instruction 1, at A-2.

4695746.1

-1-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1
2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 2**

3   The proposed instruction mischaracterizes the potentially relevant markets at issue in this
4   case and wrongly implies a determination that such markets exist.

5   The proposed instruction is legally incorrect, vague and misleading because it does not
6   make clear that each plaintiff bears the burden of establishing each relevant element as to itself.

7   The proposed instruction is legally incorrect and misleading because it fails to state that
8   plaintiffs have the burden of proving that Rambus's conduct was exclusionary or anticompetitive
9   by clear and convincing evidence. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed.
10  Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir.
11  1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

12  The proposed instruction misstates the law by stating that a plaintiff need prove only that
13  Rambus "enhanced . . . its monopoly power" in order to prevail.

14  The proposed instruction is vague and misleading and misstates the law by suggesting that
15  "anticompetitive" conduct and "exclusionary" conduct are two different things for purposes of
16  plaintiffs' monopolization claim.

17  The proposed instruction is vague and misleading and misstates the law by suggesting
18  that, even if plaintiffs have failed to prove, for example, a relevant market, the jury must continue
19  to consider plaintiffs' attempted monopolization claim.

20  The proposed instruction is improper because it assumes that plaintiffs have any
21  admissible direct evidence of monopoly power.

22  Rambus requests that the Court issue Rambus's proposed instruction 1, which adheres
23  closely to the ABA Model Instructions at C-2.

1 | **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**
2 | **INSTRUCTION NO. 3**

3     The proposed instruction is incorrect, misleading and incomplete because it fails to

4 include an explanation of the purpose of defining a relevant market in a monopolization or

5 attempted monopolization case, as is done in the ABA Model Instructions, at C-6.

6     The proposed instruction misstates the law by stating that a plaintiff need prove only that

7 Rambus "enhanced . . . its monopoly power" in order to prevail.

8     The proposed instruction is legally incorrect and misleading because it fails to state that

9 plaintiffs have the burden of proving that Rambus's conduct was exclusionary or anticompetitive

10 by clear and convincing evidence. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed.

11 Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir.

12 1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

13     The proposed instruction is incorrect, misleading and incomplete because it fails to

14 include an explanation of the economic determinations that must be made in order to decide

15 whether plaintiffs have proven that Rambus has monopoly power in a relevant market, as is done

16 in the ABA Model Instructions, at C-6.

17     Rambus requests that the Court issue Rambus's proposed instruction 3, which adheres

18 closely to the ABA Model Instructions at C-6.

19
20
21
22
23
24
25
26
27
28

1    **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2    **INSTRUCTION NO. 3(a)**

3        The proposed instruction is legally incorrect and misleading, in that it neither correctly nor

4    adequately explains a relevant product market or how the jury is to determine whether plaintiffs

5    have proven such a market by a preponderance of the evidence.  As examples, in the second

6    sentence plaintiffs have deleted from the ABA Model Instruction the crucial words "a consumer

7    believes"; plaintiffs have deleted the important sentence, "This is a practical test with reference to

8    the actual behavior of buyers and marketing efforts of sellers."; and plaintiffs have deleted the

9    entirety of the second paragraph of the Model Instruction, which explains to the jurors the

10   significance of price elasticity.

11       The proposed instruction is legally incorrect and misleading in that it omits some of the

12   factors that should be considered by the jury in determining whether plaintiffs have proven a

13   relevant product market.

14       The proposed instruction mischaracterizes the potentially relevant markets at issue in this

15   case.

16       The proposed instruction is incomplete and misleading in that it summarizes plaintiffs'

17   contentions with respect to the relevant market without also summarizing Rambus's contentions.

18       The proposed instruction misstates the law by stating that a plaintiff need prove only that

19   Rambus "enhanced . . . its monopoly power" in order to prevail.

20       The proposed instruction is argumentative and makes unwarranted factual assumptions.

21       The proposed instruction is improper because it assumes that plaintiffs have any

22   admissible direct evidence of monopoly power.

23       Rambus requests that the Court issue Rambus's proposed instruction 4, which adheres

24   closely to the ABA Model Instructions at C-7─C-9.

25

26

27

28

1    **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2    **INSTRUCTION NO. 3(b)**

3        The proposed instruction mischaracterizes the potentially relevant markets at issue in this

4    case.

5        The proposed instruction is legally incorrect and misleading in that it substitutes "users"

6    for "customers."

7        The proposed instruction is incomplete and misleading in that it summarizes plaintiffs'

8    contentions with respect to the relevant market without also summarizing Rambus's contentions.

9        The proposed instruction is argumentative.

10       The second sentence of the second paragraph wrongly implies a determination that "each

11   of the six DRAM interface technology markets" in fact exists.

12       The proposed instruction omits factors that should be considered in determining whether

13   plaintiffs have proven a relevant geographic market.

14       The proposed instruction is legally incorrect and misleading in that it suggests that a

15   relevant market may be defined solely by reference to the scope of a patent.

16       Rambus requests that the Court issue Rambus's proposed instruction 5, which adheres

17   closely to the ABA Model Instructions at C-13—C-14.

18

19

20

21

22

23

24

25

26

27

28

1
2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 4**

3      The proposed instruction is incomplete and misleading in that it fails to state that, if

4  plaintiffs have failed to prove by a preponderance of the evidence either a relevant product market

5  or a relevant geographic market, the jury must find for Rambus on the monopolization and

6  attempt to monopolize claims.

7      The proposed instruction is legally incorrect in that it fails to state that plaintiffs have the

8  burden of proving that Rambus has the ability both to control prices and to exclude competition.

9  *See id*. at C-24 ("[P]laintiff must prove that defendant has the ability to exclude competition.")

10      The proposed instruction is incomplete and misleading in that it fails to specify that

11  plaintiffs have the burden of proving that Rambus has monopoly power in a relevant antitrust

12  market.  *See* ABA Model Instructions, at C-4.

13      The proposed instruction is vague and misleading in that it equates the undefined term

14  "market control" with "monopoly power."

15      The proposed instruction is improper because it assumes that plaintiffs have any

16  admissible direct evidence of monopoly power.

17      Rambus requests that the Court issue Rambus's proposed instructions 2 and 6, which

18  adhere closely to the ABA Model Instructions at C-4 and C-15.

19
20
21
22
23
24
25
26
27
28

4695746.1

-6-

1 | **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**
2 | **INSTRUCTION NO. 5**

3      The proposed instruction is improper because it assumes that plaintiffs have any

4 admissible direct evidence of monopoly power.

5      The proposed instruction is legally incorrect and misleading in that it fails to make clear

6 that plaintiffs have the burden of proof.  *See* ABA Model Instructions at C-23 ("Plaintiff has the

7 burden of proving"; "Plaintiff must prove"; "Plaintiff must also prove").

8      The proposed instruction is legally incorrect in that it misstates the test for whether

9 Rambus has monopoly power by, among other things, omitting the words "profitably" and

10 "substantially" from the first sentence of the instruction.  *See id*. ("a firm is a monopolist if it can

11 profitably raise or maintain prices substantially above the competitive level for a significant

12 period of time").

13      The proposed instruction is legally incorrect in that it fails to state that plaintiffs have the

14 burden of proving that Rambus has the ability to exclude competition.  *See id*. at C-24

15 ("[P]laintiff must prove that defendant has the ability to exclude competition.")

16      The proposed instruction is legally incorrect in that it fails to state that the ability to earn

17 high profit margins or a high rate of return does not necessarily mean that a defendant has

18 monopoly power.  *See id*.

19      The next to last sentence of the proposed instruction is legally incorrect and misleading in

20 that it suggests that Rambus may have the burden of showing that "users [would] switch to

21 alternative technologies."  *See id*.

22      The next to last sentence of the proposed instruction is legally incorrect and misleading in

23 that it states that, if "an attempt to charge royalties above competitive levels would cause users to

24 switch to alternative technologies," the jury only "may" find that Rambus does not have

25 monopoly power, rather than being required to so find.  *See id.* ("If defendant attempted to

26 maintain prices above competitive levels, but would lose so much business to other competitors

27 that the price increase would become unprofitable and would have to be withdrawn, then

28 defendant does not have monopoly power.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The last sentence of the instruction is entirely improper because it constitutes attorney argument and expert testimony, not instructions about the legal standards applicable to plaintiffs' claims.

4695746.1

-8-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 6**

3        The proposed instruction is improper because it assumes that plaintiffs have any

4   admissible direct evidence of monopoly power.

5        The proposed instruction is legally incorrect and misleading because it suggests that the

6   existence of any direct evidence of monopoly power is necessarily sufficient to satisfy plaintiffs'

7   burden of proving that Rambus has monopoly power by a preponderance of the evidence.

8        The proposed instruction is legally incorrect and misleading because it suggests that the

9   existence of any direct evidence of monopoly power necessarily eliminates the need for plaintiffs

10  to prove by a preponderance of the evidence the relevant product and geographic markets.

11       The proposed instruction is legally incorrect and misleading because it suggests that proof

12  of a relevant market and monopoly power is sufficient for a finding in favor of plaintiffs on the

13  monopolization and attempted monopolization claims.  *See* ABA Model Instructions at C-25 ("If

14  you find that defendant has monopoly power in the relevant market, then you must consider the

15  remaining elements of this claim.").

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-9-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 7**

The proposed instruction is legally incorrect and misleading because it omits factors that should be considered in determining whether plaintiffs have met their burden of proving that Rambus has monopoly power.  *See* ABA Model Instructions, at C-16─C-19 (specifying "entry and exit by other companies" and "number and size of competitors" as factors).

The proposed instruction is legally incorrect and misleading because it suggests that the existence of any one of the specified factors is sufficient to prove that Rambus has monopoly power.

The proposed instruction is legally incorrect and misleading because it misstates the test for whether Rambus has monopoly power in a relevant market.

The proposed instruction is improper and prejudicial because it assumes the existence of "six relevant technology markets."

The proposed instruction is legally incorrect, misleading and prejudicial because it misstates the law with respect to the significance of various market shares to a determination of *monopoly* power (as opposed to *market* power), by suggesting that 65% creates a presumption of monopoly power and that 50% may be sufficient without direct evidence of the power to control prices and exclude competition.  This is squarely contrary to controlling law.  *See Image Technical Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1206 (9th Cir. 1997) ("Courts generally require a 65% market share to establish a prima facie case of *market* power. . . . Noting that '*monopoly* power' under § 2 requires 'something greater than market power under § 1,' the [Supreme] Court held that the evidence that Kodak controls nearly *100%* of the parts market and *80% to 95%* of the service market [was] sufficient to survive summary judgment."; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 109 (2d Cir. 2002) (Absent additional evidence, such as an ability to control prices or exclude competition, *a 64 percent market share is insufficient to infer monopoly power*." (emphases added).

4695746.1

-10-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE), CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1    The proposed instruction is improper to the extent it suggests that "a recognized standard"

2  or a patent is a barrier to entry.  Those subjects are properly addressed, if at all, in attorney

3  argument and expert testimony.

4    Rambus requests that the Court issue Rambus's proposed instruction 7, which adheres

5  closely to the ABA Model Instructions at C-16─C-19.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 8**

The proposed instruction is incomplete, legally incorrect and misleading because it fails to state that plaintiffs have the burden of proving that Rambus willfully acquired or maintained monopoly power through anticompetitive acts or practices and that, if plaintiffs fail to do so, the jury must find in favor of Rambus on the monopolization claim. *See* ABA Model Instructions at C-26─C-30.

The proposed instruction is legally incorrect because it fails to state that plaintiffs must prove by clear and convincing evidence that Rambus willfully acquired or maintained monopoly power through anticompetitive acts or practices. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed. Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir. 1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

The proposed instruction is incomplete and legally incorrect because it omits the crucial statement that "a monopolist may charge monopoly prices without violating the antitrust laws." *See* ABA Model Instructions at C-26.

The proposed instruction is incomplete, vague and misleading because it fails to provide examples to illustrate the differences between the lawful and unlawful acquisition of monopoly power. *See id*. at C-27─C-28.

The proposed instruction is incomplete, legally incorrect and misleading because it omits the entire last paragraph of the Model Instruction, which explains the circumstances under which the jury may not find that Rambus's acquisition of monopoly power was unlawful. *See id*. at C-29.

Rambus requests that the Court issue Rambus's proposed instruction 9, which adheres closely to the ABA Model Instructions at C-26─C-30.

4695746.1

-12-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1

2

## RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 8(a)

3      The proposed instruction is entirely improper because it constitutes attorney argument and

4  expert testimony, not instructions about the legal standards applicable to plaintiffs' claims.

5      The proposed instruction is misleading, incomplete and prejudicial, because it purports to

6  summarize plaintiffs' contentions in detail but fails to summarize Rambus's contentions

7  accurately or in the same detail.  Moreover, the final sentence of the first paragraph, and the

8  entirety of the second and third paragraphs, are presented as fact, not as the Manufacturers'

9  contentions, even though the "facts" in question are in dispute.

10      To the extent that the proposed instruction purports to rely upon *Broadcom Corp. v.*

11  *Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007), which was decided at the motion to dismiss stage

12  and contains no discussion of jury instructions, the instruction is inaccurate, incomplete and

13  misleading.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-13-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1    **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2    **INSTRUCTION NO. 8(b)**

3        The proposed instruction is entirely improper because it constitutes attorney argument, not

4    instructions about the legal standards applicable to plaintiffs' claims.

5        The proposed instruction is legally incorrect, misleading and prejudicial because it

6    instructs that a disclosure obligation may have arisen through principles of contractual assent

7    between Rambus and JEDEC or based on JEDEC's rules.  This Court already has held that "[t]he

8    alleged agreement between JEDEC and Rambus or JEDEC members and Rambus was not

9    definite enough to make clear to Rambus what disclosures it was required to make, if any[,]" that

10    "Rambus's membership in JEDEC did not, as a matter of law, create a contract between JEDEC

11    and Rambus or JEDEC members and Rambus, and that JEDEC's patent policy was too "unclear"

12    and "indefinite" to give rise to a disclosure obligation.  7/17/06 Order at 10:2-3, 11-12; 1/5/0

13    Order at &:6-22.  *See also Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1102 (Fed. Cir.

14    2003).  ("There is a staggering lack of defining details in the EIA/JEDEC patent policy.   When

15    direct competitors participate in an open standards committee, their work necessitates a written

16    patent policy with clear guidance on the committee's intellectual property position.   A policy that

17    does not define clearly what, when, how, and to whom the members must disclose does not

18    provide a firm basis for the disclosure duty necessary for a fraud verdict.").  In addition, the

19    proposed instruction is legally incorrect, misleading and prejudicial because it instructs the jury it

20    may find actionable disclosure obligations based upon "vaguely defined expectations as to what

21    [JEDEC members] believe the [JEDEC] policy requires--whether the policy in fact so requires or

22    not." *Rambus*, 318 F.3d at 1102.  *See also id.* at n.10 (criticizing the consequences of "after-the-

23    fact morphing of a vague, loosely defined policy to capture actions not within the actual scope of

24    that policy").

25        The instruction is misleading and prejudicial because it does not make it clear that, if there

26    was any duty of disclosure imposed on JEDEC members, that duty did not require a JEDEC

27    member to disclose its beliefs about its patent applications, its intentions to file or amend its

28    patent applications, or its hopes about what its patents would ultimately cover; and that, if there

4695746.1

-14-

1   was any duty of disclosure imposed on JEDEC members, that duty ended once a member

2   formally withdrew from JEDEC.  7/17/06 Order at 17:18-19, 26-27.

3         Rambus requests that the Court issue Rambus's proposed instructions 31-41.

-15-

1
2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 8(c)**

3    The proposed instruction is argumentative and improper because it singles out one type of
4    evidence for special mention to the jury.

5    The proposed instruction is argumentative, incorrect and misleading both because it
6    wrongly implies that an intent to deceive constitutes sufficient proof of deception to satisfy
7    plaintiffs' burden of proof.

8    The proposed instruction is incorrect and misleading because it suggests that a showing
9    that JEDEC, as opposed to one or more Manufacturers, was deceived would be sufficient to
10   satisfy plaintiffs' burden of proof.

11   The instruction is not supported by the authority cited.  The Court of Appeals in *United*
12   *States v. Microsoft Corp.*, 253 F.3d 34, 59 (D.C. Cir. 2000), stated only that, when considering
13   "whether the monopolist's conduct on balance harms competition and is therefore condemned as
14   exclusionary," "[e]vidence of the intent behind the conduct . . . is relevant only to the extent it
15   helps us understand the likely effect of the monopolist's conduct."  This relates to what the effect
16   of the conduct would be on competition, not whether the conduct was deceptive—which depends
17   upon whether the plaintiff heard or saw a representation of fact by the defendant, whether it was
18   material, whether it was false, whether the plaintiff knew it was false, whether the plaintiff
19   reasonably relied on it, and whether the plaintiff was injured as a result.

20
21
22
23
24
25
26
27
28

4695746.1

-16-

1        **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2        **INSTRUCTION NO. 9**

3        The proposed instruction is legally incorrect and misleading because it fails to state that

4 plaintiffs have the burden of proving that Rambus's conduct was exclusionary or anticompetitive

5 by clear and convincing evidence.  *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed.

6 Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir.

7 1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

8        The proposed instruction is legally incorrect and misleading because it wrongly suggests

9 that Rambus has the burden of proving by a preponderance of the evidence that it had a

10 legitimate, pro-competitive justification for its conduct.  *City of Vernon v. Southern California*

11 *Edison Co.*, 955 F.2d 1361, 1366 (9th Cir. 1992) ("Although the defendant generally has the

12 burden of *coming forward* with a legitimate business justification after the plaintiff has shown

13 evidence of monopolistic intent, *the plaintiff . . . ultimately has the burden of proving that the*

14 *defendant acted without a legitimate business justification*."); *United States v. Microsoft Corp.*,

15 253 F.3d 34, 59 (D.C. Cir. 2001) ("if a plaintiff [demonstrates] anticompetitive effect, then the

16 monopolist may *proffer* a 'procompetitive justification' for its conduct.  If the monopolist *asserts*

17 a procompetitive justification . . . then the burden shifts back to the plaintiff to rebut that claim.")

18 (emphases added).

19        The proposed instruction is legally incorrect because it wrongly suggests that having a

20 legitimate business justification is merely a "defense to the monopolization claims."  It is the

21 Manufacturers' burden to prove that Rambus acted without a legitimate business justification.

22        The proposed instruction is legally incorrect and misleading in that it defines a legitimate

23 business justification too narrowly, as "something that increased efficiency and benefited

24 consumers."  *See* ABA Model Instructions, at C-39 ("A legitimate business purpose is one that

25 benefits the actor regardless of any harmful effect on competitors, such as a purpose to promote

26 efficiency or quality, offer a better product or service, or increase short run  profits.")

27

28

1    The proposed instruction is legally incorrect and misleading in that it suggests that a

2  business justification is not legitimate if a defendant's conduct was not the "least restrictive

3  means" to accomplish the business objective.

4    The proposed instruction is improper because it is argumentative.

5    Rambus requests that the Court issue Rambus's proposed instruction 15, which adheres

6  closely to the ABA Model Instructions at C-39, and the Ninth Circuit's decisions in *City of

7  Vernon v. Southern California Edison Co.*, 955 F.2d 1361 (9th Cir. 1992); *Image Technical

8  Service, Inc. v. Eastman Kodak Co.*, 903 F.2d 612 (9th Cir. 1990); and *Calculators Hawaii, Inc.

9  v. Brandt, Inc.*, 724 F.2d 1332 (9th Cir. 1983).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-18-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 10**

The proposed instruction is legally incorrect and misleading because it omits the words "of Rambus" after "activities" in the last sentence.  *See* ABA Model Instructions, at A-13 ("It is enough if some activities *of the defendant* that were affected by the [alleged conduct] had some effect on interstate commerce.") (emphasis added).

4695746.1

-19-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1 | **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**
2 | **INSTRUCTION NO. 11**

3   The proposed instruction is legally incorrect, vague and misleading because it does not

4 make clear that each plaintiff bears the burden of establishing each relevant element of injury and

5 causation as to itself.

6   The proposed instruction is legally incorrect, incomplete and misleading because it

7 repeatedly omits crucial portions of the ABA Model Instruction on Injury and Causation.  For

8 example, the proposed instruction omits the instruction that, "if you find that plaintiff's injury

9 was caused primarily by something other than the alleged antitrust violation, then you must find

10 that plaintiff has failed to prove that it is entitled to recover damages from defendant."  Further,

11 the proposed instruction omits the instruction, "[y]ou should bear in mind that businesses may

12 incur losses for many reasons that the antitrust laws are not designed to prohibit or protect

13 against—such as where a competitor offers better products or services or where a competitor is

14 more efficient and can charge lower prices and still earn a profit."  ABA Model Instructions at F-

15 3 & F-4.

16   The proposed instruction misstates the law and this Court's rulings with respect to

17 plaintiffs' right to recover attorneys' fees as damages.  *See* 11/4/07 Order Regarding Motion to

18 Strike Jury Demand, 2007 WL 3284069; 7/7/06 Order Regarding *Noerr Pennington*, 2006 WL

19 1883353.

20   The proposed instruction improperly purports to instruct the jurors that the Manufacturers'

21 attorneys' fees were incurred "as a result of [Rambus's] conduct," and it improperly purports to

22 instruct the jurors that such fees are necessarily "injury in fact."

23   Rambus requests that the Court issue Rambus's proposed instruction 20, which adheres

24 closely to the ABA Model Instructions at F-2—F-5, and proposed instructions 21-23.

25

26

27

28

4695746.1

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 12**

The proposed instruction is legally incorrect, vague and misleading because it does not make clear that each plaintiff bears the burden of establishing each relevant element as to itself. In particular, each plaintiff must prove that it was injured in its business or property by Rambus's alleged anticompetitive conduct.

The proposed instruction is legally incorrect and misleading because it fails to state that plaintiffs have the burden of proving that Rambus's conduct was exclusionary or anticompetitive by clear and convincing evidence. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed. Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir. 1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

The proposed instruction is incomplete because it fails to instruct the jurors that, if the evidence is insufficient to prove any one or more of the elements, they must find for Rambus on the attempted monopolization claim.

Rambus requests that the Court issue Rambus's proposed instruction 16, which adheres closely to the ABA Model Instructions at C-84─C-85.

4695746.1

-21-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 13**

The proposed instruction is legally incorrect and misleading because it fails to state that plaintiffs have the burden of proving that Rambus's conduct was exclusionary or anticompetitive by clear and convincing evidence. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed. Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir. 1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

The proposed instruction is incomplete because it fails to instruct the jurors that the Court's previous instructions with respect to plaintiffs' burden to establish relevant markets and its burden to show that Rambus engaged in anticompetitive conduct apply to the attempted monopolization claim as well.

Rambus requests that the Court issue Rambus's proposed instruction 17, which adheres closely to the ABA Model Instructions at C-88.

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 14**

The proposed instruction is redundant, unnecessary and argumentative.

4695746.1

-23-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1  **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2  **INSTRUCTION NO. 15**

3      The proposed instruction is legally incorrect, incomplete and misleading because it fails to

4  instruct the jurors that, if plaintiffs fail to prove that Rambus had a specific intent to monopolize a

5  relevant market, they must find for Rambus on the attempted monopolization claim.  *See* ABA

6  Model Instructions, at C-90 ("If you find that plaintiff fails to prove either [relevant market or

7  specific intent], then you must find for defendant on plaintiff's attempted monopolization claim.")

8      The proposed instruction is legally incorrect, incomplete, vague and misleading because it

9  fails to instruct the jurors that, in determining whether plaintiffs have proven the requisite

10  "specific intent," they must decide "if the evidence shows that [Rambus] acted with the conscious

11  aim of acquiring the power to control prices and to exclude or destroy competition in the relevant

12  market."  *See id*., at C-90─C-91.

13      The proposed instruction is legally incorrect, incomplete and misleading because it fails to

14  instruct the jurors that, while they "may" infer under certain circumstances that Rambus

15  specifically intended to acquire monopoly power, they are not required to do so.  *See id*., at C-91

16  ("then you may *(but are not required to)* infer that defendant specifically intended to acquire

17  monopoly power") (emphasized language omitted from proposed instruction by plaintiffs).

18      Rambus requests that the Court issue Rambus's proposed instruction 18, which adheres

19  closely to the ABA Model Instructions at C-90─C-91.

20

21

22

23

24

25

26

27

28

4695746.1

-24-

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 16**

The proposed instruction is legally incorrect and misleading because it suggests that that the four enumerated factors are the only ones that may be considered.  *See* ABA Model Instructions, at C-95 ("you should consider *such factors as:*"; "these *and other* factors") (emphasized language omitted from proposed instruction by plaintiffs).

The proposed instruction is legally incorrect and misleading because it wrongly suggests that the enumerated factors include thresholds that may be "met" in order to establish a dangerous probability of success.

Rambus requests that the Court issue Rambus's proposed instruction 19, which adheres closely to the ABA Model Instructions at C-95─C-96.

4695746.1

-25-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 17**

3

The proposed instruction is unnecessary, redundant, argumentative, and misleading.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-26-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1
2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 18**

3      The proposed instruction is argumentative, misleading, incomplete and prejudicial,

4   because it purports to summarize the "premise" of plaintiffs' claims.

5      The proposed instruction is incorrect, misleading and prejudicial because it states that "the

6   defendant is liable for fraud," without specifying the various elements that must be proved by

7   plaintiffs before a defendant is liable for fraud.

8      The proposed instruction is incorrect, misleading and prejudicial because it implies that a

9   claim of fraud by concealment may be based on concealed facts or omissions in the absence of a

10  duty to disclose.

11     Rambus requests that the Court issue Rambus's proposed instruction 45, which is BAJI

12  12.30.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2  **INSTRUCTION NO. 19**

3      The proposed instruction is legally incorrect, misleading and prejudicial in stating that a

4  claim for misrepresentation may be based on representations made to JEDEC, as opposed to the

5  individual Manufacturer asserting the claim.

6      The proposed instruction is legally incorrect, misleading and prejudicial because it fails to

7  state that, in order to support a claim for fraud, a representation must be material.

8      The proposed instruction is misleading and prejudicial because it does not make clear that

9  each Manufacturer bears the burden of establishing the relevant elements as to itself.  As written,

10  the instruction provides that a Manufacturer can prove its claim by showing, *e.g.*, that a

11  representation was made to one of the <u>other</u> Manufacturers, or that one of the <u>other</u> Manufacturers

12  relied on the representation.

13      The proposed instruction is misleading and prejudicial because each of its references to a

14  "representation, *taken as a whole*," does not require a finding as to a specific representation.

15      The proposed instruction is legally incorrect, misleading and prejudicial because each of

16  its references to the individual plaintiff's reliance does not make clear that the plaintiff's reliance

17  must have been *justifiable*.

18      Rambus requests that the Court issue Rambus's proposed instruction 46, which is BAJI

19  12.31.

20

21

22

23

24

25

26

27

28

4695746.1

-28-

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 19(a)**

3        The proposed instruction is legally incorrect, misleading and prejudicial because it fails to

4   state that, in order to support a claim for fraud, a representation must be material.

5        The proposed instruction is misleading and prejudicial because it does not make clear that

6   each Manufacturer bears the burden of establishing the relevant elements as to itself.  As written,

7   the instruction provides that a Manufacturer can prove its claim by showing, *e.g.*, that a

8   representation was made to one of the <u>other</u> Manufacturers, or that one of the <u>other</u> Manufacturers

9   relied on the representation.

10        The proposed instruction is misleading and prejudicial because each of its references to a

11   "representation, *taken as a whole*," does not require a finding as to a specific representation.

12        The proposed instruction is legally incorrect, misleading and prejudicial because each of

13   its references to the individual plaintiff's reliance does not make clear that the plaintiff's reliance

14   must have been *justifiable*.

15        Rambus requests that the Court issue Rambus's proposed instruction 46, which is BAJI

16   12.31.

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-29-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 20**

3      The proposed instruction is argumentative and prejudicial, because it summarizes the

4   Manufacturers' contentions and implies that, in fact, "Rambus concealed certain information,

5   etc."

6      Rambus requests that the Court use Rambus's proposed instruction 58, which is BAJI

7   12.37, as a stand-alone instruction in place of the last paragraph of the Manufacturers' proposed

8   instruction 25.  As it appears at the end of this proposed instruction, the final paragraph is vague

9   and confusing because it does not make clear the limited circumstances in which a party with no

10  independent duty to speak nevertheless obligates itself to speak.

11     The proposed instruction is legally incorrect, misleading and prejudicial in omitting to

12  state that Rambus had to be under an affirmative duty to disclose the relevant fact.  Cal. Civil

13  Code § 1710; 7/17/06 Order at 11:8-9.  *See also Shum v. Intel Corp.*, 499 F.3d 1272, 1280 n.3

14  (Fed. Cir. 2007) (applying California law) (on a fraudulent concealment claim, "the defendant

15  must have been under a duty to disclose the fact to the plaintiff"); *Hahn v. Mirda*, 147

16  Cal.App.4th 740, 748 (2007) (same).

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-30-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1  **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2  **INSTRUCTION NO. 20(a)**

3      The proposed instruction is legally incorrect, misleading and prejudicial in stating that a

4  claim for concealment may be based on non-disclosures to, or reliance by JEDEC, as opposed to

5  the individual Manufacturer asserting the claim.

6      The proposed instruction is misleading and prejudicial because it does not make clear that

7  each Manufacturer bears the burden of establishing the relevant elements as to itself.  As written,

8  the instruction provides that a Manufacturer can prove its claim by showing, *e.g.*, that a fact was

9  disclosed to one of the *other* Manufacturers, or that one of the *other* Manufacturers relied on the

10  representation.

11      The proposed instruction is legally incorrect, misleading and prejudicial in omitting to

12  state that Rambus had to be under an affirmative duty to disclose the relevant fact.  Cal. Civil

13  Code § 1710; 7/17/06 Order at 11:8-9.  *See also Shum v. Intel Corp.*, 499 F.3d 1272, 1280 n.3

14  (Fed. Cir. 2007) (applying California law) (on a fraudulent concealment claim, "the defendant

15  must have been under a duty to disclose the fact to the plaintiff"); *Hahn v. Mirda*, 147

16  Cal.App.4th 740, 748 (2007) (same).

17      The proposed instruction is legally incorrect, misleading and prejudicial in omitting to

18  state that the Manufacturer making the claim must show that it would not have acted as it did if it

19  had known of the concealed fact.

20      Rambus requests that the Court issue Rambus's proposed instruction 47, which is BAJI

21  12.35.

22

23

24

25

26

27

28

1
2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 20(a)**

3
4
5

The proposed instruction is legally incorrect, misleading and prejudicial in stating that a claim for concealment may be based on non-disclosures to or reliance by JEDEC, as opposed to the individual Manufacturer asserting the claim.

6
7
8
9
10

The proposed instruction is misleading and prejudicial because it does not make clear that each Manufacturer bears the burden of establishing the relevant elements as to itself.  As written, the instruction provides that a Manufacturer can prove its claim by showing, *e.g.*, that a fact was disclosed to one of the *other* Manufacturers, or that one of the *other* Manufacturers relied on the representation.

11
12
13
14
15
16

The proposed instruction is legally incorrect, misleading and prejudicial in omitting to state that Rambus had to be under an affirmative duty to disclose the relevant fact.  Cal. Civil Code § 1710; 7/17/06 Order at 11:8-9.  *See also Shum v. Intel Corp.*, 499 F.3d 1272, 1280 n.3 (Fed. Cir. 2007) (applying California law) (on a fraudulent concealment claim, "the defendant must have been under a duty to disclose the fact to the plaintiff"); *Hahn v. Mirda*, 147 Cal.App.4[th] 740, 748 (2007) (same).

17
18
19

The proposed instruction is legally incorrect, misleading and prejudicial in omitting to state that the Manufacturer making the claim must show that it would not have acted as it did if it had known of the concealed fact.

20
21

Rambus requests that the Court issue Rambus's proposed instruction 47, which is BAJI 12.35.

22
23
24
25
26
27
28

4695746.1

-32-

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 20(b)**

The proposed instruction is misleading and prejudicial because it does not make clear that each Manufacturer bears the burden of establishing the relevant elements as to itself.  As written, the instruction provides that a Manufacturer can prove its claim by showing, *e.g.*, that a fact was disclosed to one of the *other* Manufacturers, or that one of the *other* Manufacturers relied on the representation.

The proposed instruction is legally incorrect, misleading and prejudicial in omitting to state that Rambus had to be under an affirmative duty to disclose the relevant fact.  Cal. Civil Code § 1710; 7/17/06 Order at 11:8-9.  *See also Shum v. Intel Corp.*, 499 F.3d 1272, 1280 n.3 (Fed. Cir. 2007) (applying California law) (on a fraudulent concealment claim, "the defendant must have been under a duty to disclose the fact to the plaintiff"); *Hahn v. Mirda*, 147 Cal.App.4th 740, 748 (2007) (same).

The proposed instruction is legally incorrect, misleading and prejudicial in omitting to state that the Manufacturer making the claim must show that it would not have acted as it did if it had known of the concealed fact.

Rambus requests that the Court issue Rambus's proposed instruction 47, which is BAJI 12.35.

4695746.1

-33-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY
INSTRUCTION NO. 21**

The proposed instruction is misleading and prejudicial because it does not expressly require each Manufacturer to establish reliance based upon its *own* actions, rather than the actions of one of the other Manufacturers.

The proposed instruction is argumentative, misleading and prejudicial because it begins, "[t]he Manufacturers relied on Rambus's misrepresentations and half-truths . . . ."

The proposed instruction misstates the law with respect to when the Manufacturers are "deemed to have relied on" any concealment or omission.

The proposed instruction further misstates the law with respect to a presumption of reliance when the facts that are misrepresented or concealed are "important facts." Misrepresentation or concealment of "important facts" and reliance are two *separate* elements of a claim for fraud.

Rambus requests that the Court issue Rambus's proposed instruction 49, which is BAJI 12.51.

4695746.1

-34-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 22**

The proposed Instruction is in error because it does not require each Manufacturer to establish that the terms of the alleged misrepresentation were repeated to it or the substance communicated to it.  11/26/2007 Order at 13, 13 n.4; *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095-97 (1993).

The proposed instruction is incorrect because it suggests that it is sufficient for Rambus's conduct to have created a "false *impression*," as opposed to Rambus's having represented that a fact was true while knowing that it was false.

Item 2 is in error because it does not require that Rambus intend that the alleged misrepresentation be repeated and instead incorrectly premises liability on an intention to "affect the JEDEC standardization process."  Restatement of Torts (Second) § 533.

Item 3 is in error because it does not require that the JEDEC standards convey the terms or the substance of the alleged misrepresentation, but only that those standards "were materially influenced by the substance" of the alleged misrepresentation.  11/26/2007 Order at 13, 13 n. 4; *Mirkin*, 5 Cal. 4th at 1095-97.

Item 4 is in error because it states that reliance can be based on "the JEDEC standards that reflected the misrepresentations, half-truths, or omissions" whereas, to establish reliance, each Manufacturer must demonstrate that the terms of the alleged misrepresentation were repeated to it or the substance communicated to it.  11/26/2007 Order at 13, 13 n.4; *Mirkin*, 5 Cal. 4th at 1095-97.

In addition, the proposed instruction is legally incorrect in that its use of "or" between the Manufacturers' names ("Hynix, Micron, or Nanya") suggests that only one of the Manufacturers need establish reliance for Rambus to be liable to all of the Manufacturers.  The law requires each Manufacturer to demonstrate reliance as to itself.  11/26/2007 Order at 13 n. 4.

The proposed instruction is legally incorrect, misleading and prejudicial in omitting to state that Rambus had to be under an affirmative duty to disclose the relevant fact.  Cal. Civil Code § 1710; 7/17/06 Order at 11:8-9.  *See also Shum v. Intel Corp.*, 499 F.3d 1272, 1280 n.3

4695746.1

-35-

1   (Fed. Cir. 2007) (applying California law) (on a fraudulent concealment claim, "the defendant

2   must have been under a duty to disclose the fact to the plaintiff"); *Hahn v. Mirda*, 147

3   Cal.App.4th 740, 748 (2007) (same).

4           Rambus requests that the Court issue Rambus's proposed instruction 59, which is BAJI

5   12.50, and proposed instruction 48.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-36-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 23**

The proposed Instruction is in error because it allows reliance on something that merely "reflects" a misrepresentation or "expresses the substance" of the misrepresentation whereas, to establish reliance, each Manufacturer must demonstrate that the terms of the alleged misrepresentation were repeated to it or the substance communicated to it.  11/26/2007 Order at 13, 13 n.4; *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095-97 (1993).

Item 1 is in error because it does not require that Rambus intend that the alleged misrepresentation be repeated and instead incorrectly premises liability on an "intent that JEDEC act based on the misrepresentations or concealments."  Restatement of Torts (Second) § 533.

Item 2 is in error because it does not require that the JEDEC standards convey the terms or the substance of the alleged misrepresentation, only that those standards "reflect" the misrepresentation or "express the effect of the substance" of the misrepresentations.  11/26/2007 Order at 13, 13 n.4; *Mirkin*, 5 Cal. 4th at 1095-97.

Item 3 is in error because it states that the Manufacturers can establish reliance on something that merely "reflect[s] or express[es] the substance of Rambus's alleged" misrepresentations whereas, to establish reliance, each Manufacturer must demonstrate that the terms of the alleged misrepresentation were repeated to it or its substance communicated to it.  11/26/2007 Order at 13, 13 n.4; *Mirkin*, 5 Cal. 4th at 1095-97.  The Manufacturers rely upon the *dissenting* opinion in *Mirkin*.

The proposed instruction is legally incorrect, misleading and prejudicial in omitting to state that Rambus had to be under an affirmative duty to disclose the relevant fact.  Cal. Civil Code § 1710; 7/17/06 Order at 11:8-9.  *See also Shum v. Intel Corp.*, 499 F.3d 1272, 1280 n.3 (Fed. Cir. 2007) (applying California law) (on a fraudulent concealment claim, "the defendant must have been under a duty to disclose the fact to the plaintiff"); *Hahn v. Mirda*, 147 Cal.App.4th 740, 748 (2007) (same).

In addition, the proposed instruction is legally incorrect in that its use of "or" between the Manufacturers' names ("Hynix, Micron, or Nanya") suggests that only one of the Manufacturers

4695746.1

-37-

1   need establish reliance for Rambus to be liable to all of the Manufacturers.  The law requires each

2   Manufacturer to demonstrate reliance as to itself.  11/26/2007 Order at 13 n. 4.

4695746.1

-38-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 24**

The BAJI instructions use the term "material," rather than "important."  Rambus requests that the Court replace the word "important" with "material" in this instruction.

-39-

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 25**

3      The proposed instruction is legally incorrect, misleading and prejudicial because the only

4  exception applicable in this case to the general rule that statements of opinion are not actionable

5  is for one party to hold itself out as possessing superior knowledge or special information and the

6  other party to be so situated as to make reasonable its reliance upon such superior knowledge or

7  special information.  11/26/07 Order at 15:5-16:9.

8      The proposed instruction is legally incorrect, misleading and prejudicial in stating that

9  each Manufacturer can establish an actionable representation of fact based on statements to one of

10  the other Manufacturers, or to JEDEC.

11      Rambus requests that the Court issue Rambus's proposed instruction 53, which is BAJI

12  12.32.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-40-

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 26**

3      The proposed instruction is legally incorrect, misleading and prejudicial in stating that a

4  duty to disclose may arise when one person knows important facts and also knows the facts are

5  neither known nor readily accessible to the other person, without specifying that the parties have

6  to be in the type of relationship that gives rise to a duty to disclose such facts. *LiMandri v.*

7  *Judkins*, 52 Cal. App. 4th 326, 336-37 (1997).

8      The proposed instruction also is legally incorrect, misleading and prejudicial in stating

9  that a person has a duty to correct prior statements absent an independent duty to do so. *Id.*

10  There is no free-floating duty for a party to correct prior statements made to another party, and

11  none of the cases the Manufacturers cite holds there is such a duty. *Stevens v. Marco*, 147 Cal.

12  App. 2d 357 (1956), is inapposite, because the parties were in a fiduciary (lawyer-client) and joint

13  venturer relationship. *Id.* at 374-76.

14      The proposed instruction is legally incorrect, misleading and prejudicial in omitting to

15  state that Rambus had to be under an affirmative duty to disclose the relevant fact.  Cal. Civil

16  Code § 1710; 7/17/06 Order at 11:8-9.  *See also Shum v. Intel Corp.*, 499 F.3d 1272, 1280 n.3

17  (Fed. Cir. 2007) (applying California law) (on a fraudulent concealment claim, "the defendant

18  must have been under a duty to disclose the fact to the plaintiff"); *Hahn v. Mirda*, 147

19  Cal.App.4th 740, 748 (2007) (same).

20      The last paragraph of the proposed instruction is argumentative and misleading.  Rambus

21  incorporates herein its objections to the Manufacturers' Proposed Instruction No. 8(b).

22      Rambus requests that the Court issue Rambus's proposed instructions 56 and 58, which

23  are BAJI 12.36 (modified to reflect this Court's prior rulings) and 12.37, and proposed instruction

24  57.

25

26

27

28

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 27**

3

4

The proposed instruction is misleading and prejudicial because it does not instruct the jury that a plaintiff cannot recover unless its reliance is *justifiable*.

5

6

7

8

9

10

11

12

13

The proposed instruction is incorrect, misleading and prejudicial when it states that "the entities are not required to make an independent inquiry or investigation." Neither CACI No. 1908 nor BAJI 12.52, the two authorities cited, say anything of the kind. BAJI 12.52 states that a plaintiff "must have been justified in [his/her] reliance, that is, it was reasonable in the light of the circumstances and the [plaintiff's] intelligence, experience and knowledge, to accept the representation without making an independent inquiry or investigation." Thus, the jury could properly decide that, in light of the Manufacturers' intelligence, experience and knowledge and the other circumstances, it was *not reasonable* for them to rely on any representations or omissions by Rambus without making an independent inquiry or investigation.

14

15

Rambus requests that the Court issue Rambus's proposed instruction 50, which is BAJI 12.52.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 28**

3        The first sentence of this proposed instruction is argumentative and improper, in that it

4    purports to summarize the Manufacturers' allegations, rather than instructing the jurors with

5    respect to the law, and without summarizing Rambus's responses to those allegations.

6        This proposed instruction is legally incorrect, misleading and prejudicial because it

7    suggests that the Manufacturers' negligence in failing to discover the facts would not be relevant

8    to whether their reliance on Rambus's alleged misrepresentations or omissions was justifiable and

9    reasonable.  While negligence is not generally an affirmative *defense* to an intentional tort such as

10   fraud, reasonable and justifiable reliance is an *element* of a fraud claim; and, under certain

11   circumstances, negligent conduct by the plaintiff, such as a failure to inquire or investigate, may

12   mean that the plaintiff's reliance was not reasonable or justifiable.  *See* BAJI 12.52 (the plaintiff

13   "must have been justified in that reliance, that is, it was reasonable in the light of the

14   circumstances . . . to accept the representation without making an independent inquiry or

15   investigation").

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-43-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 29**

3        This proposed instruction is improper at this time because any trial of the amount of

4   damages is to occur during a separate phase in the event that Rambus is found liable on any of the

5   Manufacturers' claims.  Trial Transcript at 211:14-18 ("If you decide that . . . a Manufacturer has

6   proven its antitrust or fraud claims, you will be asked to determine, in a relatively short

7   proceeding, the amount of any damages to which they are entitled.")

8        The instruction is argumentative, improper and misleading because the first sentence

9   wrongly implies that Rambus has made intentional misrepresentations, half-truths, omissions or

10  concealments.

11       The instruction is also misleading and prejudicial because it does not require each

12  Manufacturer to establish its *own* damages, as opposed to damage to one of the other

13  Manufacturers.

14       The instruction is legally incorrect, misleading and prejudicial because it instructs the jury

15  that it must award nominal damages to any Manufacturer that cannot prove its actual damages.

16  The jury may award nominal damages *only* if it finds that the Manufacturer in question has

17  proved that actual damages occurred.  11/04/07 Order Granting in Part and Denying in Part

18  Rambus' Motion to Strike Jury Demands ("11/04/07 Order") at 23:15-16.  The Manufacturers

19  cannot prove they suffered any actual damages other than their payment of attorneys' fees, which

20  are not damages on a fraud claim.  *Id*. at 21:20-23:9.

21       The second sentence of the proposed instruction is argumentative and improper.

22

23

24

25

26

27

28

4695746.1

-44-

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 30**

3

4

5

6

7

This proposed instruction is improper because the issue whether punitive damages are recoverable is to be tried, if at all, during the second phase of the conduct trial.  The Court has previously determined that there should be no reference to punitive damages in the instructions during this phase of the trial.  Trial Transcript, 1/29/08, at 36:21─37:9 (striking reference to punitive damages from preliminary instructions).

8

9

10

This proposed instruction is improper also because there is not evidence sufficient to allow a reasonable jury to find that either "malice" or "fraud" on the part of Rambus has been proven by clear and convincing evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-45-

1   **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2   **INSTRUCTION NO. 31**

3        The proposed instruction is legally incorrect, misleading and prejudicial in stating that "it

4   is only those elements and combination or elements which are claimed in the patent claims which

5   are considered to be the patent owner's invention." The statement suggests that a patent's

6   specification can support only one "invention," which can be determined by examining that

7   patent's claims. To the contrary, a patent specification can support multiple inventions that can

8   be claimed in a series of divisional and continuation applications leading to multiple patents, such

9   as the numerous patents stemming from Rambus's original '898 application in this case.

10   Moreover, in light of the arguments that have already been made in this case, the Manufacturers

11   may intend to blur the line between a patent and a patent application and use any such instruction

12   to suggest to the jury that the boundaries of Dr. Farmwald's and Horowitz's "invention" are

13   circumscribed by original claims of the '898 application. *See* Tr., 3/11/08, at 4443:18-20

14   (Manufacturers' counsel arguing in mini-summation that "a patent application was filed which

15   had 150 claims which his honor has already told you the claims define the boundaries of the

16   invention").

17        The proposed instruction is also legally incorrect, misleading and prejudicial in stating

18   that "the claims define the boundaries of the patent's protection and give notice to the public of

19   those boundaries, not the specification." While it is true that the claims of a particular patent

20   define the boundaries of *that* patent's protection, as the authorities cited by the Manufacturers

21   state, it is not true that the specification serves no notice function. To the contrary, the Federal

22   Circuit has held that one purpose of the written description is precisely to provide notice of

23   potential claims. *See Enzo Biochem v. Gen-Probe*, 285 F.3d 1013, 1023 (Fed. Cir. 2002)

24   ("Without a description of what the invention is, however, the notice function of a description in

25   the patent has still not been satisfied."), *rev'd on other grounds*, 323 F.3d 956; *see also Enzo*

26   *Biochem v. Gen Probe*, 323 F.3d 956, 977 (Fed. Cir. 2002) (Rader J, dissenting from denial of

27   rehearing en banc) (pointing out that original purpose of written description requirement was to

28   provide notice of inventions at time before patents contained claims).

4695746.1

-46-

1          Any instruction about the scope of a patent's protection is irrelevant and could only be

2   confusing to the jury, because there is no issue in this case about the scope of any particular

3   patent's protection.

4          Rambus requests that the Court issue Rambus's proposed instruction 27 concerning the

5   elements of patent validity.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 32**

3
4

The Court has stated that it does not intend to submit any non-jury issues to the jury for advisory verdicts, and this proposed instruction therefore is improper and unnecessary.

5
6
7
8
9

The proposed instruction is also entirely improper because it constitutes attorney argument, not instructions about the legal standards applicable to the Manufacturers' claims and/or defenses.  In fact, as evidenced by the argumentative rhetoric and the footnote citation to case law, the instruction appears to have been block copied from one of the Manufacturers' prior briefs.

10
11
12
13

The instruction is legally incorrect, misleading and prejudicial because it misstates the burden of proof, which, because the Manufacturers assert equitable estoppel based on fraud or intentional misconduct, is clear and convincing rather than a mere preponderance.  *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1044-46 (Fed. Cir. 1992) (en banc).

14
15
16
17
18

The instruction also is legally incorrect, misleading and prejudicial because it does not require, as an element of equitable estoppel, that the party asserting estoppel must have been aware not only of Rambus but also of the issued patent that the party seeks to estop Rambus from enforcing.  *Id.* at 1042; *Winbond Elecs. Corp. v. International Trade Comm'n*, 262 F.3d 1363, 1374 (Fed. Cir. 2001).

19
20
21
22
23

The instruction also is legally incorrect, misleading and prejudicial in stating that the first element may be satisfied by "misleading conduct."  The Federal Circuit has made clear that the first element is that the patentee "must 'communicate ... in a misleading way'" that the patentee will not enforce its rights under an issued patent against the accused infringer.  *Aukerman*, 960 F.2d at 1042.

24
25
26
27

The proposed instruction also is legally incorrect, misleading and prejudicial by stating that the party asserting equitable estoppel may satisfy the reliance element by showing the reliance of some other party or entity—i.e., one of the *other* Manufacturers, or of JEDEC – rather than its *own* reliance.

28

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 33**

3

The Court has stated that it does not intend to submit any non-jury issues to the jury for

4

advisory verdicts, and this proposed instruction therefore is improper and unnecessary.

5

The proposed instruction is also entirely improper because it constitutes attorney

6

argument, not instructions about the legal standards applicable to the Manufacturers' claims

7

and/or defenses.

8

Rambus incorporates its objections to the Manufacturers' Proposed Instruction No. 8(b).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY
INSTRUCTION NO. 34**

3   The Court has stated that it does not intend to submit any non-jury issues to the jury for
4   advisory verdicts, and this proposed instruction therefore is improper and unnecessary.

5   The proposed instruction is also entirely improper because it constitutes attorney
6   argument, not instructions about the legal standards applicable to the Manufacturers' claims
7   and/or defenses.

8   The instruction is legally incorrect, misleading and prejudicial because it fails to instruct
9   that Micron must show that Rambus was a patentee under an issued patent at the time of the
10   conduct in question; that Rambus licensed or assigned a right to Micron; and that Rambus
11   thereafter sought to derogate from a right actually granted. *Wang Labs., Inc. v. Mitsubishi*
12   *Electronics Am., Inc.*, 103 F.3d 1571, 1581 (Fed. Cir. 1997).

13   The instruction also is confusing and prejudicial because it fails to define the elements of
14   actual assent or valuable consideration.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 35**

The Court has stated that it does not intend to submit any non-jury issues to the jury for advisory verdicts, and this proposed instruction therefore is improper and unnecessary.

1      **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2      **INSTRUCTION NO. 36**

3      This instruction is improper.  There is no reason for the jury to be instructed that the

4  Manufacturers have asserted defenses to Rambus's patent infringement claims, which are to be

5  adjudicated by the Court.

6      The proposed instruction is misleading and confusing, it that it is inconsistent with and

7  would undermine the Court's instructions to the jury that certain of Rambus's patents are valid,

8  *see* Rambus's Proposed Instruction No. 26, and that the jury should assume that various claims of

9  those patents are infringed by products made and sold by the Manufacturers, *see* Rambus's

10  Proposed Instruction No. 29.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-52-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW

1
2
3

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. [  ]**

**("MANUFACTURERS' LITIGATION STRATEGY)**

4        Rambus objects to the Manufacturers' proposed instruction regarding

5   "Manufacturers' Litigation Strategy" as unnecessary, argumentative, one-sided, and highly

6   prejudicial to Rambus.[1]

7        As Rambus detailed in its March 7, 2008 trial brief, the evidence and argument that it

8   offered regarding post-*Hitachi* coordination by the Manufacturers had been presented in

9   reasonable reliance on the Court's orders, before and during trial.  In a tentative ruling, the Court

10  rejected the Manufacturers' pre-trial motion to exclude this evidence based on Rambus's

11  argument "that the Manufacturers' meetings and coordinated litigation efforts tend to disprove

12  that Rambus's anticompetitive conduct *caused* them to defend patent litigation, but that they

13  collectively chose to engage in litigation."  Order of 2/3/08 at 5 (emphasis in original).  On

14  February 26, after trial was well underway and Rambus had presented argument and evidence

15  relating to post-2000 litigation conduct of the Manufacturers, the Court denied the Manufacturers'

16  further motion to exclude evidence of post-2000 litigation conduct, stating:  "I don't see a

17  problem at this point with the evidence Rambus has offered as to communications between

18  companies."  Trial Tr. at 2685.  Following yet further argument, the Court indicated that it would

19  "stick with my ruling."  *Id*. at 2696.

20       In its March 16, 2008 Order Regarding Post-*Hitachi* Litigation Conduct, the Court

21  decided to exclude any further evidence or argument regarding post-2000 litigation conduct.  In

22  that Order, the Court stated that "any potential prejudice from statements made to date may be

23  eliminated by taking judicial notice of the United States lawsuits between the parties and the

24  claims therein."  At the Court's direction, the parties will be submitting a proposed instruction

25  regarding the various lawsuits that have been filed among them.

26

27
28

---

[1] Rambus understands the Court's ruling regarding post-*Hitachi* litigation conduct, but maintains its position that evidence regarding the Manufacturers' conduct was and is relevant to issues tried in this phase of the case, including causation and injury.

1    Rambus understands the Court's March 16 Order, has complied with it, and will not make

2    any argument in closing statements regarding post-2000 litigation conduct.  Rambus expects that

3    the Manufacturers also will refrain from making any such argument, including about the lawsuits

4    that Rambus has filed against Micron and Hynix and about the timing of certain claims that

5    Rambus has asserted against Nanya.

6    Under all of these circumstances, there is no need or justification for the curative

7    instruction embodied in the first two paragraphs of the Manufacturers' proposed instruction, the

8    inclusion of which would unfairly compromise Rambus's credibility in the eyes of the jury and

9    cause extreme prejudice to Rambus at this late stage of trial.

10    Rambus also objects to the one-sided and argumentative nature of the Manufacturers'

11    proposed instruction (in the third paragraph of its "Litigation Strategy" instruction) regarding

12    declaratory judgment actions − which purports to instruct the jury when such actions are

13    "appropriate" and omits any instruction about the compulsory nature of infringement

14    counterclaims when declaratory judgment suits have been filed in patent actions.  Rambus

15    requests that the Court instead give Rambus's proposed instruction No. 44 regarding declaratory

16    judgment actions.

17

18

19

20

21

22

23

24

25

26

27

28

4695746.1

-54-

RAMBUS'S OBJECTIONS TO MANUFACTURERS' REVISED PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 06-00244 RMW