**E-filed:** 8/24/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. C-00-20905 RMW<br><br>ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES<br><br>**[Re Docket No. 3858]** |
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>Defendants. | No. C-05-00334 RMW<br><br>**[Re Docket No. 2023]** |

ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES
C-00-20905-RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244-RMW; C-08-03343-SI
TSF

**United States District Court**
For the Northern District of California

| | |
|---|---|
| RAMBUS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>    Defendants. | No. C-05-02298 RMW<br><br>**[Re Docket No. 1004]** |
| RAMBUS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.<br><br>    Defendants. | No. C-06-00244 RMW<br><br>**[Re Docket No. 1408]** |
| RAMBUS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NVIDIA CORP.<br><br>    Defendant. | No. C-08-03343 SI<br><br>**[Re Docket No. 23]** |

Pursuant to Civil Local Rule 3-12, Rambus has filed an administrative motion to determine if the recently filed *Rambus Inc. v. NVIDIA Corp.*, C-08-03343 SI is related to the series of cases that have been pending in this court. The court has considered the moving papers filed by Rambus and the response filed by NVIDIA. For the following reasons, the court elects not to relates the cases.

## I. BACKGROUND

Rambus develops, patents and licenses technology relating to memory systems. The

ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES
C-00-20905-RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244-RMW; C-08-03343-SI
TSF                                                                 2

defendants in the cases before this court – the Hynix, Micron, Nanya and Samsung entities – manufacture semiconductor products. The proceedings to date have focused on the industry-standard DRAMs, specifically, the JEDEC-standard SDRAM, DDR* SDRAMs, and GDDR* SDRAMs and some non-standard DRAMs like Micron's RLDRAM.

Rambus's new lawsuit against NVIDIA accuses NVIDIA's memory controllers of infringing seventeen Rambus patents. First Amended Compl., C-08-03343, Docket No. 4 ¶ 11 (N.D. Cal. Jul. 10, 2008). A memory controller exists separately from a DRAM and intermediates between the DRAM and the computer's central processing unit.

Of the seventeen patents at issue in the *NVIDIA* case, only six have been before this court. The court has issued a detailed claim construction order with respect to the Farmwald/Horowitz patents. *Rambus Inc. v. Hynix Semiconductor Inc.*, --- F. Supp. 2d ----, 2008 WL 2754805 (N.D. Cal. 2008). The court has construed most of the terms at issue in the Ware patents. *Rambus Inc. v. Hynix Semiconductor Inc.*, 2008 WL 2955125 (Jul. 25, 2008). A trial on these patents against Hynix, Micron, Nanya and Samsung is scheduled for January of 2009.

The court has no familiarity with the other eleven of the seventeen patents-in-suit against NVIDIA.

NVIDIA appears to seek to assert counterclaims against Rambus based on Rambus's alleged anticompetitive conduct arising from its presence at JEDEC, a standard-setting organization that developed the SDRAM and DDR SDRAM standards while Rambus was a member. *See* First Amended Compl., C-08-00473, Docket No. 7 ¶ 1 (M.D.N.C. Jul. 24, 2008) ("This is a case to stop a standards body patent predator: Rambus Inc."). This court tried similar antitrust claims brought by Hynix, Micron and Nanya in January of 2008. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 2951341 (N.D. Cal. Jul. 24, 2008) (denying motion for new trial).

## II.  ANALYSIS

Civil Local Rule 3-12(a) defines a "related case" as one that concerns "substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before

ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES
C-00-20905-RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244-RMW; C-08-03343-SI
TSF                                        3

different Judges."

The district's case law interpreting the related case rule in the context of patent litigation is sparse, but it provides some guidance. In *Target Therapeutics, Inc. v. Scimed Life Systems, Inc.*, 1996 WL 241692 (N.D. Cal. May 2, 1996), the court denied a motion to relate in litigation involving catheter technology. The court identified three reasons for denying the motion to relate. First, the court noted a minor difference in the identity of the entities in the two cases in that the second case involved the subsidiary of one of the parties in the first case, but not the parent corporation itself. *Id.* at *13. More importantly, the court noted that the catheters at issue in the first case were "significantly different" from the catheters at issue in the second case. *Id.* Finally, the parties failed to explain how relating the two cases would preserve judicial economy or prevent conflicting rulings.

On the other hand, the court recently granted a motion to relate in *Financial Fusion, Inc. v. Ablaise, Ltd.* 2006 WL 3734292 (N.D. Cal. Dec. 18, 2006) (Trumbull, M.J.). There, the court reasoned that the first prong of Rule 3-12(a) was met because the cases involved the same "property" (two patents) and the same "parties" (the patentee, as a declaratory judgment defendant). *Id.* at *3. The second prong was met because "[h]aving two different judges govern discovery disputes and construe claims in the same patents would be unduly burdensome duplication of labor and raise the danger of conflicting results." *Id.* The court also noted that its ruling would not unduly delay the first action because "[r]elation is not consolidation." *Id.* at *4.

The *NVIDIA* case does not meet either prong of Rule 3-12(a). First, it does not concern "substantially the same parties, property, transaction or event." The majority of the patents-in-suit differ from the patents before this court in the existing DRAM cases, so while some of the same property is involved, substantially the same property is not. It could be argued that the same "transaction" or "event" is implicated by NVIDIA's likely counterclaims. Those counterclaims are not yet before this court, as they have only been asserted in North Carolina at this time. While the antitrust "event" may eventually constitute a portion of this case, it will not constitute the substantial whole of this case. Lastly, the accused products in the *NVIDIA* case – memory controllers – interact

ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES
C-00-20905-RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244-RMW; C-08-03343-SI
TSF                                                                                              4

with the DRAMs in the cases already before this court, but they are not the same accused products and will be subject to different claims in the patents-in-suit and require an understanding of a different, albeit related, technology. *Accord Target Therapeutics*, 1996 WL 241692, *13 (observing a "significant" difference in the accused products).

The second prong of Rule 3-12(a) is also not met. Unlike in *Financial Fusion*, it will not be possible to coordinate claim construction in the *NVIDIA* case with the existing cases because claim construction is largely over. Accordingly, it is not possible to reduce the cost or labor of conducting a claim construction hearing. Likewise, the *NVIDIA* case has not begun discovery while discovery is nearly over in the cases currently before this court. It is therefore not possible to consolidate discovery proceedings to reduce labor and cost.

Furthermore, because the court has already issued its claim construction rulings, there is a reduced risk of "conflicting results" because some deference is owed to the existing claim constructions. *See Rambus Inc. v. Hynix Semiconductor Inc.*, --- F. Supp. 2d ----, 2008 WL 2754805, *12-*15. Conflicting results could occur on some issues and have occurred in the past. *Compare Hynix Semiconductor Inc. v. Rambus, Inc.*, 2006 WL 565893 (N.D. Cal. Jan. 5, 2006) *with Samsung Electronics Co., Ltd. v. Rambus Inc.*, 439 F. Supp. 2d 524 (E.D. Va. 2006), *vacated by* 523 F.3d 1374 (Fed. Cir. 2008) ). But relating the cases would not meaningfully mitigate that risk given the many jurisdictions in which *Rambus* cases are pending. *See Micron Tech., Inc. v. Rambus Inc.*, C-00-792 SLR (D. Del.); *Micron Tech., Inc. v. Rambus Inc.*, C-06-269 SLR (D. Del.) (not consolidated with 00-792); *NVIDIA Corp. v. Rambus Inc.*, C-08-473 (M.D.N.C.); *Rambus Inc. v. Micron Tech., Inc.*, CGC-04-431105 (S.F. Sup. Ct.); *Rambus Inc. v. FTC*, Nos. 07-1086, 07-1124 (D.C. Cir.) (FTC's petition for rehearing *en banc* pending).

The court concludes that relating the cases is not necessary to avoid an unduly burdensome duplication of labor and expense or to minimize the chance of conflicting results.

//

//

//

ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES
C-00-20905-RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244-RMW; C-08-03343-SI
TSF                                                                                                  5

### III. ORDER

For the foregoing reasons, the court denies the administrative motion to relate.

DATED:  8/24/2008

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

**Notice of this document has been electronically sent to counsel in: all cases.**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES
C-00-20905-RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244-RMW; C-08-03343-SI
TSF                                                            7

| Counsel for Nanya entities, C-05-00334 | | Counsel for Samsung entities, C-05-00334 and C-05-02298 | |
|---|---|---|---|
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | David J. Healey | david.healey@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | | |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| Counsel for intervenor, Texas Instruments, Inc., C-05-00334 | |
|---|---|
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

| Counsel for defendant, NVIDIA, Corp., C-08-03343 | |
|---|---|
| I. Neel Chatterjee | nchatterjee@orrick.com |
| Robert William Ricketson | rricketson@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 8/24/2008

TSF
**Chambers of Judge Whyte**

ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES
C-00-20905-RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244-RMW; C-08-03343-SI
TSF                                                                 8