United States District Court
For the Northern District of California

E-filed: 9/5/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. C-00-20905 RMW<br><br>ORDER DENYING HYNIX'S MOTION FOR RELIEF FROM PATENT DAMAGES<br><br>**[Re Docket No. 3843]** |

Hynix moves to reduce the damages owed to Rambus based on its unasserted defense of patent exhaustion. Rambus opposes the motion. The court has considered the moving and responding papers and the arguments of counsel. For the reasons set forth below, the court denies the motion.

### I.  BACKGROUND

**A.    Procedural History**

This litigation began on August 29, 2000 when Hynix sued Rambus. *Hynix Semiconductor Inc. v. Rambus Inc.*, C-00-20905, Docket No. 1 (N.D. Cal. Aug. 29, 2000). Hynix filed an amended complaint on October 17, 2000. Docket No. 10. Rambus answered and counterclaimed for patent

infringement on February 5, 2001. Docket No. 69. Hynix filed a second amended complaint on June 11, 2001 to reflect changes to its corporate organization. Docket No. 106. Rambus then filed a revised answer and counterclaim on June 25, 2001. Docket No. 120. Rambus also filed another amended counterclaim on November 25, 2002. Docket No. 249. Hynix answered the amended counterclaim on December 16, 2002. Docket No. 252. Hynix later amended its complaint and answer to allege that Rambus's patents were unenforceable based on unclean hands. *See* Docket Nos. 893, 894 (Mar. 18, 2005). Rambus answered these allegations on April 1, 2005. Docket No. 961. Hynix did not raise the affirmative defense of patent exhaustion in any of these pleadings in the C-00-20905 case. *See* Docket No. 3843, at 2 & fn. 1 (Jul. 7, 2008).

Rambus filed a separate case against Hynix on January 25, 2005. *See Rambus Inc. v. Hynix Semiconductor Inc.*, C-05-00334, Docket No. 1 (N.D. Cal. Jan. 25, 2005). Hynix answered this complaint on June 27, 2005. Docket No. 35. In its answer, Hynix asserted as its sixteenth affirmative defense the doctrine of patent exhaustion. Specifically, Hynix alleged that:

> Upon information and belief, in about September, 2001, Rambus and Intel Corp. ("Intel") entered into a patent cross-license agreement that, inter alia, granted Intel full rights under all Rambus patents, including all of the patents in suit, for the full lives of those patents, to make, use, offer to sell, and sell chipsets including memory controllers intended and specially adapted for use with SDR SDRAM, DDR SDRAM, DDR2 SDRAM, and GDDR3 SDRAM. This agreement between Rambus and Intel is still in effect. The memory controllers and chipsets sold by Intel for particular type(s) of memory, under license to all of the patents in suit, have no substantial use except in combination with one of more of SDR SDRAM, DDR SDRAM, DDR2 SDRAM, and GDDR3 SDRAM. To the extent that the accused Hynix products are combined in systems or otherwise used with any Intel chipsets or memory controllers, Rambus's infringement claims as to some or all of the claims of the patents in suit are barred by the doctrine of patent exhaustion.

*Id.* ¶ 181.

In March and April of 2006, Rambus and Hynix tried the patent claims in the 00-20905 case to a jury. Despite Hynix's allegation that patent exhaustion barred the enforcement of Rambus's patents filed almost a year earlier in the 05-00334 case, Hynix never raised the subject of patent exhaustion in the 00-20905 proceedings. The jury rejected Hynix's defenses of invalidity and non-infringement and returned a verdict in favor of Rambus. It bears noting that the majority of the patents in the 05-00334 case descend from the same original application as the patents litigated in

the 00-20905 case.

On February 22, 2007, Hynix filed an amended answer to Rambus's claims in the 05-00334 case. The amended answer preserved the allegations from paragraph 181 regarding Rambus's patent license with Intel exhausting Rambus's patents. *See* Docket No. 142 ¶ 184. The amended answer also added the following allegation regarding patent exhaustion:

> Upon information and belief, in about December, 2005, Rambus and Advanced Micro Devices, Inc. ("AMD") entered into a patent cross-license agreement that, inter alia, granted AMD full rights under all Rambus patents, including all of the patents in suit, until at least December, 2010, to make, use, offer to sell, and sell integrated circuits including memory controllers (including memory controllers integrated in CPUs and chipsets) intended and specially adapted for use with DRAMs including SDR SDRAM, DDR SDRAM, DDR2 SDRAM, and GDDR3 SDRAM. This agreement between Rambus and AMD is still in effect. The memory controllers (including memory controllers integrated in CPUs and chipsets) sold by AMD for particular type(s) of memory, under license to all of the patents in suit, have no substantial use except in combination with those particular type(s) of memory, including with one of more of SDR SDRAM, DDR SDRAM, DDR2 SDRAM, and GDDR3 SDRAM. To the extent that the accused Hynix products are combined in systems or otherwise used with any AMD memory controllers (including memory controllers integrated in CPUs and chipsets), Rambus's infringement claims as to some or all of the claims of the patents in suit are barred by the doctrine of patent exhaustion.

*Id.* ¶ 185.

Shortly afterward, the court entered a joint case management order based on the parties' proposals for how to manage this complex litigation. The order consolidated the 00-20905 and 05-00334 cases for the purpose of trying Hynix's fraud and antitrust claims against Rambus. Section 7 of the case management order limited any further amendments to the pleadings in any of the consolidated cases:

> No further amendments to the pleadings or this order shall be allowed in any of the Rambus NDCal Cases, except where a pleading or amendment to an existing pleading may be filed as of right or unless a party obtains permission to modify this order upon a showing of good cause. *See* Fed. R. Civ. P. 16(b). To the extent new claims or defenses are asserted in a pleading permitted by this section, the parties shall promptly file with the court, as to each such claim or defense, a statement identifying the phase of the proceedings in which such claim or defense shall be tried.

ORDER DENYING HYNIX'S MOTION FOR RELIEF FROM PATENT DAMAGES
C-00-20905-RMW
TSF 3

*E.g. Rambus*, C-05-00334, Docket No. 174 § 7 (Apr. 24, 2007).[1]  At this point, Hynix had already tried Rambus's patent claims in the 00-20905 case and lost without raising the issue of patent exhaustion in that case.

After the court entered its case management order, Rambus filed a reply alleging additional infringement claims, and in Hynix's answer to this pleading, Hynix maintained its patent exhaustion allegations.  *See* Docket No. 289 ¶¶ 153, 154 (Jul. 30, 2007).

### B.      The *Quanta* Litigation and Decision

On September 25, 2007, the Supreme Court granted *certiorari* in *Quanta Computer, Inc. v. LG Electronics, Inc.* 128 S. Ct. 28.  The court unanimously reversed the Federal Circuit's opinion in *LG Electronics, Inc. v. Bizcom Electronics, Inc.*, 453 F.3d 1364 (Fed. Cir. 2006) and explained various aspects of the doctrine of patent exhaustion.  *Quanta Computer, Inc. v. LG Elecs., Inc.*, – U.S. –, 128 S.Ct. 2109 (Jun. 9, 2008).  Almost one month after the *Quanta* decision, Hynix filed its motion for relief from Rambus's patent damages based on exhaustion.

## II.   ANALYSIS

Hynix now moves "for relief from Rambus's remitted patent damages pursuant to Fed. R. Civ. P. 60(b) and 59(e)."  Simply put, Hynix seeks to reduce Rambus's damages award because a fraction of Hynix's infringing DRAMs were combined with memory controllers made by Intel or AMD that had been licensed by Rambus.  Intel and AMD sold the resulting products to downstream customers.

### A.      The Applicable Legal Standard

To begin, Hynix moves pursuant to inapplicable rules of procedure.  Rule 59(e) governs amending or altering judgments, but the court has not yet entered a judgment in the 00-20905 case.  This is plain from the text of the rule, as well as the case law.  *See, e.g., Fayetteville Investors v.*

---

[1] Hynix had proposed that no order regarding amendments to the pleadings was necessary. *E.g.*, *Rambus*, C-05-00334, Docket No. 166, at 22 (N.D. Cal. Apr. 19, 2007).  Rambus had proposed that no further amendments be permitted.  *See id.* at 21.  As shown, the court barred further amendments absent a showing of good cause pursuant to Rule 16(b).  Further background on the case management process appears in *Hynix Semiconductor Inc. v. Rambus Inc.*, --- F.R.D. ----, 2008 WL 687252 *1-*2 (N.D. Cal. Mar. 10, 2008).

ORDER DENYING HYNIX'S MOTION FOR RELIEF FROM PATENT DAMAGES
C-00-20905-RMW
TSF                                                                4

*Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). Rule 60(b)'s strictures apply only to final judgments, orders, or proceedings, and thus appears not to apply here. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000).

Nonetheless, "the label attached to a motion does not control its substance." *Prudential Real Estate*, 204 F.3d at 880 (quoting *United States v. State of Oregon*, 769 F.2d 1410, 1414 n. 4 (9th Cir.1985)). Rambus suggests that the court construe Hynix's motion as a motion to amend pursuant to Rule 15(a). The court disagrees with this characterization as well. The court's April 24, 2007 case management order, entered after almost seven years of litigation in the 00-20905 case, prohibited further amendments to the pleadings absent good cause.[2] Accordingly, the court will treat Hynix's motion as a motion to modify the case management order to permit Hynix to amend its pleadings to assert the defense of patent exhaustion. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The court focuses on "the moving party's reasons for seeking modification" and the moving party's diligence. *Id.* "If that party was not diligent, the inquiry should end." *Id.* At this juncture in the litigation, this is a familiar legal standard. *Hynix Semiconductor Inc. v. Rambus Inc.*, --- F.R.D. ----, 2008 WL 687252 (N.D. Cal. Mar. 10, 2008).

### B. Hynix's Failure to Show Good Cause

Hynix's only explanation in its moving papers for its failure to pursue an exhaustion defense in the preceding eight years of this litigation appears in a footnote.

> Hynix has not pled patent exhaustion as an affirmative defense in this case because, prior to the Supreme Court's decision in *Quanta*, a claim of patent exhaustion would have been futile. Rambus has asserted both device and method claims against Hynix, and under the pre-*Quanta* Federal Circuit and District Court case law, Rambus's methods claims were not subject to exhaustion even if its device claims were. Now that patent exhaustion is a viable defense to all of the asserted claims, Hynix will seek leave to amend its pleadings if so instructed by the Court.

---

[2] The existence of the case management order is what takes this situation out of Rule 15 and into Rule 16. *Johnson*, 975 F.2d at 609. Because Rule 15 is not applicable, Hynix's argument that the court should not consider its delay pursuant to *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) is not on point.

ORDER DENYING HYNIX'S MOTION FOR RELIEF FROM PATENT DAMAGES
C-00-20905-RMW
TSF                                        5

Mot. at 2, fn. 1.

Hynix's cursory justification is belied by the fact that it pled patent exhaustion as one of its affirmative defenses throughout the 05-00334 case. As of June 2005 at the latest, Hynix believed in good faith that it possessed a viable exhaustion defense to Rambus's claims of patent infringement. Yet between June 2005 and the patent trial in 2006, Hynix did not seek to assert an exhaustion defense in the 00-20905 case. In February 2007, Hynix alleged additional facts to support its exhaustion defense in the 05-00334 case, but it made no attempt to raise such a defense in the 00-20905 case. In its reply, Hynix argues that *Quanta* worked a "180-degree change in the law on patent exhaustion" and "converted a previously-futile patent exhaustion claim into one that provided a complete defense to Rambus's infringement claims." That Hynix alleged patent exhaustion in the 05-00334 case suggests the defense was not "previously futile."

But the court cannot accept Hynix's argument that *Quanta* made such a sweeping change either. The scope of the *Quanta* decision is made clear from its first paragraph:

> For over 150 years this Court has applied the doctrine of patent exhaustion to limit the patent rights that survive the initial authorized sale of a patented item. In this case, we decide whether patent exhaustion applies to the sale of components of a patented system that must be combined with additional components in order to practice the patented methods. The Court of Appeals for the Federal Circuit held that the doctrine does not apply to method patents at all and, in the alternative, that it does not apply here because the sales were not authorized by the license agreement. We disagree on both scores. Because the exhaustion doctrine applies to method patents, and because the license authorizes the sale of components that substantially embody the patents in suit, the sale exhausted the patents.

*Quanta Computer, Inc. v. LG Electronics, Inc.*, 128 S.Ct. 2109, 2113 (2008). To the extent Rambus asserted product claims in the 00-20905 case, the *Quanta* decision changed nothing about how the doctrine of patent exhaustion applied to those claims, and therefore provides no justification for Hynix's failure to raise its defense as to those claims until now. To the extent Rambus asserted method claims, *Quanta* did overrule existing Federal Circuit precedent holding that "sale of a device does not exhaust a patentee's rights in its method claims." *LG Electronics, Inc. v. Bizcom Electronics, Inc.*, 453 F.3d 1364, 1370 (Fed. Cir. 2006), *rev'd by Quanta*, 128 S.Ct. at 2117-18. This precedent, however, dates from 2006, and cites back to two Federal Circuit cases on implied license. *See LG Elecs.*, 453 F.3d at 1370. As the Supreme Court explained, the Federal Circuit's 2006

ORDER DENYING HYNIX'S MOTION FOR RELIEF FROM PATENT DAMAGES
C-00-20905-RMW
TSF                                                                6

decision was the aberration from otherwise consistent case law showing that the defense of patent exhaustion did apply to method claims. *Quanta*, 128 S.Ct. at 2117.  Indeed, "[n]othing in this Court's approach to patent exhaustion supports LGE's argument that method patents cannot be exhausted." *Id.* (citing *Ethyl Gasoline Corp. v. United States*, 309 U.S. 436, 446, 457, (1940), which applied patent exhaustion to a method claim).

In sum, Hynix knew for at least three years that it possessed a patent exhaustion defense that it believes is viable.  It did not raise the defense during the trial on the patent infringement claims.  It did not raise the defense when the court ordered that no further amendments to the pleadings would be allowed.  It only raised the defense after the *Quanta* decision provided an arguable basis for suggesting that the law has changed.[3]

### III.  ORDER

For the foregoing reasons, Hynix's motion for relief is denied.

DATED:  9/5/2008

RONALD M. WHYTE
United States District Judge

---

[3] Because Hynix has not shown good cause for its delay in asserting its affirmative defense, the court does not need to reach the merits of Hynix's patent exhaustion allegations.

**Notice of this document has been electronically sent to counsel in C-00-20905.**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

| Counsel for Nanya entities, C-05-00334 | | Counsel for Samsung entities, C-05-00334 and C-05-02298 | |
|---|---|---|---|
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | David J. Healey | david.healey@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| Counsel for intervenor, Texas Instruments, Inc., C-05-00334 | |
|---|---|
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 9/5/2008                                     TSF
                                              **Chambers of Judge Whyte**

ORDER DENYING HYNIX'S MOTION FOR RELIEF FROM PATENT DAMAGES
C-00-20905-RMW
TSF                                                              9