E-filed:   March 10, 2009

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR, INC., et al., | CASE NO.: CV 00-20905 RMW |
| Plaintiffs, | **FINAL JUDGMENT** |
| vs. | |
| RAMBUS INC., | |
| Defendant. | |

This action was brought by Plaintiffs/Cross-Defendants Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor U.K. Ltd., and Hynix Semiconductor Deutschland GmbH (hereinafter, collectively "Hynix") against Defendant/Cross-Plaintiff Rambus Inc. ("Rambus"). The case was tried in three phases. The issue in the first phase was whether Rambus's patent infringement claims were barred by the doctrine of unclean hands. The issues in the first phase were tried to the Court commencing on October 17, 2005, and the Court issued its Findings of Fact and Conclusions of Law on Unclean Hands Defense in favor of Rambus on January 5, 2006. *Hynix Semiconductor Inc. v. Rambus Inc.*, --- F.Supp.2d ---, 2006 WL 565893 (N.D. Cal. 2006). The second phase concerned Rambus's allegations that Hynix infringed certain claims of U.S. Patents 5,915,105, 6,034,918, 6,324,120, 6,378,020, 6,426,916, and 6,452,863. The issues in the second phase were tried to a jury commencing on March 15, 2006, and the jury rendered its verdict on April 24, 2006. In the third phase, Hynix's claims and defenses for monopolization and attempted monopolization, fraud, estoppel, waiver, declaratory judgment of unenforceability, and violations of California Business & Professions Code § 17200 *et seq.* in this case were tried with the corresponding claims and defenses asserted by Hynix in Case No. C 05-00334, along with, in a coordinated proceeding, similar claims made by other DRAM manufacturers. On March 26, 2008, a jury returned a verdict in favor of Rambus and against Hynix and the other manufacturers on their legal claims. On March 3, 2009, the Court rejected Hynix's equitable claims and defenses tried in the third phase and issued its Findings of Fact and Conclusions of Law on those claims and defenses. Hynix's defense of inequitable conduct, as to the claims asserted by Rambus to be infringed, and Hynix's defense of prosecution laches, as to the patents asserted by Rambus to be infringed, were abandoned by Hynix prior to the trial of the third phase and are therefore dismissed with prejudice.

**IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT**:

1. Judgment is hereby entered in favor of Rambus and against Hynix in the amount of $133,584,129 for Hynix's infringement, through December 31, 2005, of claim 33 of U.S. Patent No. 6,324,120; claims 32 and 36 of U.S. Patent No. 6,378,020; claims 9, 28 and 40 of U.S.

Patent No. 6,426,916; claim 16 of U.S. Patent No. 6,452,863; claim 34 of U.S. Patent No. 5,915,105; and claims 24 and 33 of U.S. Patent No. 6,034,918.

2. Judgment is hereby entered in favor of Rambus and against Hynix in the amount of $215,451,713 for Hynix's infringement, from January 1, 2006 through January 31, 2009, of claim 33 of U.S. Patent No. 6,324,120; claims 32 and 36 of U.S. Patent No. 6,378,020; claims 9, 28 and 40 of U.S. Patent No. 6,426,916; claim 16 of U.S. Patent No. 6,452,863; claim 34 of U.S. Patent No. 5,915,105; and claims 24 and 33 of U.S. Patent No. 6,034,918.

3. This judgment covers infringement of the following patents and claims by the following Hynix products through January 31, 2009:

| U.S. Patent No. | Claim | Infringing Product(s) |
| --- | --- | --- |
| 5,915,105 | 34 | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,034,918 | 24 | SDR SDRAM, SGRAM, Handy SDRAM |
|  |  | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,034,918 | 33 | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,324,120 | 33 | SDR SDRAM, SGRAM, Handy SDRAM |
|  |  | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,378,020 | 32 | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,378,020 | 36 | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,426,916 | 9 | SDR SDRAM, SGRAM, Handy SDRAM |
|  |  | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |

| U.S. Patent No. | Claim | Infringing Product(s) |
|---|---|---|
| 6,426,916 | 28 | SDR SDRAM, SGRAM, Handy SDRAM |
|  |  | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,426,916 | 40 | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,452,863 | 16 | SDR SDRAM, SGRAM, Handy SDRAM |
|  |  | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |

Mobile or low power versions (if any) of each of these specific products as well as modules containing these specific products are also covered by this judgment.

4. In accordance with the methodology set forth in the Order Regarding Prejudgment Interest dated August 30, 2006, judgment is hereby entered in favor of Rambus and against Hynix in the amount of $47,845,402 as prejudgment interest on the damages awards set forth in Ordering Paragraphs 1 and 2 above.

5. Post-judgment interest, in favor of Rambus, at the rate specified in 28 U.S.C. §1961 is awarded on the amounts set forth in ordering Paragraphs 1, 2, and 4 above.

6. For the reasons stated in the Court's Order Granting In Part and Denying in Part Rambus's Motion for Post-Verdict Relief, entered on February 23, 2009, Rambus's request for an injunction against further infringement of the claims referenced in Ordering Paragraphs 1, 2, and 3 is denied.

7. For the reasons stated in the Order Granting In Part And Denying In Part Rambus's Motion For Post-Verdict Relief, entered on February 23, 2009, Hynix is ordered to pay the following royalties to Rambus.

(a) 4.25% of Net Sales (as defined below) for each and every and all Double Data Rate Synchronous DRAM devices (as defined below) that Hynix or any one of its Affiliates (as defined below) (i) makes, has made, sells, or

otherwise disposes of in the United States, (ii) imports into the United States, (iii) Causes (as defined below) to be made, sold, or otherwise disposed of in the United States, or (iv) Causes to be imported into the United States, in each instance (i) – (iv), where any such conduct occurs after January 31, 2009, and before April 18, 2010.  For purposes of this judgment, Double Data Rate Synchronous DRAM devices means DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, and DDR SGRAM products, as well as any mobile or low power version(s) of these products (if any) and any products no more than colorably different from the foregoing products, regardless of the form in which such product is sold or otherwise disposed of, including as a cingulated die, a wafer containing such die, on a stand alone basis (whether packaged or not), or as incorporated in or on any substrate (including, modules or multichip packages that contain any of the foregoing).

(b) 1.0% of Net Sales for each and every and all Single Data Rate Synchronous DRAM devices (as defined below) that Hynix or any one of its Affiliates (i) makes, has made, sells, or otherwise disposes of in the United States, (ii) imports into the United States, (iii) Causes to be made, sold, or otherwise disposed of in the United States, or (iv) Causes to be imported into the United States, in each instance (i) – (iv), where any such conduct occurs after January 31, 2009, and before April 18, 2010.  For purposes of this judgment, Single Data Rate Synchronous DRAM devices means SDRAM, SGRAM, and Handy SDRAM products, as well as any mobile or low power version of these products (if any) and any products no more than colorably different from the foregoing products, regardless of the form in which such product is sold or otherwise disposed of, including as a cingulated die, a wafer containing such die, on a stand alone basis (whether packaged or not), or as incorporated in or on any substrate (including,

modules or multichip packages that contain any of the foregoing).

For purposes of calculating royalties owed, "Net Sales" means the total gross revenue attributable to the sale or other disposition by Hynix or its Affiliates on an arm's-length-basis of Single Data Rate Synchronous DRAM and Double Date Rate Synchronous DRAM devices (each as defined above), as the case may be, less (i) amounts (including price protection amounts) actually credited or paid between February 1, 2009 and June 30, 2010, for sales made before April 18, 2010, to purchasers for the return or price protection of such goods and (ii) 1.5% of the gross revenue for insurance, handling, duty, freight and taxes, regardless of whether or not such charges are separately stated or listed on the invoice. Notwithstanding the above, under no circumstances shall Rambus be obligated to repay or refund to Hynix any amounts that are actually paid by Hynix to Rambus to account for refunds that Hynix credits or pays to purchasers.

For purposes of this judgment, "Causes" means to specifically intend or to direct the result and is not used to mean simply "but for" cause. By way of example, if Hynix were to create or utilize a third-party to acquire devices from Hynix and then to resell those devices in the United States in the manner that Hynix had previously sold similar devices in the United States, that would be a sale in the United States that was "Caused" by Hynix.

For purposes of this judgment, "Affiliate" means any entity that now or in the future Controls, is Controlled by or is under common Control with Hynix.

For purposes of this judgment, "Control" (including "Controlled" and other forms) of an entity means (A) either (x) beneficial ownership (whether direct, or indirect through Controlled entities or other means) of at least fifty percent (50%) of the outstanding voting securities of that entity or (y) in the case of an entity that has no outstanding voting securities, having the right (directly or indirectly) to at least fifty percent (50%) of the profits of the entity, or having the right (directly or indirectly) in the event of dissolution to at least fifty percent (50%) of the assets of the entity; or (B) having the contractual power (directly or indirectly) presently to designate at least fifty percent (50%) of the directors of a corporation, or in the case of unincorporated entities, of individuals exercising similar functions.

Hynix shall remit all royalties due by electronic transfer to an account designated by Rambus on a quarterly basis within forty-five (45) days after the end of each calendar quarter in which such royalties accrued. Hynix's initial payment shall include royalties for all Net Sales of Single Data Rate Synchronous DRAM and Double Date Rate Synchronous DRAM devices made after January 31, 2009, and shall not include royalties for any earlier Net Sales. Late payments shall accrue interest. For any late payment paid on or before thirty (30) days after the date such payment was due, interest shall accrue at an annual rate of six percent (6%). For any late payment paid after thirty (30) days of the date such payment was due, interest shall accrue at an annual rate of six percent (6%) for the first thirty (30) days after the date such payment was due and thereafter at an annual rate equal to the 1-year U.S. Government Treasury Constant Maturity Rate, as published by the Federal Reserve (www.federalreserve.gov) on the date thirty (30) days after the relevant royalty payment was due, plus ten percent (10%) (or the maximum interest rate allowed by applicable law, if lower)*.* For the avoidance of doubt, interest on late payment(s) shall be calculated based on the actual number of days elapsed from the actual due date(s) of such payment(s), based on 360 days per annum, until actually paid.

On a quarterly basis, within forty-five (45) days after the end of each calendar quarter through and including the second calendar quarter of 2010, Hynix shall provide to outside counsel for Rambus sales data for the just preceding quarter in a form and scope and at a level of detail that is at least the same as the sales data that was provided for purposes of calculating the supplemental damages amount reflected in Ordering Paragraph 2 of this judgment (*e.g.*, HR334_944833-HR334_944834). Rambus shall treat such sales data as "OUTSIDE COUNSEL ONLY" pursuant to the terms of the Protective Order entered June 20, 2001 in this action.

If Hynix is required by the Korean Government or its agencies to withhold any amounts for taxes on account of any payment made to Rambus under the terms of this Ordering Paragraph 6, Hynix shall be entitled to deduct such taxes provided Hynix shall promptly furnish to Rambus the tax receipts for Rambus's use in obtaining tax credit. Hynix shall use reasonable efforts to assist Rambus in reducing or eliminating any such withholding and in obtaining any tax credit.

Should the parties reach agreement on more comprehensive and mutually convenient terms, the parties shall promptly notify the Court.

8.  For the reasons stated in the Court's February 23, 2009 Order Granting In Part and Denying in Part Rambus's Motion for Post-Verdict Relief, Rambus shall not be entitled to recover its attorney's fees because the case is not deemed exceptional.

9.  Rambus shall have 30 days from the entry of judgment in which to submit its cost bill.

10. Execution on this judgment is stayed for 14 days from the entry of this judgment. In the event Hynix files, within 14 days of the entry of this judgment, a motion under Rule 62 seeking a stay of execution of this judgment, and so long as Hynix sets such motion for hearing on the earliest available date consistent with the Local Rules and the Court's availability, execution on this judgment is further stayed until two (2) weeks after said hearing date, or until such time as otherwise ordered by the Court.

11. For the avoidance of doubt, the Court clarifies that this case (00-20905) was never formally consolidated under Federal Rule of Civil Procedure 42(a) with any other cases.  Rather, on April 24, 2007 in the Court's Case Management Order, the Court coordinated case 00-20905 with cases 05-00334, 05-02298, and 06-00244 pursuant to Federal Rule of Civil Procedure 16(c)(2)(L) and the Court's inherent powers.  To the extent that this case was coordinated, or could be considered to have been consolidated, for the avoidance of doubt, this case is hereby severed from cases 05-00334, 05-02298, and 06-00244.

12. This Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:**

13. Judgment is hereby entered in favor of Hynix and against Rambus on the infringement contentions as to claims 15, 18, 25, and 26 of U.S. Patent No. 6,032,214, as to claims 36 and 40 of U.S. Patent No. 5,915,105, as to claims 1 and 4 of U.S. Patent No. 6,035,365, and as to claim 14 of U.S. Patent No. 6,101,152.  In other words, those specific claims are found

to not be infringed by the products in suit as of January 2005 (DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, and DDR SGRAM).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:**

14. The claims, counterclaims and replies to counterclaims of all parties that assert claims, or to the extent that they assert claims, relating to specific patent claims that have not been adjudicated are dismissed without prejudice. As to all other claims, counterclaims and replies to counterclaims that are not addressed by the preceding Ordering Paragraphs 1 through 13 (if any), the parties shall take nothing further.

**JUDGMENT IS SO ENTERED.**

DATED:   3/10/2009

*Ronald M Whyte*

Honorable Ronald M. Whyte
United States District Judge