E-Filed: **5/26/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. C-00-20905 RMW<br><br>ORDER GRANTING HYNIX'S MOTION TO STAY EXECUTION OF JUDGMENT AND DIRECTING THAT ON-GOING ROYALTIES BE PAID INTO AN ESCROW ACCOUNT<br><br>[REDACTED] |

Plaintiffs Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor U.K. Ltd., and Hynix Semiconductor Deutschland GmbH (collectively "Hynix") move to stay the execution of the money judgment entered against them in favor of Rambus Inc. ("Rambus") and for permission to post alternate security. The motion also seeks an order allowing Hynix to accrue ongoing royalties awarded to Rambus in the Final Judgment instead of paying such royalties directly to Rambus. Rambus opposes both aspects of the motion. The motion came on for hearing before the court on May 8, 2009. Having considered the papers submitted by the parties and the arguments of counsel, and for good cause appearing, the court grants the motion to stay on conditions and denies the motion to accrue ongoing royalties, but allows payment of these into an escrow account.

## I. Motion to Stay Execution of Money Judgment

On March 10, 2009, the court entered Final Judgment against Hynix and in favor of Rambus, totaling $396,881,244 in damages for patent infringement and prejudgment interest, and also awarding post-judgment interest. Rule 62(d) of the Federal Rules of Civil Procedure permits a losing part to obtain an automatic stay of proceedings to enforce a money judgment by filing an appeal and posting a supersedeas bond. The purpose of requiring a bond is to maintain the status quo and protect the parties from loss pending further action in the case. Poplar Grove Planting and Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189-1190-91 (5th Cir. 1979). The district court, however, has discretion to set the amount of the bond or permit an alternative form of security. Int'l Telemeter, Corp. v. Hamlin Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985) (citing Poplar Grove). Acceptance of an alternate form of security is appropriate where two conditions are met: 1) it is impossible or impracticable for the party to post the supersedeas bond, and 2) the proposed alternative is adequate to safeguard the interests of the other party. Olympia Equip. Leasing Co. v. Western Union Tel., 786 F.2d 794, 796 (7th Cir. 1986).

Hynix specifically seeks permission to post a $200 million bond and provide alternate security in the form of a lien against either of two fabs in Korea. Rambus contends that Hynix has not met its burden of proof and should be required to post a bond in the full amount of the judgment, but its papers also indicate its willingness to accept the posting of alternate security in lieu of a full bond, specifically, a bond in the amount of $250 million, plus the remaining amount secured by either letters of credit from AA-rated U.S. banks or the U.S. branch of a highly-rated international bank, or with the balance in cash deposited with the court or into escrow.

The parties contest whether Hynix has met its burden, with Hynix painting a parade of economic horribles regarding what may occur if the motion is not granted, and with Rambus arguing and pointing to evidence that the economic situation is not as dire as Hynix's advocacy would suggest. Hynix's papers do contain significant "hedging" language. For example, Hynix does not say that it <u>cannot</u> obtain the bond, but that it "presently believes that the largest bond it can obtain will be in the total amount of $200 million, although it does not yet have a firm commitment for

ORDER GRANTING HYNIX'S MOTION TO STAY EXECUTION OF JUDGMENT [REDACTED]
C-00-20905-RMW
TER                                                                2

stand-by Letters of Credit to secure a bond in that amount." Motion at 7-8. The evidence offered in support of its motion, however, indicates ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Roh Decl. ¶8.

Both sides are amenable to a bond in an amount less than the full amount of the judgment. The only issues are whether that bond should be $200 million (as Hynix contends) or $250 million, (as Rambus asserts), and what form the alternate security should take. Hynix proposes a lien on real property in Korea, a proposal that Rambus resists; Rambus proposes further letters of credit from U.S. banks or banks with U.S. branches or cash deposited into court or held in escrow, proposals with which Hynix indicates it is unable to comply.

Having considered the parties' respective arguments and evidence, the court finds that it is appropriate for Hynix to post a bond in the amount of $250 million and to post alternate security in the remaining amount of the judgment in the form of an enforceable lien against real property in Korea.[1] The lien against real property, while not a perfect substitute security, is adequate to secure Rambus' interests.

In this regard, Hynix has offered a lien on either its Cheongju Fab #3 (which includes the M11 and M12 fabs), or its Cheongju Fab #1 (consisting of the M8 and M9 fabs) located in Korea. Rambus shall select which of the two properties shall be the subject of the lien. The court notes that Hynix has asserted that the unencumbered equity in each of these properties greatly exceeds the amount of the proposed lien, but that Rambus has questioned the asserted value of these properties. In order to address the questions that Rambus has raised regarding the unsubstantiated, or potentially outdated, value of the properties, Hynix must obtain a current fair market value appraisal of the property selected by Rambus, by an appraiser agreeable to Rambus. The appraisal shall be provided at Hynix's expense no later than thirty days from the date of this order, unless the parties mutually agree to an alternate date. Hynix shall file with the court a declaration from a financial officer of Hynix officer that identifies the extent and nature of any existing encumbrance on the property that is

---

[1] The parties are to calculate the amount of the lien which is to include the post-judgment interest through the date of posting of the security.

selected as security for the judgment. If the fair market value appraisal shows that the existing equity is not at least double the amount necessary to secure the balance of the judgment, then Rambus may return to the court and seek substitution of other security.

At hearing on the motion, Hynix stated that it will need three weeks in order to obtain and post the bond, and 30 days in which to get the real property lien in place. Accordingly, it is appropriate to continue the stay for a period of 45 days following issuance of this order to enable Hynix to post the bond and documentation necessary to establish the lien.

**II Motion To Be Allowed To Accrue, Rather than Pay, On-Going Royalties**

The Final Judgment also sets forth the ongoing royalties Hynix is to pay to Rambus. Hynix seeks an order allowing it to accrue these ongoing royalties, rather than pay them to Rambus. Rambus opposes the motion and argues that Hynix should be required to pay the royalties directly to Rambus, or alternatively, to an escrow account.

The court has considered the parties' arguments and evidence and denies Hynix's request. Under the circumstances, the most reasonable and equitable approach is to require Hynix to pay the ongoing royalties into an escrow account, held at a bank or other financial institution agreeable to the parties. The funds are not to be released without the written agreement of the parties or further order of the Court. The parties shall meet and confer and submit any proposed order that will be necessary to implement the escrow arrangement.

**Order**

Execution on the Final Judgment in this action is and shall remain stayed pending the appeal in this action, on the condition that, unless otherwise ordered, Hynix:

(1) Posts within 45 days from the date of this order a supersedeas bond in the amount of $250 million;

(2) Provides to Rambus within 30 days from the date of this order an appraisal by an appraiser acceptable to Rambus showing that the equity in the fab selected by Rambus

is at least double the amount of the judgment not covered by the supersedeas bond; and

(3) Provides to Rambus within 45 days from the date of this order the documentation establishing the lien in the amount of the judgment not covered by the supersedeas bond.

This stay shall remain in effect until thirty days following the later of (1) remand to the district court following completion of all proceedings in the United States Supreme Court, if a petition for writ of certiorari is granted; (2) denial of any petition for writ of certiorari to the United States Supreme Court; (3) expiration of the time to file a petition for writ of certiorari if no such petition is filed; or (4) until such time as is otherwise ordered by the court.

Hynix's motion to accrue the ongoing royalty payments is denied. Hynix shall instead pay the royalties to an escrow account at a bank or other institution agreed to by the parties, in conformance with the terms set forth in this order.

This unredacted order has been filed under seal. An unredacted copy of this order will be publicly filed within seven days of the date of this order, absent a meritorious request by a party that certain portions of the order be redacted from the publicly filed copy.

DATED: 5/14/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

This document has been electronically sent to: counsel in 00-20905.

| Counsel | Email | Appearances: 05-00334 | 05-02298 | 06-00244 | 00-20905 |
|---|---|---|---|---|---|
| **Rambus:** | | | | | |
| Kathryn Kalb Anderson | Kate.Anderson@mto.com | x | | x | |
| Peter A. Detre | detrepa@mto.com | x | x | x | x |
| Erin C. Dougherty | erin.dougherty@mto.com | x | x | x | x |
| Sean Eskovitz | sean.eskovitz@mto.com | x | x | x | x |
| Burton Alexander Gross | Burton.Gross@mto.com | x | x | x | x |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | x | x | x | x |
| Pierre J. Hubert | phubert@mckoolsmith.com | x | x | x | x |
| Andrea Jill Weiss Jeffries | Andrea.Jeffries@mto.com | x | x | x | |
| Miriam Kim | Miriam.Kim@mto.com | x | x | x | x |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | x | x | x | x |
| Steven McCall Perry | steven.perry@mto.com | x | x | x | x |
| Jennifer Lynn Polse | jen.polse@mto.com | x | x | x | x |
| Matthew Thomas Powers | mpowers@sidley.com | x | | | |
| Rollin Andrew Ransom | rransom@sidley.com | x | x | x | x |
| Rosemarie Theresa Ring | rose.ring@mto.com | x | x | x | x |
| Gregory P. Stone | gregory.stone@mto.com | x | x | x | x |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | x | x | x | x |
| Donald Ward | Bill.Ward@mto.com | x | x | x | |
| David C. Yang | david.yang@mto.com | x | x | x | x |
| Douglas A. Cawley | dcawley@mckoolsmith.com | | | x | |
| Scott L Cole | scole@mckoolsmith.com | | | x | |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | | | | x |
| Scott W. Hejny | shejny@sidley.com | | | | x |
| Kelly Max Klaus | kelly.klaus@mto.com | | | | x |
| Catherine Rajwani | crajwani@sidley.com | | | | x |
| Thomas N Tarnay | ttarnay@sidley.com | | | | x |
| **Hynix:** | | | | | |
| Theodore G. Brown, III | tgbrown@townsend.com | x | x | x | x |
| Daniel J. Furniss | djfurniss@townsend.com | x | | | x |
| Joseph A. Greco | jagreco@townsend.com | x | | | x |
| Julie Jinsook Han | JJHan@townsend.com | x | x | x | |
| Tomomi Katherine Harkey | tharkey@omm.com | x | | | x |
| Jordan Trent Jones | jtjones@townsend.com | x | | | x |
| Patrick Lynch | plynch@omm.com | x | | | x |
| Kenneth Lee Nissly | knnissly@omm.com | x | | x | x |
| Kenneth Ryan O'Rourke | korourke@omm.com | x | | | x |
| Belinda Martinez Vega | bvega@omm.com | x | x | x | x |
| Geoffrey Hurndall Yost | gyost@thelenreid.com | x | x | x | x |
| Susan Gregory van Keulen | svankeulen@omm.com | x | | x | x |
| Allen Ruby | ruby@allenrubylaw.com | | | | x |
| **Micron:** | | | | | |
| Robert Jason Becher | robertbecher@quinnemanuel.com | x | | x | x |
| John D Beynon | john.beynon@weil.com | x | x | x | x |
| Jared Bobrow | jared.bobrow@weil.com | x | x | x | x |
| Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com | x | | x | x |

ORDER GRANTING HYNIX'S MOTION TO STAY EXECUTION OF JUDGMENT [REDACTED]
C-00-20905-RMW
TER

6

| | | | | | |
|---|---|---|---|---|---|
| Harold Avrum Barza | halbarza@quinnemanuel.com | | | x | |
| Linda Jane Brewer | lindabrewer@quinnemanuel.com | | | x | |
| Aaron Bennett Craig | aaroncraig@quinnemanuel.com | | | x | x |
| Leeron Kalay | kalay@fr.com | | | x | |
| David J. Lender | david.lender@weil.com | | | x | |
| Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com | | | x | |
| Sven Raz | sven.raz@weil.com | | | x | |
| David J. Ruderman | davidruderman@quinnemanuel.com | | | x | |
| Elizabeth Stotland Weiswasser | elizabeth.weiswasser@weil.com | | | x | |

**Nanya:**

| | | | | | |
|---|---|---|---|---|---|
| Jason Sheffield Angell | jangell@orrick.com | x | x | x | x |
| Kristin Sarah Cornuelle | kcornuelle@orrick.com | x | x | x | |
| Chester Wren-Ming Day | cday@orrick.com | x | | | |
| Jan Ellen Ellard | jellard@orrick.com | x | | x | |
| Vickie L. Feeman | vfeeman@orrick.com | x | x | x | |
| Robert E. Freitas | rfreitas@orrick.com | x | | | |
| Craig R. Kaufman | hlee@orrick.com | x | | | |
| Hao Li | hli@orrick.com | x | | | |
| Cathy Yunshan Lui | clui@orrick.com | x | | | |
| Theresa E. Norton | tnorton@orrick.com | x | | | |
| Mark Shean | mshean@orrick.com | x | | | |
| Kaiwen Tseng | ktseng@orrick.com | x | | | |

**Samsung:**

| | | | | | |
|---|---|---|---|---|---|
| Steven S. Cherensky | steven.cherensky@weil.com | x | x | | |
| Dana Prescott Kenned Powers | dana.powers@weil.com | x | x | x | |
| Matthew Douglas Powers | matthew.powers@weil.com, matthew.antonelli@weil.com | x | x | | |
| Edward Robert Reines | Edward.Reines@weil.com | x | x | | x |

**United States Dept. of Justice**

| | | | | | |
|---|---|---|---|---|---|
| May Lee Heye | may.heye@usdoj.gov | | | | x |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov | | | | x |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV | | | | x |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 5/26/09          TER
                            **Chambers of Judge Whyte**