**E-filed: 7/27/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RAMBUS INC.,<br><br>　　　　Defendant. | No. C-00-20905 RMW<br><br>ORDER DENYING WITHOUT PREJUDICE RAMBUS' MOTION FOR MODIFICATION OF PROTECTIVE ORDER AND MOTION TO SEAL<br><br>**[Re Docket Nos. 3967 and 3970]** |

　　　　Rambus seeks to modify a pretrial protective order entered June 20, 2001 to cover allegedly confidential Rambus documents and testimony related thereto admitted into evidence during the bifurcated trial of Hynix's unclean hands defense.  Rambus also seeks an order placing said evidence under seal.  Rambus argues that since this Court found that Rambus was not guilty of spoliation, the crime-fraud exception no longer justifies the disclosure of the alleged privileged documents.  Hynix objects to Rambus' request as "too little, too late."  The Court has considered the briefing filed and hereby denies Rambus' requests without prejudice to any objection Rambus may make to the admission of such documents or testimony because they reflect confidential attorney-client communications or are work product.

ORDER DENYING WITHOUT PREJUDICE RAMBUS' MOTION FOR MODIFICATION OF PROTECTIVE ORDER AND MOTION TO SEAL --C-00-20905-RMW
TER

**I. Background**

The history of this litigation between Rambus and Hynix is familiar to the parties and is reviewed here only to the extent such review assists in understanding the reasons for the Court's Order. On January 31, 2005 the Court granted Hynix's motion to compel production of allegedly privileged documents based upon the application of the "crime-fraud" exception to the attorney-client privilege and work product doctrineas had been ordered in litigation between Rambus and Infineon in the Eastern District of Virginia. *Rambus, Inc. v. Infineon Technologies AG*, 222 F.R.D. 280 (E.D. Va. 2004). The "crime- fraud" involved Rambus' alleged spoliation of evidence. The documents were produced pursuant to a June 20, 2001 protective order governing pretrial proceedings and were available to outside counsel only. Some of the documents were thereafter introduced during the trial of Hynix's bifurcated unclean hands defense (Unclean Hands Phase"). On January 5, 2006 the Court, after a bench trial on Hynix's unclean hands defense, found that Rambus did not engage in unlawful spoliation of evidence and that Hynix did not appear to have been deprived of material, relevant evidence.

Later, in early 2008, in a coordinated phase of the trial involving antitrust and related claims by Hynix and others against Rambus ("Conduct Phase"), a few of the allegedly privileged Rambus documents were offered into evidence. The Court found that the crime-fraud exception could no longer be used to justify the production of the allegedly privileged documents and, therefore, reviewed the proffered documents *in camera* to determine whether they were, in fact, privileged. The Court found that some of the proffered documents were, in fact, privileged and barred the admission of those found to be privileged. The few documents proffered in the Conduct Phase are the only documents subject to the January 31, 2005 production order that the Court has reviewed to determine whether they are, in fact, confidential documents.

The documents produced by Rambus pursuant to the Court's January 31, 2005 production order have been and continue to be publicly available. They were ordered produced over Rambus' objection in litigation between Rambus and Infineon. The *Infineon* Court held that Infineon was entitled to discover the otherwise-protected materials related to Rambus' document retention

ORDER DENYING WITHOUT PREJUDICE RAMBUS' MOTION FOR MODIFICATION OF PROTECTIVE ORDER AND MOTION TO SEAL --C-00-20905-RMW
TER                                                      2

program under the crime-fraud exception to attorney-client privilege and work product doctrine. Later in the *Infineon* litigation, the Court announced that it was going to dismiss Rambus' patent infringement claims on the basis that Rambus had spoliated evidence. The *Infineon* litigation was settled prior to the Court's issuance of findings of fact or conclusions of law or the entry of judgment. The allegedly privileged documents have apparently been available to the public for several years in the *Infineon* case file in the Eastern District of Virginia.

The allegedly privileged documents were also ordered produced on February 10, 2006 to Micron in litigation instituted by Micron against Rambus in Delaware. *Micron Technology, Inc. v. Rambus, Inc.*, Civil Action No.00-792 in the District of Delaware. The *Micron* Court eventually found Rambus guilty of spoliation in an order conflicting with that made by this Court and entered judgment barring Rambus' patent infringement claims against Micron. The judgments in this Court's Hynix case and the Micron case are now pending on appeal before the Federal Circuit. Most, if not all, of Rambus' allegedly privileged documents were filed in the Delaware action and are publicly available.

Many of the subject documents were also produced and relied on by the Court in *Samsung Elecs. Co., Ltd. v. Rambus Inc.*, Civil Action No. 3:05CV406 in the Eastern District of Virginia, in which Samsung sought to have the case between it and Rambus declared exceptional and Rambus sanctioned for its conduct. The district judge relying in large part on the evidence he heard in the *Infineon* litigation found that the case was exceptional. The Federal Circuit vacated the judgment for lack of jurisdiction. Nevertheless, allegedly privileged documents were admitted in the *Samsung* case and are apparently publicly available in the court file.

Rambus did not request prior to the current motions that the Court seal the allegedly privileged documents introduced in the Unclean Hands or Conduct Phases of the Hynix case perhaps on the realization that sealing would not result in the documents being inaccessible.

The subject documents are available on a variety of Internet sites.

## II. Analysis

### A. Futility of Sealing

Rambus' requests to make its allegedly privileged documents admitted in the Unclean Hands Phase subject to a protective order and placed under seal overlook the reality that the documents cannot be effectively removed from public view and that no purpose would be served by the Court's now deciding whether the documents are privileged. If the Court were to now order what Rambus requests, the documents would not be protected from public dissemination. The contents have been available to the public for years and would remain so from various sources despite any sealing by this Court. Neither Rambus nor this Court has power to remove the documents from public view. Although Rambus argues that this Court should protect Rambus' confidential documents in this Court's record based on this Court's finding that there was no spoliation, from a practical standpoint, such an order would accomplish nothing.

### B. Unnecessary Review

Rambus' request also would require the Court to review all the allegedly confidential documents to determine which ones are, in fact, confidential. The only records the Court has actually evaluated are those that were offered in the Conduct Phase of the trial. The Court sees no useful purpose that would be served by the time-consuming task of reviewing all the allegedly confidential documents that were offered in the Unclean Hands Phase. If Hynix or some other litigant seeks to introduce any of the documents in the future, the Court involved can make the required privilege determination.

### C. Compelled Disclosure Does Not Waive Privileges

The Court, however, does not suggest that Rambus no longer has a valid claim that the documents in question are subject to the attorney-client privilege or the work product doctrine. When protected documents are compelled into the public record despite a company's best efforts to preserve confidentiality and privilege, there should be no waiver of the privilege or the confidential nature of the documents. *See Resolution Trust Corp. v. Dean*, 813 F. Supp. 1426, 1429 (D. Ariz. 1993); *Smith v. Armour Pharm. Co.*, 838 F. Supp. 1573, 1577 (S.D. Fla. 1993); *Leonen v. Johns-*

1  *Manville*, 135 F.R.D. 94, 99 (D.N.J. 1990). If and when a party, such as Hynix, seeks to offer an
2  allegedly confidential Rambus document into evidence, Rambus can object and the Court can then
3  determine whether the document is privileged and whether any privilege has been waived.

### III.  Order

For the reasons stated, Rambus' motions are denied without prejudice to any objection Rambus may make in the future to the admission of such document or testimony related thereto because it reflects confidential attorney-client communications or constitutes work product.

DATED:  7/29/07

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

ORDER DENYING WITHOUT PREJUDICE RAMBUS' MOTION FOR MODIFICATION OF PROTECTIVE ORDER AND MOTION TO SEAL --C-00-20905-RMW
TER                                                         5

This document has been electronically sent to: counsel in 00-20905.

| Counsel | Email | Appearances 05-00334 | 05-02298 | 06-00244 | 00-20905 |
|---|---|---|---|---|---|
| **Rambus:** | | | | | |
| Kathryn Kalb Anderson | Kate.Anderson@mto.com | x | | x | |
| Peter A. Detre | detrepa@mto.com | x | x | x | x |
| Erin C. Dougherty | erin.dougherty@mto.com | x | x | x | x |
| Sean Eskovitz | sean.eskovitz@mto.com | x | x | x | x |
| Burton Alexander Gross | Burton.Gross@mto.com | x | x | x | x |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | x | x | x | x |
| Pierre J. Hubert | phubert@mckoolsmith.com | x | x | x | x |
| Andrea Jill Weiss Jeffries | Andrea.Jeffries@mto.com | x | x | x | |
| Miriam Kim | Miriam.Kim@mto.com | x | x | x | x |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | x | x | x | x |
| Steven McCall Perry | steven.perry@mto.com | x | x | x | x |
| Jennifer Lynn Polse | jen.polse@mto.com | x | x | x | x |
| Matthew Thomas Powers | mpowers@sidley.com | x | | | |
| Rollin Andrew Ransom | rransom@sidley.com | x | x | x | x |
| Rosemarie Theresa Ring | rose.ring@mto.com | x | x | x | x |
| Gregory P. Stone | gregory.stone@mto.com | x | x | x | x |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | x | x | x | x |
| Donald Ward | Bill.Ward@mto.com | x | x | x | |
| David C. Yang | david.yang@mto.com | x | x | x | x |
| Douglas A. Cawley | dcawley@mckoolsmith.com | | | x | |
| Scott L Cole | scole@mckoolsmith.com | | | x | |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | | | | x |
| Scott W. Hejny | shejny@sidley.com | | | | x |
| Kelly Max Klaus | kelly.klaus@mto.com | | | | x |
| Catherine Rajwani | crajwani@sidley.com | | | | x |
| Thomas N Tarnay | ttarnay@sidley.com | | | | x |
| **Hynix:** | | | | | |
| Theodore G. Brown , III | tgbrown@townsend.com | x | x | x | x |
| Daniel J. Furniss | djfurniss@townsend.com | x | | | x |
| Joseph A. Greco | jagreco@townsend.com | x | | | x |
| Julie Jinsook Han | JJHan@townsend.com | x | x | x | |
| Tomomi Katherine Harkey | tharkey@omm.com | x | | | x |
| Jordan Trent Jones | jtjones@townsend.com | x | | | x |
| Patrick Lynch | plynch@omm.com | x | | | x |
| Kenneth Lee Nissly | knnissly@omm.com | x | | x | x |
| Kenneth Ryan O'Rourke | korourke@omm.com | x | | | x |
| Belinda Martinez Vega | bvega@omm.com | x | x | x | x |
| Geoffrey Hurndall Yost | gyost@thelenreid.com | x | x | x | x |
| Susan Gregory van Keulen | svankeulen@omm.com | x | | x | x |
| Allen Ruby | ruby@allenrubylaw.com | | | | x |
| **Micron:** | | | | | |
| Robert Jason Becher | robertbecher@quinnemanuel.com | x | | x | x |
| John D Beynon | john.beynon@weil.com | x | x | x | x |
| Jared Bobrow | jared.bobrow@weil.com | x | x | x | x |

ORDER DENYING WITHOUT PREJUDICE RAMBUS' MOTION FOR MODIFICATION OF PROTECTIVE ORDER AND MOTION TO SEAL --C-00-20905-RMW
TER                                                                 6

| | | | | | |
|---|---|---|---|---|---|
| Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com | x | | x | x |
| Harold Avrum Barza | halbarza@quinnemanuel.com | | | x | |
| Linda Jane Brewer | lindabrewer@quinnemanuel.com | | | x | |
| Aaron Bennett Craig | aaroncraig@quinnemanuel.com | | | x | x |
| Leeron Kalay | kalay@fr.com | | | x | |
| David J. Lender | david.lender@weil.com | | | x | |
| Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com | | | x | |
| Sven Raz | sven.raz@weil.com | | | x | |
| David J. Ruderman | davidruderman@quinnemanuel.com | | | x | |
| Elizabeth Stotland Weiswasser | elizabeth.weiswasser@weil.com | | | x | |

**Nanya:**

| | | | | | |
|---|---|---|---|---|---|
| Jason Sheffield Angell | jangell@orrick.com | x | x | x | x |
| Kristin Sarah Cornuelle | kcornuelle@orrick.com | x | x | x | |
| Chester Wren-Ming Day | cday@orrick.com | x | | | |
| Jan Ellen Ellard | jellard@orrick.com | x | | x | |
| Vickie L. Feeman | vfeeman@orrick.com | x | x | x | |
| Robert E. Freitas | rfreitas@orrick.com | x | | | |
| Craig R. Kaufman | hlee@orrick.com | x | | | |
| Hao Li | hli@orrick.com | x | | | |
| Cathy Yunshan Lui | clui@orrick.com | x | | | |
| Theresa E. Norton | tnorton@orrick.com | x | | | |
| Mark Shean | mshean@orrick.com | x | | | |
| Kaiwen Tseng | ktseng@orrick.com | x | | | |

**Samsung:**

| | | | | | |
|---|---|---|---|---|---|
| Steven S. Cherensky | steven.cherensky@weil.com | x | x | | |
| Dana Prescott Kenned Powers | dana.powers@weil.com | x | x | x | |
| Matthew Douglas Powers | matthew.powers@weil.com, matthew.antonelli@weil.com | x | x | | |
| Edward Robert Reines | Edward.Reines@weil.com | x | x | | x |

**United States Dept. of Justice**

| | | | | | |
|---|---|---|---|---|---|
| May Lee Heye | may.heye@usdoj.gov | | | | x |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov | | | | x |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV | | | | x |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:**   7/27/09                          TER
                                             **Chambers of Judge Whyte**