*Parties listed on signature page*

***E-FILED - 11/24/09***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> RAMBUS INC., <br><br> Defendant. | CASE NO. CV 00-20905 RMW <br><br> **STIPULATION AND [] ORDER REGARDING ESCROW ACCOUNTS FOR ONGOING ROYALTIES** <br><br> Judge: Honorable Ronald M. Whyte <br> Ctrm: 6 |

WHEREAS, pursuant to Final Judgment dated March 10, 2009 in the above-referenced matter, plaintiffs Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor U.K. Ltd., and Hynix Semiconductor Deutschland GmbH (collectively, "Hynix") have been ordered to pay to defendant Rambus Inc. ("Rambus") certain ongoing royalties (the "Ongoing Royalty").

WHEREAS, Hynix has appealed, and Rambus has cross-appealed, the Final Judgment to the United States Court of Appeals for the Federal Circuit.

WHEREAS, pursuant to this Court's Order Granting Hynix's Motion To Stay Execution Of Judgment And Directing That Ongoing Royalties Be Paid Into An Escrow Account, dated May 14, 2009 (the "May 14 Order"), Hynix has been ordered to pay the Ongoing Royalty into an escrow account, held at a bank or other financial institution agreeable to the parties.

WHEREAS, pursuant to the May 14 Order, Hynix and Rambus have been ordered to meet and confer and submit any proposed order that will be necessary to implement the escrow arrangement.

NOW, THEREFORE, SUBJECT TO THE APPROVAL OF THE COURT, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for Hynix and Rambus, that:

(1) Hynix shall deposit 83.5% (or other percentage reflecting any applicable future change in the Korean withholding tax laws or regulations) of each Ongoing Royalty payment into an interest-bearing escrow account established at Bank of America, N.A. (the "Escrow Agent") in the United States ("Escrow Account"). The escrow agreement for the Escrow Account (the "Escrow Agreement") is attached hereto as Exhibit A. Hynix and Rambus shall release their respective signatures for the Escrow Agreement as soon as reasonably practicable upon the entry of this signed Order in this Court's docket. Hynix shall make the initial deposit into the Escrow Account in the amount and at the time required by Clause 4(1) of the Escrow Agreement, but no sooner than five (5) days after entry of this Order, which initial deposit is equal to 83.5% of the Ongoing Royalty payment due for the first, second, and third calendar quarters of 2009. Hynix shall make subsequent deposits into the Escrow Account within

1 forty-five (45) days after the end of each calendar quarter in which an Ongoing Royalty payment accrued, in an amount equal to 83.5% (or other percentage reflecting any applicable future change in the Korean withholding tax laws or regulations) of the Ongoing Royalty payment associated with such preceding calendar quarter.

(2) Contemporaneously with each deposit into the Escrow Account with respect to an Ongoing Royalty payment referenced in paragraph (1) above, Hynix shall remit the balance of such Ongoing Royalty payment not deposited into the Escrow Account directly to the Korean Tax Authority in satisfaction of Hynix's potential withholding obligations with respect to such Ongoing Royalty payment under Korean tax law. If the Korean Tax Authority (including any office or division thereof) does not accept some or all of such payment (*e.g.*, if it is determined that a withholding payment is premature or otherwise not due and owing at the time of such payment), then Hynix shall: (a) within three (3) business days of such determination, notify Rambus of such determination; and (b) within seven (7) business days of Hynix's receipt of any amounts not so accepted, notify Rambus of such receipt, including the date of receipt and the amounts received, and deposit such amounts into the Escrow Account, in US Dollars at the exchange rate between Korean Won and US Dollars reported by the Federal Reserve at http://www.federalreserve.gov/RELEASES/H10/ for the date on which Hynix receives such amounts (the "Non-Accepted Amounts").

(3) Hynix and Rambus shall sign and deliver to the Escrow Agent joint written instructions directing release of the funds in the Escrow Account as necessary to effect the terms of this Stipulation, including without limitation the terms set forth in paragraph (4) below.

(4) If (a) the Final Judgment is upheld on the appeal from the above-captioned matter, including any review by the United States Supreme Court if such review is sought and granted, or (b) the Final Judgment is no longer subject to further appellate review, then the funds in the Escrow Account, including interest and/or profits therein, less an amount equal to the Non-Accepted Amounts, shall be released to Rambus as soon as reasonably practicable, and the Non-Accepted Amounts shall be remitted to Hynix, and, to the extent the Korean Tax Authority has not accepted withholding taxes for one or more Ongoing Royalty payments, Hynix shall

contemporaneously make payment to the Korean Tax Authority such that a total amount equal to 16.5% (or other percentage reflecting any applicable future change in the Korean withholding tax laws or regulations) of such Ongoing Royalty payments has been remitted to the Korean Tax Authority in satisfaction of Hynix's potential withholding obligations with respect to such Ongoing Royalty payments under Korean tax law.  If the Final Judgment is reversed or vacated so as to affect the basis for the Ongoing Royalty award, the funds in the Escrow Account, including interest and/or profits therein, shall not be released to any party pending further proceedings before this Court, but shall be released in accordance with any further order by the Court.  No funds in the Escrow Account shall be released sooner than (1) thirty days following the later of remand to the district court following completion of all proceedings in the United States Supreme Court, if a petition for writ or certiorari is granted; (2) denial of any petition for writ of certiorari to the United States Supreme Court; (3) expiration of the time to file a petition for writ of certiorari if no such petition is filed; or (4) until such time as is otherwise ordered by this court.

(5) Any remittance of withholding amount(s) to the Korean Tax Authority shall be subject to (a) Rambus's right to seek refund or recovery of such withholding amount(s), in the event the amount in the Escrow Account is released to Rambus, and (b) Hynix's right to seek refund or recovery of such withholding amount(s), in the event the amount in the Escrow Account is released to Hynix.

(6) Hynix further acknowledges and understands that Rambus may seek refund or recovery of such withholding amount(s) before the release of any amounts in the Escrow Account, including on the grounds that such amounts do not constitute Korean-source income, and agrees that it will not oppose any such request.  To the extent the Korean Tax Authority or any court or tribunal of competent jurisdiction orders refund or recovery of some or all of such withholding amount(s) before any funds are released from the Escrow Account, then (a) any party that is advised of such a determination shall, within three (3) business days, give notice to the other parties of such determination; (b) to the extent that such refund or recovery is ordered to be paid directly to Rambus, Rambus and Hynix shall promptly file any necessary documents to permit assignment of such refund or recovery to Hynix; and (c) within seven (7) business days

after Hynix's receipt of such refund or recovery (whether directly or by assignment from Rambus), Hynix shall notify Rambus of such receipt, including the date of receipt and the amounts received, and deposit such amounts into the Escrow Account, in US Dollars at the exchange rate between Korean Won and US Dollars reported by the Federal Reserve at http://www.federalreserve.gov/RELEASES/H10/ for the date on which Hynix receives such amounts.  Any amounts so deposited shall be subject to the terms of the Escrow Agreement, it being understand that any such amounts shall be deemed not to be "Non-Accepted Amounts."

(7) Each party shall bear its own costs and expenses, including attorneys fees, in seeking reimbursement of any withholding tax paid and accepted.  Each party shall cooperate with the other party in good faith in response to any reasonable request by the other party to assist in seeking refund or recovery of withholding amount(s) from the Korean Tax Authority, including, without limitation, in connection with any administrative, tribunal or court (including appellate court) action or proceeding relating to such seeking of refund or recovery.  Without limiting the generality of the foregoing, Hynix shall, upon Rambus's request, promptly send to Rambus the necessary documents (including, without limitation, official certificate(s) of payment(s) and payment slips) to enable Rambus (a) to make a refund or recovery request for withholding amounts and/or (b) to support a claim for a foreign tax credit with respect to withholding amounts against income taxes which may be levied by the United States government. If Hynix has previously provided such documents to Rambus, and if the funds in the Escrow Account are thereafter released to Hynix, Rambus shall, upon Hynix's request, promptly return such documents to Hynix.

(8) Hynix and Rambus shall cooperate in good faith to effectuate the terms of this Order, including without limitation signing and delivering to the proper escrow agent the joint written instructions required by paragraph (3) above, releasing their respective signatures for the agreements required by paragraph (1) above, and seeking any refund or recovery of any amounts remitted as withholding to the Korean National Tax Service.

(9) All notices required or permitted under this Order shall be given in a manner that complies with Clause 11 of the Escrow Agreement.

1         (10) Hynix and Rambus may mutually agree in writing to modify the terms of this Order, subject to this Court's approval.

IT IS SO STIPULATED.

DATED: November 20, 2009         MUNGER, TOLLES & OLSON LLP

By: /s/ *Gregory P. Stone*
        Gregory P. Stone

Counsel for Rambus Inc.

DATED: November 20, 2009         TOWNSEND & TOWNSEND & CREW LLP

By: /s/ *Theodore G. Brown III*
        Theodore G. Brown III

Counsel for Hynix Semiconductor Inc.; Hynix Semiconductor America Inc.; Hynix Semiconductor U.K. Ltd.; and Hynix Semiconductor Deutschland GmbH

O R D E R

IT IS SO ORDERED.

DATED: November 24, 2009

*Ronald M. Whyte*
Honorable Ronald M. Whyte
United States District Court Judge