E-Filed: 9/17/2010

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. C-00-20905 RMW<br><br>ORDER GRANTING RAMBUS INC.'S MOTION (1) FOR LEAVE TO SEEK RECONSIDERATION OF BOND ORDER, AND (2) FOR RECONSIDERATION OF BOND ORDER<br><br>[Re Docket No. 4009] |

Rambus Inc. ("Rambus") moves for this court to grant leave to seek reconsideration of, and then reconsider, its May 26, 2009 Order Granting Hynix's Motion to Stay Execution of Judgement and Directing that On-Going Royalties Be Paid into an Escrow Account [Dkt. No. 3965] ("Order"). Plaintiffs Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor U.K. Ltd., and Hynix Semiconductor Deutschland GmbH (collectively "Hynix") oppose both aspects of the motion. The motion came on for hearing before the court on September 17, 2010. Having considered the papers submitted by the parties and the arguments of counsel, and for good cause appearing, the court grants Rambus's motion for leave to seek reconsideration of the bond order. Upon reconsideration, the court directs Hynix to post a bond in the full amount of the judgment.

ORDER GRANTING RAMBUS INC.'S MOTION (1) FOR LEAVE TO SEEK RECONSIDERATION OF BOND ORDER, AND (2) FOR RECONSIDERATION OF BOND ORDER—No. C-00-20905-RMW
JLR

## I. Background

On March 10, 2009, the court entered Final Judgment against Hynix and in favor of Rambus, totaling $396,881,244 in damages for patent infringement and prejudgment interest, and also awarding post-judgment interest. Under Rule 62(d) of the Federal Rules of Civil Procedure, Hynix moved to obtain an automatic stay of proceedings to enforce the money judgment by filing an appeal and posting a supersedeas bond. However, Hynix expressed difficulty in posting the full judgement as a bond, stating at the time that it believed the largest bond it could secure would only be $200 million. On May 26, 2009, the court issued the Order directing Hynix to post a bond in the amount of $250 million and to post alternate security in the remaining amount of the judgment ($150 million) in the form of an enforceable lien against real property in Korea.

## II. Motion for Reconsideration

Rambus now moves for this court to reconsider its May 26, 2009 Order. *See* N.D. Cal. Civ. R. 7-9(b)(1) (reconsideration appropriate if "at the time of the motion for leave, a material difference in fact or law exists from that which was present to the court before entry of the interlocutory order"). Particularly, Rambus claims that the factual basis underlying the court's Order has materially changed and no longer justifies granting Hynix relief from the bond requirement of Rule 62(d) of the Federal Rules of Civil Procedure. First, both Rambus and Hynix acknowledge that Hynix has largely overcome the financial conditions that it identified in its earlier motion, achieving extraordinary profitability and financial health. For example, in the second quarter of 2010, Hynix recorded its highest profit ever - $880 million - and now sits atop $2.285 billion in cash. Dkt. No. 4014 Exh. G. Second, both Rambus and Hynix point out that the DRAM industry in general has rebounded strongly. In fact, Hynix expects DRAM demand to rise over 40% in 2010. *Id.* Exh. B at 3. Third, Rambus claims, and Hynix does not dispute, that the financial markets that previously hindered Hynix in obtaining a bond have significantly loosened, both internationally and specifically in Korea. *Id.* Exh. KK.

On the other hand, Hynix argues that the court should maintain the *status quo*. Specifically,

Hynix argues that the existing security arrangement as established by the court's Order fully protects Rambus's ability to collect on the judgement if it prevails on appeal. What's more, Hynix argues that the very financial improvements that Rambus has cited in its motion for reconsideration prove that Hynix is plainly able to pay the judgement in full should Rambus prevail on appeal. Finally, Hynix claims, and Rambus does not dispute, that it would be required to spend as much as $3 million to secure the required $150 million bond. Dkt. No. 4018 at ¶4. Given that the Federal Circuit is scheduled to hear reargument in this case on October 6th, Hynix argues that this additional cost is unnecessary where it merely changes the form of security for a limited period.

The purpose of requiring a bond is to maintain the *status quo* and protect the parties from loss pending further action in the case. *Poplar Grove Planting and Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). The district court, however, has discretion to set the amount of the bond or permit an alternative form of security. *Int'l Telemeter, Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (citing *Poplar Grove*). Acceptance of an alternate form of security is appropriate where two conditions are met: 1) it is impossible or impracticable for the party to post the supersedeas bond, and 2) the proposed alternative is adequate to safeguard the interests of the other party. *Olympia Equip. Leasing Co. v. Western Union Tel.*, 786 F.2d 794, 796 (7th Cir. 1986).

The court agrees that Hynix's circumstances have changed significantly, and the "extraordinary circumstances" underpinning the court's Order no longer apply. *See HCB Contractors v. Rouse & Assocs.*, 168 F.R.D. 508, 512 (E.D. Pa. 1995). Under the baseline requirement of Rule 62, an alternative security is appropriate only where it is impossible or impracticable for the party to post a bond. The change in Hynix's financial condition makes a full bond not only practicable, but easily managed. Indeed, Hynix itself states that it is "more than capable of covering *the entire judgement multiple times over*." Dkt. 4016 at 1. To be sure, Hynix argues that its improved financial situation makes a default unlikely and in any event, the lien is already sufficient. But the lien was not a perfect substitute for the bond, especially where Rambus could only foreclose on the mortgage by initiating an auction with a Korean court and a limited pool

1  of potential bidders. *See* Dkt. 3927-3 at ¶¶6-8.  In fact, Hynix admits that the details of the lien are
2  still under negotiation almost 15 months after the Order was issued. *Id.* at 2.  Regardless of the
3  reasons for the delay, it is clear that Hynix is now capable of satisfying the entire bond requirement.
4  If anything, Hynix's original reluctance to secure a bond reflects the potential for uncertainty in
5  financial markets.  While Hynix now has the money to cover the judgement multiple times over, the
6  judgment remains a significant portion of Hynix's overall assets.  And despite the costs associated
7  with securing a bond, Hynix has admitted that it has the financial capacity to comply with the
8  requirements of Rule 62, which recognizes that, absent compelling circumstances, an appealing
9  party must pay a surety to absorb and price the risk associated with its bond. *See Olympia Equip.*,
10 786 F.2d at 802 (noting that plaintiffs should not have "to bear, for free, risk [the defendant] would
11 have to pay a bank to assume").  In sum, the court finds that it is now appropriate for Hynix to post a
12 bond in the full amount of the judgement.

### III. Order

14 The court grants reconsideration of the Order allowing Hynix to post a factory mortgage as
15 security on $150 million of the judgement.  On reconsideration, the court directs Hynix to post a
16 bond in the full amount of the judgment.  The bond or bonds in the full amount of the judgment must
17 be posted within thirty days in order to maintain the stay of execution.  An extension of the thirty
18 day period may be sought, if necessary, upon a showing of good cause.  However, the court does not
19 believe an extension should be necessary.

23 DATED:  9/17/2010

RONALD M. WHYTE
United States District Judge