*E-Filed 4/25/2012*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., et al., <br><br>                Plaintiffs, <br><br>    v. <br><br>RAMBUS INC., <br><br>                Defendant. | Case No. C-00-20905-RMW <br><br> ORDER GRANTING HYNIX'S MOTION FOR RELEASE OF ESCROW FUNDS |

    Before the court is a motion brought by Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor U.K. Ltd., and Hynix Semiconductor Deutschland GmbH (collectively "Hynix"), seeking the release of funds in an escrow account that Hynix established in compliance with the court's order of May 14, 2009. *See* Order of May 14, 2009 (filed under seal) at 4. Rambus, Inc. ("Rambus") opposes the motion. The matter was submitted without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the motion is granted.

## I. BACKGROUND

    On March 10, 2009, the court entered final judgment for Rambus in the amount of $396,881,244 plus post-judgment interest. *See* Dkt. Entry 3911, Judgment. The judgment also required Hynix to pay specified royalties to Rambus on an ongoing basis. *See id.* On May 14,

1  2009, the court stayed execution of the judgment conditioned upon Hynix's posting of a

2  supersedeas bond. Order of May 14, 2009 (filed under seal) at 4. The court's order provided

3  that:

> This stay shall remain in effect until thirty days following the later of (1) remand to the district court following completion of all proceedings in the United States Supreme Court, if a petition for writ of certiorari is granted; (2) denial of any petition for writ of certiorari to the United States Supreme Court; (3) expiration of the time to file a petition for writ of certiorari if no such petition is filed; or (4) until such time as otherwise ordered by the court.

*Id*. at 5. The court also permitted Hynix to pay the royalties into an escrow account rather than to Rambus directly. *See id*. at 4. Subsequently, the parties entered into a stipulated order addressing Hynix's obligation to maintain the escrow account:

> If the Final Judgment is reversed or vacated so as to affect the basis for the Ongoing Royalty award, the funds in the Escrow Account, including interest and/or profits therein, shall not be released to any party pending further proceedings before this Court, but shall be released in accordance with any further order by the Court. No funds in the Escrow Account shall be released sooner than (1) thirty days following the later of remand to the district court following completion of all proceedings in the United States Supreme Court, if a petition for writ or [sic] certiorari is granted; (2) denial of any petition for writ of certiorari to the United States Supreme Court; (3) expiration of the time to file a petition for writ of certiorari if no such petition is filed; or (4) until such time as is otherwise ordered by this court.

Dkt. Entry 4001, Stip. and Order of Nov. 24, 2009, at 4.

On May 13, 2011, the Court of Appeals for the Federal Circuit vacated the judgment and remanded for further proceedings. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1355 (Fed. Cir. 2011). Rambus did not seek review in the Supreme Court. *See* Dkt. Entry 4115, Order of Jan. 11, 2012, at 12. Hynix timely filed a petition for writ of certiorari seeking review of certain aspects of the Federal Circuit's decision. *See id*.

On January 11, 2012, this court issued an order taxing costs on appeal in favor of Hynix. *See* Dkt. Entry 4115, Order of Jan. 11, 2012. The order also addressed whether Hynix should be required to maintain the supersedeas bond and the escrow account. *See id*. at 12-13. Because Hynix's petition for writ of certiorari was pending, "the conditions for expiration of the bond and the escrow account [had] not yet been met as a technical matter." *Id*. at 12. The court observed nonetheless that "the aspect of the appellate decision that led the Federal Circuit to vacate the

judgment . . . is, for all practical purposes, final." *Id*. The court concluded that "[u]nder these circumstances, there does not appear to be any justification for requiring Hynix to continue to maintain the bond." *Id*.

With respect to the escrow account, however, the court opined as follows:

> The escrow account presents a somewhat different situation. The record is not clear as to the precise amount of the expense incurred in maintaining the account, but the court presumes that it is relatively minor. Rambus yet may prevail on the merits, in which case the existence of the escrow account would simplify greatly the calculation and transfer of royalties due. Hynix stipulated to maintaining the escrow account pending the satisfaction of certain conditions, which have not yet occurred, and that "[i]f the Final Judgment is reversed or vacated so as to affect the basis for the ongoing award, the funds in the Escrow Account . . . shall not be released to any party pending further order by this Court, but shall be released in accordance with any further order by the Court." Stipulation and Order of November 24, 2009, at 4:8-13 (emphasis added). Accordingly, the court declines to lift Hynix's obligation to pay the specified royalties into the escrow account at this time.

*Id*. at 12-13.

Subsequently, on February 21, 2012, the United States Supreme Court denied Hynix's petition for writ of certiorari. *See* Dkt. Entry 4126-1, Allen Decl., Exh. 2. On March 8, 2012, Hynix filed the present motion seeking release of the escrow funds.

## II. DISCUSSION

As is noted above, the parties stipulated that the escrow funds may be released only by order of the court, and in no event while a petition for writ of certiorari remains pending in the Supreme Court. *See* Dkt. Entry 4001, Stip. and Order of Nov. 24, 2009, at 4. When it denied Hynix's prior request to release the funds, this court observed that the conditions for release had not yet been met, referring to the pendency of Hynix's petition for writ of certiorari. The question presented by Hynix's motion is whether circumstances have changed sufficiently to warrant release of the funds at this time.

Because only a short time has passed since the court's January 11 order declining to release the funds, the same considerations that informed that ruling still apply. For example, "Rambus yet may prevail on the merits, in which case the existence of the escrow account would simplify greatly the calculation and transfer of royalties due." Dkt. Entry 4115, Order of Jan. 11, 2012, at 12-13. However, Hynix now clarifies that its ongoing royalty obligations terminated in

3

Case No. C-00-20905-RMW
ORDER GRANTING HYNIX'S MOTION FOR RELEASE OF ESCROW FUNDS
CD

1  April 2010 when the patents-in-suit expired.  *See* Mot. at 1 n.1.  Hynix has provided accounting
2  reports to Rambus on a quarterly basis with respect to all royalties accrued thus far.  *See* Dkt.
3  Entry 4126-1, Allen Decl., Exh. 1.  Those records would make calculation of damages for lost
4  royalties fairly straightforward should Rambus prevail on the merits.

5        With respect to the court's conclusion that transfer of the royalties would be simplified if
6  they remained segregated in the escrow account, Hynix observes correctly that requiring
7  maintenance of the account for that reason would impose a *de facto* prejudgment attachment to
8  secure satisfaction of a potential judgment for Rambus.  Rambus's opposition brief highlights
9  that this is the case, as it asserts that releasing the escrow funds "would enable Hynix to dissipate
10 the funds held in the account or move them beyond the Court's jurisdiction, and thereby frustrate
11 the Court's ability to effect the relief it previously granted."  Dkt. Entry 4136, Opp., at 2.
12 Rambus, however, has offered no evidence which suggests that Hynix will dissipate the funds
13 held in escrow or try to put its assets out of Rambus's reach.

14       In general, the law of the forum state governs attachment in federal litigation.  *See* Fed. R.
15 Civ. P. 64(a).  Under California law prejudgment attachment may issue only in very limited
16 circumstances, none of which is available to Rambus here.  *See* Cal. Civ. P. Code § 482.010 *et*
17 *seq.*  Hynix asserts that the funds in the escrow account total more than $80 million, *see* Dkt.
18 Entry 4126, Mot. at 3, and Rambus does not contest this figure.  Continued segregation of the
19 funds prevents Hynix from using this capital for other purposes.  Moreover, while the $5,000 in
20 annual fees[1] that Hynix incurs to maintain the escrow account concededly "are not significant
21 compared to the Account's balance," *id.*, the fees are not insubstantial.

22       In light of the Supreme Court's denial of Hynix's writ petition and based upon the current
23 state of the record, the court concludes that it no longer is appropriate to require Hynix to
24 maintain the escrow account.

25 //
26 //
27
28

---

[1] *See* Dkt. Entry 4136, Ross Decl., Exh. 4 at Sched. 3.

4

Case No. C-00-20905-RMW
ORDER GRANTING HYNIX'S MOTION FOR RELEASE OF ESCROW FUNDS
CD

## III. ORDER

Good cause therefor appearing, in is hereby ordered that:

Hynix's motion for release of the escrow funds is GRANTED.

DATED: April 25, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge