1    KENNETH L. NISSLY (SBN 77589) knissly@omm.com
     SUSAN van KEULEN (SBN 136060) svankeulen@omm.com
2    SUSAN ROEDER (SBN 160897) sroeder@omm.com
     MISHIMA ALAM (SBN 271621) malam@omm.com
3    O'MELVENY & MYERS LLP
     2765 Sand Hill Road
4    Menlo Park, California  94025
     Telephone:      (650) 473-2600
5    Facsimile:      (650) 473-2601

6    KENNETH O'ROURKE (SBN 120144) korourke@omm.com
     O'MELVENY & MYERS LLP
7    400 South Hope Street
     Los Angeles, California  90071-2899
8    Telephone:      (213) 430-6000
     Facsimile:      (213) 430-6407
9
     THEODORE G. BROWN III
10   tbrown@kilpatricktownsend.com
     KILPATRICK TOWNSEND & STOCKTON LLP
11   1080 Marsh Road
     Menlo Park, California  94025
12   Telephone:      (650) 324-6353
     Facsimile:      (650) 318-2029
13

14   Attorneys for Plaintiffs
     HYNIX SEMICONDUCTOR INC.,
15   HYNIX SEMICONDUCTOR AMERICA INC.,
     HYNIX SEMICONDUCTOR U.K. LTD., and
16   HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH

17                    UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19                        SAN JOSE DIVISION

20

| 21 HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH, | Case No. CV 00-20905 RMW |
|---|---|
| Plaintiffs, | **HYNIX'S NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR IN THE ALTERNATIVE, MOTION FOR STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. RAMBUS INC., Defendant. | Hearing Date:   November 30, 2012<br>Time:   9:00 a.m.<br>Place:   Courtroom 6; 4th Floor<br>Judge:   Hon. Ronald M. Whyte |

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     Please take notice that on November 30, 2012 at 9:00 a.m. in Courtroom 6 before the

3 | Honorable Ronald M. Whyte, Plaintiffs SK hynix Semiconductor Inc., SK hynix Semiconductor

4 | America Inc., SK hynix Semiconductor U.K. Ltd., and SK hynix Semiconductor Deutschland

5 | GmbH (collectively, "Hynix")[1] will and hereby do move for a new trial pursuant to Federal Rule

6 | of Civil Procedure 59 or, in the alternative, for a stay of this action.

7 |     Hynix is compelled to seek, in the alternative to the Motion for Summary Judgment filed

8 | herewith and incorporated herein by reference, a new trial to introduce evidence of recent rulings

9 | by the Board of Patent Appeals and Interferences ("BPAI")[2] and the Federal Circuit that relate to

10 | the invalidity of the Rambus patent claims tried here. Based on the effect of those reexamination

11 | rulings and this Court's Findings of Fact and Conclusions of Law on Spoliation and the Unclean

12 | Hands Defense, entered Sept. 21, 2012 (D.E. 4160) ("Sept. 21 Order"), Hynix is also entitled to a

13 | new trial on damages.

14 |     In the 2006 patent trial, Rambus elected to try ten patent claims:  US 5,915,105

15 | (claim 34); US 6,034,918 (claims 24 and 33); US 6,324,120 (claim 33); US 6,378,020 (claims 32

16 | and 36); US 6,426,916 (claims 9, 28, and 40); and US 6,452,863 (claim 16 (collectively, the

17 | "claims-in-suit").  In recent patent reexamination proceedings, the BPAI has directly held that

18 | two of the ten claims-in-suit are invalid.  BPAI decisions on two other claims-in-suit are pending.

19 | The BPAI has also rejected other Rambus patent claims that were not in suit here but that contain

20 | the same features of SDRAM and DDR SDRAM that were at issue in the claims-in-suit.  Because

21 | the claims that have been rejected by the BPAI do not differ in any patentably significant way

22 | from the claims-in-suit, the nonadjudicated claims-in-suit are invalid based on the collateral

23 | estoppel effect of the BPAI decisions, as discussed in Hynix's Motion for Summary Judgment

24 | 

---

25 | [1] On October 5, 2012, the parties formerly collectively referred to as "Hynix" filed an Administrative Motion informing the Court of changes to those parties' names.  As of the date of

26 | filing this motion, the Administrative Motion had not been granted.  For ease of reference, the parties shall continue to be referred here to as "Hynix."

27 | [2] On September 16, 2012, the name of the Board of Patent Appeals and Interferences ("BPAI") was changed to the Patent Trials and Appeals Board ("PTAB").  However, as the facts and law

28 | relevant to this motion refer to the former name, BPAI shall be used herein.

1   filed herewith.  Alternatively, the BPAI decisions are new, relevant evidence on the issue of

2   validity that entitles Hynix to a new trial.

3       Hynix is also entitled to a new trial on validity in light of the Federal Circuit's recent

4   decision in *In re Rambus Inc.*, -- F.3d --, No. 2011-1247, 2012 WL 3329675 (Fed. Cir. Aug. 15,

5   2012).  In that decision, the Federal Circuit established the construction of the term "memory

6   device" and held that, in light of its new construction, the Rambus claim at issue was invalid in

7   light of prior art asserted by Hynix in the 2006 patent trial.

8       Finally, once any of the claims-in-suit are held invalid, the normal rule requires a new trial

9   on damages because the jury's previous damages award was undifferentiated as to the amount of

10  damages awarded in connection with infringement of each claim in suit.  In addition, in its

11  Findings of Fact and Conclusions of Law on Spoliation and the Unclean Hands Defense, entered

12  Sept. 21, 2012 (D.E. 4160) ("Sept. 21 Order"), this Court found that Rambus engaged in

13  spoliation of evidence and ordered that all evidence in excess of a reasonable and

14  nondiscriminatory royalty be stricken. *See* Sept. 21 Order, pp. 62:19-20; 65:10-12.  A new trial

15  would have to address this Court's spoliation ruling and evidence of damages, if any, would have

16  to be in accord with this Court's order.

17      As an alternative to granting a new trial, if the Court has any concerns about the progress

18  of the reexamination proceedings, the Court should stay this case until it can proceed with clarity

19  as to what liability and damages issues, if any, remain for trial.

20      This motion is based on this notice of motion and motion; the accompanying

21  memorandum of points and authorities; Hynix's Motion for Summary Judgment, or in the

22  Alternative, Partial Summary Judgment on the Issue of the Collateral Estoppel Effect of

23  Reexaminations of Rambus's Patents, Hynix's Motion For Leave to File Supplemental Reply to

24  Defendant and Counterclaim Plaintiff Rambus Inc.'s Amended Counterclaim, Hynix's Request

25  for Judicial Notice, and all documents filed in support of those motions filed herewith; and such

26  other and further written and oral argument and authorities as may be presented at or before the

27  hearing of this motion.

28

HYNIX'S MOTION FOR NEW TRIAL AND
MOTION FOR STAY
CV 00-20905 RMW

1  Dated:  October 17, 2012                    Respectfully submitted,

2                                              O'MELVENY & MYERS LLP

3

4

5                                              By:_____/s/ Susan van Keulen_____
                                                           Susan van Keulen

6
                                                   KENNETH L. NISSLY
7                                                  SUSAN van KEULEN
                                                   SUSAN ROEDER
8                                                  MISHIMA ALAM
                                                   O'MELVENY & MYERS LLP
9
                                                   KENNETH O'ROURKE
10                                                 O'MELVENY & MYERS LLP

11
                                                   THEODORE G. BROWN III
12                                                 KILPATRICK TOWNSEND & STOCKTON LLP

13                                             Attorneys for Plaintiffs
                                               HYNIX SEMICONDUCTOR INC.,
14                                             HYNIX SEMICONDUCTOR AMERICA INC.,
                                               HYNIX SEMICONDUCTOR U.K. LTD., and
15                                             HYNIX SEMICONDUCTOR DEUTSCHLAND
                                               GmbH
16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -                                          HYNIX'S MOTION FOR NEW TRIAL AND
                                               MOTION FOR STAY
                                               CV 00-20905 RMW

# TABLE OF CONTENTS

**Page**

I.    Introduction ................................................................................................ 1

II.   Factual Background .................................................................................... 3

III.   Hynix is Entitled to a New Patent Trial Based on Recent Rulings by the
BPAI, the Federal Circuit, and This Court ................................................ 5

     A.    The Reexaminations Are Newly Discovered Evidence Warranting
a New Trial ..................................................................................... 6

         1.     The Reexamination Proceedings Are "Newly Discovered
Evidence" That Was Not Available at the Time of the 2006
Patent Trial ......................................................................... 6

         2.     Evidence Related to the Reexaminations Is Admissible and
Highly Probative ................................................................. 7

            a.     Evidence related to the reexaminations is not hearsay
and is admissible ................................................... 8

            b.     The reexamination evidence is highly relevant to the
issue of validity ................................................... 8

     B.    The Federal Circuit's Construction of the Term "Memory Device"
Warrants a New Trial .................................................................... 10

     C.    The "Normal Rule" Requires a New Trial on Damages Where a
Party Is No Longer Entitled to Damages on Some of the Claims
That Were the Basis of a Previous Lump Sum Damages Award ............ 12

     D.    This Court's Striking of Evidence of Damages Warrants a New
Trial on Damages ......................................................................... 13

IV.   THE COURT CAN Alternatively Stay This Action ................................... 14

     A.    The Court Can Stay This Action in Light of Reexamination
Proceedings ................................................................................. 14

     B.    The Court Can Stay This Action Pending Clarification of Damages,
if Any, to Which Rambus May Be Entitled ...................................... 15

     C.    Failure to Grant a Stay in the Alternative Would Be Prejudicial to
Hynix ........................................................................................... 15

     D.    Staying Proceedings Will Not Cause Undue Prejudice to or Present
a Tactical Disadvantage to Rambus ................................................ 16

     E.    A Stay Would Serve the "Significant" Public Policy Interest In
Eliminating Invalid Patents ........................................................... 17

V.    Conclusion ................................................................................................ 18

TABLE OF AUTHORITIES

**Page**

**CASES**

*ASCII Corp. v. STD Entm't USA, Inc.,*
    844 F. Supp. 1378 (N.D. Cal. 1994) ................................................................14

*Bausch & Lomb, Inc. v. Alcon, Labs.,*
    914 F. Supp. 951 (W.D.N.Y. 1996) ................................................................16

*Brown v. Wright,*
    588 F.2d 708 (9th Cir. 1978) ..........................................................................6

*Cardinal Chem. Co. v. Morton Int'l, Inc.,*
    508 U.S. 83 (1993) .........................................................................................17

*Constant v. Advanced Micro-Devices, Inc.,*
    848 F.2d 1560 (Fed. Cir. 1988) .....................................................................17

*Contempo Metal Furniture Co. v. E. Tex. Motor Freight Lines, Inc.,*
    661 F.2d 761 (9th Cir. 1981) ..........................................................................5

*Darling Int'l, Inc. v. Baywood Partners, Inc.,*
    No. C-05-3758 EMC, 2007 WL 2904034 (N.D. Cal. Oct. 2, 2007) .............6

*Defenders of Wildlife v. Bernal,*
    204 F.3d 920 (9th Cir. 1999) ..........................................................................6

*Ethicon, Inc. v. Quiqg,*
    849 F.2d 1422 (Fed. Cir. 1988) .....................................................................1

*Everything for Love.com, Inc. v. Tender Loving Things, Inc.,*
    No. CIV 02-2605 PHX(EHC), 2006 WL 2091706 (D. Ariz. July 21, 2006) .............15, 16

*Flo Healthcare Solutions v Rioux Vision, Inc.,*
    No. 1:06-cv-02600-TWT (N.D. Ga. March 5, 2009) ....................................9

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l., Inc.,*
    No. C 03-1431 SBA., 2006 WL 1330003 (N.D. Cal. May 15, 2006) ............8

*Galdamez v. Potter,*
    415 F.3d 1015 (9th Cir. 2005) .......................................................................10

*Gioello Enters. Ltd. v. Mattel, Inc.,*
    No. C.A. 99-375 GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) .............16

*Gould v. Control Laser Corp.,*
    705 F.2d 1340 (Fed. Cir. 1983) .....................................................................14

*Hewlett-Packard Co. v. Mustek Sys., Inc.,*
    340 F.3d 1314 (Fed. Cir. 2003) .....................................................................5

**TABLE OF AUTHORITIES**
*(Continued)*

Page

*Implicit Networks Inc., v. Advanced Micro Devices, Inc.,*
No. C08-184 JLR, 2009 WL 357902 (W.D. Wash. Feb. 9, 2009) ...........................................17

*In re Baxter Int'l, Inc.,*
678 F3d 1357 (Fed. Cir. 2012)..................................................................................................15

*In re Rambus Inc.,*
-- F.3d --, No. 2011-1247, 2012 WL 3329675 (Fed. Cir. Aug. 15, 2012).................2, 4, 10, 11

*In re Swanson,*
540 F.3d 1368 (Fed. Cir. 2008).................................................................................................15

*Jones v. Aero/Chem Corp.,*
921 F.2d 875 (9th Cir. 1990) ......................................................................................................6

*Keith v. Volpe,*
858 F.2d 467 (9th Cir. 1988) ......................................................................................................8

*Larez v. City of Los Angeles,*
946 F.2d 630 (9th Cir. 1991) ......................................................................................................5

*Lucent Techs., Inc. v. Gateway, Inc.,*
No. 07-cv-2000-H(CAB), 2007 WL 6955272 (S.D. Cal. 2007).................................................8

*Medtronic, Inc. v. White,*
526 F.3d 487 (9th Cir. 2008) ....................................................................................................10

*Memphis Cmty. Sch. Dist. v. Stachura,*
477 U.S. 299 (1986)...................................................................................................................13

*MercExchange, L.L.C. v. eBay, Inc.,*
500 F. Supp. 2d 556 (E.D. Va. 2007) .......................................................................................14

*Metcalf v. Bochco,*
200 Fed. App'x 635 (9th Cir. 2006) ...........................................................................................8

*Molski v. M.J. Cable, Inc.,*
481 F.3d 724 (9th Cir. 2007) ......................................................................................................5

*Montgomery Ward & Co. v. Duncan,*
311 U.S. 243 (1940).....................................................................................................................5

*Nestier Corp. v. Menasha Corp.,*
739 F.2d 1576 (Fed. Cir. 1984).................................................................................................17

*NTP, Inc. v. Research In Motion, Ltd.,*
418 F.3d 1282 (Fed. Cir. 2005)...........................................................................................10, 12

HYNIX'S MOTION FOR NEW TRIAL AND
MOTION FOR STAY
CV 00-20905 RMW

# TABLE OF AUTHORITIES
## *(Continued)*

**Page**

*Oracle Am., Inc. v. Google, Inc.,*
   No. C 10-03561 WHA, 2012 WL 1189898 (N.D. Cal. Jan. 4, 2012).........................................9

*PlaSmart, Inc. v. Kappos,*
   No. 2011-1570, 2012 WL 1850650 (Fed. Cir. May 22, 2012) ..................................................15

*Pragmatus AV, LLC v. Facebook, Inc.,*
   No. 11-CV-02168 EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011)....................................17

*Rambus Inc. v. Hynix Semiconductor Inc., et al.,*
   No. 05-cv-00334 (N.D. Cal. Nov. 21, 2008) ...........................................................................10

*Rambus Inc. v. Micron Tech., Inc.,*
   No. 06-cv-00244 (N.D. Cal. Nov. 21, 2008) ...........................................................................10

*Raymond v. Raymond Corp,*
   938 F.2d 1518 (1st Cir. 1991) ....................................................................................................7

*SmithKline Beecham Corp. v. Apotex Corp.,*
   403 F.3d 1331 (Fed. Cir. 2005)..................................................................................................17

*Sorenson v. Black & Decker Corp.,*
   No. 06cv1572 BTM(CAB), 2007 WL 2696590 (S.D. Cal. Sept. 10, 2007)..............................15

*St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.,*
   412 Fed. App'x 270 (Fed. Cir. 2011)...........................................................................................8

*Standard Havens Products, Inc. v. Gencor Industries, Inc.,*
   897 F.2d 511 (Fed. Cir. 1990)..................................................................................................6, 8

*TDM America, LLC v. United States,*
   100 Fed. Cl. 485 (2011) ..............................................................................................................7

*Tesco Corp. v. Weatherford Int'l, Inc.,*
   750 F. Supp. 2d 780 (S.D. Tex. 2010) .........................................................................................8

*Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.,*
   308 F.3d 1167 (Fed. Cir. 2002)....................................................................................................5

*Verizon Servs. Corp. v. Vonage Holdings Corp.,*
   503 F.3d 1295 (Fed. Cir. 2007)..................................................................................................12

*Wharf v. Burlington N. R.R. Co.,*
   60 F.3d 631 (9th Cir. 1995) .........................................................................................................6

*Zhang v. Am. Gem Seafoods, Inc.,*
   339 F.3d 1020 (9th Cir. 2003) .....................................................................................................5

HYNIX'S MOTION FOR NEW TRIAL AND
MOTION FOR STAY
CV 00-20905 RMW

**TABLE OF AUTHORITIES**
*(Continued)*

**Page**

**RULES**

Fed. R. Civ. P. 59(a)(1) ............................................................................................5

Fed. R. Evid. 801(c) ................................................................................................8

Fed. R. Evid. 802 ....................................................................................................8

Fed. R. Evid. 803(8) ...............................................................................................8

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3       Only the most significant of events compels Hynix to bring its motion for summary

4   judgment, motion to for leave to supplement reply, and as a final alternative, this motion for new

5   trial or for stay.  Like the Court, Hynix is well aware of the years of litigation to date in this case.

6   But recent developments from the Board of Patent Appeals and Interferences ("BPAI"), the

7   Federal Circuit, and this Court present exceptional circumstances that do not allow this litigation

8   to proceed.

9       The BPAI has invalidated two of the ten patent claims Rambus is asserting against Hynix

10  in this case, and the BPAI has rejected other, related Rambus patent claims on grounds that

11  invalidate the eight remaining claims-in-suit.  The validity of Rambus's patents is, of course, the

12  fundamental issue in this litigation, particularly now as this Court appears poised to reenter

13  judgment predicated on previous findings that the patents were not proved invalid and were

14  infringed.  In its recent decision on the spoliation issues that were remanded by the Federal

15  Circuit, this Court cited the purported validity of Rambus's patents as a justification for

16  permitting Rambus to recover royalties from Hynix, despite Rambus's spoliation of documents.

17  *See* Findings of Fact and Conclusions of Law on Spoliation and the Unclean Hands Defense,

18  dated September 21, 2012 (D.E. 4160) ("Sept. 21 Order"), at 64:22-23 ("[T]he court is reluctant

19  to impose a dispositive sanction given that Rambus's patents otherwise are valid."), 65:13

20  (Court's remedy "recognizes that Rambus's patents have been determined to be valid").[3]  By its

21  motion for summary judgment, filed together with this motion, Hynix asserts that the BPAI

22  decisions collaterally estop this Court from enforcing patents found invalid; alternatively, Hynix

23  seeks a new trial at which evidence of the BPAI decisions may be properly introduced.

24      In addition, the Federal Circuit recently established the construction of the term "memory

25

26  [3] The Court's statement that Rambus's patents were found valid at trial misstates the trier of fact's
    role in patent matters.  As the Federal Circuit has explained, "[c]ourts do not find patents valid,
27  only that the patent challenger did not carry the burden of establishing invalidity in the particular
    case before the court."  *Ethicon, Inc. v. Quiqq*, 849 F.2d 1422, 1429 n.3 (Fed. Cir. 1988) (citation
28  and internal quotation marks omitted).

device," holding that, in light of its new construction, the Rambus claim at issue was invalid by prior art asserted by Hynix in the 2006 trial. *In re Rambus Inc.*, -- F.3d --, No. 2011-1247, 2012 WL 3329675, at *1 (Fed. Cir. Aug. 15, 2012). Accordingly, Hynix is entitled to a new trial at which the jury can be instructed regarding the proper construction of the term "memory device" and granted the opportunity to evaluate the relevant prior art in light of that construction.

Although Hynix believes that the recent BPAI decisions render all of Rambus's claims here invalid, Hynix takes the position that if only some are invalid, a new damages trial is also necessary because the previous lump-sum damages award cannot otherwise be adjusted to ensure that Rambus does not recover any damages for infringement of invalid claims.

Finally, as a result of this Court's September 21 Order striking all evidence in support of a royalty in excess of a reasonable and nondiscriminatory rate ("RAND") (*See* Sept. 21 Order, p. 65:10-12), no damages evidence remains in the record, and Rambus has failed to carry its burden of proof on that issue.[4]  Should any of Rambus's damages evidence remain, then Hynix is entitled to a new trial on damages.[5]

Presented with these three concurrent motions, the Court should first consider Hynix's motion for summary judgment—it fully sets forth the factual background and legal arguments in support of collateral estoppel. At a minimum, given the shadow that the BPAI's invalidity judgments have cast on this litigation, Hynix is entitled to leave to supplement its reply. Should the Court deny Hynix's summary judgment motion, then the Court should grant this motion for a new patent trial or, in the alternative, stay. The Court should also grant a new trial to give full force and effect to the findings in *In Re Rambus Inc.* and to properly admit (if necessary) only relevant evidence related to damages.

---

[4] Pursuant to the Sept. 21 Order, the Court requested additional briefing on the issue of a reasonable royalty. Hynix is currently scheduled to file that brief on October 23, 2012, and addresses the evidence struck by the Court's Sept. 21 Order more completely therein.

[5] Notwithstanding Hynix's position that a new trial on damages may be warranted in light of the striking of Rambus's evidence, and without waiving any challenge to the procedure set forth by the Court in the September 21 Order, Hynix's forthcoming brief on a sanction for Rambus's spoliation will fully address the royalty rates paid by Hynix's relevant competitors during the damages time period in this case, as directed by the Court. *See* Sept. 21 Order at 65:10-18.

HYNIX'S MOTION FOR NEW TRIAL AND
MOTION FOR STAY
CV 00-20905 RMW

## II.     FACTUAL BACKGROUND

The history of this litigation is well known to the Court.  The facts related to the ten claims, comprising five patents, that Rambus is asserting in this litigation—and that the BPAI has found invalid—are discussed more fully in the accompanying motion for summary judgment, but for ease of reference are summarized below:

| | |
|---|---|
| '120 patent - claim 33 | Rejected by BPAI decision dated January 19, 2012<br>*See* Taylor Decl.[6], ¶¶ 13, 14, and 18, Ex. 10. |
| '916 patent - claim 28 | Rejected by BPAI decision dated June 14, 2012<br>*See* Taylor Decl., ¶¶ 13, 14, and 18, Ex. 14. |
| '863 patent - claim 16 | Pending<br>Related claims rejected by BPAI decision dated January 19, 2012<br>*See* Taylor Decl., ¶¶ 101-111, Exs. 9 and 16. |
| '020 patent - claim 36 | Pending<br>Related claims rejected by BPAI decision dated January 19, 2012<br>*See* Taylor Decl., ¶¶ 73-84, Exs. 6 and 16. |
| '020 patent - claim 32 | Related claims rejected  by BPAI decision dated January 19, 2012<br>*See* Taylor Decl., ¶¶ 62-72; 118, Exs. 5 and 16. |
| '105 patent - claim 34 | Related claims rejected by BPAI decision dated January 19, 2012<br>*See* Taylor Decl., ¶¶ 27-35; 113-114, Exs. 2 and 16. |
| '918 patent - claim 24 | Related claims rejected by BPAI decision dated June 14, 2012<br>*See* Taylor Decl., ¶¶ 36-52; 115-117, Exs. 3 and 14. |

---

[6] The Declaration of David L. Taylor is being filed in support of Hynix's Motion for Summary Judgment or, in the Alternative, Summary Adjudication on the Issue of the Collateral Estoppel Effect of Reexaminations of Rambus's Patents on October 17, 2012, and is incorporated by reference herein.

HYNIX'S MOTION FOR NEW TRIAL AND
MOTION FOR STAY
CV 00-20905 RMW

| | |
|---|---|
| '918 patent - claim 33 | Related claims rejected by BPAI decision dated January 19, 2012<br><br>*See* Taylor Decl., ¶¶ 53-61; 115-117, Exs. 4 and 16. |
| '916 patent - claim 9 | Related claims rejected by BPAI decisions dated January 19, 2012; January 27, 2012; June 14, 2012<br><br>*See* Taylor Decl., ¶¶ 85-94; 119-120, Exs. 7, 14, 16 and 18. |
| '916 - claim 40 | Related claims rejected by BPAI decisions dated January 19, 2012; June 14, 2012; September 27, 2012<br><br>*See* Taylor Del. at ¶¶ 95-100; 119-120, Exs. 8, 14, 16 and 21. |

On August 15, 2012, the Federal Circuit issued its opinion in *In re Rambus Inc.* Rambus had appealed the BPAI's affirmance of the Examiner's finding in a reexamination proceeding that claim 18 of US 6,034,918 ("the '918 patent")—was invalid.[7]  Directly relevant to this action, the Federal Circuit's decision: (a) establishes the construction of the term "memory device" found in the '918 and other patents-in-suit here, and (b) affirms the PTO's determination that claim 18 is invalid because it reads on the memory module disclosed in the prior art iAPX Intel Reference Manual. *In re Rambus*, 2012 WL 3329675, at *6-8.  Hynix relied on the iAPX Manual as a key piece of prior art in the 2006 patent trial; it was admitted as Exhibit 1109 and was used in Hynix's invalidity case to challenge six of the ten claims at issue. *See* Declaration of Theodore G. Brown III ("Brown Decl."), ¶ 3 filed together with this brief.

On September 21, 2012, recognizing the harm caused by Rambus's spoliation of evidence, this Court ordered: "Under these circumstances, the court concludes that the sanction most

---

[7] Although the '918 patent, claim 18, was not tried here, claims 24 and 33 of the same patent were tried in the pending action.  Claims 24 and 33 were not involved in the BPAI's decision or the Federal Circuit appeal because during the reexamination proceeding both claims were confirmed by the Examiner and, since the reexamination was *ex parte*, the confirmation was not appealable to the BPAI or the Federal Circuit.  However, subsequent decisions of the BPAI in reexaminations of other Farmwald/Horowitz patents have undermined the basis for the Examiner's confirmation of these two claims. *See* Hynix Motion for Summary Judgment, p. 21-22, filed herewith and incorporated herein.

HYNIX'S MOTION FOR NEW TRIAL AND
MOTION FOR STAY
CV 00-20905 RMW

commensurate with Rambus's conduct and which addresses the above concerns is to strike from the record evidence supporting a royalty in excess of a reasonable, non-discriminatory royalty." *See* Sept. 21 Order, p. 65:10-12. At the patent trial in 2006, Rambus's damages evidence was a chart summarizing seven Rambus SDRAM and DDR licenses entered into in the year 2000, accompanied by testimony by Rambus's economist expert, David Teece. *See* Patent trial Ex. 5661; Patent TT 1053:17-1055:13. As will be discussed in Hynix's forthcoming brief on a sanction for Rambus's spoliation (*see* Sept. 21 Order, p. 65:15-66:1), the licenses proffered by Rambus at trial reflect rates far in excess of RAND rates. As a result, Rambus's damages evidence in its entirety has been stricken, and a new damages trial is necessary if Rambus is to be awarded any damages.

### III. HYNIX IS ENTITLED TO A NEW PATENT TRIAL BASED ON RECENT RULINGS BY THE BPAI, THE FEDERAL CIRCUIT, AND THIS COURT

Under Federal Rule of Civil Procedure 59(a), "[a] new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007); *see also* Fed. R. Civ. P. 59(a)(1). The Ninth Circuit has noted that "'Rule 59 does not specify the grounds on which a motion for a new trial may be granted,'" although the court is "'bound by those grounds that have been historically recognized.'" *Molski*, 481 F.3d at 729 (quoting *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003)).[8] Historically recognized grounds include claims that "'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Id.* (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). A motion for a new trial filed before entry of judgment is timely under Rule 59. *Contempo Metal Furniture Co. v. E. Tex. Motor Freight Lines, Inc.*, 661 F.2d 761, 764 n.1 (9th Cir. 1981); *Larez v. City of Los Angeles*, 946 F.2d 630, 636 (9th Cir. 1991) (nothing in

---

[8] On a motion for new trial, which is not unique to patent infringement actions, courts generally apply the law of the regional circuit. *See Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1182 (Fed. Cir. 2002); *Hewlett-Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1314, 1323 (Fed. Cir. 2003).

Rule 59 prohibits early filings).

### A.   The Reexaminations Are Newly Discovered Evidence Warranting a New Trial

Under Rule 59, a new trial may be ordered on the ground of newly discovered evidence. *Brown v. Wright*, 588 F.2d 708, 709-10 (9th Cir. 1978); *see also Darling Int'l, Inc. v. Baywood Partners, Inc.*, No. C-05-3758 EMC, 2007 WL 2904034, at *1 (N.D. Cal. Oct. 2, 2007). Such an order requires proof of the following elements: "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 1999).

### 1.   The Reexamination Proceedings Are "Newly Discovered Evidence" That Was Not Available at the Time of the 2006 Patent Trial

Reexamination proceedings have been held to be "newly discovered evidence," even where the reexamination proceedings were not complete at the time of the court's decision. For example, in *Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 897 F.2d 511 (Fed. Cir. 1990), the Federal Circuit stayed execution of the district court's judgment and the imposition of an injunction pending the defendant's appeal. In that case, after the jury verdict but before entry of judgment, the PTO had *sua sponte* ordered reexamination of the patent-in-suit. *Id.* at 514-15. In considering the defendant's motion for a stay, the Federal Circuit held that "the action by the PTO in withdrawing approval of a certificate of correction, and in *sua sponte* ordering reexamination, is newly discovered evidence" and "raise serious questions of law which could necessitate a new trial." *Id.* at 515.[9]

---

[9] Both *Standard Havens* and *TDM America* involved Federal Rule of Civil Procedure 60, but the standards for granting new trials under Rule 60 and Rule 59 are "essentially the same," although a Rule 59 motion may require a slightly lower showing than a motion under Rule 60. *Wharf v. Burlington N. R.R. Co.*, 60 F.3d 631, 637 (9th Cir. 1995); *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (agreeing with the district court's test for a motion for new trial under Rule 59 based on newly discovered evidence, where "both parties argued and the district court applied the test borrowed from cases considering motions under Rule 60(b)(2) for relief from judgment based upon newly discovered evidence").

Similarly, in *TDM America, LLC v. United States*, 100 Fed. Cl. 485, 491 (2011), the plaintiff contended that it should receive relief from the district court's summary judgment of non-infringement of the patent-in-suit under Rule 60(b) based on *ex parte* reexaminations of the patents-in-suit before the PTO. *Id.* at 486. The plaintiff argued that the court should modify its claim construction findings based on the examiner's findings in the reexamination. *Id.* The plaintiff also argued that, although the reexaminations were not complete at the time of the court's decision, the court should treat the reexaminations as "newly discovered evidence." *Id.* at 491. The court agreed with the plaintiff and also observed that the Federal Circuit had previously taken judicial notice of *ex parte* reexamination decisions. *Id.* The court then held that the reexamination proceedings would be treated as "newly discovered evidence," although it ultimately concluded that the proceedings were not material to the court's claim construction and denied the plaintiff's motion for relief. *Id.* at 491-92.

Thus, as *Standard Havens* and *TDM America* demonstrate, the decisions arising from the reexaminations of Rambus's patents constitute "newly discovered evidence." Moreover, evidence of the BPAI decisions, issued just this year, was not available to Hynix at the time of the 2006 patent trial. Accordingly, the first two elements for a new trial on the ground of newly discovered evidence are satisfied.

> **2.** **Evidence Related to the Reexaminations Is Admissible and Highly Probative**

The newly discovered evidence here—BPAI decisions that reject two of the Rambus claims-in-suit and invalidate other, related claims on the "features" involved in this case—is of "such nature that it would probably change the result if a new trial is granted." *Raymond v. Raymond Corp*, 938 F.2d 1518, 1527 (1st Cir. 1991) (citation and internal quotation marks omitted).

**a.     Evidence related to the reexaminations is not hearsay and is admissible**

Under Federal Rule of Evidence 803(8), public records can be exempted from the hearsay rule, which holds that a statement, other than one made by the declarant while testifying at the trial or hearing, that a party offers in evidence to prove the truth of the matter asserted is generally inadmissible. *Metcalf v. Bochco*, 200 Fed. App'x 635, 637 (9th Cir. 2006); Fed. R. Evid. 801(c), 802. The PTO is an agency of the United States, and thus its official orders and decisions fall within the public records exception of Rule 803(8). *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l., Inc.*, No. C 03-1431 SBA., 2006 WL 1330003, at *2-3 (N.D. Cal. May 15, 2006) (admitting evidence of reexamination proceedings). Public records are afforded a presumption of trustworthiness, and the burden of establishing untrustworthiness falls on the party opposing admissibility. *Id.*, at *2; *see also Keith v. Volpe*, 858 F.2d 467, 481 (9th Cir. 1988). Where, as here, reexamination evidence will not cause undue prejudice, the evidence is admissible. *Fresenius*, 2006 WL 1330003, at *3.[10]

**b.     The reexamination evidence is highly relevant to the issue of validity**

Evidence of the BPAI's decisions goes to the heart of whether Rambus's asserted patent claims are valid, and if the reexaminations had been conducted at the time of the 2006 patent trial, the jury would likely have accorded this evidence great weight in deciding questions of validity. Even if the Court is not inclined to grant summary judgment, this evidence—which invalidates the claims-in-suit that Hynix was found to have infringed here—should, at a minimum, warrant a

---

[10] In addition, courts may take judicial notice of PTO office actions for various purposes. *See, e.g.*, *Standard Havens*, 897 F.2d at 514 n.3 (taking judicial notice of "adjudicative fact" of first office action on reexamination); *St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.*, 412 Fed. App'x 270, 276 n.1 (Fed. Cir. 2011) ("[T]his court can take judicial notice of the reexamination record."). Office actions have been found to be admissible evidence on other issues as well, such as to support a defense to a willful infringement charge. *Lucent Techs., Inc. v. Gateway, Inc.*, No. 07-cv-2000-H(CAB), 2007 WL 6955272, at *6-7 (S.D. Cal. 2007); *see also Tesco Corp. v. Weatherford Int'l, Inc.*, 750 F. Supp. 2d 780, 794-95 (S.D. Tex. 2010). Together with this motion, Hynix is filing a Request for Judicial Notice of the relevant reexamination records.

1   new trial.

2          A court in this district has held that office actions on reexamination are admissible

3   evidence when a jury is considering the validity of a patent. *See Oracle Am., Inc. v. Google, Inc.*,

4   No. C 10-03561 WHA, 2012 WL 1189898, at *3 (N.D. Cal. Jan. 4, 2012). In *Oracle*, the court

5   denied in part and granted in part the plaintiff's motion in limine to exclude evidence or argument

6   regarding reexamination of the patents-in-suit in a patent infringement trial. The court allowed

7   the defendant to introduce the office actions on reexamination for the three patents that had

8   completed prosecution, observing that "the initiation of reexamination and the customary first

9   office action prove little; but here, the examiners have gone to the end of their process. It would

10  be wrong to conceal this important information from the jury." *Id.* The court further stated that

11  "it would be misleading to instruct the jury on the presumption of validity while concealing from

12  the jury the fact that the rationale for the presumption—PTO examiner expertise—has been

13  drawn into question by more recent examiner rejections based in part on prior art previously not

14  disclosed to the PTO." *Id*; *see also Flo Healthcare Solutions v Rioux Vision, Inc.*, No. 1:06-cv-

15  02600-TWT, Transcript of Proceedings at 50 (N.D. Ga. March 5, 2009) (denying motion in

16  limine seeking to exclude reexamination proceedings from evidence, because the proceedings

17  were at an advanced stage, and therefore were admissible for invalidity, willfulness, and

18  inconsistent positions taken by patentee).

19         Similar to the situation in *Oracle*, the Examiners in this case "have gone to the end of their

20  process," meaning that they have closed prosecution. 2012 WL 1189898, at *3. In fact, the

21  status of some of the patent claims is even closer to a final decision than in *Oracle*—two of the

22  patent claims have received BPAI decisions of rejection, and the final option available to Rambus

23  on those claims is an appeal to the Federal Circuit. Information relating to the reexaminations

24  would be important to a jury and could have affected the outcome, particularly because the role

25  and expertise of the PTO in granting the patents in suit was emphasized to the jury. *See, e.g.*,

26  Patent Trial Tr. at 3260:21-25 (statement by Rambus's counsel that "these patents were issued by

27  the United States Patent Office. Trained examiners, trained in the art and trained in patents,

28  looked at these claims and decided whether or not to issue them."); *see also id.* at 11:8-24 (jury

HYNIX'S MOTION FOR NEW TRIAL AND
MOTION FOR STAY
CV 00-20905 RMW

1    shown video of PTO patent prosecution process).  Thus, the highly relevant evidence regarding

2    the reexaminations satisfies the third and final element of admissibility under Rule 59's "newly

3    discovered evidence" standard.

**B.      The Federal Circuit's Construction of the Term "Memory Device" Warrants a New Trial**

6          A jury verdict may be set aside based on erroneous jury instructions if the instructions

7    were "legally erroneous" and if "the errors had prejudicial effect."  *NTP, Inc. v. Research In*

8    *Motion, Ltd.*, 418 F.3d 1282, 1311-13 (Fed. Cir. 2005) (citation and internal quotation marks

9    omitted).  Where an error is found, prejudice is presumed and the burden then shifts to the other

10   party to demonstrate that "'it is more probable than not that the jury would have reached the same

11   verdict had it been properly instructed.'"  *Medtronic, Inc. v. White*, 526 F.3d 487, 493-94, 499

12   (9th Cir. 2008) (quoting *Galdamez v. Potter*, 415 F.3d 1015, 1025 (9th Cir. 2005)) (concluding

13   that jury instructions were prejudicial and remanding for new trial).

14         The decisive issue in the Federal Circuit's August 15, 2012 decision in *In re Rambus Inc.*

15   was the proper construction of the claim term "memory device" and specifically whether it was

16   limited to a single chip (as Rambus argued) or whether it was more broadly a device that allowed

17   for electronic storage and retrieval of information.  The Federal Circuit rejected Rambus's single

18   chip argument.

> In sum, "memory device" is a broad term which has been used
> consistently in the '918 patent and in the family of patents related to
> it to encompass a device having one or more chips.  Moreover, and
> consistent with the district court's opinion in *Micron*, there is no
> basis to find a disavowal or redefinition that would limit the term
> "memory device" to a single chip.

*In re Rambus*, 2012 WL 3329675, at *6 .[11]

---

[11] The Federal Circuit's reference to "the district court's opinion in *Micron*" was to this Court's
Order Clarifying the Court's Construction of "Memory Device," *Rambus Inc. v. Micron Tech.,
Inc.*, No. 06-cv-00244 (N.D. Cal. Nov. 21, 2008) (D.E. 1610).  *In re Rambus*, 2012 WL 3329675,
at *6.  The identical order was entered in *Rambus Inc. v. Hynix Semiconductor Inc., et al.*, No. 05-
cv-00334 (N.D. Cal. Nov. 21, 2008) (D.E. 2603).  That order was issued after the patent trial in
this case, at which the jury was told that the "device" terms were limited to a single chip.

The Federal Circuit construed "memory device" as follows:

> Thus, consistent with the specification, prosecution history, and the *Micron* district court's construction, **we construe a "memory device" as a component of a memory subsystem, not limited to a single chip,** where the device may have a controller that, at least, provides the logic necessary to receive and output specific data, but does not perform the control function of a CPU or bus controller.

*Id.*, at *7 (emphasis added). Reaching a conclusion particularly relevant to the facts here, the Federal Circuit thus that "there simply is no principled way to distinguish the iAPX's Manual's memory module, which contains several chips and a controller that provides the logic for those chips to function, from the '918 Patent's memory device." *Id.*, at *8.

In the 2006 patent trial, Hynix relied on the iAPX Manual as a key piece of prior art. It was admitted as Exhibit 1109 and was used in Hynix's invalidity case for six of the ten claims at issue. *See* Brown Decl., ¶ 3. But, lacking the Federal Circuit's broader definition, the jury was instructed to use an erroneous claim construction for purposes of its invalidity determination. The jury was given a Glossary that included the Court's claim constructions, including its construction of "memory device" as "an integrated circuit device in which information can be stored and retrieved electronically." Glossary of Terms Used in the Asserted Claims, Section IV of Patent Jury Binder. "Integrated circuit device," in turn, was construed as "a circuit constructed on a single monolithic substrate, commonly called a 'chip.'" (D.E. 2050) The jury was instructed to use these claim constructions when deciding whether any claim was invalid. Patent Jury Inst. No. 8 ("Summary of Contentions"). (*Id.*) The erroneous instruction that a memory device was limited to a single chip was prejudicial because it affected the jury's consideration of one of Hynix's key prior art references, "which contains several chips." *See In re Rambus*, 2012 WL 3329675, at *8. Hynix is thus entitled to a new trial in which the jury is given the correct construction for the term "memory device," as established in *In re Rambus*, so that the jury can properly evaluate the iAPX Manual.

1

C.   **The "Normal Rule" Requires a New Trial on Damages Where a Party Is No Longer Entitled to Damages on Some of the Claims That Were the Basis of a Previous Lump Sum Damages Award**

2

3      Because of the way Rambus tried the patent trial, there is no way to determine which

4   portion of the damages awarded by the jury was attributable to which claim.  Where a jury returns

5   a single verdict on damages in a patent infringement trial without breaking down the damages

6   attributable to each patent, and where liability is affirmed on less than all those patents, the

7   "normal rule" requires a new trial on damages.  *Verizon Servs. Corp. v. Vonage Holdings Corp.*,

8   503 F.3d 1295, 1310 (Fed. Cir. 2007); *see also NTP*, 418 F.3d at 1326 (vacating damages award).

9   The "normal rule" applies here:  the reexaminations have invalidated some or all of the claims-in-

10  suit, but the jury's damages award was not itemized by patent or claim.

11     In *Verizon*, the jury found Vonage liable for infringement of three Verizon patents and

12  awarded damages of $58 million.  *Verizon*, 503 F.3d at 1298.  On appeal, the Federal Circuit

13  affirmed liability for two of the patents but remanded for a new trial on liability for the third

14  patent, in light of the district court's erroneous claim construction.  *Id.*  Because the jury had not

15  allocated the damages award on a patent-by-patent basis, the Federal Circuit also vacated the

16  damages award and remanded for a new determination of damages.  *Id.* at 1311.

17     Similarly, in *NTP*, a jury found that the defendant infringed four patents and awarded

18  damages of over $53 million.  *NTP*, 418 F.3d at 1287.  On appeal, the Federal Circuit reversed on

19  the method claims, affirmed liability on certain system and apparatus claims, and remanded other

20  claims to the district court in light of an erroneous claim construction.  *Id.* at 1325-26.  The court

21  vacated the damages award and held:

22
> On remand, if prejudice is shown with respect to the claims containing the "originating processor" limitation, and because the jury verdict did not specify the amount of infringing sales attributed to each individual patent claim, or the specific devices and services determined by the jury to infringe each separately asserted claim, the district court will have to determine the effect of any alteration of the jury verdict on the district court's damage award and on the scope of the district court's injunction.

23

24

25

26  *Id.* at 1326.

27     The Federal Circuit's holding in *Verizon* that a new trial on damages should be ordered

28

HYNIX'S MOTION FOR NEW TRIAL AND
MOTION FOR STAY
CV 00-20905 RMW

where a verdict is reversed in part comports with Supreme Court precedent. In *Memphis Community School District v. Stachura*, 477 U.S. 299, 312 (1986), the district court allowed the jury to award three categories of damages in a civil-rights action: (1) compensatory; (2) punitive; and (3) additional compensatory damages based on the "value" or "importance" of the constitutional rights that were violated. 477 U.S. at 303. The Supreme Court found that the third category of damages was not recoverable. *Id.* at 311-12. The Supreme Court noted that although the verdict form had broken out punitive damages, it did not specify how the remaining damages were allocated between compensation for injury and compensation based on the "value" of the infringed rights. *Id.* at 312. In light of this generalized verdict, the Supreme Court held that the amount of the damages award that was not recoverable was "unknowable," and therefore, remanded the case for a new trial on compensatory damages. *Id.* at 312-13. Where the verdict does not reveal the means by which damages were calculated, the Supreme Court concluded, it is "difficult, if not impossible, to correct without retrial." 477 U.S. at 312 (citation and internal quotation marks omitted).

Once the BPAI invalidated even a single claim-in-suit in the 2006 patent trial, the jury's damages award cannot stand. Thus, a new trial will be necessary to determine a proper damages award that does not include damages for infringement of invalid claims.

### D. This Court's Striking of Evidence of Damages Warrants a New Trial on Damages

This Court's Sept. 21 Order regarding Rambus's spoliation stated in relevant part that the Court will "strike from the record evidence supporting a royalty in excess of a reasonable, non-discriminatory royalty." *See* Sept. 21 Order, p. 65:10-12. Rambus's evidence of damages in the 2006 patent trial consisted exclusively of SDRAM and DDR licenses entered into in 2000 and the testimony of its expert, David Teece. *See* Patent Trial Exhibit 5661; TT 1053:17-1055:13. As Hynix will explain in its forthcoming brief on sanctions for Rambus's spoliation (*see* Sept. 21 Order, p. 65:15-66:1), the licenses on which Rambus relied at trial do not reflect RAND rates but rather contain unreasonably high royalties due to the locked-in condition of the market at the time the licenses were entered. Accordingly, all of Rambus's damages evidence from the 2006 patent

trial has been struck from the record, and Rambus has failed to carry its burden of proof on that issue.  If the Court finds that any of Rambus's damages evidence remains, the a new trial on damages is required.

## IV.    THE COURT CAN ALTERNATIVELY STAY THIS ACTION

For all the reasons set forth above, the Court should grant Hynix's motion for a new trial. If the Court harbors any concern about the progress of the reexamination proceedings, however, the Court should stay this case until it can proceed with clarity as to what liability and damages issues, if any, remain for trial.  What the Court should not do is ignore the rejection of Rambus's claims in reexamination and enter a new judgment, based on invalid patents, in favor of Rambus.

### A.    The Court Can Stay This Action in Light of Reexamination Proceedings

The decision to stay proceedings is within the Court's discretion, and in this district "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  "Although a court is not obligated to stay an infringement case based upon a parallel reexamination, it may opt to do so in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources, *especially if the evidence suggests that the patents-in-suit will not survive reexamination*." *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 563 (E.D. Va. 2007) (emphasis added) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)) (granting motion to stay proceeding pending reexamination of a patent-in-suit by the PTO).

In the recent reexamination proceedings, the BPAI held outright that two of the ten claims-in-suit are invalid.  BPAI decisions on two other claims-in-suit are pending.  As to these two and all other remaining claims, the BPAI rejected related claims from other Farmwald/Horowitz patents that are not patentably significant from the remaining claims-in-suit. *See* Hynix Motion for Summary Judgment, pp. 3-5, 20-22 and Taylor Decl. as cited therein.

While Rambus may appeal the BPAI decisions to the Federal Circuit, the standard of invalidity in reexamination proceedings is a preponderance of the evidence less demanding than

the district court's clear and convincing rule. *In re Swanson*, 540 F.3d 1368, 1377 (Fed. Cir. 2008) ("In PTO examinations and reexaminations, the standard of proof—a preponderance of evidence—is substantially lower than in a civil case . . . ."); *In re Baxter Int'l, Inc.*, 678 F3d 1357, 1364 (Fed. Cir. 2012). Also, the Federal Circuit has a "limited" scope of review in an appeal from a BPAI decision. *PlaSmart, Inc. v. Kappos*, No. 2011-1570, 2012 WL 1850650, at *2 (Fed. Cir. May 22, 2012). The Federal Circuit may review the BPAI's factual findings only to determine if they are supported by "substantial evidence," meaning that "a reasonable mind might accept the evidence to support the finding." *Id.*

Under these circumstances, if the Court has any concern about the status of the reexamination proceedings, it should stay this action.

**B.      The Court Can Stay This Action Pending Clarification of Damages, if Any, to Which Rambus May Be Entitled**

Where the claims tried in the 2006 patent trial are found to be invalid (either directly in the reexaminations or by operation of collateral estoppel), the issue of damages will need to be retried. *See* section III.C. and D., *supra*. Therefore, a stay of these proceedings for clarity on the liability issues for trial may help clarify issues of damages as well.

**C.      Failure to Grant a Stay in the Alternative Would Be Prejudicial to Hynix**

If the Court is concerned about the progress of the reexamination proceedings, it should stay this action. It should not enter judgment in Rambus's favor that would require Hynix to pay damages or post a supersedeas bond when the Federal Circuit is likely to affirm the BPAI's rejection of claims-in-suit. *See, e.g., Sorenson v. Black & Decker Corp.*, No. 06cv1572 BTM(CAB), 2007 WL 2696590, at *3 (S.D. Cal. Sept. 10, 2007) (granting in part defendants' motion to stay); *see also Everything for Love.com, Inc. v. Tender Loving Things, Inc.*, No. CIV 02-2605 PHX(EHC), 2006 WL 2091706, at *3-4 (D. Ariz. July 21, 2006) (citing cases). The prejudice that Hynix is likely to suffer in the absence of a stay is illustrated by the fact that this Court denied Hynix recovery of more than $8.3 million of the more than $16 million in costs it incurred to secure the now-vacated 2009 judgment in this case. *See* Jan. 11, 2012 Order Taxing Costs Pursuant to Federal Rule of Appellate Procedure 39(e) (D.E. 4115), p. 10.

For Hynix to be required to pay or secure any judgment on *invalid patents* is an outcome that courts have found "unacceptable." *Bausch & Lomb, Inc. v. Alcon, Labs.*, 914 F. Supp. 951, 952-53 (W.D.N.Y. 1996) (granting stay). In *Bausch & Lomb*, the defendant filed a motion to stay, citing ongoing proceedings regarding the patent-in-suit before the PTO. The court granted the stay, holding that the proceedings before the PTO—which included a reexamination of the patent-in-suit—appeared to implicate the validity of the patent-in-suit and observed that the PTO was considered to have expertise deciding issues of patentability. *Id.* at 953. The court also found that, if it denied the stay, there existed a possibility that, after a judgment for the plaintiff of infringement, the PTO could hold the patent to be invalid, which would cause the defendant "irreparable" harm if it could not later recover those damages. *Id.* at 952. The court also found that denying a stay would waste the time, resources and efforts of everyone involved in the trial. *Id.* at 953.

Entering judgment against Hynix when the BPAI has already rejected the claims-in-suit and related claims would impose "irreparable" harm to Hynix, and therefore a stay must be granted. *Bausch & Lomb*, 914 F. Supp. at 952; *see also Everything for Love.com*, at *4 (granting stay and finding that "[i]f Plaintiff acquires a judgment against Defendant for infringement, and the [patent-in-suit] is subsequently held invalid by the PTO, there exists the possibility of irreparable harm to Defendant"). At a minimum, requiring Hynix to pay Rambus or to incur the costs of a supersedeas bond in connection with claims later held invalid will multiply the litigation as Hynix attempts to recover those payments from Rambus.

### D. Staying Proceedings Will Not Cause Undue Prejudice to or Present a Tactical Disadvantage to Rambus

Rambus will suffer no harm from infringement during a stay because the patents have expired. Even if this were not the case, Rambus is not a competitor to Hynix. Where a patentee is not "selling or actively licensing goods or services" that are related to the patent-in-suit, courts have held that "money damages is an adequate remedy for any delay in redress." *Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340, at *2 (D. Del. Jan. 29, 2001); *see also Implicit Networks Inc., v. Advanced Micro Devices, Inc.*, No. C08-184 JLR, 2009 WL

357902, at *3 (W.D. Wash. Feb. 9, 2009) ("[C]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement."); *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168 EJD, 2011 WL 4802958, at *4 (N.D. Cal. Oct. 11, 2011) (same).

### E.   A Stay Would Serve the "Significant" Public Policy Interest In Eliminating Invalid Patents

The result that Hynix advocates for in this motion, as in its motion for summary judgment, coheres with the fundamental principle that courts should not enforce invalid patents.  The Federal Circuit has recognized that there is a "significant public policy interest in removing invalid patents from the public arena." *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1354 (Fed. Cir. 2005).  Consistent with this policy, the Supreme Court in *Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83 (1993), reversed the practice of vacating findings of invalidity where the court found non-infringement, emphasizing the importance to the public at large of resolving questions of patent validity. *Id.* at 100.  "There is a stronger public interest in the elimination of invalid patents than in the affirmation of a patent as valid, at least in part because patents maintain a presumption of validity." *Nestier Corp. v. Menasha Corp.*, 739 F.2d 1576, 1581 (Fed. Cir. 1984).

Although a new trial would provide for a more expeditious resolution of these issues, if the Court has concerns about the status of the reexaminations it should stay the case to permit the reexaminations to proceed.  Doing so would give effect to the PTO's determination that certain Rambus patents are invalid, which serves the important public policy interest in eliminating such patents from the system. *See generally Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1564 (Fed. Cir. 1988) ("Public policy requires that only inventions which fully meet the statutory standards are entitled to patents.").

## V.    CONCLUSION

While summary judgment is the proper remedy for the exceptional circumstance that the BPAI's rejection of Rambus's patents has introduced, Hynix recognizes that a new trial or, in the alternative, a stay of this litigation would provide this Court with a reasonable alternative.  For the reasons given above, if the Court is unwilling to award summary judgment in Hynix's favor, Hynix respectfully requests that the Court order a new patent trial or stay these proceedings.

Dated: October 17, 2012

By:  _____ */s/ Susan van Keulen*
Susan van Keulen

KENNETH L. NISSLY
SUSAN van KEULEN
SUSAN ROEDER
MISHIMA ALAM
O'MELVENY & MYERS LLP

KENNETH O'ROURKE
O'MELVENY & MYERS LLP

THEODORE G. BROWN III
KILPATRICK TOWNSEND & STOCKTON LLP

Attorneys for Plaintiffs
HYNIX SEMICONDUCTOR INC.,
HYNIX SEMICONDUCTOR AMERICA INC.,
HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX
SEMICONDUCTOR DEUTSCHLAND GmbH

OMM_US:70924223.11