O

## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
JAKARTA†
LONDON
LOS ANGELES

2765 Sand Hill Road
Menlo Park, California 94025

TELEPHONE (650) 473-2600
FACSIMILE (650) 473-2601
www.omm.com

NEWPORT BEACH
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, D.C.

December 17, 2012

WRITER'S DIRECT DIAL
(650) 473-2680

WRITER'S E-MAIL ADDRESS
svankeulen@omm.com

### VIA E-FILE & HAND DELIVERY

Honorable Ronald M. Whyte
United States District Court
Northern District of California
280 S. First Street
San Jose, CA  95113

> Re:  *SK Hynix Semiconductor Inc., et al., v. Rambus Inc.,*
>      *United States District Court, Northern District of California,*
>      *Case No. CV 00-20905 RMW*

Dear Judge Whyte:

   Pursuant to the Court's request of December 14, 2012, Hynix submits this notification of confidential documents and facts that it intends to use in oral argument at the hearing on December 19, 2012.

   In its Order of 9/21/12 ("Order") (DE 4160), this Court acknowledged that but for Rambus's spoliation of evidence, Hynix "could have obtained equitable relief from the royalty awarded against it" and further that "[p]aying that royalty would place Hynix at a competitive disadvantage with at least Infineon and Samsung." Order, 64:10-14.  Accordingly, the Court has asked the parties to address "a reasonable, non-discriminatory royalty rate" directing that "[t]he briefing shall address specifically the royalty rates obtained by Infineon, Samsung, and any other relevant competitors of Hynix." Order, 65:16-18.

   Pursuant to that directive, Hynix submitted its Sanctions brief on October 30, 2012 (DE 4209 (confidential)).   The focus of Hynix's brief and oral argument on Wednesday arises directly out of this Court's Order:  1) the confidential effective royalty rates paid by Hynix's relevant competitors, Samsung, Infineon and Elpida, to Rambus for SDR and DDR SDRAMs; and 2) the avoidance of competitive disadvantage by arguing the quantitative comparisons between those confidential rates and Rambus's so-called "RAND" analysis as argued in its brief.

   Hynix intends to make these points both verbally and visually with demonstratives and Exhibits 4-13 to the Weinstein declaration (DE 4208 (confidential)).  While it is conceivable that demonstratives can be handled in such a way to maintain their confidentiality, it would be unfair

O'MELVENY & MYERS LLP
Honorable Ronald M. Whyte, December 17, 2012 - Page 2

to limit Hynix's verbal presentation to exclude reference to specific confidential rates and, more importantly, how failure to utilize those rates results in an unavoidable competitive disadvantage to Hynix.

It is Rambus and the third party licensees who have deemed this information confidential, and Rambus negotiated the production of the Samsung and Elpida materials to Hynix pursuant to a protective order entered by this Court on October 22, 2012 (DE 4172).  (The Infineon information is a matter of public record and not subject to the protective order.)  However, it is Hynix that utilizes the confidential information in its brief and oral argument.  Indeed, it would appear to be to Rambus's advantage to limit Hynix's ability to refer to the confidential royalty rates in oral argument and therefore Hynix anticipates that Rambus will advocate for an open hearing without specific reference to the confidential information.  However, because the keystone of Hynix's brief and oral argument is, pursuant to this Court's directive, the competitors' rates and the comparison of those rates to what Rambus is seeking in this action, it is Hynix's presentation, and apparently only Hynix's presentation, that will be impinged by an open hearing.

Accordingly, Hynix respectfully requests that the hearing be closed, at least for Hynix's argument.

Very truly yours,

Susan van Keulen
of O'MELVENY & MYERS LLP

SvK/
cc:    All counsel on ECF Service List (via e-file)
OMM_US:71185018.2