UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SK HYNIX INC., et al.,<br><br>                Plaintiffs,<br><br>   vs.<br><br>RAMBUS INC.,<br><br>                Defendant. | CASE NO.:  CV 00-20905 RMW<br><br>**RAMBUS INC.'S [PROPOSED] FINAL JUDGMENT** |

This action was filed on August 29, 2000 by Plaintiffs/Cross-Defendants SK hynix Inc., SK hynix America Inc., SK hynix U.K. Ltd., and SK hynix Deutschland GmbH (hereinafter, collectively "SK hynix") against Defendant/Cross-Plaintiff Rambus Inc. ("Rambus"). In this action, SK hynix sought, *inter alia*, a declaratory judgment that certain Rambus patents were invalid, unenforceable, and/or not infringed. Rambus counterclaimed for patent infringement.

The parties' claims, counterclaims and defenses were tried in three phases. At issue in the first phase was whether Rambus's patent infringement claims were barred by the doctrine of unclean hands. After a trial to this Court commencing in October 2005, the Court issued its Findings of Fact and Conclusions of Law on Unclean Hands Defense in favor of Rambus on January 5, 2006. *Hynix Semiconductor Inc. v. Rambus Inc.*, 591 F. Supp. 2d 1038 (N.D. Cal. 2006).

The second phase of trial concerned Rambus's allegations that DRAMs manufactured and sold by SK hynix infringed certain claims of U.S. Patents 5,915,105, 6,034,918, 6,324,120, 6,378,020, 6,426,916, and 6,452,863. The issues in the second phase were tried to a jury commencing on March 15, 2006, and the jury rendered its verdict on April 24, 2006. The jury found the asserted claims to be not invalid and found them to be infringed, and awarded $306,967,272 in compensatory damages for SK hynix's patent infringement through December 31, 2005. On July 14, 2006, the Court issued its Order Granting Hynix's Motion for a New Trial on the Issue of Damages Unless Rambus Elects Remittitur of the Jury Award to $133,584,129. On July 27, 2006, Rambus gave notice of its acceptance of the remittitur to $133,584,129.

In the third phase, SK hynix's claims and defenses of monopolization and attempted monopolization, fraud, estoppel, waiver, declaratory judgment of unenforceability, and violations of California Business & Professions Code § 17200 *et seq.* in this case were tried with the corresponding claims and defenses asserted by SK hynix in Case No. C 05-00334, along with, in a coordinated proceeding, similar claims made by other DRAM manufacturers, specifically Micron Technology, Inc., Micron Semiconductor Products, Inc., Nanya Technology Corp., and Nanya Technology Corp. U.S.A. On March 26, 2008, the jury returned a verdict in favor of Rambus and against SK hynix and the other manufacturers on their legal claims. On March 3,

2009, the Court rejected SK hynix's equitable claims and defenses tried in the third phase and issued its Findings of Fact and Conclusions of Law on those claims and defenses. SK hynix's defense of inequitable conduct, as to the claims asserted by Rambus to be infringed, and SK hynix's defense of prosecution laches, as to the patents asserted by Rambus to be infringed, were abandoned by Hynix prior to the trial of the third phase and were therefore dismissed with prejudice.

On March 10, 2009, this Court entered its Final Judgment. SK hynix filed an appeal, and Rambus filed a cross-appeal. The Federal Circuit vacated the judgment with respect to the Court's finding in the first phase that Rambus had not engaged in the spoliation of evidence, and remanded for further proceedings on the spoliation issue. The Court's Final Judgment was otherwise affirmed. *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336 (Fed. Cir. 2011).

On remand, the Court ordered the parties to submit briefs, along with proposed findings of fact and conclusions of law, regarding the spoliation issue. The Court heard argument regarding the spoliation issue on December 16, 2011. The Court issued Findings of Fact and Conclusions of Law on Spoliation and the Unclean Hands Defense on September 21, 2012. *Hynix Semiconductor Inc. v. Rambus Inc.*, 897 F. Supp. 2d 939 (N.D. Cal. 2012). The Court found, for reasons stated in the September 21, 2012 Order, that Rambus engaged in the spoliation of evidence, and that a spoliation sanction would be imposed. After further briefing and a hearing, the Court on May 8, 2013, imposed a $250 million monetary sanction to be applied as a credit against Rambus's judgment against SK hynix.

**IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT**:

The Court's prior Final Judgment of March 10, 2009 is reinstated and amended as follows:

1. In accordance with the Court's order of July 14, 2006 remitting the jury award and Rambus's acceptance of the remittitur, damages in the amount of $133,584,129 are awarded to Rambus and against SK hynix for SK hynix's infringement, through December 31, 2005, of claim 33 of U.S. Patent No. 6,324,120; claims 32 and 36 of U.S. Patent No. 6,378,020; claims 9, 28 and 40 of U.S. Patent No. 6,426,916; claim 16 of U.S. Patent No. 6,452,863; claim 34 of U.S. Patent

1 No. 5,915,105; and claims 24 and 33 of U.S. Patent No. 6,034,918.

2. Supplemental damages in the amount of $215,451,713 are awarded to Rambus and against SK hynix for SK hynix's infringement, from January 1, 2006 through January 31, 2009, of claim 33 of U.S. Patent No. 6,324,120; claims 32 and 36 of U.S. Patent No. 6,378,020; claims 9, 28 and 40 of U.S. Patent No. 6,426,916; claim 16 of U.S. Patent No. 6,452,863; claim 34 of U.S. Patent No. 5,915,105; and claims 24 and 33 of U.S. Patent No. 6,034,918.

3. Supplemental damages in the amount of $69,458,127 are awarded to Rambus and against SK hynix for SK hynix's infringement, from February 1, 2009, through April 17, 2010, of claim 33 of U.S. Patent No. 6,324,120; claims 32 and 36 of U.S. Patent No. 6,378,020; claims 9, 28 and 40 of U.S. Patent No. 6,426,916; claim 16 of U.S. Patent No. 6,452,863; claim 34 of U.S. Patent No. 5,915,105; and claims 24 and 33 of U.S. Patent No. 6,034,918.

4. This judgment covers infringement of the following patents and claims by the following SK hynix products through April 17, 2010:

| U.S. Patent No. | Claim | Infringing Product(s) |
|---|---|---|
| 5,915,105 | 34 | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,034,918 | 24 | SDR SDRAM, SGRAM, Handy SDRAM |
|  |  | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,034,918 | 33 | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,324,120 | 33 | SDR SDRAM, SGRAM, Handy SDRAM |
|  |  | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,378,020 | 32 | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |

| U.S. Patent No. | Claim | Infringing Product(s) |
|---|---|---|
| 6,378,020 | 36 | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,426,916 | 9 | SDR SDRAM, SGRAM, Handy SDRAM |
| | | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,426,916 | 28 | SDR SDRAM, SGRAM, Handy SDRAM |
| | | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,426,916 | 40 | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |
| 6,452,863 | 16 | SDR SDRAM, SGRAM, Handy SDRAM |
| | | DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, DDR SGRAM |

Mobile or low power versions (if any) of each of these specific products as well as modules containing these specific products are also covered by this judgment.

5. In accordance with the methodology set forth in the Order Regarding Prejudgment Interest dated August 30, 2006, prejudgment interest is awarded to Rambus and against SK hynix in the amount of $ _____ **[Amount to be inserted on date of entry of judgment; see Exhibit A]** on the damages awards set forth in Ordering Paragraphs 1, 2, and 3 above.

6. In accordance with the Court's May 8, 2013 Order imposing a sanction against Rambus for spoliation of evidence, $250,000,000 is deducted, as a spoliation sanction, from the sum of the amounts set forth in Ordering Paragraphs 1, 2, 3 and 5 above.

7. The sum of the amounts set forth in Ordering Paragraphs 1, 2, 3 and 5 above, less the deduction set forth in Ordering Paragraph 6, yields a net damages award of $ _____ **[Amount to be inserted on date of entry of judgment; see Exhibit A]**.

8. In accordance with the Court's Order Taxing Costs dated March 8, 2010, costs are

- 4 -

RAMBUS INC.'S [PROPOSED] FINAL JUDGMENT;
CASE NO. CV 00-20905 RMW

taxed in Rambus's favor and against Hynix in the amount of $764,840, for taxable costs Rambus incurred in this Court through March 10, 2009.

9. In accordance with the Court's Order Taxing Costs of Premiums Incurred by Hynix to Maintain Supersedeas Bond dated March 21, 2012, appellate costs are taxed in SK hynix's favor and against Rambus in the amount of $8,123,110 for bond premiums, $455 for filing fees, and $6,178 for transcript fees, for a total of $8,129,743. This total amount of $8,129,743 is applied as an offset against the sum of the amounts due to Rambus set forth in Ordering Paragraphs 7 and 8 above.

10. Judgment is hereby entered in favor of Rambus and against SK hynix in the net amount of $_____ **[Amount to be inserted on date of entry of judgment; see Exhibit A]**.

11. Post-judgment interest, in favor of Rambus, at the rate specified in 28 U.S.C. §1961 is awarded on the amount set forth in Ordering Paragraph 10 above.

12. For the reasons stated in the Court's Order Granting In Part and Denying in Part Rambus's Motion for Post-Verdict Relief, entered on February 23, 2009, Rambus's request for an injunction against further infringement of the claims referenced in Ordering Paragraphs 1, 2, and 3 is denied.

13. For the reasons stated in the Court's February 23, 2009 Order Granting In Part and Denying in Part Rambus's Motion for Post-Verdict Relief, Rambus shall not be entitled to recover its attorney's fees because the case is not deemed exceptional.

14. Any cost bill regarding costs incurred in this Court since March 10, 2009 shall be governed by the procedure set forth in Local Rule 54.

15. For the avoidance of doubt, the Court clarifies that this case (00-20905) was never formally consolidated under Federal Rule of Civil Procedure 42(a) with any other cases. Rather, on April 24, 2007 in the Court's Case Management Order, the Court coordinated case 00-20905 with cases 05-00334, 05-02298, and 06-00244 pursuant to Federal Rule of Civil Procedure 16(c)(2)(L) and the Court's inherent powers. To the extent that this case was coordinated, or could be considered to have been consolidated, for the avoidance of doubt, this case is hereby severed from cases 05-00334, 05-02298, and 06-00244.

- 5 -

16. This Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:**

17. Judgment is hereby entered in favor of SK hynix and against Rambus on the infringement contentions as to claims 15, 18, 25, and 26 of U.S. Patent No. 6,032,214, as to claims 36 and 40 of U.S. Patent No. 5,915,105, as to claims 1 and 4 of U.S. Patent No. 6,035,365, and as to claim 14 of U.S. Patent No. 6,101,152. In other words, those specific claims are found to not be infringed by the products in suit as of January 2005 (DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM, GDDR SDRAM, gDDR2 SDRAM, GDDR3 SDRAM, and DDR SGRAM).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:**

18. The claims, counterclaims and replies to counterclaims of all parties that assert claims, or to the extent that they assert claims, relating to specific patent claims that have not been adjudicated are dismissed without prejudice. As to all other claims, counterclaims and replies to counterclaims that are not addressed by the preceding Ordering Paragraphs 1 through 17 (if any), the parties shall take nothing further.

**THE CLERK IS ORDERED TO ENTER THIS JUDGMENT FORTHWITH.**

DATED: _____

Honorable Ronald M. Whyte
United States District Judge

**JUDGMENT IS SO ENTERED.**

DATED: _____

Clerk of the Court

# EXHIBIT A

Case5:00-cv-20905-RMW Document4249 Filed05/20/13 Page8 of 9

## Total Prejudgment Interest, Net Damages Award and Net Judgment
## May 20, 2013 - June 14, 2013

| | Date of Entry of Judgment | Total Prejudgment Interest Amount | Net Damages Award | Net Judgment |
|---|---|---|---|---|
| 1. | May 20, 2013 | $ 84,478,928 | $ 252,972,896 | $ 245,607,993 |
| 2. | May 21, 2013 | $ 84,489,418 | $ 252,983,386 | $ 245,618,483 |
| 3. | May 22, 2013 | $ 84,499,909 | $ 252,993,877 | $ 245,628,974 |
| 4. | May 23, 2013 | $ 84,510,400 | $ 253,004,368 | $ 245,639,465 |
| 5. | May 24, 2013 | $ 84,520,890 | $ 253,014,858 | $ 245,649,955 |
| 6. | May 25, 2013 | $ 84,531,381 | $ 253,025,349 | $ 245,660,446 |
| 7. | May 26, 2013 | $ 84,541,872 | $ 253,035,840 | $ 245,670,937 |
| 8. | May 27, 2013 | $ 84,552,362 | $ 253,046,330 | $ 245,681,427 |
| 9. | May 28, 2013 | $ 84,562,853 | $ 253,056,821 | $ 245,691,918 |
| 10. | May 29, 2013 | $ 84,573,344 | $ 253,067,312 | $ 245,702,409 |
| 11. | May 30, 2013 | $ 84,583,834 | $ 253,077,803 | $ 245,712,900 |
| 12. | May 31, 2013 | $ 84,594,325 | $ 253,088,293 | $ 245,723,390 |
| 13. | June 1, 2013 | $ 84,604,816 | $ 253,098,784 | $ 245,733,881 |
| 14. | June 2, 2013 | $ 84,615,306 | $ 253,109,275 | $ 245,744,372 |
| 15. | June 3, 2013 | $ 84,625,797 | $ 253,119,765 | $ 245,754,862 |
| 16. | June 4, 2013 | $ 84,636,288 | $ 253,130,256 | $ 245,765,353 |
| 17. | June 5, 2013 | $ 84,646,778 | $ 253,140,747 | $ 245,775,844 |
| 18. | June 6, 2013 | $ 84,657,269 | $ 253,151,237 | $ 245,786,334 |
| 19. | June 7, 2013 | $ 84,667,760 | $ 253,161,728 | $ 245,796,825 |
| 20. | June 8, 2013 | $ 84,678,250 | $ 253,172,219 | $ 245,807,316 |
| 21. | June 9, 2013 | $ 84,688,741 | $ 253,182,709 | $ 245,817,806 |
| 22. | June 10, 2013 | $ 84,699,232 | $ 253,193,200 | $ 245,828,297 |
| 23. | June 11, 2013 | $ 84,709,722 | $ 253,203,691 | $ 245,838,788 |
| 24. | June 12, 2013 | $ 84,720,213 | $ 253,214,181 | $ 245,849,278 |
| 25. | June 13, 2013 | $ 84,730,704 | $ 253,224,672 | $ 245,859,769 |
| 26. | June 14, 2013 | $ 84,741,195 | $ 253,235,163 | $ 245,870,260 |